UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE TIMOTHY R. REIF, JUDGE

| | |
|---|---|
| J.D. IRVING, LIMITED,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES and U.S. DEPARTMENT OF COMMERCE,<br><br>    Defendants. | Court No. 22-00256 |

**PLAINTIFF'S CONSENT MOTION TO STAY PROCEEDINGS**

Pursuant to Rule 7(b) of the Rules of the U.S. Court of International Trade ("USCIT"), Plaintiff J.D. Irving, Limited ("J.D. Irving" or "Plaintiff") moves to stay proceedings pending resolution of the jurisdictional issue raised in a related case, *J.D. Irving, Limited v. United States*, Court No. 21-00641.  As explained below, the requested stay is warranted because both parties support the stay and agree it "will promote judicial economy and preserve the resources of the parties and the court."  *RHI Refractories Liaoning Co., Ltd. v. United States*, 774 F. Supp. 2d 1280, 1284-85 (Ct. Int'l Trade 2011).  Defendant's counsel confirmed the United States' consent to this motion on October 28, 2022.

## BACKGROUND

J.D. Irving is a Canadian producer and exporter subject to the antidumping ("AD") duty order on softwood lumber from Canada, *see Certain Softwood Lumber Products from Canada*, 83 Fed. Reg. 350 (Dep't Commerce Jan. 3, 2018) (AD duty order), as well as the importer of record.

### A. Commerce's Assignment of an AD Deposit Rate to J.D. Irving for the 2020 Period of Review

In January 2021, no party – neither J.D. Irving nor any domestic producer – requested an AD review of J.D. Irving for the 2020 period of review ("POR") in the *Softwood Lumber* proceeding. Consequently, in accordance with 19 C.F.R. § 351.212(c)(1), Commerce instructed U.S. Customs and Border Protection ("CBP") to assess final AD duties on J.D. Irving's imports entered during 2020 at the AD cash deposit rates that applied upon entry of the merchandise (*i.e.*, 6.04% during the first eleven months of the year, and 1.57% during the last month of the year), and to continue to use 1.57% (the prevailing AD deposit rate at the time) as the company's AD cash deposit rate going forward (the "2020 AD Deposit Rate").

### B. J.D. Irving's Appeal of Commerce's 2019 Cash Deposit Instructions (No. 21-00641)

On December 9, 2021, Commerce issued AD cash deposit instructions to implement the final results of the administrative review for an earlier POR, covering calendar year 2019, in the *Softwood Lumber* proceeding ("*2019 Cash Deposit Instructions*"). The *2019 Cash Deposit Instructions* directed CBP to replace J.D. Irving's 2020 AD Deposit Rate (1.57%) with the dumping rate determined in the final results of the 2019 AD review for non-selected companies (the "2019 AD Deposit Rate"), which was 11.59%.

On December 30, 2021, J.D. Irving commenced an appeal in this court of Commerce's *2019 Cash Deposit Instructions* (Court No. 21-00641). Plaintiff claims that Commerce's *2019 Cash Deposit Instructions* unlawfully assigned J.D. Irving an AD cash deposit rate based on a dumping margin for the 2019 POR, because Commerce already had assigned J.D. Irving an AD cash deposit rate based on a dumping margin for the 2020 POR. *See* Compl. at ¶¶ 26-28, 30-31 (Court No. 21-000641, ECF No. 4).

2

On March 4, 2022, Defendant United States moved to dismiss J.D. Irving's appeal in Court No. 21-00641 for lack of jurisdiction under 28 U.S.C. § 1581(i). *See* Def.'s Mot. to Dismiss (Court No. 21-00641, ECF No. 16). Defendant's principal argument is that the Court lacks jurisdiction because the final results of the 2019 AD review in the *Softwood Lumber* proceeding will be reviewed by a binational panel constituted under Article 10.12 of the United States-Mexico-Canada Agreement ("USMCA"). *See id.* at 1-2, 4-5, 7-10, 12-13. Defendant also argues that there is no "injury" to plaintiff such that it has standing to pursue relief in this Court. *Id.* The parties fully briefed the jurisdictional issue, and the Court held oral argument on defendant's motion to dismiss on September 15, 2022. *See* Def.'s Mot. to Dismiss (Court No. 21-00641, ECF No. 16); Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss (Court No. 21-00641, ECF No. 17); Def.'s Reply in Support of Mot. to Dismiss (Court No. 21-00641, ECF No. 18).

**C.    J.D. Irving's Appeal of Commerce's 2020 Cash Deposit Instructions (No. 22-00256)**

On August 16, 2022, Commerce issued AD cash deposit instructions to implement the final results of the 2020 AD review ("*2020 Cash Deposit Instructions*"). The *2020 Cash Deposit Instructions* directed CBP to update AD cash deposit rates for Canadian exporters under review from 2019 rates (11.59% for non-selected companies) to 2020 rates (4.76% for non-selected companies), but left J.D. Irving subject to the 2019 AD Deposit Rate (11.59%), even though J.D. Irving alleges that Commerce previously had assigned J.D. Irving a 2020 AD Deposit Rate (1.57%).

On September 9, 2022, J.D. Irving commenced this action (Court No. 22-00256) to contest Commerce's *2020 Cash Deposit Instructions*. Similar to its appeal in Court No. 21-00641, Plaintiff claims that Commerce's *2020 Cash Deposit Instructions* unlawfully maintained for J.D. Irving an AD cash deposit rate based on a dumping margin for the 2019 POR, because Commerce

3

already had assigned J.D. Irving an AD cash deposit rate based on a dumping margin for the 2020 POR.  *See* Comp. at ¶¶ 29-31, 33-35 (Court No. 22-00256, ECF No. 2).

Defendant's answer to J.D. Irving's complaint is due by November 8, 2022.  J.D. Irving understands that Defendant intends to move to dismiss this action for lack of jurisdiction, raising the same jurisdictional issues that are before the Court in Court No. 21-00641.  This is because, like the final results of the 2019 AD review, Commerce's final results in the 2020 AD review in the *Softwood Lumber* proceeding will also be reviewed by a binational panel constituted under Article 10.12 of the USMCA.

### D. J.D. Irving's Motion to Consolidate Court Nos. 21-00641 and 22-00256

On October 10, 2022, J.D. Irving filed a motion to consolidate Court Nos. 21-00641 and 22-00256, arguing that both actions involve the same legal issues and parties, and that consolidation would promote judicial economy.  *See* Pl.'s Mot. to Consolidate Cases (Court No. 21-00641, ECF No. 24; Court No. 22-00256, ECF No. 9).  Defendant United States' response to J.D. Irving's motion is due by October 31, 2022.

Counsel for J.D. Irving and the United States conferred regarding Plaintiff's motion to consolidate on October 13, 2022, and October 19, 2022.  Based on these discussions, the parties' counsel agree that staying further proceedings in Court No. 22-00256 pending resolution of the jurisdictional issue raised in Court No. 21-00641 is in the interest of both parties and would promote judicial efficiency.

### ARGUMENT

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants."  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  Here, both parties support a stay of this action (Court No. 22-00256) pending resolution of the jurisdictional issue raised in

Court No. 21-00641, and believe the requested stay would promote judicial economy. These circumstances strongly support granting the requested stay.

In determining whether a stay is appropriate, the court must weigh and maintain an even balance between competing interests. *See Landis*, 299 U.S. at 254-55; *see also Cherokee Nation v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted). If there is "a fair possibility that {a} stay" will do damage to the opposing party, the movant "must make out a clear case of hardship or inequity in being required to go forward . . . ." *See Landis*, 299 U.S. at 255. "However, '[a]bsent a showing that there is at least a fair possibility that the stay will work damage to some one else, there is no requirement that [the movant] make a strong showing of necessity or establish a clear case of hardship or inequity to warrant the granting of the requested stay.'" *RHI Refractories*, 774 F. Supp. 2d at 1284-85 (quoting *An Giang Agric. & Food Imp. Exp. Co. v. United States*, 350 F. Supp. 2d 1162, 1167 (Ct. Int'l Trade 2004) (citations omitted)). Here, the Court need not engage in any balancing of interests because both parties support staying further proceedings in this action pending the Court's resolution of the jurisdictional issue raised in Court No. 21-00641. Consequently, this factor – the parties' interests – weighs in favor of granting the requested stay.

The Court may also consider whether the requested stay would promote judicial economy. *See Diamond Sawblades Mfrs.' Coal. v. United States*, 34 C.I.T. 404, 406-08 (2020). For example, the court has granted stays pending ongoing litigation of issues that are central to the court's decision. *See, e.g.*, *RHI Refractories*, 774 F. Supp. 2d at 1284-85 (granting a stay pending ongoing litigation of an important question of law before the Court of Appeals for the Federal Circuit). Here, granting the requested stay would promote judicial economy for two reasons.

AMERICAS 118288598

First, because Court No. 22-00256 raises the same jurisdictional issue to be decided in Court No. 21-00641, awaiting resolution of the jurisdictional issue in the latter case will likely avoid duplicative briefing in the former. If Plaintiff's appeal in Court No. 21-00641 were ultimately dismissed for lack of jurisdiction, the same reasoning would likely mean that the Court also lacks jurisdiction to consider Plaintiff's appeal in Court No. 22-00256. Conversely, if the Court were to find it has jurisdiction to review Plaintiff's appeal in Court No. 21-00641, the same reasoning would likely mean that the Court also has jurisdiction to consider Plaintiff's appeal in Court No. 22-00256, thus obviating the need for the Court to resolve that issue again.

Second, in the event the Court were to find it has jurisdiction to review Plaintiff's appeal in Court No. 21-00641, consolidation of Court Nos. 21-00641 and 22-00256, as requested by J.D. Irving, may be warranted given the common legal issues raised by both cases. Consolidation may enable the Court and parties to conserve resources by limiting the briefs and arguments necessary to resolve those issues.[1] Granting this motion will ensure that, in the event the Court declines to dismiss Court No. 21-00641, both cases are at similar procedural postures when and if the Court considers J.D. Irving's motion to consolidate Court Nos. 21-00641 and 22-00256.

For these reasons, J.D. Irving respectfully moves that the Court exercise its authority to stay proceedings in this action pending a final and conclusive resolution of the jurisdictional issue raised in *J.D. Irving, Limited v. United States*, Court No. 21-00641, after appeals, if any, are exhausted. Should the Court grant this motion, the parties propose submitting a status report to the Court within fourteen (14) days of a final and conclusive resolution of the jurisdictional issue

---

[1] It the Court grants the requested stay of further proceedings in this action, J.D. Irving will also move to stay consideration of its parallel motion to consolidate filed in Court No. 21-00641. *See* Pl.'s Mot. to Consolidate Cases (Court No. 21-00641, ECF No. 24).

6

raised in Court No. 21-00641, after appeals, if any, are exhausted, setting forth their proposed approach for any further proceedings in this matter.

                                                Respectfully submitted,

                                                /s/ Jay C. Campbell
                                                Walter J. Spak
                                                Jay C. Campbell
                                                Cristina M. Cornejo
                                                WHITE AND CASE LLP
                                                701 Thirteenth Street, NW
                                                Washington, DC 20005
                                                (202) 626-3600

Date:  October 28, 2022

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE TIMOTHY R. REIF, JUDGE

| | |
|---|---|
| J.D. IRVING, LIMITED,<br><br>　　Plaintiff,<br><br>　v.<br><br>UNITED STATES and U.S. DEPARTMENT OF COMMERCE,<br><br>　　Defendants. | Court No. 22-00256 |

## **ORDER**

Upon consideration of Plaintiff's consent motion to stay proceedings, it is hereby ORDERED that:

Plaintiff's motion is granted;

These proceedings are stayed pending a final and conclusive resolution of the jurisdictional issue raised in Court No. 21-00641, after appeals, if any, are exhausted; and

The parties shall file a joint status report with the Court within fourteen (14) days of the date that the stay expires.

SO ORDERED.


Dated: _____, 2022　　　　　　　_____
　　　　New York, New York　　　　　　　　　　　Timothy M. Reif, Judge


AMERICAS 118288598