**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | | |
|---|---|---|
| J.D. IRVING, LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES and U.S. DEPARTMENT OF COMMERCE,<br><br>Defendants. | | Court No. 22-00256 |

**AMENDED COMPLAINT**

Plaintiff J.D. Irving, Limited ("J.D. Irving" or "Plaintiff"), by and through the undersigned counsel, White & Case LLP, alleges and states as follows:

**ADMINISTRATIVE DECISION TO BE REVIEWED**

1. Plaintiff contests the antidumping ("AD") duty cash deposit instructions issued by the U.S. Department of Commerce ("Commerce") to U.S. Customs and Border Protection ("CBP") following publication of the final results of the 2020 administrative review of the AD duty order on certain softwood lumber products from Canada (Case No. A-122-857). *See* Commerce Cash Deposit Instructions, Message No. 2228402 (A-122-857) (Aug. 16, 2022) ("*2020 Cash Deposit Instructions*") (**Attachment 1**).

**JURISDICTION**

2. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(i). The court considers two factors when determining whether jurisdiction lies under § 1581(i): (1) whether jurisdiction under another subsection of § 1581 is available and, if so, (2) whether the remedy provided under such other subsection of § 1581 would be "manifestly inadequate." *See, e.g.*, *Norcal/Crosetti Foods, Inc. v. United States*, 963 F.2d 356, 359 (Fed. Cir. 1992) (citation

omitted); *Erwin Hymer Grp. N. Am., v. United States*, 930 F.3d 1370, 1374–75 (Fed. Cir. 2019); *Ford Motor Co. v. United States*, 688 F.3d 1319, 1323 (Fed. Cir. 2012); *Intercontinental Chems., LLC v. United States*, 483 F. Supp. 3d 1232, 1237–38 (Ct. Int'l Trade 2020). In determining whether jurisdiction "is or could have been available" under another subsection of 28 U.S.C. § 1581, the court "look[s] to the true nature of the action . . . ." *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1293 (Fed. Cir. 2008). The "true nature" factual inquiry "requires [the] court to identify the particular agency action underlying the claimed harm . . . ." *Rimco Inc. v. United States*, 98 F.4th 1046, 1052 (Fed. Cir. 2024).

3. J.D. Irving seeks a judgment that Commerce's *2020 Cash Deposit Instructions* unlawfully omitted J.D. Irving, and a court order directing Commerce to instruct CBP (1) to reinstate J.D. Irving's previously determined year-2020 AD cash deposit rate (1.57%) with respect to imports entered from August 9, 2022 (the date Commerce's final results in the 2020 administrative review ("2020 AD Review") were published in the *Federal Register*, *Certain Softwood Lumber Products from Canada*, 87 Fed. Reg. 48465 (Dep't Commerce Aug. 9, 2022) (final results 2020 admin. review) ("*2020 Review Final Results*") (**Attachment 2**)) until August 1, 2023 (the date Commerce's final results in the 2021 administrative review were published in the *Federal Register*, *Certain Softwood Lumber Products from Canada*, 88 Fed. Reg. 50106 (Dep't Commerce Aug. 1, 2023) and (2) to refund excess AD cash deposits (*i.e.*, amounts paid in excess of the lawful 1.57% AD cash deposit rate) provided for imports of subject merchandise produced and exported by J.D. Irving with entry dates from August 9, 2022, until August 1, 2023.

4. In *J.D. Irving, Ltd. v. United States*, the Court of Appeals for the Federal Circuit ("CAFC") held that the Court of International Trade lacked § 1581(i) jurisdiction to entertain J.D. Irving's appeal of the AD cash deposit rate instructions issued to implement the final results of the

2019 administrative review ("*2019 Cash Deposit Instructions*"). 119 F.4th 48, 57 (Fed. Cir. 2024). The CAFC found that the "true nature" of J.D. Irving's suit was a challenge to the final results of the 2019 AD Review because the "particular agency action underlying [J.D. Irving's] claimed harm" was Commerce's assignment of a higher cash deposit rate in the final results. *Id.* at 55. There is, however, a fundamental difference between J.D. Irving's appeal of the *2019 Cash Deposit Instructions* and its appeal of the *2020 Cash Deposit Instructions*: Whereas J.D. Irving was subject to the 2019 review, it was ***not*** subject to the 2020 AD Review. Consequently, unlike the 2019 final results, the *2020 Review Final Results* did not apply to J.D. Irving at all.

5. Although J.D. Irving participated in the 2020 AD Review as an interested party, and argued in its case brief to Commerce that the company's AD cash deposit rate must be updated to reflect its dumping margin established for the year-2020 period of review by operation of law, *see* Case Brief of J.D. Irving, Limited (A-122-857) (Mar. 4, 2022) ("J.D. Irving Case Br.") (**Attachment 3**), these actions do not change the true nature of J.D. Irving's claim. Nor does J.D. Irving's prior attempt to invoke this court's jurisdiction under § 1581(c) change the true nature of its claim. *See* Letter from White & Case LLP to the U.S. and Canadian Secretaries of the United States–Mexico–Canada Agreement ("USMCA"), RE: Final Results of Antidumping Duty 2020 Administrative Review – Notice of Intent to Commence Judicial Review (Aug. 29, 2022) (**Attachment 4**). J.D. Irving does not contest the *2020 Review Final Results* because it was not subject to those results. Rather, the "particular agency action" underlying J.D. Irving's claimed harm concerns the *2020 Cash Deposit Instructions*, which unlawfully (1) failed to assign J.D. Irving an AD cash deposit rate equivalent to the company's most recent year-2020 AD assessment rate, contrary to 19 U.S.C. § 1675(a)(2)(C) and (2) failed to reinstate the year-2020 AD cash deposit rate determined for J.D. Irving by operation of law under 19 C.F.R. § 351.212(c)(1).

Underscoring this, Commerce declined to reinstate J.D. Irving's year-2020 AD cash deposit rate pursuant to "its long-held practice of not updating the ***cash deposit instructions*** for companies not under review." *See* Issues and Decision Memorandum for the Final Results of the 2020 Antidumping Duty Administrative Review (A-122-857) (Aug. 3, 2022) at 43–46 (**Attachment 13**) ("*2020 AD Review IDM*") (emphasis added).

6. The *2020 Review Final Results* are currently before a USMCA binational panel. *See* Letter from McDermott Will & Emery to United States Secretary, USMCA, RE: Request for Panel Review (Sept. 8, 2022) (**Attachment 5**). Notwithstanding, the Court's invocation of § 1581(i) jurisdiction to review the *2020 Cash Deposit Instructions* would not implicate the concern raised by the CAFC in *J.D. Irving, Ltd. v. United States* – that "[a]llowing the CIT to exercise concurrent jurisdiction with a binational panel 'would strongly [and impermissibly] discourage the use of the [binational] panel system to challenge antidumping duties and make that procedure far less effective and useful than it was intended and expected to be." 119 F.4th at 55. To the contrary, this action does not raise an issue of concurrent jurisdiction at all, because J.D. Irving is not subject to the *2020 Review Final Results*. The "particular agency action" underlying J.D. Irving's claimed harm concerns the *2020 Cash Deposit Instructions*.

7. Because Commerce's cash deposit instructions are not a reviewable determination under 19 U.S.C. § 1516a(a)(2)(B), jurisdiction under subsection 1581(c) is unavailable. Consequently, the court may entertain J.D. Irving's appeal of the *2020 Cash Deposit Instructions.*

8. Moreover, this action relates to the "administration and enforcement" of "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue" because it involves Plaintiff's cash deposit rate for estimated AD duties. 28 U.S.C. § 1581(i)(1)(B), (D); *see also Michaels Stores, Inc. v. United States*, 931 F. Supp. 2d 1308, 1312–

13 (Ct. Int'l Trade 2013) (exercising jurisdiction under § 1581(i) to review Commerce's cash deposit and liquidation instructions). Therefore, the court has jurisdiction under 28 U.S.C. § 1581(i)(1)(D).[1]

**STANDING OF PLAINTIFF**

9. J.D. Irving has standing to sue because it is "adversely affected or aggrieved by agency action within the meaning of" the Administrative Procedure Act ("APA"). 5 U.S.C. § 702; 28 U.S.C. § 2631(i) ("Any civil action of which the Court of International Trade has jurisdiction, other than an action specified in subsections (a)–(h) of this section, may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of section 702 of title 5."). J.D. Irving is a Canadian producer and exporter of merchandise subject to the AD duty order at issue, as well as the importer of record. J.D. Irving is adversely affected or aggrieved by Commerce's refusal to update J.D. Irving's AD cash deposit rate in the *2020 Cash Deposit Instructions*, thereby maintaining an outdated (and unlawful) AD cash deposit rate for the company. The unlawful AD cash deposit rate assigned by Commerce (11.59%) is more than seven times the lawful cash deposit rate (1.57%) for the period at issue, August 9, 2022, until August 1, 2023.

**TIMELINESS OF THIS ACTION**

10. A plaintiff must commence an action under 28 U.S.C. § 1581(i) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). On August 16, 2022, Commerce issued the *2020 Cash Deposit Instructions*, which, by omitting J.D. Irving, maintained an unlawful

---

[1] In the alternative, if the court's jurisdiction to review Commerce's *2020 Cash Deposit Instructions* lies under 28 U.S.C. § 1581(c) but the *Cash Deposit Instructions* are not reviewable by a USMCA panel under 19 U.S.C. § 1516a(g)(1), J.D. Irving timely commenced this appeal through the filing of a Summons and Complaint within 30 days of the date Commerce issued the *2020 Cash Deposit Instructions* (on August 16, 2022).

AD cash deposit rate for J.D. Irving's entries of subject merchandise made on or after August 9, 2022 (the date of publication of the *2020 Review Final Results*) until August 1, 2023 (the date of publication of the 2021 review final results). Therefore, the earliest this cause of action accrued is August 9, 2022. Plaintiff J.D. Irving filed a Summons and Complaint on September 9, 2022 (*i.e.*, within two years of the cause of action accruing). Furthermore, the Court issued a scheduling order permitting Plaintiff to file an Amended Complaint by February 6, 2025. Therefore, this action is timely.

## BACKGROUND AND PROCEDURAL HISTORY

### A. Legal Background

#### 1. Assessment Rates and Cash Deposit Rates Serve Different Purposes

11. In the United States, AD duties are assessed on a "retrospective" basis. *See* 19 C.F.R. § 351.212(a). Upon entry of imports subject to an AD duty order, the importer provides CBP with cash deposits, the amount of which is calculated based on the foreign producer/exporter's ***estimated rate*** of dumping (*i.e.*, the ***cash deposit rate***). *See Sioux Honey Ass'n v. Hartford Fire Ins. Co.*, 672 F. 3d 1041, 1047 (Fed. Cir. 2012) ("{T}he cash deposits collected upon entry are considered estimates of the duties that the importer will ultimately have to pay as opposed to payments of the actual duties."). After importation, Commerce conducts an administrative review to determine the foreign producer/exporter's ***actual rate*** of dumping during the (normally) one-year period of review ("POR") (*i.e.*, ***assessment rate***). 19 U.S.C. § 1675(a). Upon conclusion of the review, Commerce instructs CBP to assess final AD duties on imports entered during the POR at the assessment rate, and to collect deposits for estimated AD duties on entries going forward at the cash deposit rate. *See* 19 U.S.C. § 1675(a)(2)(C).

**2. Congress's Rationale for Requiring Commerce to Conduct Administrative Reviews Only If Requested**

12. Originally, Commerce was required under Section 751(a) of the Tariff Act of 1930, as amended ("Tariff Act"), 19 U.S.C. § 1675(a), to conduct administrative reviews of ***all*** foreign producers/exporters subject to AD orders. *See* Trade Agreements Act of 1979, Pub. L. 96-39, 93 STAT. 144, 175, July 26, 1979, *codified at* 19 U.S.C. § 1675(a)(1) (1982 edition) ("At least once during each 12-month period beginning on the anniversary of the date of publication of . . . an antidumping duty order . . . , the administering authority . . . shall . . . review and determine . . . the amount of any antidumping duty, and . . . shall publish the results of such review, together with notice of any duty to be assessed, estimated duty to be deposited, or investigation to be resumed in the Federal Register.").

13. That changed with Congress's enactment of the Trade and Tariff Act of 1984, which amended 19 U.S.C. § 1675(a) to require Commerce to conduct an administrative review of a foreign producer/exporter only "if a request for such a review has been received." Trade and Tariff Act of 1984, Pub. L. 98-573, 98 STAT. 2948, 3031, Oct. 30, 1984, *codified at* 19 U.S.C. § 1675(a)(1) (1988 edition). The corresponding legislative history explains that the "purpose of amending the annual review requirement {was} to reduce the administrative burden on the Department of Commerce of automatically reviewing every outstanding order even though circumstances do not warrant it or parties to the case are satisfied with the existing order." H.R. Report 98-725, 98th Cong., 2nd Sess., at 22–23 (May 1, 1984). Congress intended for the request-for-review requirement to "limit{} the burden on petitioners and respondents, as well as the administering authority." H.R. Report 98-1156, 98th Cong., 2nd Sess., at 181 (Oct. 5, 1984); *see also Federal-Mogul Corp. v. United States*, 822 F. Supp. 782, 788 (Ct. Int'l Trade 1993) (citing H.R. Report 98-1156 and Congress's "express purpose" for "the 1984 amendment").

14. In *Federal-Mogul*, this court held that Congress's purpose for amending 19 U.S.C. § 1675(a) would be undermined if the Department were arbitrarily to change an AD cash deposit rate to which interested parties had consented by not requesting a review:

> ***In making a decision whether or not to request an administrative review of certain entries, the parties rely on the cash deposit rate <u>then in force</u> for those entries.*** If the ITA is allowed to arbitrarily change this cash deposit rate for unreviewed firms, which are ***presumably unreviewed because the parties are happy with assessments <u>and future cash deposits</u> being made at that cash deposit rate***, in many cases the parties will be required to request administrative reviews of all entries of the subject merchandise.

*Federal-Mogul*, 822 F. Supp. at 788 (emphases added). Otherwise, in the absence of certainty about the AD deposit rate that would apply, importers, foreign producers, and domestic producers alike would feel compelled to request reviews to protect their interests, which would "have the effect of increasing the number and complexity of administrative reviews thereby defeating the express purpose of the 1984 amendment." *Id.*

15. On March 28, 1989, Commerce published amended regulations to implement the provisions of the Trade and Tariff Act of 1984 concerning AD duties, including the amendment to 19 U.S.C. § 1675(a). *See Antidumping Duties*, 54 Fed. Reg. 12742 (Dep't Commerce Mar. 28, 1989) (final rule). Commerce added 19 C.F.R. § 353.22(a), which permitted interested parties – including U.S. producers, foreign producers/exporters, and importers – to request administrative reviews under 19 U.S.C. § 1675(a). *See id.* at 12778; *see also* 19 C.F.R. § 353.22(a) (1990). Commerce also added 19 C.F.R. § 353.22(e) (*Automatic assessment of duty*), which specified the legal consequence of interested parties ***not*** requesting an administrative review of a particular foreign producer/exporter subject to an AD duty order. *See Antidumping Duties*, 54 Fed. Reg. at 12778–79; *see also* 19 C.F.R. § 353.22(e) (1990). Section 353.22(e)(1) stated:

> For orders, if the Secretary does not receive a timely request {for review}, the Secretary, without additional notice, will instruct the Customs Service to assess antidumping duties on the merchandise . . . at rates equal to the cash deposit of, or

> bond for, estimated antidumping duties required on that merchandise at the time of entry, . . . ***and to continue to collect the cash deposits previously ordered.***

(emphasis added). In the preamble to 19 C.F.R. § 353.22(e), Commerce noted that the absence of "a timely request for review ***constitutes a determination under section 751 of the dumping margin for the entries made during the review period***." *Antidumping Duties*, 54 Fed. Reg. at 12756 (emphasis added).

16. The 1990 regulatory provisions described above, first promulgated by Commerce in 1989, remain in effect today under 19 C.F.R. §§ 351.212(c) (*Automatic assessment of antidumping and countervailing duties if no review is requested*) and 351.213(b) (*Request for administrative reviews*).

**3. The Cash Deposit Rate Must Be Derived from the Same Dumping Margin as the Assessment Rate**

17. Section 751(a)(2)(C) of the Tariff Act requires Commerce to use the same dumping margin as the basis for both the assessment of AD duties on prior entries and the collection of AD cash deposits on future entries, stating: "The determination under {§ 1675(a)} shall be the basis for the assessment of . . . antidumping duties on entries of merchandise covered by the determination ***and*** for deposits of estimated duties." 19 U.S.C. § 1675(a)(2)(C) (emphasis added); *see also Koyo Seiko Co. v. United States*, 110 F. Supp. 2d 934, 942 (Ct. Int'l Trade 2000) (noting that 19 U.S.C. § 1675(a)(2)(C) "requires that both the deposit rate and the assessment rate be derived from the same dumping margin differential"), *aff'd* 258 F.3d 1340, 1342 (Fed. Cir. 2001) (citation omitted) ("Commerce uses the dumping margin to assess antidumping duties on merchandise imported during the review period, and also to calculate 'cash deposits of estimated duties for future entries' of the subject merchandise."); *Torrington Co. v. United States*, 44 F.3d 1572, 1578 (Fed. Cir. 1995) ("Section 1675(a)(2) . . . requires that PUDD, the difference between

foreign market value and United States price, serve as the basis for both assessed duties and cash deposits of estimated duties.").

18. Commerce's authority to implement the automatic assessment provision, 19 C.F.R. § 351.212(c), derives from Section 751(a)(2) of the Tariff Act. *See Federal-Mogul*, 822 F. Supp. at 787–88; *Transcom, Inc. v. United States*, 182 F.3d 876, 880 (Fed. Cir. 1999) (quoting *Federal-Mogul*, 822 F. Supp. at 787–88). Accordingly, 19 U.S.C. 1675(a)(2)(C)'s requirement – that the AD deposit rate going forward must be based on the same dumping margin used for the assessment rate – also applies to unreviewed foreign producers/exporters that receive assessment and deposit rates by operation of law under 19 C.F.R. § 351.212(c)(1). *See Federal-Mogul*, 822 F. Supp. at 787–88.

**B. <u>Procedural History</u>**

19. The AD duty order on certain softwood lumber products from Canada ("*Softwood Lumber from Canada*") was published on January 3, 2018. *See Certain Softwood Lumber Products from Canada*, 83 Fed. Reg. 350 (Dep't Commerce Jan. 3, 2018). Consequently, requests for administrative reviews under the AD duty order may be submitted in January of each year, the anniversary month of the order's publication. *See* 19 C.F.R. § 351.213(b).

20. "In making a decision whether or not to request an administrative review of certain entries, the parties rely on the cash deposit rate then in force for those entries." *Federal-Mogul*, 822 F. Supp. at 788. In January 2021, when review requests for the 2020 POR were due in the *Softwood Lumber from Canada* AD proceeding, J.D. Irving's AD cash deposit rate was 1.57%. *See Certain Softwood Lumber Products from Canada*, 85 Fed. Reg. 76519, 76520–21 (Dep't Commerce Nov. 30, 2020) (final results 2017-2018 AD review) (assigning a 1.57% AD cash deposit rate to J.D. Irving as a "Non-Selected Company"). No party – neither J.D. Irving nor a

domestic producer – requested an AD review of J.D. Irving for the 2020 POR. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 12599, 12603 (Dep't Commerce Mar. 4, 2021) (omitting J.D. Irving from the list of Canadian producers/exporters subject to the 2020 AD Review) (**Attachment 6**). Consequently, in accordance with 19 C.F.R. § 351.212(c)(1), Commerce instructed CBP to assess AD duties on J.D. Irving's year-2020 entries at the AD cash deposit rates applicable upon entry of the merchandise (6.04% during the first eleven months of the year and 1.57% during the last month of the year[2]), and to continue to use 1.57%, the more recent rate, as the company's AD cash deposit rate going forward. *See* Commerce Automatic Liquidation Instructions, Message No. 1106404 (A-122-857) (Apr. 16, 2021) at ¶¶2 & 5 (stating, "you are to liquidate all entries . . . and assess antidumping duties on merchandise entered . . . at the cash deposit rate in effect on the date of entry" and "you shall continue to collect cash deposits of estimated antidumping duties for the merchandise at current rates") (**Attachment 7**).

21. On May 20, 2021, Commerce issued the preliminary results in the 2019 administrative review ("2019 AD Review") of the *Softwood Lumber from Canada* AD proceeding. *See Certain Softwood Lumber Products from Canada*, 86 Fed. Reg. 28551 (Dep't Commerce May 27, 2021) (prelim. results 2019 AD review) (**Attachment 8**) ("*2019 Review Prelim. Results*"). J.D. Irving was subject to the 2019 AD Review, but, like hundreds of other Canadian producers/exporters, was not selected as a mandatory respondent. *See id.* at 28552–54.

[2] During calendar year 2020, AD cash deposits were collected on entries of subject merchandise produced and exported by J.D. Irving at a rate of 6.04% from January 1 through November 29, and at a rate of 1.57% from November 30 through December 31. *See Certain Softwood Lumber Products from Canada*, 83 Fed. Reg. 350, 351 (Jan. 3, 2018) (AD order and amended final LTFV determ.) (setting an All-Others cash deposit rate of 6.04%); *Certain Softwood Lumber Products from Canada*, 85 Fed. Reg. 76519, 76520–21 (Nov. 30, 2020) (final results 2017-2018 AD review) (setting a Non-Selected Companies cash deposit rate of 1.57%).

Consequently, in accordance with its practice, Commerce assigned such "Non-Selected Companies" the weighted average of the mandatory respondents' preliminary dumping margins, a preliminary rate of 12.05%. *See id.* at 28551. Commerce also indicated that, upon issuance of the final results in the 2019 AD Review, the final "Non-Selected Companies Rate" would serve as both (1) the assessment rate for imports of subject merchandise from Non-Selected Companies with entry dates during the 2019 POR and (2) the cash deposit rate for imports of subject merchandise from Non-Selected Companies (***including J.D. Irving***) going forward. *See id.* In response, J.D. Irving argued that it should not be assigned the 2019 AD cash deposit rate, because Commerce already had assigned J.D. Irving an AD cash deposit rate for the 2020 POR.

22. On November 23, 2021, Commerce issued the final results in the 2019 AD Review for the *Softwood Lumber from Canada* AD proceeding, amending the Non-Selected Companies Rate to 11.59%. *See Certain Softwood Lumber Products from Canada*, 86 Fed. Reg. 68471, 68472 (Dep't Commerce Dec. 2, 2021) (**Attachment 9**). In doing so, Commerce rejected J.D. Irving's argument that its 2020 AD cash deposit rate (1.57%) should continue to apply to J.D. Irving's entries, and announced that it would assign J.D. Irving a cash deposit rate "based on the final results" of the 2019 AD Review. *See* Issues and Decision Memorandum for the Final Results of the 2019 Antidumping Duty Administrative Review (A-122-857) (Nov. 23, 2021) at 41–42 (**Attachment 10**) ("*2019 AD Review IDM*").

23. On December 9, 2021, Commerce issued AD cash deposit instructions to CBP, changing J.D. Irving's AD cash deposit rate from the 2020 rate determined by operation of law under 19 C.F.R. § 351.212(c)(1) (1.57%) to the rate determined in the 2019 AD Review (11.59%). *See* Commerce Cash Deposit Instructions, Message No. 1343410 (A-122-857) (Dec. 9, 2021) ("*2019 Cash Deposit Instructions*") (**Attachment 11**). On December 30, 2021, J.D. Irving

commenced an appeal in this court of Commerce's *2019 Cash Deposit Instructions*. *See J.D. Irving, Limited v. United States and U.S. Department of Commerce*, Court No. 21-00641.

24. On January 28, 2022, Commerce issued the preliminary results in the 2020 AD Review for the *Softwood Lumber from Canada* AD proceeding. *See Certain Softwood Lumber Products from Canada*, 87 Fed. Reg. 6506 (Dep't Commerce Feb. 4, 2022) (prelim. results 2020 AD review) (**Attachment 12**) ("*2020 Review Prelim. Results*"). The preliminary results indicated that, upon conclusion of the review, Commerce intended to update the mandatory respondents' and non-selected companies' AD cash deposit rates to reflect the 2020 dumping margins determined in the review. *See id.* at 6506–07. In contrast, J.D. Irving's AD cash deposit rate would remain at the dumping margin determined for the (prior) 2019 POR (11.59%), even though J.D. Irving already had a 2020 dumping rate determined by operation of law under 19 C.F.R. § 351.212(c)(1) (1.57%).

25. On March 14, 2022, J.D. Irving submitted a case brief in the 2020 AD Review. *See* J.D. Irving Case Br. (**Attachment 3**). J.D. Irving argued that failure to update the company's AD deposit rate to the dumping margin determined by operation of law for the 2020 POR (1.57%) would violate the plain language of 19 U.S.C. § 1675(a)(2)(C), which requires assessment and cash deposit rates to be derived from the same dumping margin. In addition, J.D. Irving argued that failure to update the company's AD deposit rate to the 2020 dumping margin would violate Congress's "express purpose" for amending § 1675(a) in 1984 to require administrative reviews only upon request – which was to prevent Commerce from having to conduct administrative reviews when petitioners and respondents alike are satisfied with existing AD rates.

26. On August 3, 2022, Commerce issued the final results in the 2020 AD Review. Disagreeing with J.D. Irving's argument, Commerce declined to update J.D. Irving's AD cash

deposit rate from the dumping margin determined for 2019 (11.59%) to the most recent dumping margin established for 2020 (1.57%). *See 2020 AD Review IDM* at 43-46. Commerce asserted that its decision to keep J.D. Irving's AD deposit rate at the dumping margin determined for 2019 – despite previously having assigned the company an AD deposit rate of 1.57% for 2020 – was consistent with "its long-held practice of not updating the ***cash deposit instructions*** for companies not under review." *2020 AD Review IDM* at 45 (emphasis added). Commerce did not, however, address J.D. Irving's argument that the plain language of the AD statute (19 U.S.C. § 1675(a)(2)(C)) required Commerce to set J.D. Irving's AD cash deposit rate based on the same dumping margin used for the company's year-2020 assessment rate (most recently, 1.57%). Nor did Commerce explain how its decision to continue collecting AD cash deposits from J.D. Irving at a 2019 dumping rate aligned with congressional intent – which was to prevent Commerce from having to conduct administrative reviews when petitioners and respondents alike are satisfied with existing AD rates.

27. On August 16, 2022, Commerce issued the *2020 Cash Deposit Instructions* to CBP, which (wrongly) omitted any instruction to replace J.D. Irving's AD cash deposit rate for 2019 (11.59%) with the AD cash deposit rate established for 2020 (1.57%).

28. On September 9, 2022, J.D. Irving commenced this appeal of Commerce's *2020 Cash Deposit Instructions*.

**STATEMENT OF CLAIM**

**COUNT ONE**

29. Paragraphs 1 through 28 are incorporated by reference.

30. Section 751(a)(2)(C) of the Tariff Act requires the AD cash deposit rate to reflect the same dumping margin as the assessment rate determined for the most recent POR. 19 U.S.C.

§ 1675(a)(2)(C); *Torrington*, 44 F.3d at 1578; *Koyo Seiko*, 110 F. Supp. 2d at 942. This statutory requirement applies regardless of whether the assessment rate was calculated in an administrative review or was determined by operation of law under 19 C.F.R. § 351.212(c)(1). *See Federal-Mogul*, 822 F. Supp. at 787–88.

31. Here, the most recent AD assessment rate assigned to J.D. Irving is for the 2020 POR. Nevertheless, whereas Commerce instructed CBP to assess AD duties on J.D. Irving's import entries during the end of 2020 at a dumping rate of 1.57% (the AD cash deposit rate that applied upon entry), *see* Commerce Automatic Liquidation Instructions, Message No. 1106404 (A-122-857) (Apr. 16, 2021) at ¶2 (**Attachment 7**), Commerce's *2020 Cash Deposit Instructions* fail to instruct CBP to collect cash deposits on imports of subject merchandise from J.D. Irving at the same dumping rate. Consequently, CBP continued to collect AD cash deposits on imports of subject merchandise from J.D. Irving based on a dumping rate (11.59%) determined for an earlier POR, 2019.

32. Because the *2020 Cash Deposit Instructions* fail to assign J.D. Irving an AD cash deposit rate that is equivalent to the company's most recent year-2020 AD assessment rate (1.57%), the instructions are inconsistent with 19 U.S.C. § 1675(a)(2)(C) and are not in accordance with law.

## COUNT TWO

33. Paragraphs 1 through 28 are incorporated by reference.

34. In amending 19 U.S.C. § 1675(a) to require Commerce to conduct an administrative review of a foreign producer/exporter only upon request, Congress's intent was "to reduce the administrative burden on the Department of Commerce of automatically reviewing every outstanding order even though circumstances do not warrant it or parties to the case are satisfied

with the existing order." H.R. Report 98-725, 98th Cong., 2nd Sess., at 22–23 (May 1, 1984). Congress's intent would be frustrated if, after an AD cash deposit rate is established by operation of law under 19 C.F.R. § 351.212(c)(1), Commerce could subsequently replace that rate with an AD rate calculated for an ***earlier*** period. *See Federal-Mogul*, 822 F. Supp. at 788.

35. Here, neither J.D. Irving nor any U.S. producer requested a review of J.D. Irving for the 2020 POR, signifying that both sides agreed that the AD cash deposit rates in effect during that period reflected J.D. Irving's dumping margin in 2020, and that the most recent AD cash deposit rate for that period (1.57%) was the appropriate cash deposit rate for J.D. Irving's entries going forward (until changed in an administrative review for a subsequent period). Despite this, Commerce's *2020 Cash Deposit Instructions* fail to instruct CBP to collect cash deposits on imports of subject merchandise from J.D. Irving at the agreed-upon dumping rate (1.57%). Consequently, CBP continued to collect AD cash deposits on imports of subject merchandise from J.D. Irving based on a dumping rate (11.59%) calculated for an earlier POR, 2019.

36. Because the *2020 Cash Deposit Instructions* fail to honor the parties' agreed-upon AD cash deposit rate for J.D. Irving, they are inconsistent with congressional intent – which was to prevent Commerce from having to conduct administrative reviews when petitioners and respondents alike are satisfied with existing AD rates. Consequently, the *2020 Cash Deposit Instructions* are not in accordance with law.

**PRAYER FOR RELIEF AND JUDGMENT**

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Enter judgment in favor of Plaintiff;

(B) Hold and declare that Commerce's *2020 Cash Deposit Instructions* are unlawful for failure to assign J.D. Irving the AD cash deposit rate

determined by operation of 19 C.F.R. § 351.212(c)(1) for the 2020 period of review (1.57%);

(C) Order Commerce to instruct CBP (1) to reinstate J.D. Irving's lawful AD cash deposit rate of 1.57% for imports of subject merchandise produced and exported by J.D. Irving entered on or after August 9, 2022, until August 1, 2023, and (2) to refund AD cash deposits provided for such entries in excess of the 1.57% rate; and

(D) Grant Plaintiff such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Jay C. Campbell

Walter J. Spak
Jay C. Campbell
Cristina M. Cornejo
WHITE AND CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600

Date: February 6, 2025

# Attachment 1

| | | | |
|---|---|---|---|
| **MESSAGE NO.** | 2228402 | **MESSAGE DATE** | 08/16/2022 |
| **STATUS** | Active | **INACTIVATED DATE** | |
| **TYPE** | CD-Cash Deposit | **FR CITE** | 87 FR 48465 |
| **SUB-TYPE** | ADMIN RVW-Administrative Rvw | **FR DATE** | 08/09/2022 |
| **CATEGORY ACCESS** | AD | **EFFECTIVE DATE** | 08/09/2022 |
| **TYPE** | **Public** ✓ **Non-Public** ☐ | **POI/POR DATE** | 01/01/2020 - 12/31/2020 |
| **Notice of lifting of Suspension Date** | | **PERIOD COVERED** | - |

**SHORT CASE NAME**

Certain Softwood Lumber

**COURT CASE #s**

**REF MESSAGE #s**

**PRINCIPAL CASE #s**

A122857

**3rd Country CASE #s**

**RE:** Cash deposit instructions for certain softwood lumber from Canada (A-122-857)

1.Commerce has published in the Federal Register (87 FR 48465) on 08/09/2022 the final results of its administrative review of certain producers and/or exporters subject to the antidumping duty order on certain softwood lumber from Canada for the period 01/01/2020 through 12/31/2020.

2.As a result of Commerce's review, the cash deposit rates have been revised for certain companies. Therefore, for shipments of product from country produced and/or exported by the firms listed below, entered, or withdrawn from warehouse, for consumption on or after 08/09/2022, the required cash deposit has been revised:

Producer and/or Exporter: Canadian Forest Products Ltd.; Canfor Wood Products Marketing Ltd.; Canfor Corporation
Case Number: A-122-857-001
Cash Deposit Rate:  4.92%

Producer and/or Exporter: Resolute Growth Canada Inc.; Forest Products Mauricie LP, Societe en commandite Scierie Opitciwan; Resolute-LP Engineered Wood Larouche Inc.; Resolute-LP Engineered Wood St-Prime Limited Partnership; Resolute FP Canada Inc.
Case Number: A-122-857-002
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Tolko Industries Ltd.; Tolko Marketing and Sales Ltd.; Gilbert Smith Forest Products Ltd.
Case Number: A-122-857-003
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Manning Forest Products Ltd.; Sundre Forest Products Inc.; Blue Ridge Lumber Inc.; West Fraser Mills Ltd.
Case Number: A-122-857-004
Cash Deposit Rate:  4.63%

Producer and/or Exporter: 1074712 BC Ltd.
Case Number: A-122-857-005
Cash Deposit Rate:  4.76%

Producer and/or Exporter: 5214875 Manitoba Ltd.
Case Number: A-122-857-006
Cash Deposit Rate:  4.76%

Producer and/or Exporter: 752615 B.C Ltd.; Fraserview Remanufacturing Inc; DBA Fraserview Cedar Products
Case Number: A-122-857-007
Cash Deposit Rate:  4.76%

Producer and/or Exporter: 9224-5737 Quebec inc. (aka A.G. Bois)
Case Number: A-122-857-008
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Absolute Lumber Products Ltd.
Case Number: A-122-857-010
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Aler Forest Products Ltd.
Case Number: A-122-857-013
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Alpa Lumber Mills Inc.
Case Number: A-122-857-014
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Andersen Pacific Forest Products Ltd.
Case Number: A-122-857-017
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Anglo American Cedar Products Ltd.; Anglo-American Cedar Products Ltd.
Case Number: A-122-857-018
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Antrim Cedar Corporation
Case Number: A-122-857-020
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Aquila Cedar Products Ltd.
Case Number: A-122-857-021
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Arbec Lumber Inc.; Arbec Bois Doeuvre Inc.
Case Number: A-122-857-022
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Aspen Planers Ltd.
Case Number: A-122-857-023
Cash Deposit Rate:  4.76%

Producer and/or Exporter: B&L Forest Products Ltd.
Case Number: A-122-857-024

Cash Deposit Rate: 4.76%

Producer and/or Exporter: B.B. Pallets Inc.; Les Palettes B.B.Inc.
Case Number: A-122-857-025
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Babine Forest Products Limited
Case Number: A-122-857-026
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Bakerview Forest Products Inc.
Case Number: A-122-857-027
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Bardobec Inc.
Case Number: A-122-857-028
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Barrette-Chapais Ltee
Case Number: A-122-857-029
Cash Deposit Rate: 4.76%

Producer and/or Exporter: BarretteWood Inc.
Case Number: A-122-857-030
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Benoît & Dionne Produits Forestiers Ltee; Benoît & Dionne Forest Products Ltd.
Case Number: A-122-857-031
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Best Quality Cedar Products Ltd.
Case Number: A-122-857-032
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Blanchet Multi Concept Inc.
Case Number: A-122-857-033
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Blanchette & Blanchette Inc.
Case Number: A-122-857-034
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Bois Aise de Montreal Inc.
Case Number: A-122-857-035
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Bois Bonsaï inc.
Case Number: A-122-857-036
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Bois D'oeuvre Cedrico Inc.; Cedrico Lumber Inc.
Case Number: A-122-857-037
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Bois Daaquam Inc.; Daaquam Lumber Inc.
Case Number: A-122-857-038
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Bois et Solutions Marketing SPEC, Inc.; SPEC Wood & Marketing Solution;
SPEC Wood and Marketing Solutions Inc.
Case Number: A-122-857-039
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Boisaco Inc.
Case Number: A-122-857-040
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Boscus Canada Inc.
Case Number: A-122-857-041
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Boucher Bros. Lumber Ltd.
Case Number: A-122-857-042
Cash Deposit Rate:  4.76%


Producer and/or Exporter: BPWood Ltd.
Case Number: A-122-857-043
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Bramwood Forest Inc.
Case Number: A-122-857-044
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Brunswick Valley Lumber Inc.

Case Number: A-122-857-045
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Busque & Laflamme Inc.
Case Number: A-122-857-046
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Campbell River Shake & Shingle Co. Ltd.
Case Number: A-122-857-049
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Canyon Lumber Company Ltd.
Case Number: A-122-857-053
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Carrier & Begin Inc.
Case Number: A-122-857-055
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Carrier Forest Products Ltd.
Case Number: A-122-857-056
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Carrier Lumber Ltd.
Case Number: A-122-857-057
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Cedar Valley Holdings Ltd.
Case Number: A-122-857-058
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Cedarline Industries Ltd.
Case Number: A-122-857-059
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Central Cedar Ltd.
Case Number: A-122-857-060
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Centurion Lumber Ltd.
Case Number: A-122-857-061
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Chaleur Forest Products LP
Case Number: A-122-857-062
Cash Deposit Rate: 4.76%


Producer and/or Exporter: Channel-ex Trading Corporation
Case Number: A-122-857-063
Cash Deposit Rate: 4.76%


Producer and/or Exporter: Clair Industrial Development Corp. Ltd.
Case Number: A-122-857-064
Cash Deposit Rate: 4.76%


Producer and/or Exporter: Clermond Hamel Ltee
Case Number: A-122-857-065
Cash Deposit Rate: 4.76%


Producer and/or Exporter: Coast Clear Wood Ltd.
Case Number: A-122-857-066
Cash Deposit Rate: 4.76%


Producer and/or Exporter: Coast Mountain Cedar Products Ltd.
Case Number: A-122-857-067
Cash Deposit Rate: 4.76%


Producer and/or Exporter: Commonwealth Plywood Co. Ltd.
Case Number: A-122-857-068
Cash Deposit Rate: 4.76%


Producer and/or Exporter: Comox Valley Shakes (2019) Ltd.
Case Number: A-122-857-069
Cash Deposit Rate: 4.76%


Producer and/or Exporter: Conifex Fibre Marketing Inc.
Case Number: A-122-857-070
Cash Deposit Rate: 4.76%


Producer and/or Exporter: Cowichan Lumber Ltd.
Case Number: A-122-857-071
Cash Deposit Rate: 4.76%


Producer and/or Exporter: CS Manufacturing Inc. (dba Cedarshed)
Case Number: A-122-857-072

Cash Deposit Rate: 4.76%

Producer and/or Exporter: CWP - Industriel Inc.
Case Number: A-122-857-073
Cash Deposit Rate: 4.76%

Producer and/or Exporter: CWP - Montreal Inc.
Case Number: A-122-857-074
Cash Deposit Rate: 4.76%

Producer and/or Exporter: D & D Pallets Ltd.
Case Number: A-122-857-075
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Dakeryn Industries Ltd.
Case Number: A-122-857-076
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Decker Lake Forest Products Ltd.
Case Number: A-122-857-077
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Delco Forest Products Ltd.
Case Number: A-122-857-078
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Delta Cedar Specialties Ltd.
Case Number: A-122-857-079
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Devon Lumber Co. Ltd.
Case Number: A-122-857-080
Cash Deposit Rate: 4.76%

Producer and/or Exporter: DH Manufacturing Inc.
Case Number: A-122-857-081
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Direct Cedar Supplies Ltd.
Case Number: A-122-857-082
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Doubletree Forest Products Ltd.
Case Number: A-122-857-083
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Downie Timber Ltd.
Case Number: A-122-857-084
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Dunkley Lumber Ltd.
Case Number: A-122-857-085
Cash Deposit Rate:  4.76%


Producer and/or Exporter: EACOM Timber Corporation
Case Number: A-122-857-086
Cash Deposit Rate:  4.76%


Producer and/or Exporter: East Fraser Fiber Co. Ltd.
Case Number: A-122-857-087
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Edgewood Forest Products Inc.
Case Number: A-122-857-088
Cash Deposit Rate:  4.76%


Producer and/or Exporter: ER Probyn Export Ltd.
Case Number: A-122-857-089
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Falcon Lumber Ltd.
Case Number: A-122-857-091
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Fontaine Inc.
Case Number: A-122-857-092
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Foothills Forest Products Inc.
Case Number: A-122-857-093
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Chaleur Forest Products Inc.
Case Number: A-122-857-094

Cash Deposit Rate:  4.76%

Producer and/or Exporter: Fraser Specialty Products Ltd.
Case Number: A-122-857-095
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Furtado Forest Products Ltd.
Case Number: A-122-857-097
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Glandell Enterprises Inc.
Case Number: A-122-857-100
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Goldband Shake & Shingle Ltd.
Case Number: A-122-857-102
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Goldwood Industries Ltd.
Case Number: A-122-857-104
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Goodfellow Inc.
Case Number: A-122-857-105
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Gorman Bros. Lumber Ltd.
Case Number: A-122-857-106
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Groupe Crete Chertsey Inc.
Case Number: A-122-857-107
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Groupe Crete Division St-Faustin Inc.
Case Number: A-122-857-108
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Groupe Lebel Inc.
Case Number: A-122-857-109
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Groupe Lignarex Inc.
Case Number: A-122-857-110
Cash Deposit Rate:  4.76%


Producer and/or Exporter: H.J. Crabbe & Sons Ltd.
Case Number: A-122-857-111
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Haida Forest Products Ltd.
Case Number: A-122-857-112
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Hornepayne Lumber LP
Case Number: A-122-857-114
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Imperial Cedar Products Ltd.
Case Number: A-122-857-115
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Independent Building Materials Distribution Inc.
Case Number: A-122-857-117
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Interfor Corporation
Case Number: A-122-857-118
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Island Cedar Products Ltd.
Case Number: A-122-857-119
Cash Deposit Rate:  4.76%


Producer and/or Exporter: J&G Log Works Ltd.
Case Number: A-122-857-121
Cash Deposit Rate:  4.76%


Producer and/or Exporter: J.H. Huscroft Ltd.
Case Number: A-122-857-123
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Jan Woodlands (2001) Inc.
Case Number: A-122-857-124

Cash Deposit Rate:  4.76%

Producer and/or Exporter: Jhajj Lumber Corporation
Case Number: A-122-857-125
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Kalesnikoff Lumber Co. Ltd.
Case Number: A-122-857-126
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Kan Wood Ltd.
Case Number: A-122-857-127
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Kebois Ltee; Kebois Ltd.
Case Number: A-122-857-128
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Keystone Timber Ltd.
Case Number: A-122-857-129
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Lafontaine Lumber Inc.
Case Number: A-122-857-131
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Langevin Forest Products Inc.
Case Number: A-122-857-132
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Lecours Lumber Co. Limited
Case Number: A-122-857-133
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Leisure Lumber Ltd.
Case Number: A-122-857-135
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Les Bois d'oeuvre Beaudoin Gauthier Inc.
Case Number: A-122-857-136
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Les Bois Martek Lumber
Case Number: A-122-857-137
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Les Bois Traites M.G. Inc.
Case Number: A-122-857-138
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Les Chantiers de Chibougamau Ltee; Les Chantiers de Chibougamau Ltd.
Case Number: A-122-857-139
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Les Produits Forestiers D&G Ltee (aka D&G Forest Products Ltd.)
Case Number: A-122-857-140
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Leslie Forest Products Ltd.
Case Number: A-122-857-141
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Lignum Forest Products LLP
Case Number: A-122-857-142
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Linwood Homes Ltd.
Case Number: A-122-857-143
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Lulumco inc.
Case Number: A-122-857-145
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Magnum Forest Products Ltd.
Case Number: A-122-857-146
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Maibec inc.
Case Number: A-122-857-147
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Manitou Forest Products Ltd.
Case Number: A-122-857-148

Cash Deposit Rate:  4.76%

Producer and/or Exporter: Marcel Lauzon Inc.
Case Number: A-122-857-149
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Marwood Ltd.
Case Number: A-122-857-150
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Materiaux Blanchet Inc.
Case Number: A-122-857-151
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Mid Valley Lumber Specialties Ltd.
Case Number: A-122-857-154
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Midway Lumber Mills Ltd.
Case Number: A-122-857-155
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Mill & Timber Products Ltd.
Case Number: A-122-857-156
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Millar Western Forest Products Ltd.
Case Number: A-122-857-157
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Mobilier Rustique (Beauce) Inc.
Case Number: A-122-857-158
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Multicedre Ltee
Case Number: A-122-857-160
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Nakina Lumber Inc.
Case Number: A-122-857-161
Cash Deposit Rate:  4.76%

Producer and/or Exporter: National Forest Products Ltd.
Case Number: A-122-857-162
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Nicholson and Cates Ltd.
Case Number: A-122-857-164
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Norsask Forest Products Limited Partnership
Case Number: A-122-857-165
Cash Deposit Rate:  4.76%


Producer and/or Exporter: North American Forest Products Ltd. (located in Abbotsford, British Columbia)
Case Number: A-122-857-166
Cash Deposit Rate:  4.76%


Producer and/or Exporter: North American Forest Products Ltd. (located in Saint-Quentin, New Brunswick)
Case Number: A-122-857-167
Cash Deposit Rate:  4.76%


Producer and/or Exporter: North Enderby Timber Ltd.
Case Number: A-122-857-168
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Olympic Industries ULC
Case Number: A-122-857-170
Cash Deposit Rate:  4.76%


Note to CBP:  On April 15, 2021, Commerce deactivated Olympic Industries Inc-Reman Codes, Olympic Industries Inc-Reman, and Olympic Industries Inc-Reman Code in the ACE customs portal (company case numbers A-122-857-171, A-122-857-172).  All entries by Olympic Industries ULC regardless of whether they have a suffix of "Reman Codes" "Reman" or "Reman Code," should be entered as an entry by Olympic Industries ULC.


Producer and/or Exporter: Olympic Industries Inc.
Case Number: A-122-857-173
Cash Deposit Rate:  4.76%


Note to CBP:  On April 15, 2021, Commerce deactivated Olympic Industries Inc-Reman Codes, Olympic Industries Inc-Reman, and Olympic Industries Inc-Reman Code in the ACE customs portal

(company case number A-122-857-169).  All entries by Olympic Industries Inc. regardless of whether they have a suffix of "Reman Codes" should be entered as an entry by Olympic Industries Inc.


Producer and/or Exporter: Pacific Coast Cedar Products Ltd.
Case Number: A-122-857-174
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Pacific Pallet Ltd.
Case Number: A-122-857-175
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Pacific Western Wood Works Ltd.
Case Number: A-122-857-176
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Parallel Wood Products Ltd.
Case Number: A-122-857-177
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Pat Power Forest Products Corporation
Case Number: A-122-857-178
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Phoenix Forest Products Inc.
Case Number: A-122-857-179
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Pine Ideas Ltd.
Case Number: A-122-857-180
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Pioneer Pallet & Lumber Ltd.
Case Number: A-122-857-181
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Porcupine Wood Products Ltd.
Case Number: A-122-857-182
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Power Wood Corp.
Case Number: A-122-857-183

Cash Deposit Rate:  4.76%

Producer and/or Exporter: Precision Cedar Products Corp.
Case Number: A-122-857-184
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Prendiville Industries Ltd. (aka Kenora Forest Products)
Case Number: A-122-857-185
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Produits Forestiers Petit Paris Inc.
Case Number: A-122-857-186
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Temrex Forest Products LP; Produits Forestiers Temrex S.E.C.
Case Number: A-122-857-187
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Produits Matra Inc.
Case Number: A-122-857-188
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Promobois G.D.S. Inc.
Case Number: A-122-857-189
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Rayonier A.M. Canada GP
Case Number: A-122-857-190
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Rembos Inc.
Case Number: A-122-857-191
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Rene Bernard Inc.
Case Number: A-122-857-192
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Rielly Industrial Lumber Inc.
Case Number: A-122-857-194
Cash Deposit Rate:  4.76%

Producer and/or Exporter: S&R Sawmills Ltd.
Case Number: A-122-857-197
Cash Deposit Rate:  4.76%


Producer and/or Exporter: S&W Forest Products Ltd.
Case Number: A-122-857-198
Cash Deposit Rate:  4.76%


Producer and/or Exporter: San Industries Ltd.
Case Number: A-122-857-199
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Sawarne Lumber Co. Ltd.
Case Number: A-122-857-200
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Scierie Alexandre Lemay & Fils Inc.
Case Number: A-122-857-201
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Scierie St-Michel Inc.
Case Number: A-122-857-202
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Scierie West Brome Inc.
Case Number: A-122-857-203
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Sechoirs de Beauce Inc.
Case Number: A-122-857-205
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Sigurdson Forest Products Ltd.
Case Number: A-122-857-209
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Silvaris Corporation
Case Number: A-122-857-210
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Sinclar Group Forest Products Ltd.
Case Number: A-122-857-212

Cash Deposit Rate:  4.76%

Producer and/or Exporter: Skana Forest Products Ltd.
Case Number: A-122-857-213
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Skeena Sawmills Ltd.
Case Number: A-122-857-214
Cash Deposit Rate:  4.76%

Producer and/or Exporter: South Beach Trading Inc.
Case Number: A-122-857-216
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Specialiste du Bardeau de Cedre Inc.
Case Number: A-122-857-217
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Spruceland Millworks Inc.
Case Number: A-122-857-218
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Surrey Cedar Ltd.
Case Number: A-122-857-219
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Taan Forest Limited Partnership
Case Number: A-122-857-221
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Taiga Building Products Ltd.
Case Number: A-122-857-222
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Tall Tree Lumber Company
Case Number: A-122-857-223
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Teal Cedar Products Ltd.
Case Number: A-122-857-224
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Terminal Forest Products Ltd.
Case Number: A-122-857-226
Cash Deposit Rate:  4.76%


Producer and/or Exporter: The Teal Jones Group
Case Number: A-122-857-227
Cash Deposit Rate:  4.76%


Producer and/or Exporter: The Wood Source Inc.
Case Number: A-122-857-228
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Trans-Pacific Trading Ltd.
Case Number: A-122-857-229
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Triad Forest Products Ltd.
Case Number: A-122-857-230
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Twin Rivers Paper Co. Inc.
Case Number: A-122-857-231
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Tyee Timber Products Ltd.
Case Number: A-122-857-232
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Usine Sartigan Inc.
Case Number: A-122-857-234
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Vaagen Fibre Canada ULC
Case Number: A-122-857-235
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Valley Cedar 2 Inc.
Case Number: A-122-857-236
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Vancouver Specialty Cedar Products Ltd.
Case Number: A-122-857-238

Cash Deposit Rate:  4.76%

Producer and/or Exporter: Visscher Lumber Inc.
Case Number: A-122-857-239
Cash Deposit Rate:  4.76%

Producer and/or Exporter: W.I. Woodtone Industries Inc.
Case Number: A-122-857-240
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Waldun Forest Product Sales Ltd.
Case Number: A-122-857-241
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Watkins Sawmills Ltd.
Case Number: A-122-857-242
Cash Deposit Rate:  4.76%

Producer and/or Exporter: West Bay Forest Products Ltd.
Case Number: A-122-857-243
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Western Forest Products Inc.
Case Number: A-122-857-246
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Western Lumber Sales Limited
Case Number: A-122-857-247
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Weston Forest Products Inc.
Case Number: A-122-857-249
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Weyerhaeuser Co.
Case Number: A-122-857-251
Cash Deposit Rate:  4.76%

Producer and/or Exporter: White River Forest Products L.P.
Case Number: A-122-857-252
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Winton Homes Ltd.
Case Number: A-122-857-253
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Woodline Forest Products Ltd.
Case Number: A-122-857-254
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Woodstock Forest Products
Case Number: A-122-857-255
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Woodtone Specialties Inc.
Case Number: A-122-857-256
Cash Deposit Rate:  4.76%

Producer and/or Exporter: CHAP Alliance, Inc.
Case Number: A-122-857-258
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Brink Forest Products Ltd.
Case Number: A-122-857-261
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Canasia Forest Industries Ltd.
Case Number: A-122-857-262
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Carter Forest Products Inc.
Case Number: A-122-857-263
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Central Forest Products Inc.
Case Number: A-122-857-265
Cash Deposit Rate:  4.76%

Producer and/or Exporter: CNH Products Inc.
Case Number: A-122-857-266
Cash Deposit Rate:  4.76%

Producer and/or Exporter: FraserWood Industries Ltd
Case Number: A-122-857-268

Cash Deposit Rate:  4.76%

Producer and/or Exporter: Jasco Forest Products Ltd.
Case Number: A-122-857-269
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Jazz Forest Products Ltd.
Case Number: A-122-857-270
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Oregon Canadian Forest Products Inc.; Oregon Canadian Forest Products
Case Number: A-122-857-273
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Portbec Forest Products Ltd.; Les Produits Forestiers Portbec Ltee
Case Number: A-122-857-274
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Star Lumber Canada Ltd.
Case Number: A-122-857-276
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Sundher Timber Products Inc.
Case Number: A-122-857-277
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Vanderhoof Specialty Wood Products Ltd.
Case Number: A-122-857-278
Cash Deposit Rate:  4.76%

Producer and/or Exporter: 54 Reman
Case Number: A-122-857-279
Cash Deposit Rate:  4.76%

Producer and/or Exporter: AA Trading Ltd.
Case Number: A-122-857-280
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Adwood Manufacturing Ltd
Case Number: A-122-857-281
Cash Deposit Rate:  4.76%

Producer and/or Exporter: All American Forest Products Inc.
Case Number: A-122-857-282
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Burrows Lumber (CD) Ltd., Theo A. Burrows Lumber Company Limited
Case Number: A-122-857-283
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Canada Pallet Corp.
Case Number: A-122-857-284
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Cedar Island Forest Products Ltd.
Case Number: A-122-857-285
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Cedarcoast Lumber Products
Case Number: A-122-857-286
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Cedarland Forest Products Ltd.
Case Number: A-122-857-287
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Coulson Manufacturing Ltd.
Case Number: A-122-857-288
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Deep Cove Forest Products, Inc.
Case Number: A-122-857-289
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Distribution Rioux Inc.
Case Number: A-122-857-290
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Elrod Cartage Ltd.
Case Number: A-122-857-291
Cash Deposit Rate:  4.76%


Producer and/or Exporter: Greendale Industries Inc.
Case Number: A-122-857-292

Cash Deposit Rate:  4.76%

Producer and/or Exporter: Greenwell Resources Inc.
Case Number: A-122-857-293
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Griff Building Supplies Ltd.
Case Number: A-122-857-294
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Halo Sawmill, a division of Delta Cedar Specialties Ltd.
Case Number: A-122-857-295
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Hampton Tree Farms, LLC (dba Hampton Lumber Sales Canada)
Case Number: A-122-857-296
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Hudson Mitchell & Sons Lumber Inc.
Case Number: A-122-857-297
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Hy Mark Wood Products Inc.
Case Number: A-122-857-298
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Interfor Sales & Marketing Ltd.
Case Number: A-122-857-299
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Intertran Holdings Ltd. (dba Richmond Terminal)
Case Number: A-122-857-300
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Kelfor Industries Ltd.
Case Number: A-122-857-301
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Kermode Forest Products Ltd.
Case Number: A-122-857-302
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Les Bardeaux Lajoie Inc.
Case Number: A-122-857-303
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Les Industries P.F. Inc.
Case Number: A-122-857-304
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Lonestar Lumber lnc.
Case Number: A-122-857-305
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Mainland Sawmill, a division of Terminal Forest Products
Case Number: A-122-857-306
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Mirax Lumber Products Ltd.
Case Number: A-122-857-307
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Monterra Lumber Mills Limited
Case Number: A-122-857-308
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Morwood Forest Products Inc.
Case Number: A-122-857-309
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Nickel Lake Lumber
Case Number: A-122-857-310
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Norsask Forest Products Inc.
Case Number: A-122-857-311
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Northland Forest Products Ltd.
Case Number: A-122-857-312
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Pacific Lumber Remanufacturing Inc.
Case Number: A-122-857-313

Cash Deposit Rate:  4.76%

Producer and/or Exporter: PalletSource Inc.
Case Number: A-122-857-314
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Rick Dubois
Case Number: A-122-857-315
Cash Deposit Rate:  4.76%

Producer and/or Exporter: River City Remanufacturing Inc.
Case Number: A-122-857-316
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Sapphire Lumber Company
Case Number: A-122-857-317
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Scott Lumber Sales
Case Number: A-122-857-318
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Shakertown Corp.
Case Number: A-122-857-319
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Sonora Logging Ltd.
Case Number: A-122-857-320
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Source Forest Products
Case Number: A-122-857-321
Cash Deposit Rate:  4.76%

Producer and/or Exporter: South Coast Reman Ltd.
Case Number: A-122-857-322
Cash Deposit Rate:  4.76%

Producer and/or Exporter: South Fraser Container Terminals
Case Number: A-122-857-323
Cash Deposit Rate:  4.76%

Producer and/or Exporter: Suncoast Industries Inc.
Case Number: A-122-857-324
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Suncoh Custom Lumber Ltd.
Case Number: A-122-857-325
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Surplus G Rioux
Case Number: A-122-857-326
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Western Timber Products, Inc.
Case Number: A-122-857-327
Cash Deposit Rate: 4.76%

Producer and/or Exporter: Westminster Industries Ltd.
Case Number: A-122-857-328
Cash Deposit Rate: 4.76%

Producer and/or Exporter: WWW Timber Products Ltd.
Case Number: A-122-857-329
Cash Deposit Rate: 4.76%

3. If any entries of merchandise are exported by a firm other than the producer, then the following instructions apply:

A. If the exporter of the subject merchandise has its own rate, use the exporter's rate to determine the cash deposit rate.

B. If the exporter of the subject merchandise does not have its own rate but the producer has its own rate, the cash deposit rate will be the producer's rate.

C. Where neither the exporter nor the producer currently has its own rate or the producer is unknown, use the all-others rate for establishing the cash deposit rate.

4. For all producers/exporters of product from country without their own rate, the cash deposit rate is 6.04 percent.

5. These cash deposit requirements shall remain in effect until further notice. Do not liquidate any entries of merchandise covered by the administrative review until specific liquidation instructions are issued.

6. If there are any questions by the importing public regarding this message, please contact the Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce at (202) 482-0984. CBP ports should submit their inquiries through authorized CBP channels only. (This message was generated by OIV:JDP.)

7. There are no restrictions on the release of this information.

Alexander Amdur

# Attachment 2



EDT on Friday, September 2, 2022, for inclusion in the meeting records and for circulation to the members of the Board.

In addition, any member of the public may submit pertinent written comments concerning the Board's affairs at any time before or after the meeting. Comments may be submitted to Jennifer Aguinaga at the contact information indicated above. To be considered during the meeting, comments must be received no later than 5:00 p.m. EDT on Friday, September 2, 2022, to ensure transmission to the Board prior to the meeting. Comments received after that date and time will be transmitted to the Board but may not be considered during the meeting. Copies of Board meeting minutes will be available within 90 days of the meeting.

This Notice is published pursuant to the Federal Advisory Committee Act, as amended (FACA), 5 U.S.C., app., 9(c). It has been determined that the Committee is necessary and in the public interest. The Committee was established pursuant to Commerce's authority under 15 U.S.C. 1512, established under the FACA, as amended, 5 U.S.C. app., and with the concurrence of the General Services Administration.

**Jennifer Aguinaga,**

*Designated Federal Officer, United States Travel and Tourism Advisory Board.*

[FR Doc. 2022–17076 Filed 8–8–22; 8:45 am]

BILLING CODE 3510–DR–P

---

## DEPARTMENT OF COMMERCE

### International Trade Administration

### North American Free Trade Agreement (NAFTA), Article 1904 Binational Panel Review: Notice of NAFTA Panel Order

**AGENCY:** United States Section, NAFTA Secretariat, International Trade Administration, Department of Commerce.

**ACTION:** Notice of NAFTA Panel Order in the matter of Ammonium Sulphate from the United States of America. (Secretariat File Number: MEX–USA–2015–1904–01).

**SUMMARY:** On July 19, 2022, a NAFTA Binational Panel issued an Order pursuant to NAFTA Article 1904(8) and Rules 72, 73(5), and 77 of the *NAFTA Rules of Procedure for Article 1904 Binational Panel Reviews* in the matter of Ammonium Sulphate from the United States of America (Determination on Remand). The Binational Panel affirmed the Secretaria de Economia's Fourth Determination on Remand.

**FOR FURTHER INFORMATION CONTACT:** Vidya Desai, United States Secretary, NAFTA Secretariat, Room 2061, 1401 Constitution Avenue NW, Washington, DC 20230, (202) 482–5438.

**SUPPLEMENTARY INFORMATION:** Article 1904 of chapter 19 of NAFTA provides a dispute settlement mechanism involving trade remedy determinations issued by the Government of the United States, the Government of Canada, and the Government of Mexico. Following a Request for Panel Review, a Binational Panel is composed to provide judicial review of the trade remedy determination. There are established *NAFTA Rules of Procedure for Article 1904 Binational Panel Reviews.* For the complete Rules, please see *https://can-mex-usa-sec.org/secretariat/agreement-accord-acuerdo/nafta-alena-tlcan/rules-regles-reglas/article-article-articulo_1904.aspx?lang=eng.*

Dated: August 4, 2022.

**Vidya Desai,**

*Secretary of U.S. Section, NAFTA Secretariat.*

[FR Doc. 2022–17082 Filed 8–8–22; 8:45 am]

BILLING CODE 3510–GT–P

---

## DEPARTMENT OF COMMERCE

### International Trade Administration

**[A–122–857]**

### Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2020

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** The U.S. Department of Commerce (Commerce) determines that producers and/or exporters subject to this administrative review made sales of subject merchandise at less than normal value during the period of review (POR), January 1, 2020, through December 31, 2020.

**DATES:** Applicable August 9, 2022.

**FOR FURTHER INFORMATION CONTACT:** Jeff Pedersen (Canfor) or Maisha Cryor (West Fraser), AD/CVD Operations, Office IV, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce, 1401 Constitution Avenue NW, Washington, DC 20230; telephone: (202) 482–2769 or (202) 482–5831, respectively.

**SUPPLEMENTARY INFORMATION:**

### Background

Commerce published the *Preliminary Results* on February 4, 2022.[1] This review covers 275 producers/exporters of subject merchandise, including two mandatory respondents, Canfor[2] and West Fraser.[3] For events subsequent to the *Preliminary Results, see* the Issues and Decision Memorandum.[4] The final weighted-average dumping margins are listed below in the ''Final Results of Review'' section of this notice. Commerce conducted this administrative review in accordance with section 751(a) of the Tariff Act of 1930, as amended (the Act).

### Scope of the Order

The product covered by this review is softwood lumber from Canada. For a full description of the scope, *see* the Issues and Decision Memorandum.

### Analysis of Comments Received

All issues raised in the case briefs filed in this administrative review are addressed in the Issues and Decision Memorandum. A list of the topics discussed in the Issues and Decision Memorandum is included in Appendix I of this notice. The Issues and Decision Memorandum is a public document and is available electronically via Enforcement and Compliance's Antidumping and Countervailing Duty Centralized Electronic Services System (ACCESS). ACCESS is available to registered users at *http://access.trade.gov.* In addition, a complete version of the Issues and Decision Memorandum is also accessible on the internet at *https://access.trade.gov/public/FRNoticesListLayout.aspx.*

### Final Determination of No Shipments

Based on the comments received, we find that Careau Bois, Inc. had no

---

[1] *See Certain Softwood Lumber Products from Canada: Preliminary Results of Antidumping Duty Administrative Review,* 87 FR 6506 (February 4, 2022) (*Preliminary Results*), and accompanying Preliminary Decision Memorandum (PDM).

[2] As described in the *Preliminary Results* PDM, we have treated Canfor Corporation, Canadian Forest Products Ltd., and Canfor Wood Products Marketing Ltd. (collectively, Canfor) as a single entity. *See Preliminary Results* PDM.

[3] As described in the *Preliminary Results* PDM, we have treated West Fraser Mills Ltd., Blue Ridge Lumber Inc., Manning Forest Products Ltd., and Sundre Forest Products Inc. (collectively, West Fraser) as a single entity. *See Preliminary Results* PDM at 6–7.

[4] *See* Memorandum, ''Issues and Decision Memorandum for the Final Results of the 2020 Administrative Review of the Antidumping Duty Order on Certain Softwood Lumber Products from Canada,'' dated concurrently with, and hereby adopted by, this notice (Issues and Decision Memorandum).

shipments.[5] We will issue appropriate instructions to U.S. Customs and Border Protection (CBP) based on these final results.

### Changes Since the Preliminary Results

Based on our review of the record and comments received from interested parties, we made the following changes to the *Preliminary Results*:

- Identified Comox Valley Shakes (2019) Ltd. as a non-selected company under review;[6]
- For West Fraser, corrected an error with how we calculated the byproduct offset; and
- Made a determination that Careau Bois, Inc. had no shipments.

### Final Results of Review

As a result of this administrative review, we are assigning the following weighted-average dumping margins to the manufacturers/exporters listed below for the POR, January 1, 2020, through December 31, 2020:

| Exporter/producer | Weighted-average dumping margin (percent) |
|---|---|
| Canfor Corporation/Canadian Forest Products Ltd./Canfor Wood Products Marketing Ltd | 4.92 |
| West Fraser Mills Ltd., Blue Ridge Lumber Inc./Manning Forest Products Ltd./and Sundre Forest Products Inc | 4.63 |
| Non-Selected Companies[7] | 4.76 |

### Assessment Rates

Pursuant to section 751(a)(2)(A) of the Act and 19 CFR 351.212(b)(1), Commerce shall determine, and U.S. Customs and Border Protection (CBP) shall assess, antidumping duties on all appropriate entries of subject merchandise in accordance with the final results of this review.

We intend to calculate importer- (or customer-) specific assessment rates on the basis of the ratio of the total amount of antidumping duties calculated for each importer (or customer's) examined sales and the total entered value of the sales in accordance with 19 CFR 351.212(b)(1). Where an importer- (or customer-) specific rate is zero or *de minimis* within the meaning of 19 CFR 351.106(c)(1), we will instruct CBP to liquidate the appropriate entries without regard to antidumping duties.

Generally, when calculating margins for non-selected respondents, Commerce looks to section 735(c)(5) of the Act for guidance, which provides instructions for calculating the all-others rate in an investigation. Section 735(c)(5)(A) of the Act provides that when calculating the all-others rate, Commerce will exclude any zero and *de minimis* weighted-average dumping margins, as well as any weighted-average dumping margins based on total facts available. Accordingly, Commerce's usual practice has been to average the margins for selected respondents, excluding margins that are zero, *de minimis,* or based entirely on facts available.

In this review, we calculated a weighted-average dumping margin of 4.92 percent for Canfor and 4.63 percent for West Fraser. In accordance with section 735(c)(5)(A) of the Act, Commerce assigned the weighted-average of these two calculated weighted-average dumping margins to the non-selected companies in these final results, based on their publicly ranged sales data.[8] Accordingly, we have applied a rate of 4.76 percent to the non-selected companies.[9] A list of all non-selected companies is included in Appendix II.

Commerce's "reseller policy" will apply to entries of subject merchandise during the POR produced by companies included in these final results of review for which the reviewed companies did not know that the merchandise they sold to the intermediary (*e.g.,* a reseller, trading company, or exporter) was destined for the United States. In such instances, we will instruct CBP to liquidate unreviewed entries at the all-others rate if there is no rate for the intermediate company(ies) involved in the transaction.[10]

The final results of this administrative review shall be the basis for the assessment of antidumping duties on entries of merchandise under review and for future cash deposits of estimated duties, where applicable. Commerce intends to issue assessment instructions to CBP no earlier than 41 days after the date of publication of the final results of this review in the **Federal Register**, in accordance with 19 CFR 356.8(a).

### Cash Deposit Requirements

The following cash deposit requirements will be effective for all shipments of subject merchandise entered, or withdrawn from warehouse, for consumption on or after the publication date of these final results, as provided by section 751(a)(2)(C) of the Act: (1) the cash deposit rate for the companies under review will be equal to the weighted-average dumping margin listed above in the "Final Results of Review" section; (2) for merchandise exported by producers or exporters not covered in this review but covered in a previously completed segment of this proceeding, the cash deposit rate will continue to be the company-specific rate published in the final results for the most recent period in which that producer or exporter participated; (3) if the exporter is not a firm covered in this review or in any previous segment of this proceeding, but the producer is, then the cash deposit rate will be that established for the producer of the merchandise in these final results of review or in the final results for the most recent period in which that producer participated; and (4) if neither the exporter nor the producer is a firm covered in this review or in any previously completed segment of this proceeding, then the cash deposit rate will be 6.58 percent *ad valorem,* the all-others rate established in the less than fair value investigation.[11] These cash deposit requirements, when imposed, shall remain in effect until further notice.

### Notification to Importers

This notice serves as a final reminder to importers of their responsibility under 19 CFR 351.402(f)(2) to file a certificate regarding the reimbursement of antidumping duties prior to liquidation of the relevant entries during this POR. Failure to comply with this requirement could result in Commerce's presumption that reimbursement of antidumping duties occurred and the subsequent assessment of doubled antidumping duties.

### Notification Regarding Administrative Protective Order

This notice is the only reminder to parties subject to the administrative protective order (APO) of their responsibility concerning the return or

[5] *See* Issues and Decision Memorandum at Comment 15.

[6] Despite parties requesting a review of Comox Valley Shakes (2019) Ltd., we failed to list Comox Valley Shakes (2019) Ltd. in the *Initiation Notice.* However, we included Comox Valley Shakes (2019) Ltd. in a subsequent initiation notice. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews; Amendment of Notice,* 87 FR 43242 (July 20, 2022).

[7] See Appendix II of this notice for a list of the non-selected respondent companies.

[8] *See* Memorandum, "Calculation of the Rate for Non-Selected Respondents," dated concurrently with this notice. A list of the non-selected companies under review is included as Appendix II.

[9] *Id.*

[10] For a full discussion of this practice, *see Antidumping and Countervailing Duty Proceedings: Assessment of Antidumping Duties,* 68 FR 23954 (May 6, 2003).

[11] *See Certain Softwood Lumber Products from Canada: Final Affirmative Determination of Sales at Less Than Fair Value and Affirmative Final Determination of Critical Circumstances,* 82 FR 51806 (November 8, 2017).

destruction of proprietary information disclosed under the APO in accordance with 19 CFR 351.305(a)(3), which continues to govern business proprietary information in this segment of the proceeding. Timely written notification of the return or destruction of APO materials, or conversion to judicial protective order, is hereby requested. Failure to comply with the regulations and the terms of an APO is a violation subject to sanction.

### Notification to Interested Parties

We are issuing and publishing these final results and this notice in accordance with sections 751(a)(1) and 777(i)(1) of the Act, and 19 CFR 351.213(h).

Dated: August 3, 2022.

**Ryan Majerus,**

*Deputy Assistant Secretary for Policy and Negotiations.*

## Appendix I

### List of Topics Discussed in the Issues and Decision Memorandum

I. Summary
II. Background
III. Scope of the Order
IV. Discussion of the Issues
Comment 1: Particular Market Situation (PMS) Allegation
Comment 2: Whether Commerce's Application of the Cohen's *d* Test is Contrary to Law
Comment 3: Whether Commerce Failed to Consider Qualitative Factors in Determining Whether Price Differences Were Significant in Differential Pricing Analysis
Comment 4: Whether Commerce Erred in Finding a Pattern of U.S. Prices that Differ Significantly Among Purchasers, Regions, or Periods of Time
Comment 5: Whether the Average-to-Average (A-to-A) Methodology Accounts for the Identified Price Differences in Applying the "Meaningful Difference" Test
Comment 6: Zeroing
Comment 7: The Cohen's *d* and Ratio Test
Comment 8: Whether Commerce's Simple Average of Variances is Appropriate
Comment 9: Whether to Update J.D. Irving's Cash Deposit Rate
Comment 10: Whether it was Proper not to Select Respondents based on Sampling
Comment 11: Whether it was Proper not to have Adjusted U.S. Price by Countervailing Duties (CVD)
Comment 12: Whether to Correct the Names of Certain Companies under Review
Comment 13: Whether Commerce Should Include Restructuring and Impairment Costs in the Calculation of West Fraser's General & Administrative (G&A) Expense Ratio
Comment 14: Whether Commerce Should Make Certain Revisions to West Fraser's Byproduct Offset Calculation
Comment 15: Whether Commerce Should Rescind this Administrative Review for Companies with No Suspended Entries in the U.S. Customs and Border Protection (CBP) Data
Comment 16: Whether Commerce Used the Proper Market Price for Canfor's Wood Chip Sales
Comment 17: Whether the Costs Associated with Canfor's Mill Closures Should Be Excluded from the Mill Specific Cost of Production
Comment 18: Whether the Cost for Electricity Should be Based on Electricity Prices in Alberta Alone
Comment 19: Whether Commerce Should Adjust the Reported Cost of Electricity at the PG Sawmill
V. Recommendation

## Appendix II

### Non-Selected Exporters/Producers

1. 1074712 BC Ltd.
2. 5214875 Manitoba Ltd.
3. 54 Reman
4. 752615 B.C Ltd. Fraserview Remanufacturing Inc., (dba Fraserview Cedar Products)
5. 9224–5737 Quebec inc. (aka A.G. Bois)
6. AA Trading Ltd.
7. Absolute Lumber Products Ltd.
8. Adwood Manufacturing Ltd
9. Aler Forest Products Ltd.
10. All American Forest Products Inc.
11. Alpa Lumber Mills Inc.
12. Andersen Pacific Forest Products Ltd.
13. Anglo American Cedar Products Ltd.; Anglo-American Cedar Products Ltd.[12]
14. Antrim Cedar Corporation
15. Aquila Cedar Products Ltd.
16. Arbec Lumber Inc.; Arbec Bois Doeuvre Inc.[13]
17. Aspen Planers Ltd.
18. B&L Forest Products Ltd.
19. B.B. Pallets Inc.; Les Palettes B.B.Inc.[14]
20. Babine Forest Products Limited
21. Bakerview Forest Products Inc.
22. Bardobec Inc.
23. Barrette-Chapais Ltee
24. BarretteWood Inc.
25. Benoît & Dionne Produits Forestiers Ltée; Benoît & Dionne Forest Products Ltd.[15]
26. Best Quality Cedar Products Ltd.
27. Blanchet Multi Concept Inc.
28. Blanchette & Blanchette Inc.
29. Bois Aisé de Montréal Inc.
30. Bois Bonsaï Inc.
31. Bois D'Oeuvre Cedrico Inc.; Cedrico Lumber Inc.[16]
32. Bois Daaquam Inc.; Daaquam Lumber Inc.[17]
33. Bois et Solutions Marketing SPEC, Inc.; SPEC Wood & Marketing Solution; SPEC Wood and Marketing Solutions Inc.[18]
34. Boisaco Inc.
35. Boscus Canada Inc.
36. Boucher Bros. Lumber Ltd.
37. BPWood Ltd.
38. Bramwood Forest Inc.
39. Brink Forest Products Ltd.
40. Brunswick Valley Lumber Inc.
41. Burrows Lumber (CD) Ltd., Theo A. Burrows Lumber Company Limited
42. Busque & Laflamme Inc.
43. Campbell River Shake & Shingle Co. Ltd.
44. Canada Pallet Corp.
45. Canasia Forest lndustries Ltd.
46. Canyon Lumber Company Ltd.
47. Carrier & Bégin Inc.
48. Carrier Forest Products Ltd.
49. Carrier Lumber Ltd.
50. Carter Forest Products Inc.
51. Cedar Island Forest Products Ltd.
52. Cedar Valley Holdings Ltd.
53. Cedarcoast Lumber Products
54. Cedarland Forest Products Ltd.
55. Cedarline Industries Ltd.
56. Central Cedar Ltd.
57. Central Forest Products Inc.
58. Centurion Lumber Ltd.
59. Chaleur Sawmills LP/Chaleur Forest Products LP[19]
60. Channel-ex Trading Corporation
61. Clair Industrial Development Corp. Ltd.
62. Clermond Hamel Ltee
63. CNH Products Inc.
64. Coast Clear Wood Ltd.
65. Coast Mountain Cedar Products Ltd.
66. Commonwealth Plywood Co. Ltd.
67. Comox Valley Shakes (2019) Ltd.
68. Conifex Fibre Marketing Inc.
69. Coulson Manufacturing Ltd.
70. Cowichan Lumber Ltd.
71. CS Manufacturing Inc. (dba Cedarshed)
72. CWP—Industriel Inc.
73. CWP—Montréal Inc.
74. D & D Pallets Ltd.
75. Dakeryn Industries Ltd.
76. Decker Lake Forest Products Ltd.
77. Deep Cove Forest Products, Inc.
78. Delco Forest Products Ltd.
79. Delta Cedar Specialties Ltd.
80. Devon Lumber Co. Ltd.
81. DH Manufacturing Inc.
82. Direct Cedar Supplies Ltd.
83. Distribution Rioux Inc.
84. Doubletree Forest Products Ltd.
85. Downie Timber Ltd.
86. Dunkley Lumber Ltd.

---

[12] We have added the hyphenated version of Anglo American Cedar Products Ltd.

[13] We have added the French translation of Arbec Lumber Inc.

[14] We have reformatted the name Les Palettes B.B.Inc. (aka B.B. Pallets Inc.) stated in the *Initiation Notice. See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 86 FR 12599 (March 4, 2021)(*Initiation Notice*).

[15] We have added the English translation of Benoît & Dionne Produits Forestiers Ltée.

[16] We have reformatted the name Bois D'Oeuvre Cedrico Inc. (aka Cedrico Lumber Inc.).

[17] We have added the English translation of Bois D'Oeuvre Cedrico Inc.

[18] We have added the English translations of Bois et Solutions Marketing SPEC, Inc.

[19] In the *Initiation Notice,* we included the company name "Chaleur Sawmills LP." *See Initiation Notice.* Subsequently, we determined that the successor-in-interest to Chaleur Sawmills LP is Chaleur Forest Products LP. *See Certain Softwood Lumber Products from Canada: Notice of Initiation and Preliminary Results of Antidumping Duty Changed Circumstances Review,* 86 FR 22934 (April 30, 2021), and accompanying Preliminary Decision Memorandum, unchanged in *Certain Softwood Lumber Products from Canada: Notice of Final Results of Antidumping Duty Changed Circumstances Review,* 86 FR 33222 (June 24, 2021) (*Chaleur CCR).* We intend to liquidate all entries by Chaleur Sawmills LP based on the final results, but revise the cash deposit rate to apply to Chaleur Forest Products LP.

87. EACOM Timber Corporation
88. East Fraser Fiber Co. Ltd.
89. Edgewood Forest Products Inc.
90. Elrod Cartage Ltd.
91. ER Probyn Export Ltd.
92. Falcon Lumber Ltd.
93. Fontaine Inc.
94. Foothills Forest Products Inc.
95. Fornebu Lumber Company Inc./Chaleur Forest Products Inc.[20]
96. Fraser Specialty Products Ltd.
97. FraserWood Industries Ltd
98. Furtado Forest Products Ltd.
99. Glandell Enterprises Inc.
100. Goldband Shake & Shingle Ltd.
101. Goldwood Industries Ltd.
102. Goodfellow Inc.
103. Gorman Bros. Lumber Ltd.
104. Greendale Industries Inc.
105. Greenwell Resources Inc.
106. Griff Building Supplies Ltd.
107. Groupe Crête Chertsey Inc.
108. Groupe Crête Division St-Faustin Inc.
109. Groupe Lebel Inc.
110. Groupe Lignarex Inc.
111. H.J. Crabbe & Sons Ltd.
112. Haida Forest Products Ltd.
113. Halo Sawmill, a division of Delta Cedar Specialties Ltd.
114. Hampton Tree Farms, LLC (dba Hampton Lumber Sales Canada)
115. Hornepayne Lumber LP
116. Hudson Mitchell & Sons Lumber Inc.
117. Hy Mark Wood Products Inc.
118. Imperial Cedar Products Ltd.
119. Independent Building Materials Distribution Inc.
120. Interfor Corporation
121. Interfor Sales & Marketing Ltd.
122. Intertran Holdings Ltd. (dba Richmond Terminal)
123. Island Cedar Products Ltd.
124. J&G Log Works Ltd.
125. Jan Woodlands (2001) Inc.
126. Jasco Forest Products Ltd.
127. Jazz Forest Products Ltd.
128. J.H. Huscroft Ltd.
129. Jhajj Lumber Corporation
130. Kalesnikoff Lumber Co. Ltd.
131. Kan Wood Ltd.
132. Kébois Ltée; Kébois Ltd.[21]
133. Kelfor Industries Ltd.
134. Kermode Forest Products Ltd.
135. Keystone Timber Ltd.
136. L'Atelier de Réadaptation au Travil de Beauce Inc.[22]
137. Lafontaine Lumber Inc.
138. Langevin Forest Products Inc.
139. Lecours Lumber Co. Limited
140. Leisure Lumber Ltd.
141. Les Bardeaux Lajoie Inc.
142. Les Bois d'oeuvre Beaudoin Gauthier Inc.
143. Les Bois Martek Lumber
144. Les Bois Traités M.G. Inc.
145. Les Chantiers de Chibougamau Ltee; Les Chantiers de Chibougamau Ltd.[23]
146. Les Industries P.F. Inc.
147. Les Produits Forestiers D&G Ltée; D&G Forest Products Ltd.[24]
148. Leslie Forest Products Ltd.
149. Lignum Forest Products LLP
150. Linwood Homes Ltd.
151. Lonestar Lumber Inc.
152. Lulumco inc.
153. Magnum Forest Products Ltd.
154. Maibec inc.
155. Mainland Sawmill, a division of Terminal Forest Products
156. Manitou Forest Products Ltd.
157. Marcel Lauzon Inc.
158. Marwood Ltd.
159. Materiaux Blanchet Inc.
160. Mid Valley Lumber Specialties Ltd.
161. Midway Lumber Mills Ltd.
162. Mill & Timber Products Ltd.
163. Millar Western Forest Products Ltd.
164. Mirax Lumber Products Ltd.
165. Mobilier Rustique (Beauce) Inc.
166. Monterra Lumber Mills Limited
167. Morwood Forest Products Inc.
168. Multicedre Ltee
169. Nakina Lumber Inc.
170. National Forest Products Ltd.
171. Nicholson and Cates Ltd.
172. Nickel Lake Lumber
173. Norsask Forest Products Inc.
174. Norsask Forest Products Limited Partnership
175. North American Forest Products Ltd. (located in Saint-Quentin, New Brunswick)
176. North American Forest Products Ltd. (located in Abbotsford, British Columbia)
177. North Enderby Timber Ltd.
178. Northland Forest Products Ltd.
179. Olympic Industries Inc-Reman Codes[25]
180. Olympic Industries ULC
181. Olympic Industries ULC-Reman[26]
182. Olympic Industries ULC-Reman Code[27]
183. Olympic Industries Inc.
184. Oregon Canadian Forest Products Inc. d.b.a. Oregon Canadian Forest Products
185. Pacific Coast Cedar Products Ltd.
186. Pacific Lumber Remanufacturing Inc.
187. Pacific Pallet Ltd.
188. Pacific Western Wood Works Ltd.
189. PalletSource Inc.
190. Parallel Wood Products Ltd.
191. Pat Power Forest Products Corporation
192. Phoenix Forest Products Inc.
193. Pine Ideas Ltd.
194. Pioneer Pallet & Lumber Ltd.
195. Porcupine Wood Products Ltd.
196. Portbec Forest Products Ltd.; Les Produits Forestiers Portbec Ltée[28]
197. Power Wood Corp.
198. Precision Cedar Products Corp.
199. Prendiville Industries Ltd. (aka Kenora Forest Products)
200. Produits Forestiers Petit Paris Inc.
201. Produits forestiers Temrex SEC.; Temrex Forest Products LP[29]
202. Produits Matra Inc.
203. Promobois G.D.S. Inc.
204. Rayonier A.M. Canada GP
205. Rembos Inc.
206. René Bernard Inc.
207. Resolute Growth Canada Inc.; Forest Products Mauricie LP, Société en commandite Scierie Opitciwan; Resolute-LP Engineered Wood Larouche Inc.; Resolute-LP Engineered Wood St-Prime Limited Partnership; Resolute FP Canada Inc.
208. Rick Dubois
209. Rielly Industrial Lumber Inc.
210. River City Remanufacturing Inc.
211. S&R Sawmills Ltd.
212. S&W Forest Products Ltd.
213. San Industries Ltd.
214. Sapphire Lumber Company
215. Sawarne Lumber Co. Ltd.
216. Scierie Alexandre Lemay & Fils Inc.
217. Scierie St-Michel Inc.
218. Scierie West Brome Inc.
219. Scott Lumber Sales
220. Sechoirs de Beauce Inc.
221. Shakertown Corp.
222. Sigurdson Forest Products Ltd.
223. Silvaris Corporation
224. Sinclar Group Forest Products Ltd.
225. Skana Forest Products Ltd.
226. Skeena Sawmills Ltd.
227. Sonora Logging Ltd.
228. Source Forest Products
229. South Beach Trading Inc.
230. South Coast Reman Ltd.
231. South Fraser Container Terminals
232. Specialiste du Bardeau de Cedre Inc.
233. Spruceland Millworks Inc.
234. Star Lumber Canada Ltd.
235. Suncoast Industries Inc.
236. Suncoh Custom Lumber Ltd.
237. Sundher Timber Products Inc.

[20] In the *Initiation Notice,* we included the company name "Fornebu Lumber Company Inc." *See Initiation Notice* at 86 FR 12602. On February 11, 2021, Fornebu Lumber Company Inc. stated that it had incorrectly identified itself as Fornebu Lumber Co. Ltd. but that they are the same company. *See* Fornebu Lumber Company Inc. Letter, "Clarification of Company Name of Fornebu Lumber Company Inc.," dated February 11. 2021. Subsequently, we determined that the successor-in-interest to Fornebu Lumber Co. Ltd. (and Fornebu Lumber Company Inc.) is Chaleur Forest Products Inc. *See Chaleur CCR.* We intend to liquidate all entries by Fornebu Lumber Company Inc. based on the final results, but revise the cash deposit rate to apply to Chaleur Forest Products Inc.

[21] We have reformatted the name Kebois Ltee/Ltd. identified in the *Initiation Notice.*

[22] On August 26, 2021 Commerce published the final results of a changed circumstances review determining that CHAP Alliance, Inc. (CHAP) is the successor-in-interest to L'Atelier de Réadaptation au Travil de Beauce Inc. (L'Atelier). *See Certain Softwood Lumber Products From Canada: Notice of Final Results of Antidumping Duty Changed Circumstances Review,* 86 FR 47621 (August 26, 2021). We intend to liquidate all entries by L'Atelier based on the final results, but revise the cash deposit rate to apply to CHAP.

[23] We have added the English translation of Ltee.

[24] We have reformatted the name Les Produits Forestiers D&G Ltée (aka D&G Forest Products Ltd.) identified in *Initiation Notice.*

[25] On April 15, 2021 we deactivated the case number for Olympic Industries Inc-Reman Codes in the ACE customs portal but directed CBP that all entries by Olympic Industries Inc. regardless of whether they have a suffix of "Reman Codes", should be entered as an entry by Olympic Industries Inc.

[26] On April 15, 2021 we deactivated Olympic Industries Inc-Reman Codes in the ACE customs portal but directed CBP that all entries by Olympic Industries Inc. regardless of whether they have a suffix of "Reman" or "Reman Code," should be entered as an entry by Olympic Industries ULC.

[27] On April 15, 2021 we deactivated Olympic Industries Inc-Reman Codes in the ACE customs portal but directed CBP that all entries by Olympic Industries Inc. regardless of whether they have a suffix of "Reman" or "Reman Code," should be entered as an entry by Olympic Industries ULC.

[28] We have added the English translation of Les Produits Forestiers Portbec Ltée.

[29] We added the English translation of Produits Forestiers Temrex SEC.

238. Surplus G Rioux
239. Surrey Cedar Ltd.
240. Taan Forest Limited Partnership
241. Taiga Building Products Ltd.
242. Tall Tree Lumber Company
243. Teal Cedar Products Ltd.
244. Terminal Forest Products Ltd.
245. The Teal Jones Group
246. The Wood Source Inc.
247. Tolko Marketing and Sales Ltd., Tolko Industries Ltd., and Gilbert Smith Forest Products Ltd.
248. Trans-Pacific Trading Ltd.
249. Triad Forest Products Ltd.
250. Twin Rivers Paper Co. Inc.
251. Tyee Timber Products Ltd.
252. Usine Sartigan Inc.
253. Vaagen Fibre Canada ULC
254. Valley Cedar 2 Inc.
255. Vancouver Specialty Cedar Products Ltd.
256. Vanderhoof Specialty Wood Products Ltd.
257. Visscher Lumber Inc.
258. W.I. Woodtone Industries Inc.
259. Waldun Forest Product Sales Ltd.
260. Watkins Sawmills Ltd.
261. West Bay Forest Products Ltd.
262. Western Forest Products Inc.
263. Western Lumber Sales Limited
264. Western Timber Products, Inc.
265. Westminster Industries Ltd.
266. Weston Forest Products Inc.
267. Weyerhaeuser Co.
268. White River Forest Products L.P.
269. Winton Homes Ltd.
270. Woodline Forest Products Ltd.
271. Woodstock Forest Products
272. Woodtone Specialties Inc.
273. WWW Timber Products Ltd.

[FR Doc. 2022–17065 Filed 8–8–22; 8:45 am]

**BILLING CODE 3510–DS–P**

---

## DEPARTMENT OF COMMERCE

### National Oceanic and Atmospheric Administration

### Agency Information Collection Activities; Submission to the Office of Management and Budget (OMB) for Review and Approval; Comment Request; West Coast Region Groundfish Electronic Fish Ticket Program

**AGENCY:** National Oceanic and Atmospheric Administration (NOAA), Commerce.

**ACTION:** Notice of information collection, request for comment.

**SUMMARY:** The Department of Commerce, in accordance with the Paperwork Reduction Act of 1995 (PRA), invites the general public and other Federal agencies to comment on proposed, and continuing information collections, which helps us assess the impact of our information collection requirements and minimize the public's reporting burden. The purpose of this notice is to allow for 60 days of public comment preceding submission of the collection to OMB.

**DATES:** To ensure consideration, comments regarding this proposed information collection must be received on or before October 11, 2022.

**ADDRESSES:** Direct all written comments to Adrienne Thomas, NOAA PRA Officer, at *Adrienne.thomas@noaa.gov.* Please reference OMB Control Number 0648–0620 in the subject line of your comments. Do not submit Confidential Business Information or otherwise sensitive or protected information.

**FOR FURTHER INFORMATION CONTACT:** Requests for additional information or copies of the information collection instrument and instructions should be directed to Jahnava Duryea, National Marine Fisheries Service, California Central Valley Office, 650 Capital Mall, Suite 5–100, Sacramento, CA 95814, (916) 930–3725 or via email at *jahnava.duryea@noaa.gov.*

**SUPPLEMENTARY INFORMATION:**

#### I. Abstract

The National Marine Fisheries Service (NMFS) requests comments on an extension of a currently approved information collection for the West Coast Region Groundfish Electronic Fish Ticket Program.

As part of its fishery management responsibilities, the National Oceanic and Atmospheric Administration (NOAA), National Marine Fisheries Service (NMFS) collects information to determine the amount and type of groundfish caught by fishing vessels. Electronic fish tickets are submissions of landings data from the first receiver to the Pacific States Marine Fisheries Commission (PSMFC) and NMFS. This collection supports requirements for participants of the Pacific Coast shorebased commercial groundfish fisheries (including the shorebased Individual Fishing Quota (IFQ) program, the limited entry fixed gear fishery, and the open access fixed gear fishery) to account for all landed catch and to send electronic catch data used to manage the catch allocations and limits. The respondents are principally shorebased first receivers.

#### II. Method of Collection

Shoreside first receivers, defined as persons who receive, purchase, or take custody, control, or possession of catch onshore directly from a vessel, are required to use a web-based, NMFS-approved electronic fish ticket program to send catch reports within 24 hours from the date of the landing.

#### III. Data

*OMB Control Number:* 0648–0738.

*Form Number(s):* None.

*Type of Review:* Regular submission (extension of a currently approved information collection).

*Affected Public:* Business or other for-profit organizations; Individuals or households; State, Local, or Tribal government.

*Estimated Number of Respondents:* 141.

*Estimated Time per Response:* Electronic fish ticket filling and submission (Washington and California): 10 minutes. Electronic fish ticket submission (Oregon): 2 minutes.

*Estimated Total Annual Burden Hours:* 2,102.

*Estimated Total Annual Cost to Public:* $0.

#### IV. Request for Comments

We are soliciting public comments to permit the Department/Bureau to: (a) Evaluate whether the proposed information collection is necessary for the proper functions of the Department, including whether the information will have practical utility; (b) Evaluate the accuracy of our estimate of the time and cost burden for this proposed collection, including the validity of the methodology and assumptions used; (c) Evaluate ways to enhance the quality, utility, and clarity of the information to be collected; and (d) Minimize the reporting burden on those who are to respond, including the use of automated collection techniques or other forms of information technology.

Comments that you submit in response to this notice are a matter of public record. We will include or summarize each comment in our request to OMB to approve this ICR. Before including your address, phone number, email address, or other personal identifying information in your comment, you should be aware that your entire comment—including your personal identifying information—may be made publicly available at any time. While you may ask us in your comment to withhold your personal identifying information from public review, we cannot guarantee that we will be able to do so.

**Sheleen Dumas,**

*Department PRA Clearance Officer, Office of the Chief Information Officer, Commerce Department.*

[FR Doc. 2022–17073 Filed 8–8–22; 8:45 am]

**BILLING CODE 3510–22–P**

# Attachment 3



# Confirmation of Electronic Submission

## Case & Segment Info:

Bar Code: **4221780**

Case Number: A-122-857

Case Title: Softwood Lumber From Canada

Case Segment: REV - Admin Review

Segment Begin Date: 1/1/2020

Segment End Date: 12/31/2020

## Document Info:

Security Classification: Public Document

Document Type: Brief

Filed On Behalf Of (collective entity): J.D. Irving, Limited

Manual Submission: No

Comments: Case Brief on behalf of J.D. Irving, Limited

| Barcode: | Document Title - Document (Page Count): |
| --- | --- |
| 4221780-01 | Case Brief on behalf of J.D. Irving - Case Brief on behalf of J.D. Irving.pdf (18) |

## Submitter Info:

Filed By: jcampbell@whitecase.com

Firm/Organization Name: White & Case LLP

Filed Date-Time Stamp: 3/14/2022 4:21:13 PM

**NOTE:**

**E-File Similar Submission: Use this feature to generate a new barcode for a new submission.**

**Add More Files: Use this feature to retain the same barcode for all parts of the submission.**

WHITE & CASE

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

March 14, 2022

Case No. A-122-857
Total Pages: 18
Administrative Review
For the Period 01/01/20 - 12/31/20
AD/CVD Operations, Office IV
Contains No Business Proprietary Information
**PUBLIC DOCUMENT**

BY ELECTRONIC FILING

The Honorable Gina M. Raimondo
Secretary of Commerce
Attention: Enforcement and Compliance
APO/Dockets Unit, Room 18022
U.S. Department of Commerce
14th Street and Constitution Avenue, NW
Washington, DC 20230

**Re: Certain Softwood Lumber Products from Canada: Case Brief**

Dear Secretary Raimondo:

On behalf of J.D. Irving, Limited ("J.D. Irving"), we hereby submit J.D. Irving's case brief in the above-referenced administrative review. This submission will be served as indicated in the attached Certificate of Service. Please contact us if you have any questions regarding this submission.

Respectfully submitted,

Walter J. Spak
Jay C. Campbell
Cristina M. Cornejo
WHITE & CASE LLP
*Counsel to J.D. Irving, Limited*



J. D. Irving, Limited
300 Union Street
Saint John, NB
E2L 4Z2

I, M. Ross Langley, Secretary and authorized signatory of J.D. Irving, Limited, certify that I prepared or otherwise supervised the preparation of the attached Case Brief, filed on March 14, 2022, pursuant to the Administrative Review for the period January 1, 2020 – December 31, 2020, under the antidumping duty order on softwood lumber from Canada (Case Number A-122-857). I certify that the public information and any business proprietary information of J.D. Irving, Limited contained in this submission is accurate and complete to the best of my knowledge. I am aware that the information contained in this submission may be subject to verification or corroboration (as appropriate) by the U.S. Department of Commerce. I am also aware that U.S. law (including, but not limited to, 18 U.S.C. 1001) imposes criminal sanctions on individuals who knowingly and willfully make material false statements to the U.S. Government. In addition, I am aware that, even if this submission may be withdrawn from the record of the antidumping duty proceeding, the U.S. Department of Commerce may preserve this submission, including a business proprietary submission, for purposes of determining the accuracy of this certification. I certify that a copy of this signed certification will be filed with this submission to the U.S. Department of Commerce.

Signature: [signature]

Date: March 14, 2022

CERTIFICATION OF LEGAL REPRESENTATIVE

I, Jay C. Campbell, with the law firm of White & Case LLP, counsel to J.D. Irving, Limited ("J.D. Irving"), certify that I have read the attached case brief, filed on March 14, 2022, pursuant to the Administrative Review for the period January 1, 2020 – December 31, 2020 under the Antidumping Duty Order on Certain Softwood Lumber Products from Canada (Case Number A-122-857). In my capacity as counsel for this submission, I certify that the information contained in this submission is accurate and complete to the best of my knowledge. I am aware that U.S. law (including, but not limited to, 18 U.S.C. 1001) imposes criminal sanctions on individuals who knowingly and willfully make material false statements to the U.S. Government. In addition, I am aware that, even if this submission may be withdrawn from the records of the antidumping duty proceeding, the Department may preserve this submission, including a business proprietary submission, for purposes of determining the accuracy of this certification. I certify that a copy of this signed certification will be filed with this submission to the U.S. Department of Commerce.

Signature: ______________________

Date: March 14, 2022

Case No. A-122-857
Administrative Review for the Period 1/1/2020 – 12/31/2020

**PUBLIC CERTIFICATE OF SERVICE**

I, Jay C. Campbell, certify the attached submission will be served electronically on this 14th day of March 2022 on the following interested parties:

Donald Harrison, Esq.
**Gibson, Dunn & Crutcher LLP**
1050 Connecticut Ave., NW
Washington, DC 20036-5306
Email: dharrison@gibsondunn.com

Elliot J. Feldman, Esq.
**Baker Hostetler LLP**
Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036-5304
Email: efeldman@bakerlaw.com

Donald B. Cameron, Esq.
**Morris, Manning & Martin, LLP**
Suite 600
1401 I Street, NW
Washington, DC 20005
Email: dcameron@mmmlaw.com

Lynn Fischer Fox, Esq.
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001
Email: lynn.fischerfox@apks.com

Amy Jenkins Lentz, Esq.
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Email: alentz@steptoe.com

Zachary J. Walker, Esq.
**Picard Kentz & Rowe LLP**
Suite 800
1750 K Street, NW
Washington, DC 20006
Email: zwalker@pkrllp.com

Heather Jacobson, Esq.
**Junker & Nakachi, P.C.**
Suite 100
2815 Elliott Avenue
Seattle, WA 98121-2991
Email: hjacobson@tradelawcounsel.com

Jeffrey S. Grimson, Esq.
**Mowry & Grimson, PLLC**
Suite 810
5335 Wisconsin Avenue, NW
Washington, DC 20015
Email: jsg@mowrygrimson.com

Myles Getlan, Esq.
**Cassidy Levy Kent (USA) LLP**
Suite 400
900 19th Street, NW
Washington, DC 20006
Email: mgetlan@cassidylevy.com

Stephanie Hartmann, Esq.
**Wilmer Cutler Pickering Hale and Dorr LLP**
1875 Pennsylvania Ave., NW
Washington, DC 20006
Email: stephanie.hartmann@wilmerhale.com

Richard L.A. Weiner, Esq.
**Sidley Austin LLP**
1501 K Street, NW
Washington, DC 20005
Email: rweiner@sidley.com

Joanne E. Osendarp, Esq.
**McDermott Will & Emery**
500 N. Capitol Street, NW
Washington, DC 20001-1531
Email: josendarp@mwe.com

H. Deen Kaplan, Esq.
**Hogan Lovells US LLP**
555 Thirteenth Street, NW
Washington, DC 20004-1229
Email: deen.kaplan@hoganlovells.com

Matthew J. Clark, Esq.
**Arent Fox LLP**
1717 K Street, NW
Washington, DC 20006-5344
Email: matthew.clark@arentfox.com

Spencer S. Griffith, Esq.
**Akin Gump Strauss Hauer & Feld LLP**
2001 K Street NW
Washington, DC 20006
Email: sgriffith@akingump.com

Mark Lehnardt, Esq.
**Law Office of David L. Simon**
Suite 1000
1025 Connecticut Avenue, NW
Washington, DC 20006
Email: marklehnardt@dlsimon.com

Chris Dirks
**Burrows Lumber (CD) Ltd.**
Theo A Burrows Lumber Company Limited.
25 Trottier Bay
Winnipeg, Manitoba Canada R3T 3R3
Email: cdirks@burrowslumber.com

Jay C. Campbell

# UNITED STATES DEPARTMENT OF COMMERCE

Case No. A-122-857
Total Pages: 18
Administrative Review
For the Period 01/01/20 - 12/31/20
AD/CVD Operations, Office V

**PUBLIC DOCUMENT**

IN THE MATTER OF: )

CERTAIN SOFTWOOD LUMBER PRODUCTS FROM CANADA )

**CASE BRIEF OF**

**J.D. IRVING, LIMITED**

Walter J. Spak
Jay C. Campbell
Cristian M. Cornejo

WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
(202) 626-3600
Counsel to J.D. Irving, Limited

March 14, 2022

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. THE AD CASH DEPOSIT RATE ASSIGNED TO J.D. IRVING MUST BE UPDATED TO REFLECT THE COMPANY'S DUMPING MARGIN FOR 2020 ......... 1

A. Failing To Update J.D. Irving's Cash Deposit Rate Would Violate the Statute, Which Requires Assessment and Cash Deposit Rates To Be Derived from the Same Dumping Margin ..............................................................2

B. Failing to Update J.D. Irving's Cash Deposit Rate Would Violate Congressional Intent and Be Arbitrary ....................................................................5

III. CONCLUSION........................................................................................................... 9

# TABLE OF AUTHORITIES

## CASES

*Allegheny Ludlum Corp. v. United States*,
346 F.3d 1368 (Fed. Cir. 2003)........................................ 3

*Federal-Mogul Corp. v. United States*,
822 F. Supp. 782 (Ct. Int'l Trade 1993) ........................................ 4, 6-7

*Koyo Seiko Co. v. United States*,
110 F. Supp. 2d 934 (Ct. Int'l Trade 2000), *aff'd* 258 F.3d 1340 (Fed. Cir. 2001)............. 3

*OKI Elec. Indus. Co. v. United States*,
669 F. Supp. 480 (Ct. Int'l Trade 1987) ........................................ 7

*Torrington Co. v. United States*,
44 F.3d 1572 (Fed. Cir. 1995)........................................ 3

*Transcom, Inc. v. United States*,
182 F.3d 876 (Fed. Cir. 1999)........................................ 4

## STATUTES AND REGULATIONS

19 U.S.C. § 1673e(a)(3) ........................................3

19 U.S.C. § 1675(a)(2)(C) ........................................ 3

19 C.F.R. § 351.212(c)(1)........................................ 3, 5

## ADMINISTRATIVE DETERMINATIONS

*Antidumping Duties*,
54 Fed. Reg. 12742 (Mar. 28, 1989)........................................ 4

*Certain Softwood Lumber Products from Canada*,
82 Fed. Reg. 51806 (Nov. 8, 2017)........................................2

*Certain Softwood Lumber Products from Canada*,
83 Fed. Reg. 350 (Jan. 3, 2018) ........................................ 2

*Certain Softwood Lumber Products from Canada*,
85 Fed. Reg. 76519 (Nov. 30, 2020)........................................ 2, 8

*Certain Softwood Lumber Products from Canada*,
86 Fed. Reg. 68471 (Dec. 2, 2021) ........................................ 2, 5, 7

*Certain Softwood Lumber Products from Canada*,
87 Fed. Reg. 6506 (Feb. 4, 2022) ........................................ 1

*Initiation of Antidumping and Countervailing Duty Administrative Reviews*,
86 Fed. Reg. 12599 (Mar. 4, 2021)........................................ 1, 7

*Large Power Transformers from Italy*,
52 Fed. Reg. 48606 (Dec. 10, 1987) .......... 3

*Steel Jacks from Canada*,
50 Fed. Reg. 42577 (Oct. 21, 1985) .......... 3

**LEGISLATIVE MATERIALS**

H.R. Report 98-725, 98th Cong., 2nd Sess. (May 1, 1984) .......... 6

H.R. Report 98-1156, 98th Cong., 2nd Sess. (Oct. 5, 1984) .......... 4, 6

Trade Agreements Act of 1979 (Pub. L. 96-39, 93 STAT. 144 July 26, 1979),
*codified at* 19 U.S.C. § 1675(a)(1) (1982 edition) .......... 6

Trade and Tariff Act of 1984 (Pub. L. 98-573, 98 STAT. 2948 Oct. 30, 1984),
*codified at* 9 U.S.C. § 1675(a)(1) (1988 edition) .......... 6

## I. INTRODUCTION

On behalf of J.D. Irving, Limited ("J.D. Irving"), we present this case brief for the Department's consideration in the 2020 administrative review pursuant to the antidumping duty ("AD") order on softwood lumber products from Canada (A-122-857). The Department's preliminary determination indicates that, upon conclusion of the review, it will update the mandatory respondents' and non-selected companies' AD cash deposit rates to reflect the 2020 dumping margins determined in the review.[1] In accordance with the statute, regulation, and congressional intent, the Department must also update J.D. Irving's AD cash deposit rate to reflect its dumping margin determined for the period of review ("POR") (calendar year 2020) by operation of law under 19 C.F.R. § 351.212(c)(1).

## II. THE AD CASH DEPOSIT RATE ASSIGNED TO J.D. IRVING MUST BE UPDATED TO REFLECT THE COMPANY'S DUMPING MARGIN FOR 2020

J.D. Irving is not subject to the year-2020 review because no interested party requested a review of the company.[2] Nevertheless, in accordance with Section 751(a)(2)(C) of the Act, the Department's regulations, and congressional intent, J.D. Irving's AD cash deposit rate must be updated to reflect the company's dumping margin established for the year-2020 POR (until changed in a review for a subsequent period, *e.g.*, 2021, 2022, 2023). Contrary to the law, the preliminary results indicate the Department will update only the mandatory respondents' and non-selected companies' AD deposit rates to reflect dumping during the 2020 POR. In the final results, J.D. Irving's AD deposit rate must also be updated to reflect its 2020 dumping rate.

---

[1] *See Certain Softwood Lumber Products from Canada*, 87 Fed. Reg. 6506, 6506-07 (Feb. 4, 2022) (prelim. results year-2020 review) ("*Preliminary AD Results*").

[2] *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 12599, 12603 (Mar. 4, 2021) ("*POR 2020 Initiation Notice*") (omitting J.D. Irving from the list of Canadian producers/exporters subject to the year-2020 review).

### A. Failing To Update J.D. Irving's Cash Deposit Rate Would Violate the Statute, Which Requires Assessment and Cash Deposit Rates To Be Derived from the Same Dumping Margin

The statute requires the Department to derive both assessment and cash deposit rates from the same dumping margin. In J.D. Irving's case, however, the AD assessment and deposit rates are inconsistent and based on dumping margins for different periods: Unless the Department takes appropriate action, final AD duties will be ***assessed*** on J.D. Irving imports of subject merchandise entered during the 2020 POR at dumping rates established by operation of law ***for 2020*** (6.04% and 1.57%), while AD ***cash deposits*** will continue to be collected at a dumping rate calculated ***for 2019*** (11.59%).[3] To comply with the statute, in the final results the Department also must update J.D. Irving's AD cash deposit rate to reflect the year-2020 dumping margin determined for the company by operation of law. Under the law, the AD deposit rate should be consistent with the assessment rate determined for the most recent POR.

The plain language of Section 751(a)(2)(C) of the Act requires the Department to use the same dumping margin as the basis for both the assessment of AD duties and the collection of AD cash deposits for future entries, stating: "The determination under {§ 1675(a)} shall be the basis

[3] From November 8, 2017, until November 29, 2020, AD cash deposits were collected on entries of subject merchandise produced and exported by J.D. Irving at a rate of 6.04%. *See Certain Softwood Lumber Products from Canada*, 82 Fed. Reg. 51806, 51808 (Nov. 8, 2017) (final LTFV determ.) (setting a final All-Others cash deposit rate of 6.58%); *Certain Softwood Lumber Products from Canada*, 83 Fed. Reg. 350, 351 (Jan. 3, 2018) (AD order and amended final LTFV determ.) (amending the All-Others cash deposit rate to 6.04%); *Certain Softwood Lumber Products from Canada*, 85 Fed. Reg. 76519, 76520-21 (Nov. 30, 2020) (final results 2017-2018 AD review) (setting a Non-Selected Companies cash deposit rate of 1.57%) ("*Final 2017-2018 Review Results*"). From November 30, 2020, until December 1, 2021, AD cash deposits were collected on entries of subject merchandise produced and exported by J.D. Irving at a rate of 1.57%. *See Final 2017-2018 Review Results* at 76520-21. On December 2, 2021, upon publishing the final results of the 2019 AD review, the Department changed J.D. Irving's AD cash deposit rate to 11.59%. *See Certain Softwood Lumber Products from Canada*, 86 Fed. Reg. 68471, 68472 & 68474 (Dec. 2, 2021) (final results 2019 admin. review) ("*2019 Review Final Results*").

for the assessment of . . . antidumping duties on entries of merchandise covered by the determination and for deposits of estimated duties."[4] The courts have affirmed this principle, noting that Section 751(a)(2)(C) "requires that both the deposit rate and the assessment rate be derived from the same dumping margin differential . . . ."[5] Because the deposit rate is an estimate of the respondent's future dumping behavior, the requirement that the deposit and assessment rates be consistent also means that the AD deposit rate should reflect the assessment rate established for the most recent POR.[6]

Section 751(a)(2)(C)'s requirement applies equally to assessment and deposit rates for unreviewed entries, which are subject to the automatic assessment provision under 19 C.F.R. § 351.212(c)(1).[7] As recognized by the U.S. Court of International Trade, the Department's

[4] 19 U.S.C. § 1675(a)(2)(C).

[5] *Koyo Seiko Co. v. United States*, 110 F. Supp. 2d 934, 942 (Ct. Int'l Trade 2000), *aff'd* 258 F.3d 1340, 1342 (Fed. Cir. 2001) (citation omitted) ("Commerce uses the dumping margin to assess antidumping duties on merchandise imported during the review period, and also to calculate 'cash deposits of estimated duties for future entries' of the subject merchandise."); *see also Torrington Co. v. United States*, 44 F.3d 1572, 1578 (Fed. Cir. 1995) ("Section 1675(a)(2) . . . requires that PUDD, the difference between foreign market value and United States price, serve as the basis for both assessed duties and cash deposits of estimated duties.").

[6] *See* 19 U.S.C. § 1673e(a)(3) (requiring "the deposit of estimated antidumping duties pending liquidation of entries of merchandise at the same time as estimated normal customs duties on that merchandise are deposited"); *Large Power Transformers from Italy*, 52 Fed. Reg. 48606, 48610 (Dec. 10, 1987) (final results admin. review) ("We believe the margin for the most recently reviewed period is generally the best estimate we have of the producer's current behavior."); *Steel Jacks from Canada*, 50 Fed. Reg. 42577, 42579 (Oct. 21, 1985) (final results admin. review) ("{I}t is the Department's practice to establish its estimated duty deposit rate based upon the weighted-average margin for all sales during the most recent period reviewed. We do this because the most recent period should be the best indicator of future marketing practices".). *See also Allegheny Ludlum Corp. v. United States*, 346 F.3d 1368, 1373 (Fed. Cir. 2003) ("{W}e discern a congressional intent that cash deposit rates be accurate and current; we see no congressional intent indicating how Commerce should accomplish that goal.").

[7] This provision states, "If the Secretary does not receive a timely request for an administrative review of an order . . . , the Secretary . . . will instruct the Customs Service to . . . {a}ssess antidumping duties . . . on the subject merchandise . . . at rates equal to the cash deposit of . . .

authority to implement the automatic assessment provision, § 351.212(c), stems from Section 751(a)(2) of the Act:

> {T}his Court finds that the statutory framework for administrative reviews clearly anticipates that in cases where a company makes cash deposits on entries of merchandise subject to antidumping duties, and no administrative review of those entries is requested, the cash deposit rate automatically becomes that company's assessment rate for those entries. 19 U.S.C. § 1675(a)(2); 19 C.F.R. § 353.22(e). Defendant has admitted this. *Defendant's Memorandum* at 17. This also was clearly the ITA's interpretation of the statute when it promulgated its current regulations. *Antidumping Duties; Final Rule*, 54 Fed. Reg. at 12,756.[8]

For this reason, the Department has explained that the absence of a "request for review ***constitutes a determination under section 751 of the dumping margin for the entries made during the review period***."[9] Further, the U.S. Court of International Trade has found that:

> {Section} 1675(a)(2)'s requirement that the ITA's determination of a company's antidumping duty assessment rate during an administrative review 'shall be the basis . . . for deposits of estimated duties' requires the ITA to use the assessment rate determined in an administrative review as the new cash deposit rate for that company. In a situation where a company's entries are unreviewed, ***the prior cash deposit rate*** . . . becomes the assessment rate, which ***must in turn become the new cash deposit rate for that company***.[10]

Accordingly, Section 751(a)(2)(C)'s requirement – that the AD deposit rate going forward must be based on the same dumping margin used for the assessment rate – applies equally to

---

estimated antidumping duties . . . required on that merchandise at the time of entry, . . . and . . . {t}o continue to collect the cash deposits previously ordered."). 19 C.F.R. § 351.212(c)(1).

[8] *Federal-Mogul Corp. v. United States*, 822 F. Supp. 782, 787-88 (Ct. Int'l Trade 1993). *See also* H.R. Report 98-1156, 98th Cong., 2nd Sess., at 181 (Oct. 5, 1984) (noting Congress's intention that the Department "provide by regulation for the assessment of antidumping and countervailing duties on entries for which review is not requested, including the elimination of suspension of liquidation, and/or the conversion of cash deposits of estimated duties, previously ordered"); *Transcom, Inc. v. United States*, 182 F.3d 876, 880 (Fed. Cir. 1999) (quoting *Federal-Mogul*, 822 F. Supp. at 787-88).

[9] *Antidumping Duties*, 54 Fed. Reg. 12742, 12756 (Mar. 28, 1989) (final rule) (emphasis added).

[10] *Federal-Mogul*, 822 F. Supp. at 788 (emphasis added).

unreviewed foreign producers/exporters that receive assessment and deposit rates by operation of law under 19 C.F.R. § 351.212(c)(1).

Here, because a year-2020 AD review was not requested of J.D. Irving, the Department instructed U.S. Customs and Border Protection ("CBP") to assess AD duties on the company's imports of subject merchandise during the 2020 POR at the cash deposit rates that applied at the time of entry (6.04% and 1.57%), and to continue collecting AD cash deposits at the most recent AD cash deposit rate applicable in 2020 (1.57%). Thus, in accordance with Section 751(a)(2)(C) of the Act and 19 C.F.R. § 351.212(c)(1), J.D. Irving was assigned assessment and deposit rates for the 2020 POR. Subsequently, however, the Department issued the final results in the 2019 review of the AD duty order on softwood lumber from Canada, and changed J.D. Irving's cash deposit rate to 11.59%, the Non-Selected Companies Rate calculated for the 2019 POR.[11] As discussed, Section 751(a)(2)(C) of the Act requires the assessment and deposit rates to be derived from the same dumping margin. Consequently, in accordance with Section 751(a)(2)(C), J.D. Irving's AD cash deposit rate must be updated to reflect the company's most recent AD assessment rate (1.57%).

### B. Failing to Update J.D. Irving's Cash Deposit Rate Would Violate Congressional Intent and Be Arbitrary

Failing to update J.D. Irving's AD cash deposit rate to the company's dumping margin for the 2020 POR would also violate congressional intent – which was to prevent the Department from having to conduct administrative reviews when petitioners and respondents alike are satisfied with existing AD rates. Moreover, failing to update J.D. Irving's cash deposit rate

[11] *See 2019 Review Final Results* at 68472 & 68474. In an appeal filed with the U.S. Court of International Trade, J.D. Irving argues that the Department's cash deposit instructions (assigning J.D. Irving the AD deposit rate from the 2019 review) are unlawful, because J.D. Irving already had an AD deposit rate established by operation of law for a more recent period, the 2020 POR. *See J.D. Irving, Limited v. United States and U.S. Department of Commerce*, CIT No. 21-00641.

would be arbitrary – updating AD cash deposit rates for companies subject to the review based on dumping margins calculated for 2020, but not updating AD cash deposit rates for unreviewed companies with agreed-upon dumping margins for 2020.

Originally, the Department was required under Section 751(a) of the Act to conduct annual reviews of ***all*** outstanding AD and countervailing duty ("CVD") orders; there was no provision for interested parties to request reviews.[12]  That changed with enactment of the Trade and Tariff Act of 1984 by which Congress amended Section 751(a) to require the Department to conduct annual reviews only "if a request for such a review has been received."[13]  The corresponding legislative history explains that the "purpose of amending the annual review requirement {was} to reduce the administrative burden on the Department of Commerce of automatically reviewing every outstanding order even though circumstances do not warrant it or ***parties to the case are satisfied with the existing order***."[14]  Congress also intended for the request-for-review requirement to "limit{} the burden on petitioners and respondents, as well as the administering authority."[15]

In *Federal-Mogul*, the U.S. Court of International Trade held that Congress's purpose for amending Section 751(a) would be undermined if the Department were arbitrarily to change an

---

[12] *See* Trade Agreements Act of 1979 (Pub. L. 96-39, 93 STAT. 144, 175, July 26, 1979), *codified at* 19 U.S.C. § 1675(a)(1) (1982 edition) ("At least once during each 12-month period beginning on the anniversary of the date of publication of . . . an antidumping duty order . . . , the administering authority . . . shall . . . review and determine (in accordance with paragraph (2)), the amount of any antidumping duty, and . . . shall publish the results of such review, together with notice of any duty to be assessed, estimated duty to be deposited, or investigation to be resumed in the Federal Register.").

[13] Trade and Tariff Act of 1984 (Pub. L. 98-573, 98 STAT. 2948, 3031, Oct. 30, 1984), *codified at* 9 U.S.C. § 1675(a)(1) (1988 edition).

[14] H.R. Report 98-725, 98th Cong., 2nd Sess., at 22-23 (May 1, 1984) (emphasis added).

[15] H.R. Report 98-1156, 98th Cong., 2nd Sess., at 181 (Oct. 5, 1984).

AD cash deposit rate from the dumping rate to which interested parties agreed by not requesting a review:

> ***In making a decision whether or not to request an administrative review of certain entries, the parties rely on the cash deposit rate then in force for those entries.*** If the ITA is allowed to arbitrarily change this cash deposit rate for unreviewed firms, which are ***presumably unreviewed because the parties are happy with assessments and future cash deposits being made at that cash deposit rate***, in many cases the parties will be required to request administrative reviews of all entries of the subject merchandise. Importers and foreign producers will make the request so their future entries will not be subject to a potentially higher "all others" cash deposit rate. Likewise, the domestic industry will request reviews to ensure that future entries will not be subject to a potentially lower "all others" cash deposit rate. ***This will have the effect of increasing the number and complexity of administrative reviews thereby defeating the express purpose of the 1984 amendment.***[16]

Here, neither J.D. Irving nor any U.S. producer requested a review of J.D. Irving for the year-2020 POR,[17] signifying that both sides were satisfied that the AD cash deposit rates in effect during that period reflected J.D. Irving's dumping margin in 2020. Despite this, the Department later assigned J.D. Irving an AD cash deposit rate based on a dumping margin calculated for 2019, the ***prior*** POR.[18] By assessing AD duties on entries at an agreed-upon dumping rate for one year, while collecting AD cash deposits at a dumping rate calculated for an ***earlier*** year, the Department all but compels parties to request reviews – even when they are satisfied with existing AD rates. Without certainty that, in the absence of a request for review, the existing AD cash deposit rate would continue to apply until completion of an administrative

---

[16] *Federal-Mogul*, 822 F. Supp. at 788 (emphases added). *See also OKI Elec. Indus. Co. v. United States*, 669 F. Supp. 480, 486 (Ct. Int'l Trade 1987) (stating that, through the 1984 amendment to Section 751(a) of the Act, "Congress sought to avoid unnecessary 751 reviews where the parties to the case were satisfied.").

[17] *See POR 2020 Initiation Notice* at 12603 (omitting J.D. Irving from the list of Canadian producers/exporters subject to the year-2020 review).

[18] *See 2019 Review Final Results* at 68472 & 68474. Again, J.D. Irving has appealed the Department's 2019 AD cash deposit instructions to the U.S. Court of International Trade.

review for a subsequent period, parties are unable to make an informed decision of whether to request a review. As recognized by the U.S. Court of International Trade, injecting uncertainty into the review-request-decision-making process violates congressional intent, and increases the burden on the Department and parties alike with unnecessary reviews.

Moreover, failing to update J.D. Irving's cash deposit rate to reflect the 2020 dumping margin would be arbitrary and unreasonable. Upon conclusion of the 2020 review, the Department will update the AD cash deposit rates for companies subject to the review to reflect their 2020 dumping margins, but intends to keep J.D. Irving's cash deposit rate at the 2019 level. Such disparate treatment of companies subject to the review and companies not subject to the review is arbitrary and impermissible. In accordance with Section 751(a)(2)(C) of the Act and congressional intent, the AD cash deposit rates for ***all*** subject producers should reflect the same dumping margin as their assessment rates for the most recent POR – whether calculated in an administrative review or determined by operation of law under 19 C.F.R. § 351.212(c) – until the deposit rate is changed in an administrative review for a subsequent period.

* * * * *

For the reasons set forth above, and in accordance with the statute, regulation, and congressional intent, in the final results the Department must update J.D. Irving's AD cash deposit rate to reflect the company's dumping margin determined for the 2020 POR (*i.e.*, 1.57%).[19]

[19] *See Certain Softwood Lumber Products from Canada*, 85 Fed. Reg. 76519, 76520-21 (Nov. 30, 2020) (final results 2017-2018 AD review) (assigning a 1.57% AD cash deposit rate to J.D. Irving as a Non-Selected Company).

## III.    CONCLUSION

We respectfully request that the Department issue the final results consistent with the above comments.

Sincerely,

Walter J. Spak
Jay C. Campbell
Cristina M. Cornejo

WHITE & CASE LLP
Counsel to J.D. Irving, Limited

March 14, 2022

# Attachment 4

WHITE & CASE

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

August 29, 2022

**Via TAS e-Filing**

Vidya Desai
United States Secretary
USMCA Secretariat, U.S. Section
Room 2061
1401 Constitution Avenue N.W.
Washington, D.C. 20230
usa@can-mex-usa-sec.org

Sean Clark
Canada Secretary
CUSMA Secretariat, Canadian Section (TCT)
111 Sussex Drive, 5th Floor
Ottawa, ON Canada
K1A 0G2
canada@can-mex-usa-sec.org

**Re: Certain Softwood Lumber Products from Canada: Final Results of Antidumping Duty 2020 Administrative Review – Notice of Intent to Commence Judicial Review**

Dear Secretary Desai and Secretary Clark:

On behalf of J.D. Irving, Limited ("JDI"), we hereby file a Notice of Intent to Commence Judicial Review pursuant to Article 10.12 of the United States-Mexico-Canada Agreement. JDI plans to seek judicial review in the United States Court of International Trade to contest the final determination issued by the United States Department of Commerce in the above-mentioned antidumping duty administrative review. See Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2020, 87 Fed. Reg. 48465 (Dep't Commerce August 9, 2022).

A copy of JDI's notice of intent is attached. As shown on the accompanying certificate of service, JDI has served a copy of this submission on the investigating authority and all persons listed on the service list.

If you have any questions regarding this submission, please contact the undersigned.

Sincerely,

Jay C. Campbell
White & Case LLP
Counsel to J.D. Irving, Limited.

**ARTICLE 10.12 BINATIONAL PANEL REVIEW**
**pursuant to the AGREEMENT**[1]

| **IN THE MATTER OF**:<br><br>Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2020 |
|---|

***NOTICE OF INTENT TO COMMENCE JUDICIAL REVIEW***

Pursuant to Article 10.12 of the Agreement, notice is hereby served that

J.D. Irving, Limited
(interested person filing notice)

intends to commence judicial review in the

United States Court of International Trade
(name of the court)

of the final determination referenced below. The following information is provided pursuant to Rule 38 of the Rules of Procedure for Article 10.12 of the Agreement (Binational Panel Rules):

1. J.D. Irving, Limited
(The name of the interested person filing this notice)
2. Jay C. Campbell
(The name of counsel for the interested person, if any)
3. Jay C. Campbell
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
jcampbell@whitecase.com

   (The service address, as defined in Rule 5 of the Article 10.12 Binational Panel Rules, including an electronic mail address, if any)
4. 202-626-3632
(The telephone number and electronic mail address of counsel for the interested person or the telephone number and electronic mail address of the interested person, if not represented by counsel)

[1] "Agreement" means the CUSMA, T-MEC, USMCA.

5. Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2020
(The title of the final determination for which notice of intent to commence judicial review is served)

6. Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce
(The investigating authority that issued the final determination)

7. A-122-857
(The file number of the investigating authority)

8. a) 87 Fed. Reg. 48465 (August 9, 2022)
(The citation and date of publication of the final determination in the *Federal Register*, *Canada Gazette,* or *Diario Oficial de la Federación*); or

b)________________________________________
(If the final determination was not published, the date notice of the final determination was received by the other Party)

August 29, 2022

Date

Jay C. Campbell
Signature of Counsel
(or interested person, if not represented by counsel)

**CERTIFICATE OF SERVICE**

I, Jay C. Campbell, of White & Case LLP, hereby certify that the attached Notice of Intent to Commence Judicial Review was served by electronic mail on this 29th day of August 2022 on the following persons:

***On behalf of the USMCA Secretariat, U.S. Section***
Vidya Desai
United States Secretary
USMCA Secretariat, U.S. Section
Room 2061
1401 Constitution Avenue N.W.
Washington, D.C. 20230
usa@can-mex-usa-sec.org

***On behalf of the CUSMA Secretariat, Canadian Section (TCT)***
Sean Clark
Canada Secretary
CUSMA Secretariat, Canadian Section (TCT)
111 Sussex Drive, 5th Floor
Ottawa, ON Canada
K1A 0G2
canada@can-mex-usa-sec.org

***On behalf of the Investigating Authority***
General Counsel
U.S. Department of Commerce
Mail Stop 5875 HCHB
14th and Constitution Avenue, NW
Washington DC 20230
Email: GeneralCounsel@doc.gov

Robert Heilferty
Office of the Chief Counsel for Trade Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
1401 Constitution Ave., NW
Washington, DC 20230
Email: Robert.Heilferty@trade.gov

***On behalf of The Government of Canada***
Joanne Osendarp, Esq.
McDermott Will & Emery
500 N. Capitol Street, NW
Washington, DC 20001-1531
Email: josendarp@mwe.com

***On behalf of British Columbia Lumber Trade Council: Interfor Corporation, Sinclar Group Forest Products Ltd., Tolko Industries Ltd., West Fraser Timber Limited, West Fraser Mills Ltd., Western Forest Products Inc., Canfor Corporation, Dunkley Lumber Ltd., Conifex Inc., Gorman Bros. Lumber Ltd., Carrier Lumber Ltd.***

Amy Jenkins Lentz, Esq.
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Email: alentz@steptoe.com

***On behalf of Government of Alberta, Tolko Marketing and Sales Ltd., Tolko Industries Ltd., and Gilbert Smith Forest Products Ltd.***

Lynn Fischer Fox Esq.
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Email: lynn.fischerfox@apks.com

***On behalf of the Committee Overseeing Action for Lumber International Trade Investigations or Negotiations ("COALITION"), which is comprised of: U.S. Lumber Coalition, Inc., Collum's Lumber Products, L.L.C., Fox Lumber Sales, Inc., Hankins, Inc., Pleasant River Lumber Company, PotlatchDeltic, Rex Lumber Company, S.I. Storey Lumber Co., Inc., Stimson Lumber Company, Swanson Group, Weyerhaeuser Company, Carpenters Industrial Council, Giustina Land and Timber Company, and Sullivan Forestry Consultants, Inc.***

Zachary J. Walker, Esq.
Picard Kentz & Rowe LLP
1750 K Street, NW
Suite 800
Washington, DC 20006
Email: zwalker@pkrllp.com

***On behalf of Resolute FP Canada Inc., The Conseil de l'industrie forestiere du Quebec ("CIFQ"), which is comprised of Produits forestiers Temrex, s.e.c., Promobois G.D.S. Inc., Usine Sartigan Inc, Groupe Lebel Inc., Bois Daaquam Inc., Produits Forestiers Petit Paris Inc., Lulumco Inc., Jan Woodlands (2001) Inc., Bois et Solutions Marketing SPEC, Inc., Les Chantiers de Chibougamau Ltee, Arbec Lumber Inc., Bois D'Oeuvre Cedrico Inc. (a.k.a. Cederico Lumber Inc.), Groupe Crête division St-Faustin Inc., Groupe Crête Chertsey Inc., Clermond Hamel Ltee, Busque & Laflamme Inc., Boscus Canada Inc., Lafontaine Lumber Inc., Kebois Ltee, Blanchet Multi Concept Inc., Bois Bonsaï Inc., Bois Aisé de Montréal Inc., Produits Matra Inc., Séchoirs de Beauce Inc., Marcel Lauzon Inc., Les Palettes B.B. Inc. (a.k.a. B.B. Pallets Inc., René Bernard Inc., Fontaine Inc., Les Produits Forestiers D&G Ltée (a.k.a. D&G Forest Products Ltd.), Les Bois d'œuvre Beaudoin Gauthier Inc., Les Bois Martek Lumber, Boisaco Inc., Groupe Lignarex Inc., Careau Bois Inc., Maibec Inc., Scierie West Brome Inc., Carrier & Bégin Inc., CWP - Industriel Inc., CWP - Montréal Inc., Benoît & Dionne Produits Forestiers Ltée (a.k.a. Benoit & Dionne Forest Products Ltd.), Scierie St-Michel Inc., 9224-5737 Québec Inc. (a.k.a. A.G. Bois), Goodfellow Inc., Les Bois Traités M.G. Inc., Bardobec Inc., Portbec Forest Products Ltd., and Les Industries P.F. Inc, and the Ontario Forest Industries Association ("OFIA") which is comprised of: Lecours Lumber Co.***

***Limited, Nakina Lumber Inc., Manitou Forest Products Ltd., Hornepayne Lumber LP, White River Forest Products L.P., and Midway Lumber Mills Ltd.***
Elliot J. Feldman, Esq.
Baker & Hostetler LLP
1050 Connecticut Ave., NW
Suite 1100
Washington, DC 20036-5304
Email: efeldman@bakerlaw.com

***On behalf of Comox Valley Shakes (2019) Ltd., Direct Cedar Supplies Ltd.; Les Bardeaux Lajoie Inc.; MultiCèdre ltee ; Norsask Forest Products Limited Partnership; North Enderby Timber Ltd.; Power Wood Corp.; Skana Forest Products Ltd.; Surrey Cedar Ltd.; The Teal Jones Group; Terminal Forest Products Ltd.; Valley Cedar 2 Inc.; Watkins Sawmills Ltd.; All American Forest Products Inc.; Canyon Lumber Company Ltd.; Distribution Rioux Inc.; Leslie Forest Products Ltd.; Rielly Industrial Lumber Inc.; Surplus G Rioux; Waldun Forest Product Sales Ltd.; Westminster Industries Ltd.; WI Woodtone Industries Inc.; Woodtone Specialties Inc.; Delta Cedar Specialties Ltd.; Weston Forest Products Inc., Metrie Inc., Patrick Lumber Company; Progressive Services Corp.; Shakertown Corp.; Vaagen Bros. Lumber Inc.***
Heather Jacobson, Esq.
Junker & Nakachi, P.C.
2815 Elliott Avenue
Suite 100
Seattle, WA 98121-2991
Email: hjacobson@tradelawcounsel.com

***On behalf of Canfor Corporation***
Donald B. Cameron, Esq.
Morris, Manning & Martin, LLP
1401 I Street, NW
Suite 600
Washington, DC 20005
Email: dcameron@mmmlaw.com

***On behalf of West Fraser Mills Ltd.***
Donald Harrison, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., NW
Washington, DC 20036-5306
Email: dharrison@gibsondunn.com

***On behalf of Sierra Pacific Industries , including its subsidiary Seneca Sawmill Company***
Stephanie Hartmann, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Email: stephanie.hartmann@wilmerhale.com

***On behalf of Rayonier A.M. Canada GP, Scierie Alexandre Lemay & Fils Inc., EACOM Timber Corporation, BarretteWood, Inc., Barrette-Chapais Ltee, Blanchette & Blanchette Inc., Western Forest Products Inc., Western Lumber Sales Limited, Interfor Corporation and Interfor Sales & Marketing Ltd., CS Manufacturing Inc.***
Myles Getlan, Esq.
Cassidy Levy Kent (USA) LLP
900 19th Street, NW
Suite 400
Washington, DC 20006
Email: mgetlan@cassidylevy.com

***On behalf of Chaleur Sawmills LP; Delco Forest Products Ltd.; Devon Lumber Co. Ltd.; Fornebu Lumber Company Inc.; H.J. Crabbe & Sons Ltd.; Langevin Forest Products Inc.; Marwood Ltd.; North American Forest Products Ltd.; Twin Rivers Paper Co. Inc.***
Richard Weiner, Esq.
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005
Email: rweiner@sidley.com

***On behalf of Carrier Lumber Ltd., Carrier Forest Products Ltd. ; Olympic Industries, Inc., Olympic Industries ULC, Olympic Industries Inc-Reman Code, Olympic Industries ULC-Reman Code, Olympic Industries ULC-Reman, Plateau Forest Products LLC***
Jeffrey S. Grimson, Esq.
Mowry & Grimson PLLC
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015
Email: jsg@mowrygrimson.com

***On behalf of Government of British Columbia***
Spencer S. Griffith, Esq.
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006
Email: sgriffith@akingump.com

***On behalf of Fontaine, Inc.***
Mark Lehnardt, Esq.
Law Office of David L. Simon
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20006
Email: marklehnardt@dlsimon.com

***On behalf of Burrows Lumber (CD) Ltd., Theo A Burrows Lumber Company Limited.***
Chris Dirks
Burrows Lumber (CD) Ltd.
25 Trottier Bay
Winnipeg, Manitoba Canada
R3T 3R3
Email: cdirks@burrowslumber.com

***On behalf of The Government of Ontario***
H. Deen Kaplan
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Email: deen.kaplan@hoganlovells.com

***On behalf of Government of Quebec***
Matthew J. Clark
Arent Fox Schiff LLP
1717 K Street, NW
Washington, DC 20006-5344
Email: matthew.clark@afslaw.com

Jay C. Campbell

# Attachment 5

Filed with: U.S. Trade Agreements Secretariat | Filed on: 09/08/2022 13:06 PM (EST) | Docketed
PUBLIC

mwe.com

Joanne Osendarp
Attorney at Law
josendarp@mwe.com
202-756-8439

September 8, 2022

**VIA E-MAIL**

The Honorable Vidya Desai
United States Secretary
USMCA Secretariat, U.S. Section
1401 Constitution Avenue, NW
Room 2061
Washington, D.C. 20230

Re: Request for Panel Review of the Final Results of the Third Administrative Review of the Antidumping Duty Order on Certain Softwood Lumber Products from Canada

Dear Secretary Desai:

On behalf of the Government of Canada; Conseil de l'industrie forestière du Québec, Ontario Forest Industries Association; Canfor Corporation, Fontaine, Inc., Mobilier Rustique (Beauce) Inc., Resolute FP Canada Inc., Tolko Marketing and Sales Ltd., Tolko Industries Ltd., Gilbert Smith Forest Products, and West Fraser Mills Ltd., we are enclosing a Request for Panel Review, pursuant to Rule 39 of the Rules of Procedure for Article 10.12 of the United States-Mexico-Canada Agreement, in regard to the final results of the third administrative review of the antidumping duty order on Certain Softwood Lumber Products from Canada (A-122-857).

We are serving this request on both involved Secretaries, the investigating authority and all persons listed in the attached public service list.

Respectfully submitted,

*/s/ Joanne Osendarp*
Joanne Osendarp
**McDermott Will & Emery LLP**
500 North Capitol Street, NW
Washington, DC 20001

*On Behalf of the Government of Canada*

*/s/ Donald Cameron*
Donald Cameron
**Morris, Manning & Martin, LLP**
1401 I Street, NW
Suite 600
Washington, DC 20005

*On Behalf of Canfor Corporation*

*/s/ Mark B. Lehnardt*
Mark B. Lehnardt
**Law Offices of David L. Simon, PLLC**
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20006

*On Behalf of Fontaine, Inc.*

*/s/ John R. Magnus*
John R. Magnus
**TradeWins LLC**
1333 New Hampshire Avenue, NW
11th Floor
Washington, DC 20036

*On Behalf of Mobilier Rustique (Beauce) Inc.*

*/s/ Elliot J. Feldman*
Elliot J. Feldman
**Baker Hostetler LLP**
1050 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036-5304

*On Behalf of Conseil de l'industrie forestière du Québec and Ontario Forest Industries Association, and Resolute FP Canada Inc.*

*/s/ Lynn Fischer Fox*
Lynn Fischer Fox
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001-3743

*On Behalf of Tolko Marketing and Sales Ltd. and Tolko Industries Ltd., and Gilbert Smith Forest Products*

*/s/ Donald Harrison*
Donald Harrison
**Gibson, Dunn & Crutcher LLP**
1050 Connecticut Ave., NW
Washington, DC 20036-5306

*On Behalf of West Fraser Mills Ltd.*

PUBLIC
Filed With: USMCA Trade Agreements Secretariat | Filed On: 09/22/2022 13:06 PM (EST) | Docketed

**ARTICLE 10.12 BINATIONAL PANEL REVIEW**
**pursuant to the AGREEMENT[1]**

| **IN THE MATTER OF**: |
|---|
| Certain Softwood Lumber from Canada<br><br>Final Results of the Antidumping Duty Administrative Review, 2020 |
| |

Secretariat File No.

___________________

***REQUEST FOR PANEL REVIEW***

Pursuant to Article 10.12 of the Agreement, panel review is hereby requested of the final determination referenced below. The following information is provided pursuant to Rule 39 of the Rules of Procedure for Article 10.12 of the Agreement (Binational Panel Rules):

1. The Government of Canada; Conseil de l'industrie forestière du Québec, Ontario Forest Industries Association; Canfor Corporation, Fontaine, Inc., Mobilier Rustique (Beauce) Inc., Resolute FP Canada Inc., Tolko Marketing and Sales Ltd., Tolko Industries Ltd., Gilbert Smith Forest Products, and West Fraser Mills Ltd.
   (The name of the Party or the interested person filing this request for panel review)

2. (See Attachment)
   (The name of counsel for the Party or the interested person, if any)

3. (See Attachment)
   (The service address, as defined in Rule 5 of the Article 10.12 Binational Panel Rules, including an electronic mail address, if any)

4. (See Attachment)
   (The telephone number and electronic mail address of counsel for the interested person or the telephone number and electronic mail address of the interested person, if not represented by counsel)

5. Certain Softwood Lumber from Canada: Final Results of Antidumping Duty Administrative Review; 2020

[1] "Agreement" means the CUSMA, T-MEC, USMCA.

PUBLIC
Filed With: U.S. Trade Agreements Secretariat | Filed on: 09/08/2022 03:06 PM (EST) | Docketed

(The title of the final determination for which panel review is requested)

6. International Trade Administration, U.S. Department of Commerce
(The investigating authority that issued the final determination)

7. A-122-857
(The file number of the investigating authority)

8. a) 87 Fed. Reg. 48,465 (August 9, 2022)
(The citation and date of publication of the final determination in the *Federal Register*, *Canada Gazette*, or *Diario Oficial de la Federación*); or

b)________________________________________
(If the final determination was not published, the date notice of the final determination was received by the other Party)

9. Yes __X__ No ____ Non-Applicable ____

(Where a Notice of Intent to Commence Judicial Review has been served, is the sole reason for requesting review of the final determination to require review by a panel?)

10. The Service List, as defined in Rule 5 of the Binational Panel Rules, is attached.

September 8, 2022
Date

*/s/ Joanne E. Osendarp*
Signature of Counsel
(or interested person, if not represented by counsel)

PUBLIC
Filed With: U.S. Trade Agreements Secretariat | Filed On: 09/02/2022 13:06 PM (EST) | Docketed

**ATTACHMENT**

**LIST OF JOINT PARTIES REQUESTING PANEL REVIEW**

Joanne E. Osendarp
**McDermott Will & Emery LLP**
500 North Capitol Street, N.W.
Washington, DC 20001
Tel: 202-756-8349
josendarp@mwe.com

*On Behalf of the Government of Canada*

Donald B. Cameron
**Morris, Manning & Martin, LLP**
1401 I Street, N.W., Suite 600
Washington, DC 20005
Tel: 202-216-4811
dcameron@mmmlaw.com

*On Behalf of Canfor Corporation*

Elliot J. Feldman
**Baker & Hostetler LLP**
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
Tel: 202-861-1710
efeldman@bakerlaw.com

*On Behalf of Conseil de l'industrie forestière du Québec, Ontario Forest Industries Association, and Resolute FP Canada Inc.*

Lynn Fisher Fox
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue, N.W.
Washington, DC 20001
Tel: 202-942-5601
lynn.fischerfox@arnoldporter.com

*On Behalf of Tolko Marketing and Sales Ltd., Tolko Industries Ltd., and Gilbert Smith Forest Products*

Donald Harrison
**Gibson Dunn & Crutcher LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C.20036
Tel: 202-955-8560
dharrison@gibsondunn.com

*On Behalf of West Fraser Mills Ltd.*

Mark Lehnardt
**Law Offices of David L. Simon, PLLC**
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, DC 20006
Tel: 202-642-4850
marklehnardt@dlsimon.com

*On Behalf of Fontaine, Inc.*

John R. Magnus
**TradeWins LLC**
1333 New Hampshire Avenue, N.W.
11th Floor
Washington, DC 20036
Tel: 202-744-0368
jmagnus@tradewinsllc.net

*On Behalf of Mobilier Rustique (Beauce) Inc.*

**PUBLIC CERTIFICATE OF SERVICE**

I, Joanne E. Osendarp, hereby certify that a copy of the foregoing submission has been served this day, via email, upon the following persons:

General Counsel
U.S. Department of Commerce
Mail Stop 5875 HCHB
14th and Constitution Avenue, NW
Washington DC 20230
GeneralCounsel@doc.gov

Robert Heilferty
Office of the Chief Counsel for Trade Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
1401 Constitution Ave., NW
Washington, DC 20230
Robert.Heilferty@trade.gov

Sean Clark
Canada Secretary
CUSMA Secretariat
Canadian Section (TCT)
111 Sussex Drive, 5th Floor
Ottawa, ON Canada K1A 0G2
canada@can-mex-usa-sec.org

Devin S. Sikes, Esq.
Representative of Government of British Columbia
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, NW
Washington, DC 20006
dsikes@akingump.com
lumber@akingump.com

Zachary Walker, Esq.
Representative of The Committee Overseeing Action for Lumber International Trade Investigations or Negotiations
Picard Kentz & Rowe LLP
1750 K Street, NW
Suite 800
Washington, DC 20006
zwalker@pkrllp.com
trade@pkrllp.com

Lynn Fischer Fox, Esq.
Representative of Tolko Marketing Sales Ltd. and Tolko Industries Ltd., and Gilbert Smith Forest Products
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Lynn.fischerfox@apks.com
xapks.lumber@apks.com

Donald Cameron, Esq.
Representative of Canfor Corporation
Morris, Manning & Martin, LLP
1401 I Street, NW
Suite 600
Washington, DC 20005
tradeservice@mmmlaw.com

H. Deen Kaplan, Esq.
Representative of Government of Ontario
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004-1229
deen.kaplan@hoganlovells.com
lumber@hoganlovells.com

PUBLIC
Filed With: U.S. Trade Agreements Secretariat | Filed On: 09/02/2022 23:06 PM (EST) | Docketed

Matthew J. Clark, Esq.
Representative of
The Government of Québec
ArentFox Schiff LLP
1717 K Street, NW
Washington, DC 20006-5344
Matthew.Clark@afslaw.com
afiservice@afslaw.com

Amy Jenkins Lentz, Esq.
Representative of British Columbia
Lumber Trade Council et al.
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
alentz@steptoe.com
steptoelumber@steptoe.com

Myles Getlan, Esq.
Representative of Rayonier A.M.
Canada GP, et al.
Cassidy Levy Kent (USA) LLP
900 19th Street, NW
Suite 400
Washington, DC 20006
mgetlan@cassidylevy.com
records@cassidylevy.com

Jeffrey S. Grimson, Esq.
Representative of Carrier Forest
Products Ltd., et al.
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015
jsg@mowrygrimson.com
trade@mowrygrimson.com

Elliot J. Feldman, Esq.
Representative of Resolute
FP Canada Inc., et al.
Baker Hostetler LLP
1050 Connecticut Avenue, NW,
Suite 1100
Washington, DC 20036-5304
efeldman@bakerlaw.com
trade@bakerlaw.com

Heather Jacobson, Esq.
Representative of Comox Valley Shakes
(2019) Ltd., et al.
Junker & Nakachi, P.C.
2815 Elliott Avenue, Suite 100
Seattle, WA 98121
hjacobson@tradelawcounsel.com

Jay C. Campbell, Esq.
Representative of J.D. Irving, Limited
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
jcampbell@whitecase.com

Donald Harrison, Esq.
Representative of West Fraser Mills Ltd.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., NW
Washington, DC 20036-5306
DHarrison@gibsondunn.com
lumber@gibsondunn.com

Richard L.A. Weiner, Esq.
Representative of Brunswick
Valley Lumber Inc., et al.
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005
rweiner@sidley.com

Stephanie Hartmann, Esq.
Representative of Sierra Pacific Industries
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
stephanie.hartmann@wilmerhale.com

PUBLIC
Filed With: U.S. Trade Agreements Secretariat | Filed On: 09/08/2022 23:06 PM (EST) | Docketed

Chris Dirks
Burrows Lumber (CD) Ltd., Theo A Burrows Lumber Company Limited. Burrows Lumber (CD) Ltd.
25 Trottier Bay
Winnipeg, Manitoba
Canada R3T 3R3
cdirks@burrowslumber.com

Mark Lehnardt, Esq.
Representative of Fontaine, Inc.
Law Offices of David L. Simon, PLLC
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20006
marklehnardt@dlsimon.com

*<u>/s/ Joanne E. Osendarp</u>*
Joanne E. Osendarp
McDermott Will & Emery LLP
500 North Capitol Street, NW
Washington, DC 20001

Dated: September 8, 2022

# Attachment 6


public to make a statement as time allows. Callers can expect to incur regular charges for calls they initiate over wireless lines, according to their wireless plan. The Commission will not refund any incurred charges. Individuals who are deaf, deafblind and hard of hearing may also follow the proceedings by first calling the Federal Relay Service at 1–800–877–8339 and providing the Service with the conference call number and conference ID number.

Members of the public are entitled to submit written comments; the comments must be received in the regional office within 30 days following the meeting. Written comments may be emailed to David Barreras at *dbarreras@usccr.gov*.

Records generated from this meeting may be inspected and reproduced at the Regional Programs Unit Office, as they become available, both before and after the meeting. Records of the meeting will be available via *www.facadatabase.gov* under the Commission on Civil Rights, Alabama Advisory Committee link. Persons interested in the work of this Committee are directed to the Commission's website, *http://www.usccr.gov*, or may contact the Regional Programs Unit at the above email or street address.

## Agenda

I. Welcome & Roll Call
II. Chair's Comments
III. Committee Discussion on Proposed Panelists
IV. Next Steps
V. Public Comment
VI. Adjournment

Dated: February 26, 2021.

**David Mussatt,**
*Supervisory Chief, Regional Programs Unit.*

[FR Doc. 2021–04437 Filed 3–3–21; 8:45 am]

**BILLING CODE P**

## DEPARTMENT OF COMMERCE

### Foreign-Trade Zones Board

**[B–65–2020]**

### Foreign-Trade Zone (FTZ) 168—Dallas/Fort Worth, Texas; Authorization of Production Activity; Gulfstream Aerospace Corporation; (Disassembly of Aircraft); Dallas, Texas

On October 29, 2020, the Metroplex International Trade Development Corporation, grantee of FTZ 168, submitted a notification of proposed production activity to the FTZ Board on behalf of Gulfstream Aerospace Corporation, within Subzone 168E, in Dallas, Texas.

The notification was processed in accordance with the regulations of the FTZ Board (15 CFR part 400), including notice in the **Federal Register** inviting public comment (85 FR 70580, November 5, 2020). On February 26, 2021, the applicant was notified of the FTZ Board's decision that no further review of the activity is warranted at this time. The production activity described in the notification was authorized, subject to the FTZ Act and the FTZ Board's regulations, including Section 400.14.

Dated: February 26, 2021.

**Andrew McGilvray,**
*Executive Secretary.*

[FR Doc. 2021–04410 Filed 3–3–21; 8:45 am]

**BILLING CODE 3510–DS–P**

## DEPARTMENT OF COMMERCE

### Bureau of Industry and Security

### Emerging Technology Technical Advisory Committee; Notice of Partially Closed Meeting

The Emerging Technology Technical Advisory Committee (ETTAC) will meet on March 19, 2021, at 8:00 a.m., Eastern Standard Time. The meetings will be available via teleconference. The Committee advises the Office of the Assistant Secretary for Export Administration on the identification of emerging and foundational technologies with potential dual-use applications as early as possible in their developmental stages both within the United States and abroad.

## Agenda

*Closed Session: 8:00 a.m.–10:00 a.m.*

1. Discussion of matters determined to be exempt from the provisions relating to public meetings found in 5 U.S.C. app. 2 §§ 10(a)(1) and 10(a)(3).

*Open Session: 10:30 a.m.—12:30 p.m.*

2. Welcome and Introductions.
3. *Presentations:* Active Cyber Defense: Emerging Technologies and Policy Issues.
4. *Open Forum:* Issues Surrounding Emerging/Foundational Technologies Controls.
5. Public Comments.

To join the conference, submit inquiries to Ms. Yvette Springer at *Yvette.Springer@bis.doc.gov* no later than December 2, 2020.

To the extent that time permits, members of the public may present oral statements to the Committee. The public may submit written statements at any time before or after the meeting. However, to facilitate the distribution of public presentation materials to the Committee members, the Committee suggests that presenters forward the public presentation materials prior to the meeting to Ms. Springer via email.

The Assistant Secretary for Administration, with the concurrence of the delegate of the General Counsel, formally determined on February 9, 2021, pursuant to Section 10(d) of the Federal Advisory Committee Act, as amended (5 U.S.C. app. 2 § 10(d)), that the portion of the meeting dealing with pre-decisional changes to the Commerce Control List and the U.S. export control policies shall be exempt from the provisions relating to public meetings found in 5 U.S.C. app. 2 § § 10(a)(1) and 10(a)(3). The remaining portions of the meeting will be open to the public.

For more information, call Yvette Springer at (202) 482–2813.

**Yvette Springer,**
*Committee Liaison Officer.*

[FR Doc. 2021–04434 Filed 3–3–21; 8:45 am]

**BILLING CODE 3510–JT–P**

## DEPARTMENT OF COMMERCE

### International Trade Administration

### Initiation of Antidumping and Countervailing Duty Administrative Reviews

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** The Department of Commerce (Commerce) has received requests to conduct administrative reviews of various antidumping duty (AD) and countervailing duty (CVD) orders and findings with January anniversary dates. In accordance with Commerce's regulations, we are initiating those administrative reviews.

**DATES:** Applicable March 4, 2021.

**FOR FURTHER INFORMATION CONTACT:** Brenda E. Brown, AD/CVD Operations, Customs Liaison Unit, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce, 1401 Constitution Avenue NW, Washington, DC 20230, telephone: (202) 482–4735.

**SUPPLEMENTARY INFORMATION:**

## Background

Commerce has received timely requests, in accordance with 19 CFR 351.213(b), for administrative reviews of various AD and CVD orders and findings with January anniversary dates.

All deadlines for the submission of various types of information, certifications, or comments or actions by

Commerce discussed below refer to the number of calendar days from the applicable starting time.

**Notice of No Sales**

If a producer or exporter named in this notice of initiation had no exports, sales, or entries during the period of review (POR), it must notify Commerce within 30 days of publication of this notice in the **Federal Register**. All submissions must be filed electronically at *https://access.trade.gov* in accordance with 19 CFR 351.303.[1] Such submissions are subject to verification in accordance with section 782(i) of the Tariff Act of 1930, as amended (the Act). Further, in accordance with 19 CFR 351.303(f)(1)(i), a copy must be served on every party on Commerce's service list.

**Respondent Selection**

In the event Commerce limits the number of respondents for individual examination for administrative reviews initiated pursuant to requests made for the orders identified below, Commerce intends to select respondents based on U.S. Customs and Border Protection (CBP) data for U.S. imports during the POR. We intend to place the CBP data on the record within five days of publication of the initiation notice and to make our decision regarding respondent selection within 30 days of publication of the initiation **Federal Register** notice. Comments regarding the CBP data and respondent selection should be submitted within seven days after the placement of the CBP data on the record of this review. Parties wishing to submit rebuttal comments should submit those comments within five days after the deadline for the initial comments.

In the event Commerce decides it is necessary to limit individual examination of respondents and conduct respondent selection under section 777A(c)(2) of the Act, the following guidelines regarding collapsing of companies for purposes of respondent selection will apply. In general, Commerce has found that determinations concerning whether particular companies should be "collapsed" (*e.g.,* treated as a single entity for purposes of calculating antidumping duty rates) require a substantial amount of detailed information and analysis, which often require follow-up questions and analysis. Accordingly, Commerce will not conduct collapsing analyses at the respondent selection phase of this review and will not collapse companies at the respondent selection phase unless there has been a determination to collapse certain companies in a previous segment of this AD proceeding (*e.g.,* investigation, administrative review, new shipper review, or changed circumstances review). For any company subject to this review, if Commerce determined, or continued to treat, that company as collapsed with others, Commerce will assume that such companies continue to operate in the same manner and will collapse them for respondent selection purposes. Otherwise, Commerce will not collapse companies for purposes of respondent selection. Parties are requested to (a) identify which companies subject to review previously were collapsed, and (b) provide a citation to the proceeding in which they were collapsed. Further, if companies are requested to complete the Quantity and Value (Q&V) Questionnaire for purposes of respondent selection, in general, each company must report volume and value data separately for itself. Parties should not include data for any other party, even if they believe they should be treated as a single entity with that other party. If a company was collapsed with another company or companies in the most recently completed segment of this proceeding where Commerce considered collapsing that entity, complete Q&V data for that collapsed entity must be submitted.

**Deadline for Withdrawal of Request for Administrative Review**

Pursuant to 19 CFR 351.213(d)(1), a party that has requested a review may withdraw that request within 90 days of the date of publication of the notice of initiation of the requested review. The regulation provides that Commerce may extend this time if it is reasonable to do so. Determinations by Commerce to extend the 90-day deadline will be made on a case-by-case basis.

**Deadline for Particular Market Situation Allegation**

Section 504 of the Trade Preferences Extension Act of 2015 amended the Act by adding the concept of a particular market situation (PMS) for purposes of constructed value under section 773(e) of the Act.[2] Section 773(e) of the Act states that "if a particular market situation exists such that the cost of materials and fabrication or other processing of any kind does not accurately reflect the cost of production in the ordinary course of trade, the administering authority may use another calculation methodology under this subtitle or any other calculation methodology." When an interested party submits a PMS allegation pursuant to section 773(e) of the Act, Commerce will respond to such a submission consistent with 19 CFR 351.301(c)(2)(v). If Commerce finds that a PMS exists under section 773(e) of the Act, then it will modify its dumping calculations appropriately.

Neither section 773(e) of the Act nor 19 CFR 351.301(c)(2)(v) set a deadline for the submission of PMS allegations and supporting factual information. However, in order to administer section 773(e) of the Act, Commerce must receive PMS allegations and supporting factual information with enough time to consider the submission. Thus, should an interested party wish to submit a PMS allegation and supporting new factual information pursuant to section 773(e) of the Act, it must do so no later than 20 days after submission of initial responses to section D of the questionnaire.

**Separate Rates**

In proceedings involving non-market economy (NME) countries, Commerce begins with a rebuttable presumption that all companies within the country are subject to government control and, thus, should be assigned a single antidumping duty deposit rate. It is Commerce's policy to assign all exporters of merchandise subject to an administrative review in an NME country this single rate unless an exporter can demonstrate that it is sufficiently independent so as to be entitled to a separate rate.

To establish whether a firm is sufficiently independent from government control of its export activities to be entitled to a separate rate, Commerce analyzes each entity exporting the subject merchandise. In accordance with the separate rates criteria, Commerce assigns separate rates to companies in NME cases only if respondents can demonstrate the absence of both *de jure* and *de facto* government control over export activities.

All firms listed below that wish to qualify for separate rate status in the administrative reviews involving NME countries must complete, as appropriate, either a separate rate application or certification, as described below. For these administrative reviews, in order to demonstrate separate rate eligibility, Commerce requires entities for whom a review was requested, that were assigned a separate rate in the

[1] *See Antidumping and Countervailing Duty Proceedings: Electronic Filing Procedures; Administrative Protective Order Procedures,* 76 FR 39263 (July 6, 2011).

[2] *See* Trade Preferences Extension Act of 2015, Public Law 114–27, 129 Stat. 362 (2015).

most recent segment of this proceeding in which they participated, to certify that they continue to meet the criteria for obtaining a separate rate. The Separate Rate Certification form will be available on Commerce's website at *https://enforcement.trade.gov/nme/nme-sep-rate.html* on the date of publication of this **Federal Register** notice. In responding to the certification, please follow the "Instructions for Filing the Certification" in the Separate Rate Certification. Separate Rate Certifications are due to Commerce no later than 30 calendar days after publication of this **Federal Register** notice. The deadline and requirement for submitting a Certification applies equally to NME-owned firms, wholly foreign-owned firms, and foreign sellers who purchase and export subject merchandise to the United States.

Entities that currently do not have a separate rate from a completed segment of the proceeding [3] should timely file a Separate Rate Application to demonstrate eligibility for a separate rate in this proceeding. In addition, companies that received a separate rate in a completed segment of the proceeding that have subsequently made changes, including, but not limited to, changes to corporate structure, acquisitions of new companies or facilities, or changes to their official company name,[4] should timely file a Separate Rate Application to demonstrate eligibility for a separate rate in this proceeding. The Separate Rate Application will be available on Commerce's website at *https://enforcement.trade.gov/nme/nme-sep-rate.html* on the date of publication of this **Federal Register** notice. In responding to the Separate Rate Application, refer to the instructions contained in the application. Separate Rate Applications are due to Commerce no later than 30 calendar days after publication of this **Federal Register** notice. The deadline and requirement for submitting a Separate Rate Application applies equally to NME-owned firms, wholly foreign-owned firms, and foreign sellers that purchase and export subject merchandise to the United States.

For exporters and producers who submit a Separate Rate Application or Certification and subsequently are selected as mandatory respondents, these exporters and producers will no longer be eligible for separate rate status unless they respond to all parts of the questionnaire as mandatory respondents.

**Initiation of Reviews:**

In accordance with 19 CFR 351.221(c)(1)(i), we are initiating administrative reviews of the following AD and CVD orders and findings. We intend to issue the final results of these reviews not later than January 31, 2022.

| | Period to be reviewed |
|---|---|
| **AD Proceedings** | |
| Canada: Softwood Lumber,[5] A–122–857 | 1/1/20–12/31/20 |
| 1074712 BC Ltd. | |
| 5214875 Manitoba Ltd. | |
| 54 Reman | |
| 752615 B.C Ltd. Fraserview Remanufacturing Inc., (dba Fraserview Cedar Products) | |
| 9224–5737 Quebec inc. (aka A.G. Bois) | |
| AA Trading Ltd. | |
| Absolute Lumber Products Ltd. | |
| Adwood Manufacturing Ltd | |
| Aler Forest Products Ltd. | |
| All American Forest Products Inc. | |
| Alpa Lumber Mills Inc. | |
| Andersen Pacific Forest Products Ltd. | |
| Anglo American Cedar Products Ltd. | |
| Antrim Cedar Corporation | |
| Aquila Cedar Products Ltd. | |
| Arbec Lumber Inc. | |
| Aspen Planers Ltd. | |
| B&L Forest Products Ltd. | |
| Babine Forest Products Limited | |
| Bakerview Forest Products Inc. | |
| Bardobec Inc. | |
| Barrette-Chapais Ltee | |
| BarretteWood Inc. | |
| Benoît & Dionne Produits Forestiers Ltée (aka Benoît & Dionne Forest Products Ltd.) | |
| Best Quality Cedar Products Ltd. | |
| Blanchet Multi Concept Inc. | |
| Blanchette & Blanchette Inc. | |
| Bois Aisé de Montréal Inc. | |
| Bois Bonsaï inc. | |
| Bois D'Oeuvre Cedrico Inc. (aka Cedrico Lumber Inc.) | |
| Bois Daaquam Inc. | |
| Bois et Solutions Marketing SPEC, Inc. | |
| Boisaco Inc. | |
| Boscus Canada Inc. | |
| Boucher Bros. Lumber Ltd. | |
| BPWood Ltd. | |
| Bramwood Forest Inc. | |

[3] Such entities include entities that have not participated in the proceeding, entities that were preliminarily granted a separate rate in any currently incomplete segment of the proceeding (*e.g.*, an ongoing administrative review, new shipper review, *etc.*) and entities that lost their separate rate in the most recently completed segment of the proceeding in which they participated.

[4] Only changes to the official company name, rather than trade names, need to be addressed via a Separate Rate Application. Information regarding new trade names may be submitted via a Separate Rate Certification.

| | Period to be reviewed |
|---|---|
| Brink Forest Products Ltd. | |
| Brunswick Valley Lumber Inc. | |
| Burrows Lumber (CD) Ltd., Theo A. Burrows Lumber Company Limited | |
| Busque & Laflamme Inc. | |
| Campbell River Shake & Shingle Co. Ltd. | |
| Canada Pallet Corp. | |
| Canadian Forest Products Ltd.; Canfor Wood Products Marketing Ltd.; Canfor Corporation | |
| Canasia Forest Industries Ltd. | |
| Canyon Lumber Company Ltd. | |
| Careau Bois Inc. | |
| Carrier & Bégin Inc. | |
| Carrier Forest Products Ltd. | |
| Carrier Lumber Ltd. | |
| Carter Forest Products Inc. | |
| Cedar Island Forest Products Ltd. | |
| Cedar Valley Holdings Ltd. | |
| Cedarcoast Lumber Products | |
| Cedarland Forest Products Ltd. | |
| Cedarline Industries Ltd. | |
| Central Cedar Ltd. | |
| Central Forest Products Inc. | |
| Centurion Lumber Ltd. | |
| Chaleur Sawmills LP | |
| Channel-ex Trading Corporation | |
| Clair Industrial Development Corp. Ltd. | |
| Clermond Hamel Ltee | |
| CNH Products Inc. | |
| Coast Clear Wood Ltd. | |
| Coast Mountain Cedar Products Ltd. | |
| Commonwealth Plywood Co. Ltd. | |
| Conifex Fibre Marketing Inc. | |
| Coulson Manufacturing Ltd. | |
| Cowichan Lumber Ltd. | |
| CS Manufacturing Inc. (dba Cedarshed) | |
| CWP—Industriel Inc. | |
| CWP—Montréal Inc. | |
| D & D Pallets Ltd. | |
| Dakeryn Industries Ltd. | |
| Decker Lake Forest Products Ltd. | |
| Deep Cove Forest Products, Inc. | |
| Delco Forest Products Ltd. | |
| Delta Cedar Specialties Ltd. | |
| Devon Lumber Co. Ltd. | |
| DH Manufacturing Inc. | |
| Direct Cedar Supplies Ltd. | |
| Distribution Rioux Inc. | |
| Doubletree Forest Products Ltd. | |
| Downie Timber Ltd. | |
| Dunkley Lumber Ltd. | |
| EACOM Timber Corporation | |
| East Fraser Fiber Co. Ltd. | |
| Edgewood Forest Products Inc. | |
| Elrod Cartage Ltd. | |
| ER Probyn Export Ltd. | |
| Falcon Lumber Ltd. | |
| Fontaine Inc. | |
| Foothills Forest Products Inc. | |
| Fornebu Lumber Company Inc. | |
| Fraser Specialty Products Ltd. | |
| FraserWood Industries Ltd | |
| Furtado Forest Products Ltd. | |
| Glandell Enterprises Inc. | |
| Goldband Shake & Shingle Ltd. | |
| Goldwood Industries Ltd. | |
| Goodfellow Inc. | |
| Gorman Bros. Lumber Ltd. | |
| Greendale Industries Inc. | |
| Greenwell Resources Inc. | |
| Griff Building Supplies Ltd. | |
| Groupe Crête Chertsey Inc. | |
| Groupe Crête Division St-Faustin Inc. | |
| Groupe Lebel Inc. | |
| Groupe Lignarex Inc. | |
| H.J. Crabbe & Sons Ltd. | |

| | Period to be reviewed |
|---|---|
| Haida Forest Products Ltd. | |
| Halo Sawmill, a division of Delta Cedar Specialties Ltd. | |
| Hampton Tree Farms, LLC (dba Hampton Lumber Sales Canada) | |
| Hornepayne Lumber LP | |
| Hudson Mitchell & Sons Lumber Inc. | |
| Hy Mark Wood Products Inc. | |
| Imperial Cedar Products Ltd. | |
| Independent Building Materials Distribution Inc. | |
| Interfor Corporation | |
| Interfor Sales & Marketing Ltd. | |
| Intertran Holdings Ltd. (dba Richmond Terminal) | |
| Island Cedar Products Ltd. | |
| J&G Log Works Ltd. | |
| J.H. Huscroft Ltd. | |
| Jan Woodlands (2001) Inc. | |
| Jasco Forest Products Ltd. | |
| Jazz Forest Products Ltd. | |
| Jhajj Lumber Corporation | |
| Kalesnikoff Lumber Co. Ltd. | |
| Kan Wood Ltd. | |
| Kébois Ltée | |
| Kelfor Industries Ltd. | |
| Kermode Forest Products Ltd. | |
| Keystone Timber Ltd. | |
| L'Atelier de Réadaptation au Travil de Beauce Inc. | |
| Lafontaine Lumber Inc. | |
| Langevin Forest Products Inc. | |
| Lecours Lumber Co. Limited | |
| Leisure Lumber Ltd. | |
| Les Bardeaux Lajoie Inc. | |
| Les Bois d'oeuvre Beaudoin Gauthier Inc. | |
| Les Bois Martek Lumber | |
| Les Bois Traités M.G. Inc. | |
| Les Chantiers de Chibougamau Ltée | |
| Les Industries P.F. Inc. | |
| Les Palettes B.B. Inc. (aka B.B.Pallets Inc.) | |
| Les Produits Forestiers D&G Ltée (aka D&G Forest Products Ltd.) | |
| Leslie Forest Products Ltd. | |
| Lignum Forest Products LLP | |
| Linwood Homes Ltd. | |
| Lonestar Lumber Inc. | |
| Lulumco inc. | |
| Magnum Forest Products, Ltd. | |
| Maibec inc. | |
| Mainland Sawmill, a division of Terminal Forest Products | |
| Manitou Forest Products Ltd. | |
| Manning Forest Products Ltd.; Sundre Forest Products Inc.; Blue Ridge Lumber Inc.; West Fraser Mills Ltd. | |
| Marcel Lauzon Inc. | |
| Marwood Ltd. | |
| Materiaux Blanchet Inc. | |
| Mid Valley Lumber Specialties Ltd. | |
| Midway Lumber Mills Ltd. | |
| Mill & Timber Products Ltd. | |
| Millar Western Forest Products Ltd. | |
| Mirax Lumber Products Ltd. | |
| Mobilier Rustique (Beauce) Inc. | |
| Monterra Lumber Mills Limited | |
| Morwood Forest Products Inc. | |
| Multicedre Itee | |
| Nakina Lumber Inc. | |
| National Forest Products Ltd. | |
| Nicholson and Cates Ltd | |
| Nickel Lake Lumber | |
| Norsask Forest Products Inc. | |
| Norsask Forest Products Limited Partnership | |
| North American Forest Products Ltd. (located in Saint-Quentin, New Brunswick) | |
| North American Forest Products, Ltd. (located in Abbotsford, British Columbia) | |
| North Enderby Timber Ltd. | |
| Northland Forest Products Ltd. | |
| Olympic Industries Inc-Reman Codes | |
| Olympic Industries ULC | |
| Olympic Industries ULC-Reman | |
| Olympic Industries ULC-Reman Code | |
| Olympic Industries, Inc. | |

| | Period to be reviewed |
|---|---|
| Oregon Canadian Forest Products Inc. d.b.a. Oregon Canadian Forest Products | |
| Pacific Coast Cedar Products Ltd. | |
| Pacific Lumber Remanufacturing Inc. | |
| Pacific Pallet, Ltd. | |
| Pacific Western Wood Works Ltd. | |
| PalletSource Inc. | |
| Parallel Wood Products Ltd. | |
| Pat Power Forest Products Corporation | |
| Phoenix Forest Products Inc. | |
| Pine Ideas Ltd. | |
| Pioneer Pallet & Lumber Ltd. | |
| Porcupine Wood Products Ltd. | |
| Portbec Forest Products Ltd./Les Produits Forestiers Portbec Ltée | |
| Power Wood Corp. | |
| Precision Cedar Products Corp. | |
| Prendiville Industries Ltd. (aka Kenora Forest Products) | |
| Produits Forestiers Petit Paris Inc. | |
| Produits forestiers Temrex, s.e.c. | |
| Produits Matra Inc. | |
| Promobois G.D.S. Inc. | |
| Rayonier A.M. Canada GP | |
| Rembos Inc. | |
| René Bernard Inc. | |
| Resolute Growth Canada Inc.; Forest Products Mauricie LP, Société en commandite Scierie Opitciwan; Resolute-LP Engineered Wood Larouche Inc.; Resolute-LP Engineered Wood St-Prime Limited Partnership; Resolute FP Canada Inc. | |
| Rick Dubois | |
| Rielly Industrial Lumber Inc. | |
| River City Remanufacturing Inc. | |
| S&R Sawmills Ltd. | |
| S&W Forest Products Ltd. | |
| San Industries Ltd. | |
| Sapphire Lumber Company | |
| Sawarne Lumber Co. Ltd. | |
| Scierie Alexandre Lemay & Fils Inc. | |
| Scierie St-Michel Inc. | |
| Scierie West Brome Inc. | |
| Scott Lumber Sales | |
| Sechoirs de Beauce Inc. | |
| Shakertown Corp. | |
| Sigurdson Forest Products Ltd. | |
| Silvaris Corporation | |
| Sinclar Group Forest Products Ltd. | |
| Skana Forest Products Ltd. | |
| Skeena Sawmills Ltd. | |
| Sonora Logging Ltd. | |
| Source Forest Products | |
| South Beach Trading Inc. | |
| South Coast Reman Ltd. | |
| South Fraser Container Terminals | |
| Specialiste du Bardeau de Cedre Inc. | |
| Spruceland Millworks Inc. | |
| Star Lumber Canada Ltd. | |
| Suncoast Industries Inc. | |
| Suncoh Custom Lumber Ltd. | |
| Sundher Timber Products Inc. | |
| Surplus G Rioux | |
| Surrey Cedar Ltd. | |
| Taan Forest Limited Partnership | |
| Taiga Building Products Ltd. | |
| Tall Tree Lumber Company | |
| Teal Cedar Products Ltd. | |
| Terminal Forest Products Ltd. | |
| The Teal Jones Group | |
| The Wood Source Inc. | |
| Tolko Marketing and Sales Ltd., Tolko Industries Ltd., and Gilbert Smith Forest Products Ltd. | |
| Trans-Pacific Trading Ltd. | |
| Triad Forest Products Ltd. | |
| Twin Rivers Paper Co. Inc. | |
| Tyee Timber Products Ltd. | |
| Usine Sartigan Inc. | |
| Vaagen Fibre Canada ULC | |
| Valley Cedar 2 Inc. | |
| Vancouver Specialty Cedar Products Ltd. | |

| | Period to be reviewed |
|---|---|
| Vanderhoof Specialty Wood Products Ltd. | |
| Visscher Lumber Inc. | |
| W.I. Woodtone Industries Inc. | |
| Waldun Forest Product Sales Ltd. | |
| Watkins Sawmills Ltd. | |
| West Bay Forest Products Ltd. | |
| Western Forest Products Inc. | |
| Western Lumber Sales Limited | |
| Western Timber Products, Inc. | |
| Westminster Industries Ltd. | |
| Weston Forest Products Inc. | |
| Weyerhaeuser Co. | |
| White River Forest Products L.P. | |
| Winton Homes Ltd. | |
| Woodline Forest Products Ltd. | |
| Woodstock Forest Products | |
| Woodtone Specialties Inc. | |
| WWW Timber Products Ltd. | |
| India: Polyester Textured Yarn, A–533–885 | 7/1/19–12/31/20 |
| Sanathan Textiles Private Limited | |
| Thailand: Prestressed Concrete Steel Wire Strand, A–549–820 | 1/1/20–12/31/20 |
| The Siam Industrial Wire Co., Ltd. | |
| Thai Wire Products Public Co. Ltd. | |
| The People's Republic of China: Certain Hardwood Plywood Products, A–570–051 | 1/1/20–12/31/20 |
| Anhui Hoda Wood Co., Ltd. | |
| Celtic Co., Ltd China Friend Limited. | |
| Cosco Star International Co., Ltd. | |
| Deqing China-Africa Foreign Trade Port Co., Ltd. | |
| Feixian Jinde Wood Factory | |
| G.D. Enterprise Limited | |
| Happy Wood Industrial Group Co., Ltd. | |
| Henan Hongda Woodcraft Industry Co., Ltd. | |
| Jiangsu Qianjiuren International Trading Co., Ltd. | |
| Jiangsu Shengyang Industrial Joint Stock Co., Ltd. | |
| Jiashan Dalin Wood Industry Co., Ltd. | |
| Jiaxing Hengtong Wood Co., Ltd. | |
| Jiaxing Kaochuan Woodwork Co., Ltd. | |
| Leadwood Industrial Corp. | |
| Linyi Chengen Import and Export Co., Ltd. | |
| Linyi City Dongfang Fukai Wood Industry Co., Ltd. | |
| Linyi City Shenrui International Trade Co., Ltd. | |
| Linyi Evergreen Wood Co., Ltd. | |
| Linyi Glary Plywood Co., Ltd. | |
| Linyi Huasheng Yongbin Wood Co., Ltd. | |
| Linyi Jiahe Wood Industry Co., Ltd. | |
| Linyi Sanfortune Wood Co., Ltd. | |
| Linyi Tian He Wooden Industry Co., Ltd. | |
| Pizhou Dayun Import & Export Trade Co., Ltd. | |
| Pizhou Jin Sheng Yuan International Trade Co., Ltd. | |
| Qingdao Top P&Q International Corp. | |
| Shandong Anxin Timber Co., Ltd. | |
| Shandong Huaxin Jiasheng Wood Co., Ltd. | |
| Shandong Huiyu International Trade Co., Ltd. | |
| Shandong Johnson Trading Co., Ltd. | |
| Shandong Qishan International Trading Co., Ltd | |
| Shanghai Brightwood Trading Co., Ltd. | |
| Shanghai Futuwood Trading Co., Ltd. | |
| Shanghai Luli Trading Co., Ltd. | |
| Shanghai S&M Trade Co., Ltd. | |
| Smart Gift International | |
| Suining Pengxiang Wood Co., Ltd. | |
| Suqian Hopeway International Trade Co., Ltd. | |
| Suqian Yaorun Trade Co., Ltd | |
| Suzhou Dongsheng Wood Co., Ltd. | |
| Suzhou Oriental Dragon Import and Export Co., Ltd. | |
| Xuzhou Baoqi Wood Product Co., Ltd. | |
| Xuzhou Dilun Wood Co. Ltd. | |
| Xuzhou Eastern Huatai International Trading Co., Ltd. | |
| Xuzhou Hansun Import & Export Co. Ltd. | |
| Xuzhou Jiangheng Wood Products Co., Ltd. | |
| Xuzhou Jiangyang Wood Industries Co., Ltd. | |
| Xuzhou Maker's Mark Building Materials Co., Ltd. | |
| Xuzhou Shenghe Wood Co. Ltd. | |
| Xuzhou Shuiwangxing Trading Co., Ltd. | |

| | Period to be reviewed |
|---|---|
| Xuzhou Shuner Import & Export Trade Co. Ltd. | |
| Xuzhou Tianshan Wood Co., Ltd. | |
| Xuzhou Timber International Trade Co., Ltd. | |
| Yangzhou Hanov International Co., Ltd. | |
| Zhejiang Dehua TB Import & Export Co., Ltd. | |
| The People's Republic of China: Crystalline Silicon Photovoltaic Cells, Whether Or Not Assembled Into Modules,[6] A–570–979 | 12/1/19–11/30/20 |
| The People's Republic of China: Wooden Bedroom Furniture, A–570–890 | 1/1/20–12/31/20 |
| Dongguan Chengcheng Group Co., Ltd. | |
| Dongguan Sunrise Furniture Co. | |
| Dongguan Sunrise Furniture Co., Ltd. | |
| Eurosa (Kunshan) Co., Ltd. | |
| Eurosa Furniture Co., (PTE) Ltd. | |
| Fairmont Designs | |
| Fortune Glory Industrial Ltd. (H.K. Ltd.) | |
| Fortune Glory Industrial, Ltd. (HK Ltd.) | |
| Golden Lion International Trading Ltd. | |
| Golden Well International (HK), Ltd. | |
| Guangzhou Maria Yee Furnishings Ltd. | |
| Hang Hai Woodcraft's Art Factory | |
| Hui Zhou Tian Mei Furniture Co., Ltd. | |
| Jiangmen Kinwai Furniture Decoration Co., Ltd., | |
| Jiangmen Kinwai International Furniture Co., Ltd. | |
| Jiangsu Xiangsheng Bedtime Furniture Co., Ltd. | |
| Jiangsu Yuexing Furniture Group Co., Ltd. | |
| Lianjiang Zongyu Art Products Co., Ltd. | |
| Maria Yee, Inc. | |
| Meizhou Sunrise Furniture Co., Ltd. | |
| Nanhai Jiantai Woodwork Co. Ltd. | |
| Nathan International Ltd., Nathan Rattan Factory | |
| Perfect Line Furniture Co., Ltd. | |
| PuTian JingGong Furniture Co., Ltd. | |
| Pyla HK Ltd. | |
| Shanghai Sunrise Furniture Co., Ltd. | |
| Shenyang Shining Dongxing Furniture Co., Ltd. | |
| Shenzhen Forest Furniture Co., Ltd. | |
| Shenzhen Jiafa High Grade Furniture Co., Ltd. | |
| Shenzhen New Fudu Furniture Co., Ltd. | |
| Shenzhen Wonderful Furniture Co., Ltd. | |
| Shin Feng Furniture Co., Ltd. | |
| Stupendous International Co., Ltd. | |
| Sun Fung Co. | |
| Sun Fung Wooden Factory | |
| Sunforce Furniture (Hui-Yang) Co., Ltd. | |
| Superwood Co. Ltd. | |
| Taicang Fairmont Designs Furniture Co., Ltd. | |
| Taicang Sunrise Wood Industry Co., Ltd. | |
| Taicang Sunrise Wood Industry, Co., Ltd. | |
| Tradewinds Furniture Ltd. (successor-in-interest to Nanhai Jiantai Woodwork Co.) | |
| Wuxi Yushea Furniture Co., Ltd. | |
| Xiamen Yongquan Sci-Tech Development Co., Ltd. | |
| Yeh Brothers World Trade Inc. | |
| Yihua Lifestyle Technology Co., Ltd. | |
| Yihua Timber Industry Co., Ltd. (a.k.a. Guangdong Yihua Timber Industry Co., Ltd.) | |
| Zhangjiagang Daye Hotel Furniture Co. Ltd. | |
| Zhangzhou Guohui Industrial & Trade Co. Ltd. | |
| Zhangzhou XYM Furniture Product Co., Ltd. | |
| Zhejiang Tianyi Scientific & Educational Equipment Co., Ltd. | |
| Zhongshan Fookyik Furniture Co., Ltd. | |
| Zhongshan Golden King Furniture Industrial Co., Ltd. | |
| Zhoushan For-Strong Wood Co., Ltd. | |
| **CVD Proceedings** | |
| Argentina: Biodiesel, C–357–821 | 1/1/20–12/31/20 |
| Aceitera General Deheza S.A. | |
| Bio Nogoya S.A. | |
| Bunge Argentina S.A. | |
| Cámara Argentina de Biocombustibles | |
| Cargill S.A.C.I. | |
| COFCO Argentina S.A. | |
| Explora | |
| GEFCO Argentina | |
| LDC Argentina S.A. | |
| Molinos Agro S.A. | |

| | Period to be reviewed |
|---|---|
| Noble Argentina | |
| Oleaginosa Moreno Hermanos S.A. | |
| Patagonia Bioenergia | |
| Renova S.A. | |
| T6 Industrial SA (EcoFuel) | |
| Unitec Bio S.A. | |
| Vicentin S.A.I.C. | |
| Viluco S.A. | |
| Canada: Softwood Lumber,[7] C–122–858 | 1/1/20–12/31/20 |
| 1074712 BC Ltd. | |
| 5214875 Manitoba Ltd. | |
| 752615 B.C Ltd, Fraserview Remanufacturing Inc, dba Fraserview Cedar Products. | |
| 9224–5737 Québec inc. (aka A.G. Bois) | |
| AA Trading Ltd. | |
| Absolute Lumber Products, Ltd. | |
| Adwood Manufacturing Ltd. | |
| Aler Forest Products, Ltd. | |
| All American Forest Products Inc. | |
| Alpa Lumber Mills Inc. | |
| Andersen Pacific Forest Products Ltd. | |
| Anglo American Cedar Products Ltd. | |
| Antrim Cedar Corporation | |
| Aquila Cedar Products, Ltd. | |
| Arbec Lumber Inc. | |
| Aspen Planers Ltd. | |
| B&L Forest Products Ltd | |
| B.B. Pallets Inc. | |
| Babine Forest Products Limited | |
| Bakerview Forest Products Inc. | |
| Bardobec Inc. | |
| Barrette-Chapais Ltee | |
| BarretteWood Inc. | |
| Benoît & Dionne Produits Forestiers Ltee | |
| Best Quality Cedar Products Ltd. | |
| Blanchet Multi Concept Inc. | |
| Blanchette & Blanchette Inc. | |
| Bois Aise de Montreal inc. | |
| Bois Bonsaï Inc. | |
| Bois Daaquam Inc. | |
| Bois D'oeuvre Cedrico Inc. (aka Cedrico Lumber Inc.) | |
| Bois et Solutions Marketing SPEC, Inc. | |
| Boisaco | |
| Boscus Canada Inc. | |
| Boucher Bros. Lumber Ltd. | |
| BPWood Ltd. | |
| Bramwood Forest Inc. | |
| Brunswick Valley Lumber Inc. | |
| Burrows Lumber (CD) Ltd., Theo A. Burrows Lumber Company Limited | |
| Busque & Laflamme Inc. | |
| Campbell River Shake & Shingle Co., Ltd. | |
| Canada Pallet Corp. | |
| Canasia Forest Industries Ltd. | |
| Canfor Corporation | |
| Canyon Lumber Company, Ltd. | |
| Careau Bois Inc. | |
| Carrier & Begin Inc. | |
| Carrier Forest Products Ltd. | |
| Carrier Lumber Ltd. | |
| Carter Forest Products Inc. | |
| Cedar Island Forest Products Ltd. | |
| Cedar Valley Holdings Ltd. | |
| Cedarland Forest Products Ltd. | |
| Cedarline Industries, Ltd. | |
| Central Cedar Ltd. | |
| Central Forest Products, Inc. | |
| Centurion Lumber, Ltd. | |
| Chaleur Sawmills LP | |
| Channel-ex Trading Corporation | |
| Clair Industrial Development Corp. Ltd. | |
| Clermond Hamel Ltee | |
| CNH Products Inc. | |
| Coast Mountain Cedar Products Ltd. | |
| Commonwealth Plywood Co. Ltd. | |
| Comox Valley Shakes (2019) Ltd. | |

| | Period to be reviewed |
|---|---|
| Conifex Fibre Marketing Inc. | |
| Cowichan Lumber Ltd. | |
| CS Manufacturing Inc., dba Cedarshed | |
| CWP—Industriel Inc. | |
| CWP—Montreal inc. | |
| D & D Pallets, Ltd. | |
| Dakeryn Industries Ltd. | |
| Decker Lake Forest Products Ltd. | |
| Delco Forest Products Ltd. | |
| Delta Cedar Specialties Ltd. | |
| Devon Lumber Co. Ltd. | |
| DH Manufacturing Inc. | |
| Direct Cedar Supplies Ltd. | |
| Distribution Rioux Inc. | |
| Doubletree Forest Products Ltd. | |
| Downie Timber Ltd. | |
| Dunkley Lumber Ltd. | |
| EACOM Timber Corporation | |
| East Fraser Fiber Co. Ltd. | |
| Edgewood Forest Products Inc. | |
| Elrod Cartage Ltd. | |
| ER Probyn Export Ltd. | |
| Falcon Lumber Ltd. | |
| Fontaine Inc. | |
| Foothills Forest Products Inc. | |
| Fornebu Lumber Co. Ltd. | |
| Fraser Specialty Products Ltd. | |
| FraserWood Industries Ltd. | |
| Furtado Forest Products Ltd. | |
| Glandell Enterprises Inc. | |
| Goldband Shake & Shingle Ltd. | |
| Goldwood Industries Ltd. | |
| Goodfellow Inc. | |
| Gorman Bros. Lumber Ltd. | |
| Greendale Industries Inc. | |
| Greenwell Resources Inc. | |
| Griff Building Supplies Ltd. | |
| Groupe Crete Chertsey | |
| Groupe Crete division St-Faustin | |
| Groupe Lebel Inc. | |
| Groupe Lignarex Inc. | |
| H.J. Crabbe & Sons Ltd. | |
| Haida Forest Products Ltd. | |
| Hampton Tree Farms, LLC dba Hampton Lumber Sales Canada | |
| Hornepayne Lumber LP | |
| Hudson Mitchell & Sons Lumber Inc. | |
| Hy Mark Wood Products Inc. | |
| Imperial Cedar Products, Ltd. | |
| Interfor Corporation | |
| Interfor Sales & Marketing Ltd. | |
| Intertran Holdings Ltd. dba Richmond Terminal | |
| Island Cedar Products Ltd | |
| J&G Log Works Ltd. | |
| J.D. Irving, Limited | |
| J.H. Huscroft Ltd. | |
| Jan Woodland (2001) inc. | |
| Jasco Forest Products Ltd. | |
| Jazz Forest Products Ltd. | |
| Jhajj Lumber Corporation | |
| Kalesnikoff Lumber Co. Ltd. | |
| Kan Wood, Ltd. | |
| Kebois Ltee/Ltd | |
| Kelfor Industries Ltd. | |
| Kermode Forest Products Ltd. | |
| Keystone Timber Ltd. | |
| L'Atelier de Réadaptation au Travil de Beauce Inc. | |
| Lafontaine Lumber Inc. | |
| Langevin Forest Products Inc. | |
| Lecours Lumber Co. Limited | |
| Leisure Lumber Ltd. | |
| Les Bardeaux Lajoie Inc. | |
| Les Bois d'oeuvre Beaudoin Gauthier inc. | |
| Les Bois Martek Lumber | |
| Les Bois Traites M.G. Inc. | |

| | Period to be reviewed |
|---|---|
| Les Chantiers de Chibougamau ltd. | |
| Les Industries P.F. Inc. | |
| Les Produits Forestiers D&G Ltee | |
| Leslie Forest Products Ltd. | |
| Lignum Forest Products LLP | |
| Linwood Homes Ltd. | |
| Lonestar Lumber Inc. | |
| Lulumco Inc. | |
| Magnum Forest Products, Ltd. | |
| Maibec Inc. | |
| Manitou Forest Products Ltd. | |
| Marcel Lauzon Inc. | |
| Marwood Ltd. | |
| Materiaux Blanchet Inc. | |
| Mid Valley Lumber Specialties, Ltd. | |
| Midway Lumber Mills Ltd. | |
| Mill & Timber Products Ltd. | |
| Millar Western Forest Products Ltd. | |
| Mirax Lumber Products Ltd. | |
| Mobilier Rustique (Beauce) Inc. | |
| Monterra Lumber Mills Limited | |
| Morwood Forest Products Inc. | |
| Multicedre ltee | |
| Nakina Lumber Inc. | |
| National Forest Products Ltd. | |
| Nicholson and Cates Ltd | |
| NorSask Forest Products Limited Partnership | |
| North American Forest Products Ltd. (located in Abbotsford, British Columbia) | |
| North American Forest Products Ltd. (located in Saint-Quentin, New Brunswick) | |
| North Enderby Timber Ltd. | |
| Northland Forest Products Ltd. | |
| Olympic Industries, Inc./Olympic Industries Inc-Reman Code/Olympic Industries ULC/Olympic Industries ULCReman/Olympic Industries ULC-Reman Code | |
| Oregon Canadian Forest Products Inc. dba Oregon Canadian Forest Products | |
| Pacific Coast Cedar Products Ltd. | |
| Pacific Lumber Remanufacturing Inc. | |
| Pacific Pallet, Ltd. | |
| Pacific Western Wood Works Ltd. | |
| PalletSource Inc. | |
| Parallel Wood Products Ltd. | |
| Pat Power Forest Products Corporation | |
| Phoenix Forest Products Inc. | |
| Pioneer Pallet & Lumber Ltd | |
| Porcupine Wood Products Ltd. | |
| Portbec Forest Products Ltd (aka Les Produits Forestiers Portbec Ltée) | |
| Power Wood Corp. | |
| Precision Cedar Products Corp. | |
| Prendiville Industries Ltd. (aka Kenora Forest Products) | |
| Produits Forestiers Petit Paris | |
| Produits forestiers Temrex, s.e.c. | |
| Produits Matra Inc. | |
| Promobois G.D.S. Inc. | |
| Rayonier A.M. Canada GP | |
| Rembos Inc. | |
| Rene Bernard Inc. | |
| Resolute FP Canada Inc. | |
| Rick Dubois | |
| Rielly Industrial Lumber Inc. | |
| River City Remanufacturing Inc. | |
| Roland Boulanger & Cie Ltee | |
| S&R Sawmills Ltd | |
| S&W Forest Products Ltd. | |
| San Industries Ltd. | |
| Sapphire Lumber Company | |
| Sawarne Lumber Co. Ltd. | |
| Scierie Alexandre Lemay & Fils Inc. | |
| Scierie St-Michel inc. | |
| Scierie West Brome Inc. | |
| Scott Lumber Sales | |
| Sechoirs de Beauce Inc. | |
| Shakertown Corp. | |
| Sigurdson Forest Products Ltd. | |
| Silvaris Corporation | |
| Sinclar Group Forest Products Ltd. | |

| | Period to be reviewed |
|---|---|
| Skana Forest Products Ltd. | |
| Skeena Sawmills Ltd | |
| Sonora Logging Ltd. | |
| Source Forest Products | |
| South Beach Trading Inc. | |
| South Coast Reman Ltd. | |
| South Fraser Container Terminals | |
| Specialiste du Bardeau de Cedre Inc | |
| Spruceland Millworks Inc. | |
| Star Lumber Canada Ltd. | |
| Suncoast Industries Inc. | |
| Suncoh Custom Lumber Ltd. | |
| Sundher Timber Products Inc. | |
| Surplus G Rioux | |
| Surrey Cedar Ltd. | |
| Taan Forest Limited Partnership | |
| Taiga Building Products Ltd. | |
| Tall Tree Lumber Company | |
| Teal Cedar Products Ltd. | |
| Terminal Forest Products Ltd. | |
| The Teal-Jones Group | |
| The Wood Source Inc. | |
| Tolko Marketing and Sales Ltd., Tolko Industries Ltd., and Gilbert Smith Forest Products Ltd. | |
| Trans-Pacific Trading Ltd. | |
| Triad Forest Products Ltd. | |
| Twin Rivers Paper Co. Inc. | |
| Tyee Timber Products Ltd. | |
| Usine Sartigan Inc. | |
| Vaagen Fibre Canada, ULC | |
| Valley Cedar 2 Inc. | |
| Vancouver Specialty Cedar Products Ltd. | |
| Visscher Lumber Inc | |
| W.I. Woodtone Industries Inc. | |
| Waldun Forest Product Sales Ltd. | |
| Watkins Sawmills Ltd. | |
| West Bay Forest Products Ltd. | |
| West Fraser Mills Ltd. | |
| Western Forest Products Inc. | |
| Western Lumber Sales Limited | |
| Western Timber Products, Inc. | |
| Westminster Industries Ltd. | |
| Weston Forest Products Inc. | |
| Weyerhaeuser Co. | |
| White River Forest Products L.P. | |
| Winton Homes Ltd. | |
| Woodline Forest Products Ltd. | |
| Woodstock Forest products | |
| Woodtone Specialties Inc. | |
| WWW Timber Products Ltd. | |
| India: Polyester Textured Yarn, C–533–886 | 5/3/19–12/31/20 |
| Sanathan Textiles Private Limited | |
| Indonesia: Biodiesel, C–560–831 | 1/1/20–12/31/20 |
| PT Cermerlang Energi Perkasa (CEP) | |
| PT Ciliandra Perkasa | |
| PT. Musim Mas, Medan | |
| PT Pelita Agung Agrindustri | |
| Wilmar International Ltd. | |
| The People's Republic of China: Multilayered Wood Flooring, C–570–971 | 1/1/19–12/31/19 |
| Metropolitan Hardwood Floors, Inc.[8] | |
| **Suspension Agreements** | |
| None. | |

**Duty Absorption Reviews**

During any administrative review covering all or part of a period falling

[5] We request that the companies listed for A–122–857 review the spelling of their company name. If a company name is not accurate (*i.e.*, misspelled or incomplete) or appears more than once with different spelling variations, then please notify Commerce of the company's correct legal name in writing within 30 days after the date of publication of this initiation notice. All submissions must be filed electronically at *https://access.trade.gov*.

[6] In the initiation notice that published on February 4, 2021 (86 FR 8166), Commerce inadvertently listed the wrong period of review for the referenced case above. The correct period of review is listed in this notice.

[7] We request that the companies listed for C–122–858 review the spelling of their company name. If a company name is not accurate (*i.e.*, misspelled or incomplete) or appears more than once with different spelling variations, then please notify Commerce of the company's correct legal name in writing within 30 days after the date of publication of this initiation notice. All submissions must be filed electronically at *https://access.trade.gov*.

between the first and second or third and fourth anniversary of the publication of an AD order under 19 CFR 351.211 or a determination under 19 CFR 351.218(f)(4) to continue an order or suspended investigation (after sunset review), Commerce, if requested by a domestic interested party within 30 days of the date of publication of the notice of initiation of the review, will determine whether AD duties have been absorbed by an exporter or producer subject to the review if the subject merchandise is sold in the United States through an importer that is affiliated with such exporter or producer. The request must include the name(s) of the exporter or producer for which the inquiry is requested.

**Gap Period Liquidation**

For the first administrative review of any order, there will be no assessment of antidumping or countervailing duties on entries of subject merchandise entered, or withdrawn from warehouse, for consumption during the relevant "gap" period of the order (*i.e.,* the period following the expiry of provisional measures and before definitive measures were put into place), if such a gap period is applicable to the POR.

**Administrative Protective Orders and Letters of Appearance**

Interested parties must submit applications for disclosure under administrative protective orders in accordance with the procedures outlined in Commerce's regulations at 19 CFR 351.305. Those procedures apply to administrative reviews included in this notice of initiation. Parties wishing to participate in any of these administrative reviews should ensure that they meet the requirements of these procedures (*e.g.,* the filing of separate letters of appearance as discussed at 19 CFR 351.103(d)).

**Factual Information Requirements**

Commerce's regulations identify five categories of factual information in 19 CFR 351.102(b)(21), which are summarized as follows: (i) Evidence submitted in response to questionnaires; (ii) evidence submitted in support of allegations; (iii) publicly available information to value factors under 19 CFR 351.408(c) or to measure the adequacy of remuneration under 19 CFR 351.511(a)(2); (iv) evidence placed on the record by Commerce; and (v) evidence other than factual information described in (i)–(iv). These regulations require any party, when submitting factual information, to specify under which subsection of 19 CFR 351.102(b)(21) the information is being submitted and, if the information is submitted to rebut, clarify, or correct factual information already on the record, to provide an explanation identifying the information already on the record that the factual information seeks to rebut, clarify, or correct. The regulations, at 19 CFR 351.301, also provide specific time limits for such factual submissions based on the type of factual information being submitted. Please review the *Final Rule,*[9] available at *https://enforcement.trade.gov/frn/2013/1304frn/2013-08227.txt,* prior to submitting factual information in this segment. Note that Commerce has temporarily modified certain of its requirements for serving documents containing business proprietary information, until further notice.[10]

Any party submitting factual information in an AD or CVD proceeding must certify to the accuracy and completeness of that information using the formats provided at the end of the *Final Rule.*[11] Commerce intends to reject factual submissions in any proceeding segments if the submitting party does not comply with applicable certification requirements.

**Extension of Time Limits Regulation**

Parties may request an extension of time limits before a time limit established under Part 351 expires, or as otherwise specified by Commerce.[12] In general, an extension request will be considered untimely if it is filed after the time limit established under Part 351 expires. For submissions which are due from multiple parties simultaneously, an extension request will be considered untimely if it is filed after 10:00 a.m. on the due date. Examples include, but are not limited to: (1) Case and rebuttal briefs, filed pursuant to 19 CFR 351.309; (2) factual information to value factors under 19 CFR 351.408(c), or to measure the adequacy of remuneration under 19 CFR 351.511(a)(2), filed pursuant to 19 CFR 351.301(c)(3) and rebuttal, clarification and correction filed pursuant to 19 CFR 351.301(c)(3)(iv); (3) comments concerning the selection of a surrogate country and surrogate values and rebuttal; (4) comments concerning CBP data; and (5) Q&V questionnaires. Under certain circumstances, Commerce may elect to specify a different time limit by which extension requests will be considered untimely for submissions which are due from multiple parties simultaneously. In such a case, Commerce will inform parties in the letter or memorandum setting forth the deadline (including a specified time) by which extension requests must be filed to be considered timely. This policy also requires that an extension request must be made in a separate, stand-alone submission, and clarifies the circumstances under which Commerce will grant untimely-filed requests for the extension of time limits. Please review the *Final Rule,* available at *https://www.gpo.gov/fdsys/pkg/FR-2013-09-20/html/2013-22853.htm,* prior to submitting factual information in these segments.

These initiations and this notice are in accordance with section 751(a) of the Act (19 U.S.C. 1675(a)) and 19 CFR 351.221(c)(1)(i).

Dated: February 26, 2021.

**James Maeder,**

*Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations.*

[FR Doc. 2021–04479 Filed 3–3–21; 8:45 am]

BILLING CODE 3510–DS–P

[8] This company was inadvertently omitted from the initiation notice that published on February 4, 2021 (86 FR 8166). This omission is corrected in this notice.

[9] *See Certification of Factual Information To Import Administration During Antidumping and Countervailing Duty Proceedings,* 78 FR 42678 (July 17, 2013) (*Final Rule*); *see also* the frequently asked questions regarding the *Final Rule,* available at *https://enforcement.trade.gov/tlei/notices/factual_info_final_rule_FAQ_07172013.pdf.*

[10] *See Temporary Rule Modifying AD/CVD Service Requirements Due to COVID–19,* 85 FR 41363 (July 10, 2020).

[11] *See* section 782(b) of the Act; *see also Final Rule;* and the frequently asked questions regarding the *Final Rule,* available at *https://enforcement.trade.gov/tlei/notices/factual_info_final_rule_FAQ_07172013.pdf.*

[12] *See* 19 CFR 351.302.

## DEPARTMENT OF COMMERCE

### International Trade Administration

**[C–570–134]**

### Certain Metal Lockers and Parts Thereof From the People's Republic of China: Amended Preliminary Affirmative Countervailing Duty Determination

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** On December 14, 2020, the Department of Commerce (Commerce) published in the **Federal Register** the preliminary determination of the countervailing duty (CVD) investigation of certain metal lockers and parts thereof (metal lockers) from the People's Republic of China (China). Commerce is amending the scope of the preliminary determination.

**DATES:** Applicable March 4, 2021.

# Attachment 7

| | | | |
|---|---|---|---|
| **MESSAGE NO.** | 1106404 | **MESSAGE DATE** | 04/16/2021 |
| **STATUS** | Active | **INACTIVATED DATE** | |
| **TYPE** | ALIWE-Auto Liq with Exception | **FR CITE** | 86 FR 12599 |
| **SUB-TYPE** | ADMIN RVW-Administrative Rvw | **FR DATE** | 03/04/2021 |
| **CATEGORY ACCESS** | AD | **EFFECTIVE DATE** | 03/04/2021 |
| **TYPE** | **Public** ✓ **Non-Public** ☐ | **POI/POR DATE** | 01/01/2020 - 12/31/2020 |
| **Notice of lifting of Suspension Date** | 03/04/2021 | **PERIOD COVERED** | - |

| | |
|---|---|
| **SHORT CASE NAME** | Certain Softwood Lumber |
| **COURT CASE #s** | |
| **REF MESSAGE #s** | |
| **PRINCIPAL CASE #s** | A122857 |
| **3rd Country CASE #s** | |

**RE:** Automatic liquidation instructions for certain softwood lumber products for the period 01/01/2020 through 12/31/2020 (A-122-857)

1.  Commerce does not automatically conduct administrative reviews of antidumping duty orders. Instead, reviews must be requested pursuant to section 751(a)(1) of the Tariff Act of 1930, as amended, and in accordance with 19 CFR 351.213.

2.  Commerce has not received a request for an administrative review of the antidumping duty order for the period and on the merchandise identified below except for the firms listed in paragraph 3. Therefore, in accordance with 19 CFR 351.212(c), you are to liquidate all entries for all firms except those listed in paragraph 3 and assess antidumping duties on merchandise entered, or withdrawn from warehouse, for consumption at the cash deposit rate in effect on the date of entry:

Product: Certain Softwood Lumber Products
Country: Canada
Case number: A-122-857
Period: 01/01/2020 through 12/31/2020

3.  Entries of merchandise of the firms listed below should not be liquidated until specific instructions are issued.  Continue to suspend liquidation of all entries of merchandise produced and/or exported by the listed firms entered, or withdrawn from warehouse, for consumption during the period 01/01/2020 through 12/31/2020:

Producer and/or Exporter:  Canfor Corporation/Canadian Forest Products, Ltd./Canfor Wood Products Marketing, Ltd.
Case number: A-122-857-001

Producer and/or Exporter:  Resolute FP Canada Inc./Resolute Growth Canada Inc./Abitibi-LP Engineered Wood Inc./Abitibi-LP Engineered Wood II Inc./Forest Products Mauricie LP/Produits Forestiers Petit-Paris Inc./Socie ´te ´ en commandite Scierie Opitciwan
Case number: A-122-857-002

Producer and/or Exporter:  Tolko Marketing and Sales Ltd./Tolko Industries Ltd./Gilbert Smith Forest Products Ltd.
Case number: A-122-857-003

Producer and/or Exporter:  Manning Forest Products Ltd./Sundre Forest Products Inc./Blue Ridge Lumber Inc./West Fraser Mills Ltd.
Case number: A-122-857-004

Producer and/or Exporter:  1074712 BC Ltd.
Case Number:  A-122-857-005
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  5214875 Manitoba Ltd.

Case Number:  A-122-857-006
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  9224-5737 Quebec inc. (aka A.G. Bois)
Case Number:  A-122-857-008
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Absolute Lumber Products Ltd.
Case Number:  A-122-857-010
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Aler Forest Products Ltd.
Case Number:  A-122-857-013
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Alpa Lumber Mills Inc.
Case Number:  A-122-857-014
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Andersen Pacific Forest Products Ltd.
Case Number:  A-122-857-017
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Anglo American Cedar Products Ltd.
Case Number:  A-122-857-018
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Anglo-American Cedar Products Ltd.
Case Number:  A-122-857-019
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Antrim Cedar Corporation
Case Number:  A-122-857-020
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Aquila Cedar Products Ltd.
Case Number:  A-122-857-021
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Arbec Lumber Inc.
Case Number:  A-122-857-022
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Aspen Planers Ltd.
Case Number:  A-122-857-023
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  B&L Forest Products Ltd.
Case Number:  A-122-857-024
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Babine Forest Products Limited
Case Number:  A-122-857-026
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Bakerview Forest Products Inc.
Case Number:  A-122-857-027
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Bardobec Inc.
Case Number:  A-122-857-028
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Barrette-Chapais Ltee
Case Number:  A-122-857-029
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  BarretteWood Inc.
Case Number:  A-122-857-030
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Benoît & Dionne Produits Forestiers Ltee (aka Benoît & Dionne Forest Products Ltd.)
Case Number:  A-122-857-031
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Best Quality Cedar Products Ltd.
Case Number:  A-122-857-032
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Blanchet Multi Concept Inc.
Case Number:  A-122-857-033
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Blanchette & Blanchette Inc.

Case Number:  A-122-857-034
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Bois Aise de Montreal Inc.
Case Number:  A-122-857-035
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Bois Bonsaï inc.
Case Number:  A-122-857-036
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Bois D'oeuvre Cedrico Inc. (aka Cedrico Lumber Inc.)
Case Number:  A-122-857-037
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Bois Daaquam Inc.
Case Number:  A-122-857-038
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Bois et Solutions Marketing SPEC, Inc.
Case Number:  A-122-857-039
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Boisaco Inc.
Case Number:  A-122-857-040
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Boscus Canada Inc.
Case Number:  A-122-857-041
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Boucher Bros. Lumber Ltd.
Case Number:  A-122-857-042
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  BPWood Ltd.
Case Number:  A-122-857-043
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Bramwood Forest Inc.
Case Number:  A-122-857-044
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Brunswick Valley Lumber Inc.
Case Number:  A-122-857-045
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Busque & Laflamme Inc.
Case Number:  A-122-857-046
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Campbell River Shake & Shingle Co. Ltd.
Case Number:  A-122-857-049
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Canyon Lumber Company Ltd.
Case Number:  A-122-857-053
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Careau Bois Inc.
Case Number:  A-122-857-054
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Carrier & Begin Inc.
Case Number:  A-122-857-055
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Carrier Forest Products Ltd.
Case Number:  A-122-857-056
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Carrier Lumber Ltd.
Case Number:  A-122-857-057
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Cedar Valley Holdings Ltd.
Case Number:  A-122-857-058
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Cedarline Industries Ltd.
Case Number:  A-122-857-059
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Central Cedar Ltd.
Case Number:  A-122-857-060

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Centurion Lumber Ltd.
Case Number:  A-122-857-061
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Chaleur Sawmills LP
Case Number:  A-122-857-062
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Channel-ex Trading Corporation
Case Number:  A-122-857-063
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Clair Industrial Development Corp. Ltd.
Case Number:  A-122-857-064
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Clermond Hamel Ltee
Case Number:  A-122-857-065
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Coast Clear Wood Ltd.
Case Number:  A-122-857-066
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Coast Mountain Cedar Products Ltd.
Case Number:  A-122-857-067
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Commonwealth Plywood Co. Ltd.
Case Number:  A-122-857-068
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Conifex Fibre Marketing Inc.
Case Number:  A-122-857-070
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Cowichan Lumber Ltd.
Case Number:  A-122-857-071
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  CS Manufacturing Inc. (dba Cedarshed)
Case Number:  A-122-857-072
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  CWP - Industriel Inc.
Case Number:  A-122-857-073
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  CWP - Montreal Inc.
Case Number:  A-122-857-074
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  D & D Pallets Ltd.
Case Number:  A-122-857-075
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Dakeryn Industries Ltd.
Case Number:  A-122-857-076
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Decker Lake Forest Products Ltd.
Case Number:  A-122-857-077
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Delco Forest Products Ltd.
Case Number:  A-122-857-078
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Delta Cedar Specialties Ltd.
Case Number:  A-122-857-079
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Devon Lumber Co. Ltd.
Case Number:  A-122-857-080
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  DH Manufacturing Inc.
Case Number:  A-122-857-081
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Direct Cedar Supplies Ltd.
Case Number:  A-122-857-082

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Doubletree Forest Products Ltd.
Case Number:  A-122-857-083
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Downie Timber Ltd.
Case Number:  A-122-857-084
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Dunkley Lumber Ltd.
Case Number:  A-122-857-085
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  EACOM Timber Corporation
Case Number:  A-122-857-086
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  East Fraser Fiber Co. Ltd.
Case Number:  A-122-857-087
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Edgewood Forest Products Inc.
Case Number:  A-122-857-088
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  ER Probyn Export Ltd.
Case Number:  A-122-857-089
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Falcon Lumber Ltd.
Case Number:  A-122-857-091
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Fontaine Inc.
Case Number:  A-122-857-092
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Foothills Forest Products Inc.
Case Number:  A-122-857-093
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Fornebu Lumber Company Inc.
Case Number:  A-122-857-094
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Fraser Specialty Products Ltd.
Case Number:  A-122-857-095
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Furtado Forest Products Ltd.
Case Number:  A-122-857-097
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Glandell Enterprises Inc.
Case Number:  A-122-857-100
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Goldband Shake & Shingle Ltd.
Case Number:  A-122-857-102
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Goldwood Industries Ltd.
Case Number:  A-122-857-104
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Goodfellow Inc.
Case Number:  A-122-857-105
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Gorman Bros. Lumber Ltd.
Case Number:  A-122-857-106
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Groupe Crete Chertsey Inc.
Case Number:  A-122-857-107
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Groupe Crete Division St-Faustin Inc.
Case Number:  A-122-857-108
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Groupe Lebel Inc.
Case Number:  A-122-857-109

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Groupe Lignarex Inc.
Case Number:  A-122-857-110
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  H.J. Crabbe & Sons Ltd.
Case Number:  A-122-857-111
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Haida Forest Products Ltd.
Case Number:  A-122-857-112
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Hornepayne Lumber LP
Case Number:  A-122-857-114
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Imperial Cedar Products Ltd.
Case Number:  A-122-857-115
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Independent Building Materials Distribution Inc.
Case Number:  A-122-857-117
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Interfor Corporation
Case Number:  A-122-857-118
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Island Cedar Products Ltd.
Case Number:  A-122-857-119
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  J&G Log Works Ltd.
Case Number:  A-122-857-121
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  J.H. Huscroft Ltd.
Case Number:  A-122-857-123
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Jan Woodlands (2001) Inc.
Case Number:  A-122-857-124
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Jhajj Lumber Corporation
Case Number:  A-122-857-125
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Kalesnikoff Lumber Co. Ltd.
Case Number:  A-122-857-126
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Kan Wood Ltd.
Case Number:  A-122-857-127
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Kebois Ltee
Case Number:  A-122-857-128
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Keystone Timber Ltd.
Case Number:  A-122-857-129
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Lafontaine Lumber Inc.
Case Number:  A-122-857-131
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Langevin Forest Products Inc.
Case Number:  A-122-857-132
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Lecours Lumber Co. Limited
Case Number:  A-122-857-133
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Leisure Lumber Ltd.
Case Number:  A-122-857-135
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Les Bois d'oeuvre Beaudoin Gauthier Inc.
Case Number:  A-122-857-136

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Les Bois Martek Lumber
Case Number:  A-122-857-137
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Les Bois Traites M.G. Inc.
Case Number:  A-122-857-138
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Les Chantiers de Chibougamau Ltee
Case Number:  A-122-857-139
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Les Produits Forestiers D&G Ltee (aka D&G Forest Products Ltd.)
Case Number:  A-122-857-140
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Leslie Forest Products Ltd.
Case Number:  A-122-857-141
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Lignum Forest Products LLP
Case Number:  A-122-857-142
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Linwood Homes Ltd.
Case Number:  A-122-857-143
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Lulumco inc.
Case Number:  A-122-857-145
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Magnum Forest Products, Ltd.
Case Number:  A-122-857-146
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Maibec inc.
Case Number:  A-122-857-147
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Manitou Forest Products Ltd.

Case Number:  A-122-857-148

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Marcel Lauzon Inc.

Case Number:  A-122-857-149

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Marwood Ltd.

Case Number:  A-122-857-150

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Materiaux Blanchet Inc.

Case Number:  A-122-857-151

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Mid Valley Lumber Specialties Ltd.

Case Number:  A-122-857-154

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Midway Lumber Mills Ltd.

Case Number:  A-122-857-155

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Mill & Timber Products Ltd.

Case Number:  A-122-857-156

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Millar Western Forest Products Ltd.

Case Number:  A-122-857-157

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Mobilier Rustique (Beauce) Inc.

Case Number:  A-122-857-158

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Multicedre Itee

Case Number:  A-122-857-160

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Nakina Lumber Inc.

Case Number:  A-122-857-161

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  National Forest Products Ltd.
Case Number:  A-122-857-162
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Nicholson and Cates Ltd
Case Number:  A-122-857-164
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Norsask Forest Products Limited Partnership
Case Number:  A-122-857-165
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  North American Forest Products, Ltd. (located in Abbotsford, British Columbia)
Case Number:  A-122-857-166
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  North American Forest Products Ltd. (located in Saint-Quentin, New Brunswick)
Case Number:  A-122-857-167
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  North Enderby Timber Ltd.
Case Number:  A-122-857-168
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Olympic Industries Inc-Reman Codes
Case Number:  A-122-857-169
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Olympic Industries ULC
Case Number:  A-122-857-170
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Olympic Industries ULC-Reman
Case Number:  A-122-857-171
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Olympic Industries ULC-Reman Code
Case Number:  A-122-857-172

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Olympic Industries, Inc.
Case Number:  A-122-857-173
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Pacific Coast Cedar Products Ltd.
Case Number:  A-122-857-174
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Pacific Pallet, Ltd.
Case Number:  A-122-857-175
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Pacific Western Wood Works Ltd.
Case Number:  A-122-857-176
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Parallel Wood Products Ltd.
Case Number:  A-122-857-177
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Pat Power Forest Products Corporation
Case Number:  A-122-857-178
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Phoenix Forest Products Inc.
Case Number:  A-122-857-179
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Pine Ideas Ltd.
Case Number:  A-122-857-180
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Pioneer Pallet & Lumber Ltd.
Case Number:  A-122-857-181
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Porcupine Wood Products Ltd.
Case Number:  A-122-857-182
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Power Wood Corp.
Case Number:  A-122-857-183
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Precision Cedar Products Corp.
Case Number:  A-122-857-184
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Prendiville Industries Ltd. (aka Kenora Forest Products)
Case Number:  A-122-857-185
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Produits Forestiers Petit Paris Inc.
Case Number:  A-122-857-186
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Produits forestiers Temrex, s.e.c.
Case Number:  A-122-857-187
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Produits Matra Inc.
Case Number:  A-122-857-188
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Promobois G.D.S. Inc.
Case Number:  A-122-857-189
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Rayonier A.M. Canada GP
Case Number:  A-122-857-190
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Rembos Inc.
Case Number:  A-122-857-191
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Rene Bernard Inc.
Case Number:  A-122-857-192
Entries may also have been made under A-122-857-000 or other company-specific numbers.


Producer and/or Exporter:  Rielly Industrial Lumber Inc.
Case Number:  A-122-857-194

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  S&R Sawmills Ltd.
Case Number:  A-122-857-197
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  S&W Forest Products Ltd.
Case Number:  A-122-857-198
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  San Industries Ltd.
Case Number:  A-122-857-199
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Sawarne Lumber Co. Ltd.
Case Number:  A-122-857-200
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Scierie Alexandre Lemay & Fils Inc.
Case Number:  A-122-857-201
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Scierie St-Michel Inc.
Case Number:  A-122-857-202
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Scierie West Brome Inc.
Case Number:  A-122-857-203
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Sechoirs de Beauce Inc.
Case Number:  A-122-857-205
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Sigurdson Forest Products Ltd.
Case Number:  A-122-857-209
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Silvaris Corporation
Case Number:  A-122-857-210
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Sinclar Group Forest Products Ltd.

Case Number:  A-122-857-212

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Skana Forest Products Ltd.

Case Number:  A-122-857-213

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Skeena Sawmills Ltd.

Case Number:  A-122-857-214

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  South Beach Trading Inc.

Case Number:  A-122-857-216

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Specialiste du Bardeau de Cedre Inc.

Case Number:  A-122-857-217

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Spruceland Millworks Inc.

Case Number:  A-122-857-218

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Surrey Cedar Ltd.

Case Number:  A-122-857-219

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Taan Forest Limited Partnership

Case Number:  A-122-857-221

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Taiga Building Products Ltd.

Case Number:  A-122-857-222

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Tall Tree Lumber Company

Case Number:  A-122-857-223

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Teal Cedar Products Ltd.

Case Number:  A-122-857-224

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Terminal Forest Products Ltd.
Case Number:  A-122-857-226
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  The Teal Jones Group
Case Number:  A-122-857-227
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  The Wood Source Inc.
Case Number:  A-122-857-228
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Trans-Pacific Trading Ltd.
Case Number:  A-122-857-229
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Triad Forest Products Ltd.
Case Number:  A-122-857-230
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Twin Rivers Paper Co. Inc.
Case Number:  A-122-857-231
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Tyee Timber Products Ltd.
Case Number:  A-122-857-232
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Usine Sartigan Inc.
Case Number:  A-122-857-234
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Vaagen Fibre Canada ULC
Case Number:  A-122-857-235
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Valley Cedar 2 Inc.
Case Number:  A-122-857-236
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Vancouver Specialty Cedar Products Ltd.
Case Number:  A-122-857-238
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Visscher Lumber Inc.
Case Number:  A-122-857-239
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  W.I. Woodtone Industries Inc.
Case Number:  A-122-857-240
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Waldun Forest Product Sales Ltd.
Case Number:  A-122-857-241
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Watkins Sawmills Ltd.
Case Number:  A-122-857-242
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  West Bay Forest Products Ltd.
Case Number:  A-122-857-243
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Western Forest Products Inc.
Case Number:  A-122-857-246
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Western Lumber Sales Limited
Case Number:  A-122-857-247
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Weston Forest Products Inc.
Case Number:  A-122-857-249
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Weyerhaeuser Co.
Case Number:  A-122-857-251
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  White River Forest Products L.P.
Case Number:  A-122-857-252

Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Winton Homes Ltd.
Case Number:  A-122-857-253
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Woodline Forest Products Ltd.
Case Number:  A-122-857-254
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Woodstock Forest Products
Case Number:  A-122-857-255
Entries may also have been made under A-122-857-000 or other company-specific numbers.

Producer and/or Exporter:  Woodtone Specialties Inc.
Case Number:  A-122-857-256
Entries may also have been made under A-122-857-000 or other company-specific numbers.

No case number was in place during the period of review for the companies listed below.  Entries may have been made under A-122-857-000 or other company-specific numbers.

54 Reman
752615 B.C Ltd. Fraserview Remanufacturing Inc., (dba Fraserview Cedar Products)
AA Trading Ltd.
Adwood Manufacturing Ltd
All American Forest Products Inc.
Brink Forest Products Ltd.
Burrows Lumber (CD) Ltd., Theo A. Burrows Lumber Company Limited
Canada Pallet Corp.
Canasia Forest Industries Ltd.
Carter Forest Products Inc.
Cedar Island Forest Products Ltd.
Cedarcoast Lumber Products
Cedarland Forest Products Ltd.
Central Forest Products Inc.
CNH Products Inc.
Comox Valley Shakes (2019) Ltd.
Coulson Manufacturing Ltd.
Deep Cove Forest Products, Inc.
Distribution Rioux Inc.
Elrod Cartage Ltd.
FraserWood Industries Ltd

Greendale Industries Inc.

Greenwell Resources Inc.

Griff Building Supplies Ltd.

Halo Sawmill, a division of Delta Cedar Specialties Ltd.

Hampton Tree Farms, LLC (dba Hampton Lumber Sales Canada)

Hudson Mitchell & Sons Lumber Inc.

Hy Mark Wood Products Inc.

Interfor Sales & Marketing Ltd.

Intertran Holdings Ltd. (dba Richmond Terminal)

Jasco Forest Products Ltd.

Jazz Forest Products Ltd.

Kelfor Industries Ltd.

Kermode Forest Products Ltd.

L'Atelier de Readaptation au Travil de Beauce Inc.

Les Bardeaux Lajoie Inc.

Les Industries P.F. Inc.

Les Palettes B.B.Inc. (aka B.B.Pallets Inc.)

Lonestar Lumber Inc.

Mainland Sawmill, a division of Terminal Forest Products

Mirax Lumber Products Ltd.

Monterra Lumber Mills Limited

Morwood Forest Products Inc.

Nickel Lake Lumber

Norsask Forest Products Inc.

Northland Forest Products Ltd.

Oregon Canadian Forest Products Inc. d.b.a. Oregon Canadian Forest Products

Pacific Lumber Remanufacturing Inc.

PalletSource Inc.

Portbec Forest Products Ltd./Les Produits Forestiers Portbec Ltee

Rick Dubois

River City Remanufacturing Inc.

Sapphire Lumber Company

Scott Lumber Sales

Shakertown Corp.

Sonora Logging Ltd.

Source Forest Products

South Coast Reman Ltd.

South Fraser Container Terminals

Star Lumber Canada Ltd.

Suncoast Industries Inc.

Suncoh Custom Lumber Ltd.

Sundher Timber Products Inc.

Surplus G Rioux

Vanderhoof Specialty Wood Products Ltd.

Western Timber Products, Inc.

Westminster Industries Ltd.

WWW Timber Products Ltd.

CBP officers must also examine entries under A-122-857-000 and all existing company-specific case numbers to ensure the continued suspension of liquidation of entries during the applicable period of review for the producers and/or exporters listed above.

4.  There are no injunctions applicable to the entries covered by this instruction.

5.  Notice of the lifting of suspension of liquidation of entries of subject merchandise covered by paragraph 2 occurred with the publication of the notice of initiation of administrative review for the 01/2021 anniversary month (86 FR 12599, 03/04/2021).  Unless instructed otherwise, for all other shipments of certain softwood lumber products from Canada you shall continue to collect cash deposits of estimated antidumping duties for the merchandise at the current rates.

6.  The assessment of antidumping duties by CBP on shipments or entries of this merchandise is subject to the provisions of section 778 of the Tariff Act of 1930, as amended.  Section 778 requires that CBP pay interest on overpayments or assess interest on underpayments of the required amounts deposited as estimated antidumping duties.  The interest provisions are not applicable to cash posted as estimated antidumping duties before the date of publication of the antidumping duty order.  Interest shall be calculated from the date payment of estimated antidumping duties is required through the date of liquidation.  The rate at which such interest is payable is the rate in effect under section 6621 of the Internal Revenue Code of 1954 for such period.

7.  Upon assessment of antidumping duties, CBP shall require that the importer provide a reimbursement statement, as described in section 351.402(f)(2) of Commerce's regulations.  The importer should provide the reimbursement statement prior to liquidation of the entry.  If the importer certifies that it has an agreement with the producer, seller, or exporter, to be reimbursed antidumping and/or countervailing duties, CBP shall double the antidumping duties and/or increase the antidumping duty by the amount of the countervailing duties in accordance with the above-referenced regulation.  Additionally, if the importer does not provide the reimbursement statement prior to liquidation, reimbursement shall be presumed and CBP shall double the antidumping duties due.   If an importer timely files a protest challenging the presumption of reimbursement and doubling of duties, consistent with CBP's protest process, CBP may accept the reimbursement statement filed with the protest to rebut the presumption of reimbursement.

8.  If there are any questions by the importing public regarding this message, please contact the Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce at (202) 482-0984.  CBP ports should submit their

inquiries through authorized CBP channels only.  (This message was generated by OIV:JDP.)

9.  There are no restrictions on the release of this information.


Alexander Amdur

# Attachment 8

description may also enter under the following HTSUS subheadings: 4011.90.10.10, 4011.90.10.50, 4011.90.20.10, 4011.90.20.50, 4011.90.80.10, 4011.90.80.50, 8708.70.45.30, 8708.70.45.46, 8708.70.45.48, 8708.70.45.60, 8708.70.60.30, 8708.70.60.45, and 8708.70.60.60. While HTSUS subheadings are provided for convenience and for customs purposes, the written description of the subject merchandise is dispositive.

## Appendix II

### List of Topics Discussed in the Issues and Decision Memorandum

I. Summary
II. Background
III. Changes from the Preliminary Determination
IV. Scope of the Investigation
V. Discussion of the Issues
Comment 1: SRT's U.S. Date of Sale
Comment 2: SRT's Direct Expenses
Comment 3: SRT's Warranty Costs
Comment 4: SRT's Differential Pricing Analysis
Comment 5: Whether LLIT Satisfies the Requirements for the Duty Drawback Adjustment and the Appropriate Calculation Methodology for LLIT and SRT
VI. Recommendation

[FR Doc. 2021–11264 Filed 5–26–21; 8:45 am]

**BILLING CODE 3510–DS–P**

---

## DEPARTMENT OF COMMERCE

### International Trade Administration

**[A–122–857]**

## Certain Softwood Lumber Products From Canada: Preliminary Results of Antidumping Duty Administrative Review

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** The Department of Commerce (Commerce) is conducting an administrative review of the antidumping duty (AD) order on certain softwood lumber products (softwood lumber) from Canada. The period of review (POR) is January 1, 2019, through December 31, 2019. Commerce preliminarily determines that the producers/exporters subject to this review made sales of subject merchandise at less than normal value. We invite interested parties to comment on these preliminary results.

**DATES:** Applicable May 27, 2021.

**FOR FURTHER INFORMATION CONTACT:** Jeff Pedersen (Canfor), and Maisha Cryor (West Fraser), AD/CVD Operations, Office IV, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce, 1401 Constitution Avenue NW, Washington, DC 20230; telephone: (202) 482–2769 and (202) 482–5831, respectively.

**SUPPLEMENTARY INFORMATION:**

### Background

On March 10, 2020, Commerce published in the **Federal Register** the notice of initiation of an AD administrative review on softwood lumber from Canada.[1] On March 10, 2020, based on timely requests for administrative reviews, Commerce initiated an AD administrative review covering 268 companies and has not rescinded the review of any of these companies.[2] Thus, the review covers 268 producers/exporters of the subject merchandise, including mandatory respondents Canfor[3] and West Fraser.[4] The remaining companies were not selected for individual examination and remain subject to this administrative review. On April 24, 2020 and July 21, 2020, Commerce tolled all deadlines in administrative reviews by 50 days and 60 days, respectively, thereby extending the deadline for issuing the preliminary results of this review.[5] On January 8, 2021, we extended the preliminary results until May 20, 2021.[6]

### Scope of the Order

The product covered by this review is softwood lumber from Canada. For a full description of the scope, *see* the Preliminary Decision Memorandum.[7]

### Methodology

Commerce is conducting this review in accordance with section 751(a)(1)(B) of the Tariff Act of 1930, as amended (the Act). For a full description of the methodology underlying our conclusions, *see* the Preliminary Decision Memorandum. A list of the topics is included in the Preliminary Decision Memorandum as Appendix I to this notice. The Preliminary Decision Memorandum is a public document and is made available to the public via Enforcement and Compliance's Antidumping and Countervailing Duty Centralized Electronic Service System (ACCESS). ACCESS is available to registered users at *https://access.trade.gov*. In addition, a complete version of the Preliminary Decision Memorandum is available at *http://enforcement.trade.gov/frn/*.

### Preliminary Results of the Administrative Review

We preliminarily determine that the following weighted-average dumping margins exist for the period January 1, 2019, through December 31, 2019:

| Exporter/producer | Weighted-average margin (percent) |
|---|---|
| Canfor Corporation/Canadian Forest Products Ltd./Canfor Wood Products Marketing Ltd | 18.62 |
| West Fraser Mills Ltd./Blue Ridge Lumber Inc./Manning Forest Products Ltd./and Sundre Forest Products Inc .... | 6.58 |
| Non-Selected Companies .......... | 12.05 |

### Rate for Companies Not Individually Examined

Generally, when calculating margins for non-selected respondents, Commerce looks to section 735(c)(5) of the Act for guidance, which provides instructions for calculating the all-others margin in an investigation. Section 735(c)(5)(A) of the Act provides that when calculating the all-others margin, Commerce will exclude any zero and *de minimis* weighted-average dumping margins, as well as any weighted-average dumping margins based on total facts available. Accordingly, Commerce's usual practice has been to average the margins for selected respondents, excluding margins that are zero, *de minimis,* or based entirely on facts available.

In this review, we calculated a weighted-average dumping margin of 18.62 percent for Canfor and 6.58 percent for West Fraser. In accordance with section 735(c)(5)(A) of the Act, Commerce assigned the weighted-average of these two calculated weighted-average dumping margins, 12.05 percent, to the non-selected companies in these preliminary results.

---

[1] *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 85 FR 13860 (March 10, 2020).

[2] *Id.*

[3] As described in the Preliminary Decision Memorandum, we have treated Canfor Corporation, Canadian Forest Products Ltd., and Canfor Wood Products Marketing Ltd. (collectively, Canfor) as a single entity. *See* Memorandum, ''Decision Memorandum for the Preliminary Results of Antidumping Duty Administrative Review: Certain Softwood Lumber Products from Canada; 2019,'' dated concurrently with, and hereby adopted by, this notice (Preliminary Decision Memorandum) at 5.

[4] As described in the Preliminary Decision Memorandum, we have treated West Fraser Mills Ltd., Blue Ridge Lumber Inc., Manning Forest Products Ltd., and Sundre Forest Products Inc. (collectively, West Fraser) as a single entity. *See* Preliminary Decision Memorandum at 5–6.

[5] *See* Memorandum, ''Tolling of Deadlines for Antidumping and Countervailing Duty Administrative Reviews in Response to Operational Adjustments Due to COVID–19,'' dated April 24, 2020; and Memorandum, ''Tolling of Deadlines for Antidumping and Countervailing Duty Administrative Reviews,'' dated July 21, 2020.

[6] *See* Memorandum ''Extension of Deadline for Preliminary Results of Second Antidumping Duty Administrative Review,'' dated January 8, 2021.

[7] *See* Preliminary Decision Memorandum at 3–5.

The rate calculated for the non-selected companies is a weighted-average percentage margin which is calculated based on the U.S. values of the two reviewed companies with an affirmative AD margin.[8] Accordingly, we have applied a rate of 12.05 percent to the non-selected companies.[9]

**Disclosure**

We intend to disclose the calculations performed for these preliminary results to the interested parties within five days after public announcement of the preliminary results in accordance with 19 CFR 351.224(b).

**Public Comment**

Pursuant to 19 CFR 351.309(c), interested parties may submit case briefs to the Assistant Secretary for Enforcement and Compliance not later than 30 days after the date of publication of this notice, unless Commerce alters the time limit. Rebuttal briefs, limited to issues raised in the case briefs, may be filed not later than seven days after the date for filing case briefs.[10] Parties who submit case briefs or rebuttal briefs in this administrative review are encouraged to submit with each argument: (1) A statement of the issue; (2) a brief summary of the argument; and (3) a table of authorities.[11] Commerce has modified certain of its requirements for service of documents containing business proprietary information, until further notice.[12]

Pursuant to 19 CFR 351.310(c), interested parties who wish to request a hearing, must submit a written request to the Assistant Secretary for Enforcement and Compliance, filed electronically via ACCESS. An electronically filed document must be received successfully in its entirety via ACCESS by 5:00 p.m. Eastern Time within 30 days after the date of publication of this notice.[13] Requests should contain: (1) The party's name, address, and telephone number; (2) the number of participants; and (3) a list of issues to be discussed. Issues raised in the hearing will be limited to those raised in the respective case briefs. Commerce intends to issue the final results of this administrative review, including the results of its analysis of the issues raised in any written briefs, not later than 120 days after the date of publication of these preliminary results in the **Federal Register**, pursuant to section 751(a)(3)(A) of the Act, unless extended.

**Assessment Rate**

Upon issuance of the final results, Commerce will determine, and U.S. Customs and Border Protection (CBP) shall assess, antidumping duties on all appropriate entries covered by this review.[14] If a respondent's weighted-average dumping margin is above *de minimis* in the final results of this review, we will calculate an importer-specific assessment rate based on the ratio of the total amount of dumping calculated for each importer's examined sales and the total entered value of the sales in accordance with 19 CFR 351.212(b)(1).[15] If a respondent's weighted-average dumping margin or an importer-specific assessment rate is zero or *de minimis* in the final results of review, we will instruct CBP to liquidate the appropriate entries without regard to antidumping duties in accordance with the *Final Modification for Reviews*.[16] The final results of this administrative review shall be the basis for the assessment of antidumping duties on entries of merchandise under review and for future deposits of estimated duties, where applicable. We intend to issue liquidation instructions to CBP no earlier than 35 days after date of publication of the final results of this review in the **Federal Register**.

**Cash Deposit Requirements**

The following cash deposit requirements for estimated antidumping duties will be effective upon publication of the notice of final results of this review for all shipments of softwood lumber from Canada entered, or withdrawn from warehouse, for consumption on or after the date of publication as provided by section 751(a)(2)(C) of the Act: (1) The cash deposit rate for companies subject to this review will be equal to the dumping margin established in the final results of the review; (2) for merchandise exported by companies not covered in this review but covered in a prior segment of this proceeding, the cash deposit rate will continue to be the company-specific rate published for the most recent period; (3) if the exporter is not a firm covered in this review, a prior review, or the less-than-fair-value (LTFV) investigation but the producer is, the cash deposit rate will be the rate established for the most recently completed segment for the producer of the merchandise; (4) the cash deposit rate for all other producers or exporters will continue to be the 6.04 percent, the all-others rate established in the LTFV investigation.[17] These cash deposit requirements, when imposed, shall remain in effect until further notice.

**Notification to Importers**

This notice serves as a preliminary reminder to importers of their responsibility under 19 CFR 351.402(f)(2) to file a certificate regarding the reimbursement of antidumping duties prior to liquidation of the relevant entries during this period of review. Failure to comply with this requirement could result in Commerce's presumption that reimbursement of antidumping duties occurred and the subsequent assessment of double antidumping duties.

**Notification to Interested Parties**

Commerce is issuing and publishing these results in accordance with sections 751(a)(1) and 777(i) of the Act, and 19 CFR 351.221(b)(4).

Dated: May 20, 2021.

**Ryan Majerus,**

*Deputy Assistant Secretary for Policy and Negotiations.*

## Appendix I

**List of Topics Discussed in the Preliminary Decision Memorandum**

I. Summary
II. Background
III. Scope of the Order
IV. Affiliation and Collapsing of Affiliates
V. Particular Market Situation Allegation
VI. Unexamined Respondents
VII. Discussion of the Methodology
VIII. Recommendation

## Appendix II

**Non-Selected Companies Under Review**

1. 0729670 B.C. Ltd. DBA Anderson Sales

---

[8] *See Ball Bearings and Parts Thereof from France, Germany, Italy, Japan, and the United Kingdom: Final Results of Antidumping Duty Administrative Reviews, Final Results of Changed-Circumstances Review, and Revocation of an Order in Part,* 75 FR 53661, 53663 (September 1, 2010).

[9] *See* Memorandum, "Calculation of the Rate for Non-Selected Respondents," dated concurrently with this notice. A list of the non-selected companies under review is included as Attachment II.

[10] *See* 19 CFR 351.309(d); and 19 CFR 351.303 (for general filing requirements).

[11] *See* 19 CFR 351.309(c)(2) and (d)(2).

[12] *See Temporary Rule Modifying AD/CVD Service Requirements Due to COVID–19,* 85 FR 17006 (March 26, 2020); and *Temporary Rule Modifying AD/CVD Service Requirements Due to COVID–19; Extension of Effective Period,* 85 FR 41363 (July 10, 2020).

[13] *See* 19 CFR 351.310(c).

[14] *See* 19 CFR 351.212(b).

[15] In these preliminary results, Commerce applied the assessment rate calculation method adopted in *Antidumping Proceedings: Calculation of the Weighted-Average Dumping Margin and Assessment Rate in Certain Antidumping Duty Proceedings; Final Modification,* 77 FR 8101 (February 14, 2012) (*Final Modification for Reviews*).

[16] *See Final Modification for Reviews,* 77 FR at 8103; and 19 CFR 351.106(c)(2).

[17] *See Certain Softwood Lumber Products from Canada: Antidumping Duty Order and Partial Amended Final Determination,* 83 FR 350 (January 3, 2018).

2. 1074712 BC Ltd.
3. 258258 B.C. Ltd., dba Pacific Coast Cedar Products
4. 5214875 Manitoba Ltd.
5. 752615 B.C Ltd
6. 9224–5737 Quebec Inc. (aka A.G. Bois)
7. A.B. Cedar Shingle Inc.
8. Absolute Lumber Products Ltd.
9. AJ Forest Products Ltd.
10. Alberta Spruce Industries Ltd.
11. Aler Forest Products Ltd.
12. Alpa Lumber Mills Inc.
13. American Pacific Wood Products
14. Anbrook Industries Ltd.
15. Andersen Pacific Forest Products Ltd.
16. Anglo American Cedar Products Ltd.; Anglo-American Cedar Products Ltd.
17. Antrim Cedar Corporation
18. Aquila Cedar Products Ltd.
19. Arbec Lumber Inc.
20. Aspen Planers Ltd.
21. B&L Forest Products Ltd.
22. B.B. Pallets Inc.
23. Babine Forest Products Limited
24. Bakerview Forest Products Inc.
25. Bardobec Inc.
26. Barrette-Chapais Ltee
27. BarretteWood Inc.
28. Benoît & Dionne Produits Forestiers Ltee (aka Benoît & Dionne Forest Products Ltd.)
29. Best Quality Cedar Products Ltd.
30. Blanchet Multi Concept Inc.
31. Blanchette & Blanchette Inc.
32. Bois Aisé de Montréal Inc.
33. Bois Bonsaï Inc.
34. Bois Daaquam Inc.
35. Bois D'oeuvre Cedrico Inc. (aka Cedrico Lumber Inc.)
36. Bois et Solutions Marketing SPEC, Inc.
37. Boisaco Inc.
38. Boscus Canada Inc.
39. Boucher Bros. Lumber Ltd.
40. BPWood Ltd.
41. Bramwood Forest Inc.
42. Brink Forest Products Ltd.
43. Brunswick Valley Lumber Inc.
44. Busque & Laflamme Inc.
45. C&C Wood Products Ltd.
46. Caledonia Forest Products Inc.
47. Campbell River Shake & Shingle Co. Ltd.
48. Canadian American Forest Products Ltd.
49. Canadian Wood Products Inc.
50. Canasia Forest Industries Ltd.
51. Canusa Cedar Inc.
52. Canyon Lumber Company Ltd.
53. Careau Bois Inc.
54. Carrier & Begin Inc.
55. Carrier Forest Products Ltd.
56. Carrier Lumber Ltd.
57. Carter Forest Products Inc.
58. Cedar Valley Holdings Ltd.
59. Cedarline Industries Ltd.
60. Central Alberta Pallet Supply
61. Central Cedar Ltd.
62. Central Forest Products Inc.
63. Centurion Lumber Ltd.
64. Chaleur Sawmills LP
65. Channel-ex Trading Corporation
66. Clair Industrial Development Corp. Ltd.
67. Clermond Hamel Ltée
68. CNH Products Inc.
69. Coast Clear Wood Ltd.
70. Coast Mountain Cedar Products Ltd.
71. Commonwealth Plywood Co. Ltd.
72. Comox Valley Shakes Ltd.

73. Conifex Fibre Marketing Inc.
74. Cowichan Lumber Ltd.
75. CS Manufacturing Inc. (dba Cedarshed)
76. CWP—Industriel Inc.
77. CWP—Montréal Inc.
78. D & D Pallets Ltd.
79. Dakeryn Industries Ltd.
80. Decker Lake Forest Products Ltd.
81. Delco Forest Products Ltd.
82. Delta Cedar Specialties Ltd.
83. Devon Lumber Co. Ltd.
84. DH Manufacturing Inc.
85. Direct Cedar Supplies Ltd.
86. Doubletree Forest Products Ltd.
87. Downie Timber Ltd.
88. Dunkley Lumber Ltd.
89. EACOM Timber Corporation
90. East Fraser Fiber Co. Ltd.
91. Edgewood Forest Products Inc.
92. ER Probyn Export Ltd.
93. Eric Goguen & Sons Ltd.
94. Falcon Lumber Ltd.
95. Fontaine Inc.
96. Foothills Forest Products Inc.
97. Fornebu Lumber Company Inc.
98. Fraser Specialty Products Ltd.
99. Fraserview Cedar Products
100. FraserWood Inc.
101. FraserWood Industries Ltd.
102. Furtado Forest Products Ltd.
103. G & R Cedar Ltd.
104. Galloway Lumber Company Ltd.
105. Glandell Enterprises Inc.
106. Goat Lake Forest Products Ltd.
107. Goldband Shake & Shingle Ltd.
108. Golden Ears Shingle Ltd.
109. Goldwood Industries Ltd.
110. Goodfellow Inc.
111. Gorman Bros. Lumber Ltd.
112. Groupe Crête Chertsey Inc.
113. Groupe Crête ivision St-Faustin Inc.
114. Groupe Lebel Inc.
115. Groupe Lignarex Inc.
116. H.J. Crabbe & Sons Ltd.
117. Haida Forest Products Ltd.
118. Harry Freeman & Son Ltd.
119. Hornepayne Lumber LP
120. Imperial Cedar Products Ltd.
121. Imperial Shake Co. Ltd.
122. Independent Building Materials Distribution Inc.
123. Interfor Corporation
124. Island Cedar Products Ltd.
125. Ivor Forest Products Ltd.
126. J&G Log Works Ltd.
127. J.D. Irving, Limited
128. J.H. Huscroft Ltd.
129. Jan Woodlands (2001) Inc.
130. Jasco Forest Products Ltd.
131. Jazz Forest Products Ltd.
132. Jhajj Lumber Corporation
133. Kalesnikoff Lumber Co. Ltd.
134. Kan Wood Ltd.
135. Kebois Ltée/Ltd
136. Keystone Timber Ltd.
137. Kootenay Innovative Wood Ltd.
138. Lafontaine Lumber Inc.
139. Langevin Forest Products Inc.
140. Lecours Lumber Co. Limited
141. Ledwidge Lumber Co. Ltd.
142. Leisure Lumber Ltd.
143. Les Bois d'oeuvre Beaudoin Gauthier Inc.
144. Les Bois Martek Lumber
145. Les Bois Traités M.G. Inc.
146. Les Chantiers de Chibougamau Ltee

147. Les Produits Forestiers D&G Ltee (aka D&G Forest Products Ltd.)
148. Leslie Forest Products Ltd.
149. Lignum Forest Products LLP
150. Linwood Homes Ltd.
151. Longlac Lumber Inc.
152. Lulumco Inc.
153. Magnum Forest Products Ltd.
154. Maibec Inc.
155. Manitou Forest Products Ltd.
156. Marcel Lauzon Inc.
157. Marwood Ltd.
158. Materiaux Blanchet Inc.
159. Matsqui Management and Consulting Services Ltd., dba Canadian Cedar Roofing Depot
160. Metrie Canada Ltd.
161. Mid Valley Lumber Specialties Ltd.
162. Midway Lumber Mills Ltd.
163. Mill & Timber Products Ltd.
164. Millar Western Forest Products Ltd.
165. Mobilier Rustique (Beauce) Inc.
166. MP Atlantic Wood Ltd.
167. Multicedre Ltee
168. Murray Brothers Lumber Company Ltd.
169. Nakina Lumber Inc.
170. National Forest Products Ltd.
171. New Future Lumber Ltd.
172. Nicholson and Cates Ltd.
173. Norsask Forest Products Limited Partnership
174. North American Forest Products Ltd. (located in Abbotsford, British Columbia)
175. North American Forest Products Ltd. (located in Saint-Quentin, New Brunswick)
176. North Enderby Timber Ltd.
177. Oikawa Enterprises Ltd.
178. Olympic Industries Inc.
179. Olympic Industries ULC
180. Oregon Canadian Forest Products
181. Pacific Coast Cedar Products Ltd.
182. Pacific Pallet Ltd.
183. Pacific Western Wood Works Ltd.
184. Parallel Wood Products Ltd.
185. Pat Power Forest Products Corporation
186. Phoenix Forest Products Inc.
187. Pine Ideas Ltd.
188. Pioneer Pallet & Lumber Ltd.
189. Porcupine Wood Products Ltd.
190. Portbec Forest Products Ltd.
191. Power Wood Corp.
192. Precision Cedar Products Corp.
193. Prendiville Industries Ltd. (aka Kenora Forest Products)
194. Produits Forestiers Petit Paris Inc.
195. Produits forestiers Temrex, s.e.c.
196. Produits Matra Inc.
197. Promobois G.D.S. Inc.
198. Rayonier A.M. Canada GP
199. Rembos Inc.
200. Rene Bernard Inc.
201. Resolute Growth Canada Inc./Forest Products Mauricie LP, Société en commandite Scierie Opitciwan/Resolute-LP Engineered Wood Larouche Inc./Resolute-LP Engineered Wood St-Prime Limited Partnership/Resolute FP Canada Inc.
202. Richard Lutes Cedar Inc.
203. Rielly Industrial Lumber Inc.
204. Roland Boulanger & Cie Ltee
205. S & K Cedar Products Ltd.
206. S&R Sawmills Ltd.
207. S&W Forest Products Ltd.
208. San Industries Ltd.

209. Sawarne Lumber Co. Ltd.
210. Scierie Alexandre Lemay & Fils Inc.
211. Scierie P.S.E. Inc.
212. Scierie St-Michel Inc.
213. Scierie West Brome Inc.
214. Scotsburn Lumber Co. Ltd.
215. Sechoirs de Beauce Inc.
216. Serpentine Cedar Ltd.
217. Serpentine Cedar Roofing Ltd.
218. Sexton Lumber Co. Ltd.
219. Sigurdson Forest Products Ltd.
220. Silvaris Corporation
221. Silver Creek Premium Products Ltd.
222. Sinclar Group Forest Products Ltd.
223. Skana Forest Products Ltd.
224. Skeena Sawmills Ltd.
225. Sound Spars Enterprise Ltd.
226. South Beach Trading Inc.
227. Specialiste du Bardeau de Cedre Inc.
228. Spruceland Millworks Inc.
229. Star Lumber Canada Ltd.
230. Sundher Timber Products Ltd.
231. Surrey Cedar Ltd.
232. T.G. Wood Products Ltd.
233. Taan Forest Limited Partnership (aka Taan Forest Products)
234. Taiga Building Products Ltd.
235. Tall Tree Lumber Company
236. Teal Cedar Products Ltd.
237. Tembec Inc.
238. Terminal Forest Products Ltd.
239. The Teal Jones Group
240. The Wood Source Inc.
241. Tolko Industries Ltd.; Tolko Marketing and Sales Ltd.; Gilbert Smith Forest Products Ltd.
242. Trans-Pacific Trading Ltd.
243. Triad Forest Products Ltd.
244. Twin Rivers Paper Co. Inc.
245. Tyee Timber Products Ltd.
246. Universal Lumber Sales Ltd.
247. Usine Sartigan Inc.
248. Vaagen Fibre Canada ULC
249. Valley Cedar 2 Inc.
250. Vancouver Island Shingle Ltd.
251. Vancouver Specialty Cedar Products Ltd.
252. Vanderhoof Specialty Wood Products Ltd.
253. Visscher Lumber Inc.
254. W.I. Woodtone Industries Inc.
255. Waldun Forest Product Sales Ltd.
256. Watkins Sawmills Ltd.
257. West Bay Forest Products Ltd.
258. West Fraser Timber Co. Ltd.
259. West Wind Hardwood Inc.
260. Western Forest Products Inc.
261. Western Lumber Sales Limited
262. Western Wood Preservers Ltd.
263. Weston Forest Products Inc.
264. Westrend Exteriors Inc.
265. Weyerhaeuser Co.
266. White River Forest Products L.P.
267. Winton Homes Ltd.
268. Woodline Forest Products Ltd.
269. Woodstock Forest Products
270. Woodtone Specialties Inc.
271. Yarrow Wood Ltd.

[FR Doc. 2021–11171 Filed 5–26–21; 8:45 am]

BILLING CODE 3510–DS–P

**DEPARTMENT OF COMMERCE**

**International Trade Administration**

**[A–583–856]**

## Certain Corrosion-Resistant Steel Products From Taiwan: Final Results of the Antidumping Duty Administrative Review and Final Determination of No Shipments; 2018–2019

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** The Department of Commerce (Commerce) determines that Yieh Phui Enterprise Co., Ltd. (YP) made sales of subject merchandise at less than normal value (NV) during the period of review (POR) July 1, 2018, through June 30, 2019. We also find that Prosperity Tieh Enterprise Co., Ltd. (Prosperity) did not sell subject merchandise at less than NV during the POR. Further, we determine that Synn Co., Ltd. (Synn) had no shipments of subject merchandise during the POR.

**DATES:** Applicable May 27, 2021.

**FOR FURTHER INFORMATION CONTACT:** Charles Doss or Kate Sliney, AD/CVD Operations, Office III, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce, 1401 Constitution Avenue NW, Washington, DC 20230; telephone: (202) 482–4474 or (202) 482- 2437, respectively.

**SUPPLEMENTARY INFORMATION:**

### Background

On November 23, 2020, Commerce published the *Preliminary Results* for this administrative review.[1] We invited interested parties to comment on the *Preliminary Results.* This review covers two mandatory respondents: Prosperity and YP.[2] We received case briefs from AK Steel Corporation, California Steel Industries, and Steel Dynamics, Inc. (collectively, the petitioners), and YP.[3] We received rebuttal briefs from YP and the petitioners.[4] On March 18, 2021, we extended the deadline for the final results of this review to May 21, 2021.[5] A complete summary of the events that occurred since publication of the *Preliminary Results* is found in the Issues and Decision Memorandum.[6] Commerce conducted this review in accordance with section 751 of the Tariff Act of 1930, as amended (the Act).

### Scope of the Order

The product covered by the order is flat-rolled steel products, either clad, plated, or coated with corrosion-resistant metals such as zinc, aluminum, or zinc-, aluminum-, nickel- or iron-based alloys, whether or not corrugated or painted, varnished, laminated, or coated with plastics or other non-metallic substances in addition to the metallic coating. The subject

[1] *See Certain Corrosion-Resistant Steel Products from Taiwan: Preliminary Results of Antidumping Duty Administrative Review and Preliminary Determination of No Shipments; 2018–2019,* 85 FR 74669 (November 23, 2020) (*Preliminary Results*), and accompanying Preliminary Decision Memorandum.

[2] In the less-than-fair-value (LTFV) investigation of the AD order, we collapsed Prosperity, YP, and Synn and treated them as a single entity. *See Certain Corrosion-Resistant Steel Products from Taiwan: Final Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part,* 81 FR 35313 (June 2, 2016) and accompanying Issues and Decision Memorandum (IDM) at Comment 3 (*Taiwan CORE LTFV Final*); unchanged in *Certain Corrosion-Resistant Steel Products from India, Italy, the People's Republic of China, the Republic of Korea and Taiwan: Amended Final Affirmative Antidumping Determination for India and Taiwan, and Antidumping Duty Orders,* 82 FR 48390 (July 25, 2016) (*Order*). The determination to collapse Prosperity, YP and Synn was challenged by respondent parties in the investigation and is subject to pending litigation. In the first antidumping duty administrative review, we determined to no longer collapse Prosperity with YP and Synn but we continued to collapse YP and Synn and treat them as a single entity. *See Certain Corrosion-Resistant Steel Products from Taiwan: Preliminary Results of Antidumping Duty Administrative Review and Partial Rescission of Antidumping Duty Administrative Review; 2016-2017,* 83 FR 39679 (August 10, 2018); unchanged in *Certain Corrosion-Resistant Steel Products from Taiwan: Final Results of Antidumping Duty Administrative Review; 2016–2017,* 83 FR 64527 (December 17, 2018), amended by *Certain Corrosion-Resistant Steel Products from Taiwan: Amended Final Results of Antidumping Duty Administrative Review; 2016–2017,* 84 FR 5991 (February 25, 2019). In the *Preliminary Results* of the instant review, we preliminarily found YP and Synn to no longer be collapsed, and made a preliminary finding of no shipments with respect to Synn. As discussed further below, we sustain our preliminary determination finding YP and Synn to be not collapsed and our preliminary determination of no shipments with respect to Synn. *See* "Affiliation and Collapsing" and "Final Determination of No Shipments" sections, below. Accordingly, though the instant review was initiated on YP and Synn as a single collapsed respondent, we have treated them as distinct entities for the purposes of these final results.

[3] *See* YP's Letter, "Case Brief," dated January 6, 2021; and Petitioners' Letter, "Petitioners' Case Brief," dated January 6, 2021.

[4] See YP's Letter, "Rebuttal Brief," dated January 13, 2021; and Petitioners' Letter, "Petitioners' Rebuttal Brief," dated January 13, 2021.

[5] *See* Memorandum, "Certain Corrosion-Resistant Steel Products from Taiwan: Extension of Time Limit for the Final Results of Antidumping Duty Administrative Review, 2018–2019," dated March 18, 2021.

[6] *See* Memorandum, "Issues and Decision Memorandum for the Final Results of the 2018–2019 Antidumping Duty Administrative Review: Certain Corrosion-Resistant Steel Products from Taiwan," dated concurrently with, and hereby adopted by, this notice (Issues and Decision Memorandum).

# Attachment 9

Federal Register / Vol. 86, No. 229 / Thursday, December 2, 2021 / Notices 68471

84. Direct Cedar Supplies Ltd.
85. Doubletree Forest Products Ltd.
86. Downie Timber Ltd.
87. Dunkley Lumber Ltd.
88. EACOM Timber Corporation
89. East Fraser Fiber Co. Ltd.
90. Edgewood Forest Products Inc.
91. ER Probyn Export Ltd.
92. Eric Goguen & Sons Ltd.
93. Falcon Lumber Ltd.
94. Fontaine Inc.
95. Foothills Forest Products Inc.
96. Fornebu Lumber Company Inc.
97. Fraser Specialty Products Ltd.
98. FraserWood Inc.
99. FraserWood Industries Ltd.
100. Furtado Forest Products Ltd.
101. G & R Cedar Ltd.
102. Galloway Lumber Company Ltd.
103. Gilbert Smith Forest Products Ltd.
104. Glandell Enterprises Inc.
105. Goat Lake Forest Products Ltd.
106. Goldband Shake & Shingle Ltd.
107. Golden Ears Shingle Ltd.
108. Goldwood Industries Ltd.
109. Goodfellow Inc.
110. Gorman Bros. Lumber Ltd.
111. Groupe Crete Chertsey Inc.
112. Groupe Crete Division St-Faustin Inc.
113. Groupe Lebel Inc.
114. Groupe Lignarex Inc.
115. H.J. Crabbe & Sons Ltd.
116. Haida Forest Products Ltd.
117. Harry Freeman & Son Ltd.
118. Hornepayne Lumber LP
119. Imperial Cedar Products, Ltd.
120. Imperial Shake Co. Ltd.
121. Independent Building Materials Dist.
122. Interfor Corporation
123. Island Cedar Products Ltd
124. Ivor Forest Products Ltd.
125. J&G Log Works Ltd.
126. J.H. Huscroft Ltd.
127. Jan Woodlands (2001) Inc.
128. Jasco Forest Products Ltd.
129. Jazz Forest Products Ltd.
130. Jhajj Lumber Corporation
131. Kalesnikoff Lumber Co. Ltd.
132. Kan Wood, Ltd.
133. Kebois Ltee/Ltd.
134. Keystone Timber Ltd.
135. Kootenay Innovative Wood Ltd.
136. L'Atelier de Readaptation au Travail de Beauce Inc.
137. Lafontaine Lumber Inc.
138. Langevin Forest Products Inc.
139. Lecours Lumber Co. Limited
140. Ledwidge Lumber Co. Ltd.
141. Leisure Lumber Ltd.
142. Les Bois d'oeuvre Beaudoin Gauthier inc.
143. Les Bois Martek Lumber
144. Les Bois Traites M.G. Inc.
145. Les Chantiers de Chibougamau Ltd.
146. Leslie Forest Products Ltd.
147. Lignum Forest Products LLP
148. Linwood Homes Ltd.
149. Longlac Lumber Inc.
150. Lulumco Inc.
151. Magnum Forest Products, Ltd.
152. Maibec inc.
153. Manitou Forest Products Ltd.
154. Marwood Ltd.
155. Materiaux Blanchet Inc.
156. Matsqui Management and Consulting Services Ltd., dba Canadian Cedar Roofing Depot
157. Metrie Canada Ltd.
158. Mid Valley Lumber Specialties, Ltd.
159. Midway Lumber Mills Ltd.
160. Mill & Timber Products Ltd.
161. Millar Western Forest Products Ltd.
162. Mobilier Rustique (Beauce) Inc.
163. MP Atlantic Wood Ltd.
164. Multicedre ltee
165. Murray Brothers Lumber Company Ltd
166. Nakina Lumber Inc.
167. National Forest Products Ltd.
168. New Future Lumber Ltd.
169. Nicholson and Cates Ltd
170. Norsask Forest Products Limited Partnership
171. North American Forest Products Ltd. (located in Abbotsford, British Columbia)
172. North Enderby Timber Ltd.
173. Oikawa Enterprises Ltd.
174. Olympic Industries, Inc./Olympic Industries Inc-Reman Code/Olympic Industries ULC/Olympic Industries ULC-Reman/Olympic Industries ULC-Reman Code
175. Oregon Canadian Forest Products
176. Pacific Coast Cedar Products, Ltd.
177. Pacific Pallet, Ltd.
178. Pacific Western Wood Works Ltd.
179. Parallel Wood Products Ltd.
180. Pat Power Forest Products Corporation
181. Phoenix Forest Products Inc.
182. Pine Ideas Ltd.
183. Pioneer Pallet & Lumber Ltd.
184. Porcupine Wood Products Ltd.
185. Power Wood Corp.
186. Precision Cedar Products Corp.
187. Prendiville Industries Ltd. (aka, Kenora Forest Products)
188. Produits Forestiers Petit Paris Inc.
189. Produits forestiers Temrex, s.e.c.
190. Produits Matra Inc. and Sechoirs de Beauce Inc.
191. Promobois G.D.S. inc.
192. Quadra Cedar
193. Rayonier A.M. Canada GP
194. Rembos Inc.
195. Rene Bernard Inc.
196. Richard Lutes Cedar Inc.
197. Rielly Industrial Lumber Inc.
198. S & K Cedar Products Ltd.
199. S&R Sawmills Ltd
200. S&W Forest Products Ltd.
201. San Industries Ltd.
202. Sawarne Lumber Co. Ltd.
203. Scierie P.S.E. Inc.
204. Scierie St-Michel inc.
205. Scierie West Brome Inc.
206. Scotsburn Lumber Co. Ltd.
207. Scott Lumber Sales
208. Serpentine Cedar Ltd.
209. Sexton Lumber Co. Ltd.
210. Sigurdson Forest Products Ltd.
211. Silvaris Corporation
212. Silver Creek Premium Products Ltd.
213. Sinclar Group Forest Products Ltd.
214. Skana Forest Products Ltd.
215. Skeena Sawmills Ltd
216. Sound Spars Enterprise Ltd.
217. South Beach Trading Inc.
218. Specialiste de Bardeau de Cedre Inc.
219. Spruceland Millworks Inc.
220. Star Lumber Canada Ltd.
221. Sundher Timber Products Ltd.
222. Surrey Cedar Ltd.
223. T.G. Wood Products, Ltd.
224. Taan Forest LP/Taan Forest Products
225. Taiga Building Products Ltd.
226. Tall Tree Lumber Company
227. Tembec Inc.
228. Temrex Produits Forestiers s.e.c.
229. Terminal Forest Products Ltd.
230. The Wood Source Inc.
231. Tolko Industries Ltd. and Tolko Marketing and Sales Ltd.
232. Trans-Pacific Trading Ltd.
233. Triad Forest Products Ltd.
234. Twin Rivers Paper Co. Inc.
235. Tyee Timber Products Ltd.
236. Universal Lumber Sales Ltd.
237. Usine Sartigan Inc.
238. Vaagen Fibre Canada, ULC
239. Valley Cedar 2 Inc./Valley Cedar 2 ULC
240. Vancouver Island Shingle, Ltd.
241. Vancouver Specialty Cedar Products Ltd.
242. Vanderhoof Specialty Wood Products Ltd.
243. Visscher Lumber Inc
244. W.I. Woodtone Industries Inc.
245. Waldun Forest Product Sales Ltd.
246. Watkins Sawmills Ltd.
247. West Bay Forest Products Ltd.
248. West Wind Hardwood Inc.
249. Western Forest Products Inc.
250. Western Lumber Sales Limited
251. Western Wood Preservers Ltd.
252. Weston Forest Products Inc.
253. Westrend Exteriors Inc.
254. Weyerhaeuser Co.
255. White River Forest Products L.P.
256. Winton Homes Ltd.
257. Woodline Forest Products Ltd.
258. Woodstock Forest Products/Woodstock Forest Products Inc.
259. Woodtone Specialties Inc.
260. Yarrow Wood Ltd.

[FR Doc. 2021–26152 Filed 12–1–21; 8:45 am]

BILLING CODE 3510–DS–P

---

**DEPARTMENT OF COMMERCE**

**International Trade Administration**

**[A–122–857]**

## Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty Administrative Review; 2019

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** The Department of Commerce (Commerce) determines that producers and/or exporters subject to this administrative review made sales of subject merchandise at less than normal value during the period of review (POR), January 1, 2019, through December 31, 2019.

**DATES:** Applicable December 2, 2021.

**FOR FURTHER INFORMATION CONTACT:** Jeff Pedersen (Canfor) or Maisha Cryor (West Fraser), AD/CVD Operations, Office IV, Enforcement and Compliance, International Trade Administration,

Department of Commerce, 1401 Constitution Avenue NW, Washington, DC 20230; telephone: (202) 482–2769 or (202) 482–5831, respectively.

**SUPPLEMENTARY INFORMATION:**

## Background

Commerce published the *Preliminary Results* on May 27, 2021.[1] This review covers 273 producers/exporters of subject merchandise, including two mandatory respondents, Canfor,[2] and West Fraser.[3] For events subsequent to the *Preliminary Results, see* Commerce's Issues and Decision Memorandum.[4] The final weighted-average dumping margins are listed below in the "Final Results of Review" section of this notice. Commerce conducted this administrative review in accordance with section 751(a) of the Tariff Act of 1930, as amended (the Act).

## Scope of the Order

The product covered by this review is softwood lumber from Canada. For a full description of the scope, *see* the Issues and Decision Memorandum.

## Analysis of Comments Received

All issues raised in the case briefs filed in this administrative review are addressed in the Issues and Decision Memorandum. A list of the topics discussed in the Issues and Decision Memorandum is appended to this notice. The Issues and Decision Memorandum is a public document and is available electronically via Enforcement and Compliance's Antidumping and Countervailing Duty Centralized Electronic Services System (ACCESS). ACCESS is available to registered users at *http://access.trade.gov*. In addition, a complete version of the Issues and Decision Memorandum is also accessible on the internet at *https://access.trade.gov/public/FRNoticesListLayout.aspx*.

## Changes Since the Preliminary Results

Based on our review of the record and comments received from interested parties regarding our *Preliminary Results,* Commerce has made the following changes to the *Preliminary Results:*

- For Canfor, we corrected a ministerial error where we should have relied on the consolidated customer code but relied on a non-consolidated customer code.
- For Canfor, we updated the market prices for electricity used to value related party transactions involving steam and electricity to be based both on electricity transactions in both Alberta and British Columbia, rather than only in Alberta.
- We reduced the total cost of manufacturing for Canfor by the closure costs of its Vavenby sawmill.
- In calculating Canfor's interest expense, we included the losses on certain derivative investments.
- For West Fraser, we corrected a ministerial error regarding the manner in which we assigned the intended byproduct offset amount to the total cost of manufacturing.
- For West Fraser, we corrected an error with how we calculated the byproduct offset.
- For West Fraser, we made an adjustment to its total cost of manufacturing to account for seed purchases from a joint venture company.
- For West Fraser, we are relying on the alternative grade group product code to ensure a more accurate comparison of comparison market and U.S. market sales.
- For West Fraser, we are determining West Fraser's margin using the mixed method comparison method based upon the percentage of sales that passed the Cohen's *d* test.

## Final Results of Review

As a result of this administrative review, we are assigning the following weighted-average dumping margins to the manufacturers/exporters listed below for the period of January 1, 2019, through December 31, 2019:

| Exporter/producer | Weighted-average margin (percent) |
|---|---|
| Canfor Corporation/Canadian Forest Products Ltd./Canfor Wood Products Marketing Ltd | 17.12 |
| West Fraser Mills Ltd., Blue Ridge Lumber Inc./Manning Forest Products Ltd./and Sundre Forest Products Inc .... | 6.06 |
| Non-Selected Companies ........... | 11.59 |

## Assessment Rates

Pursuant to section 751(a)(2)(A) the Act and 19 CFR 351.212(b)(1), Commerce shall determine, and U.S. Customs and Border Protection (CBP) shall assess, antidumping duties on all appropriate entries of subject merchandise in accordance with the final results of this review.

We intend to calculate importer- (or customer-) specific assessment rates on the basis of the ratio of the total amount of antidumping duties calculated for each importer (or customer's) examined sales and the total entered value of the sales in accordance with 19 CFR 351.212(b)(1). Where an importer- (or customer-) specific rate is zero or *de minimis* within the meaning of 19 CFR 351.106(c)(1), we will instruct CBP to liquidate the appropriate entries without regard to antidumping duties.

Generally, when calculating margins for non-selected respondents, Commerce looks to section 735(c)(5) of the Act for guidance, which provides instructions for calculating the all-others margin in an investigation. Section 735(c)(5)(A) of the Act provides that when calculating the all-others margin, Commerce will exclude any zero and *de minimis* weighted-average dumping margins, as well as any weighted-average dumping margins based on total facts available. Accordingly, Commerce's usual practice has been to average the margins for selected respondents, excluding margins that are zero, *de minimis,* or based entirely on facts available.

In this review, we calculated a weighted-average dumping margin of 17.12 percent for Canfor and 6.06 percent for West Fraser. In accordance with section 735(c)(5)(A) of the Act, Commerce assigned the weighted-average of these two calculated weighted-average dumping margins, 11.59 percent, to the non-selected companies in these final results. The rate calculated for the non-selected companies is calculated based on the simple average of the margins of the two individually examined companies.[5] Accordingly, we have applied a rate of 11.59 percent to the non-selected companies.[6] A list of all non-selected companies is included in Attachment II.

Commerce's "reseller policy" will apply to entries of subject merchandise during the POR produced by companies included in these final results of review for which the reviewed companies did

[1] *See Certain Softwood Lumber Products from Canada: Preliminary Results of Antidumping Duty Administrative Review,* 86 FR 28551 (May 27, 2021) (*Preliminary Results*), and accompanying Preliminary Decision Memorandum (PDM).

[2] As described in the *Preliminary Results* PDM, we have treated CanforCorporation, Canadian Forest Products Ltd., and Canfor Wood Products Marketing Ltd. (collectively, Canfor) as a single entity. *See Preliminary Results* PDM.

[3] As described in the *Preliminary Results* PDM, we have treated West Fraser Mills Ltd., Blue Ridge Lumber Inc., Manning Forest Products Ltd., and Sundre Forest Products Inc. (collectively, West Fraser) as a single entity. *See Preliminary Results* PDM at 6–7.

[4] *See* Memorandum, "Issues and Decision Memorandum for the Final Results of Certain Softwood Lumber Products from Canada" (Issues and Decision Memorandum), dated concurrently with, and hereby adopted by, this notice.

[5] For more information regarding the calculation of this margin, *see* Memorandum, "Calculation of the Rate for Non-Examined Companies," dated concurrently with this notice.

[6] *Id.*

not know that the merchandise they sold to the intermediary (*e.g.*, a reseller, trading company, or exporter) was destined for the United States. In such instances, we will instruct CBP to liquidate unreviewed entries at the all-others rate if there is no rate for the intermediate company(ies) involved in the transaction.[7]

The final results of this administrative review shall be the basis for the assessment of antidumping duties on entries of merchandise under review and for future cash deposits of estimated duties, where applicable. Commerce intends to issue assessment instructions to CBP no earlier than 41 days after the date of publication of the final results of this review in the **Federal Register**. If a timely summons is filed at the U.S. Court of International Trade, the assessment instructions will direct CBP not to liquidate relevant entries until the time for parties to file a request for a statutory injunction has expired (*i.e.*, within 90 days of publication).

### Cash Deposit Requirements

The following cash deposit requirements will be effective for all shipments of subject merchandise entered, or withdrawn from warehouse, for consumption on or after the publication date of these final results, as provided by section 751(a)(2)(C) of the Act: (1) The cash deposit rate for the companies under review will be equal to the weighted-average dumping margin listed above in the "Final Results of Review" section; (2) for merchandise exported by producers or exporters not covered in this review but covered in a previously completed segment of this proceeding, the cash deposit rate will continue to be the company-specific rate published in the final results for the most recent period in which that producer or exporter participated; (3) if the exporter is not a firm covered in this review or in any previous segment of this proceeding, but the producer is, then the cash deposit rate will be that established for the producer of the merchandise in these final results of review or in the final results for the most recent period in which that producer participated; and (4) if neither the exporter nor the producer is a firm covered in this review or in any previously completed segment of this proceeding, then the cash deposit rate will be 6.58 percent *ad valorem*, the all-others rate established in the less than fair value investigation.[8] These cash deposit requirements, when imposed, shall remain in effect until further notice.

### Notification to Importers

This notice serves as a final reminder to importers of their responsibility under 19 CFR 351.402(f)(2) to file a certificate regarding the reimbursement of antidumping duties prior to liquidation of the relevant entries during this POR. Failure to comply with this requirement could result in Commerce's presumption that reimbursement of antidumping duties occurred and the subsequent assessment of doubled antidumping duties.

### Notification Regarding Administrative Protective Order

This notice is the only reminder to parties subject to the administrative protective order (APO) of their responsibility concerning the return or destruction of proprietary information disclosed under the APO in accordance with 19 CFR 351.305(a)(3), which continues to govern business proprietary information in this segment of the proceeding. Timely written notification of the return or destruction of APO materials, or conversion to judicial protective order, is hereby requested. Failure to comply with the regulations and the terms of an APO is a violation subject to sanction.

### Notification to Interested Parties

We are issuing and publishing these final results and this notice in accordance with sections 751(a)(1) and 777(i)(1) of the Act and 19 CFR 351.213(h).

Dated: November 23, 2021.

**Ryan Majerus,**

*Deputy Assistant Secretary for Policy & Negotiations, performing the non-exclusive functions and duties of the Assistant Secretary for Enforcement and Compliance.*

## Appendix I

### List of Topics Discussed in the Issues and Decision Memorandum

I. Summary
II. Background
III. Scope of the Order
IV. Discussion of the Issues
  Comment 1. Particular Market Situation Allegation
  Comment 2. Whether it was Proper to Accept Proprietary Grades
  Comment 3. Whether it was Proper not to Select Resolute as a Respondent
  Comment 4. Whether it was Proper not to Select Respondents based on Sampling
  Comment 5. Whether it was Proper not to have Adjusted U.S. Price by Countervailing Duties
  Comment 6. Zeroing
  Comment 7. Differential Pricing
  Comment 8. The Cohen's *d* and Ratio Test
  Comment 9. Whether Commerce's Simple Average of Variances is Appropriate
  Comment 10. Whether to Update J.D. Irving's Cash Deposit Rate
  Comment 11. Whether Commerce Used the Proper Market Price for Canfor's Wood Chip Sales
  Comment 12. Whether It Is Proper to Value Steam Based on the Market Price for Electricity, and Whether the Market Price of Electricity Should be Based Solely on Electricity Prices in Alberta
  Comment 13. Whether Canfor's Prince George Sawmill's Purchases of Electricity Should be Adjusted
  Comment 14. Whether Canfor's Restructuring Costs Should be Excluded from Mill Costs
  Comment 15. Whether Commerce Should Adjust Canfor's Reported Net Interest Expense
  Comment 16. Whether Commerce Committed a Ministerial Error in the Calculation of Canfor's Margin
  Comment 17. Whether Commerce Should Include the Total Amount of Restructuring and Impairment Charges in West Fraser's General and Administrative Expense Ratio
  Comment 18. Whether Commerce Made Certain Ministerial Errors With Respect to West Fraser's Byproduct Offset
  Comment 19. Whether Commerce Made Certain Methodological Errors With Respect to West Fraser's Byproduct Offset
  Comment 20. Whether Commerce Should Make an Adjustment to West Fraser's Seed Purchases
  Comment 21. Whether Commerce Should Use West Fraser's Alternative Grade Group Information
V. Recommendation

## Appendix II

### Non-Selected Exporters/Producers

1. 0729670 B.C. Ltd. DBA Anderson Sales
2. 1074712 BC Ltd.
3. 258258 B.C. Ltd., dba Pacific Coast Cedar Products
4. 5214875 Manitoba Ltd.
5. 752615 B.C Ltd
6. 9224–5737 Quebec Inc. (aka A.G. Bois)
7. A.B. Cedar Shingle Inc.
8. Absolute Lumber Products Ltd.
9. AJ Forest Products Ltd.
10. Alberta Spruce Industries Ltd.
11. Aler Forest Products Ltd.
12. Alpa Lumber Mills Inc.
13. American Pacific Wood Products
14. Anbrook Industries Ltd.
15. Andersen Pacific Forest Products Ltd.
16. Anglo American Cedar Products Ltd.; Anglo-American Cedar Products Ltd.
17. Antrim Cedar Corporation
18. Aquila Cedar Products Ltd.
19. Arbec Lumber Inc.
20. Aspen Planers Ltd.

[7] For a full discussion of this practice, *see Antidumping and Countervailing Duty Proceedings: Assessment of Antidumping Duties*, 68 FR 23954 (May 6, 2003).

[8] *See Certain Softwood Lumber Products from Canada: Final Affirmative Determination of Sales at Less Than Fair Value and Affirmative Final Determination of Critical Circumstances*, 82 FR 51806 (November 8, 2017).

21. B&L Forest Products Ltd.
22. B.B. Pallets Inc.
23. Babine Forest Products Limited
24. Bakerview Forest Products Inc.
25. Bardobec Inc.
26. Barrette-Chapais Ltee
27. BarretteWood Inc.
28. Benoît & Dionne Produits Forestiers Ltee (aka Benoît & Dionne Forest Products Ltd.)
29. Best Quality Cedar Products Ltd.
30. Blanchet Multi Concept Inc.
31. Blanchette & Blanchette Inc.
32. Bois Aisé de Montréal Inc.
33. Bois Bonsaï Inc.
34. Bois Daaquam Inc.
35. Bois D'oeuvre Cedrico Inc. (aka Cedrico Lumber Inc.)
36. Bois et Solutions Marketing SPEC, Inc.
37. Boisaco Inc.
38. Boscus Canada Inc.
39. Boucher Bros. Lumber Ltd.
40. BPWood Ltd.
41. Bramwood Forest Inc.
42. Brink Forest Products Ltd.
43. Brunswick Valley Lumber Inc.
44. Busque & Laflamme Inc.
45. C&C Wood Products Ltd.
46. Caledonia Forest Products Inc.
47. Campbell River Shake & Shingle Co. Ltd.
48. Canadian American Forest Products Ltd.
49. Canadian Wood Products Inc.
50. Canasia Forest Industries Ltd.
51. Canusa Cedar Inc.
52. Canyon Lumber Company Ltd.
53. Careau Bois Inc.
54. Carrier & Begin Inc.
55. Carrier Forest Products Ltd.
56. Carrier Lumber Ltd.
57. Carter Forest Products Inc.
58. Cedar Valley Holdings Ltd.
59. Cedarline Industries Ltd.
60. Central Alberta Pallet Supply
61. Central Cedar Ltd.
62. Central Forest Products Inc.
63. Centurion Lumber Ltd.
64. Chaleur Sawmills LP
65. Channel-ex Trading Corporation
66. Clair Industrial Development Corp. Ltd.
67. Clermond Hamel Ltée
68. CNH Products Inc.
69. Coast Clear Wood Ltd.
70. Coast Mountain Cedar Products Ltd.
71. Commonwealth Plywood Co. Ltd.
72. Comox Valley Shakes Ltd.
73. Conifex Fibre Marketing Inc.
74. Cowichan Lumber Ltd.
75. CS Manufacturing Inc. (dba Cedarshed)
76. CWP—Industriel Inc.
77. CWP—Montréal Inc.
78. D & D Pallets Ltd.
79. Dakeryn Industries Ltd.
80. Decker Lake Forest Products Ltd.
81. Delco Forest Products Ltd.
82. Delta Cedar Specialties Ltd.
83. Devon Lumber Co. Ltd.
84. DH Manufacturing Inc.
85. Direct Cedar Supplies Ltd.
86. Doubletree Forest Products Ltd.
87. Downie Timber Ltd.
88. Dunkley Lumber Ltd.
89. EACOM Timber Corporation
90. East Fraser Fiber Co. Ltd.
91. Edgewood Forest Products Inc.
92. ER Probyn Export Ltd.
93. Eric Goguen & Sons Ltd.
94. Falcon Lumber Ltd.
95. Fontaine Inc.
96. Foothills Forest Products Inc.
97. Fornebu Lumber Company Inc.
98. Fraser Specialty Products Ltd.
99. Fraserview Cedar Products
100. FraserWood Inc.
101. FraserWood Industries Ltd.
102. Furtado Forest Products Ltd.
103. G & R Cedar Ltd.
104. Galloway Lumber Company Ltd.
105. Glandell Enterprises Inc.
106. Goat Lake Forest Products Ltd.
107. Goldband Shake & Shingle Ltd.
108. Golden Ears Shingle Ltd.
109. Goldwood Industries Ltd.
110. Goodfellow Inc.
111. Gorman Bros. Lumber Ltd.
112. Groupe Crête Chertsey Inc.
113. Groupe Crête ivision St-Faustin Inc.
114. Groupe Lebel Inc.
115. Groupe Lignarex Inc.
116. H.J. Crabbe & Sons Ltd.
117. Haida Forest Products Ltd.
118. Harry Freeman & Son Ltd.
119. Hornepayne Lumber LP
120. Imperial Cedar Products Ltd.
121. Imperial Shake Co. Ltd.
122. Independent Building Materials Distribution Inc.
123. Interfor Corporation
124. Island Cedar Products Ltd.
125. Ivor Forest Products Ltd.
126. J&G Log Works Ltd.
127. J.D. Irving, Limited
128. J.H. Huscroft Ltd.
129. Jan Woodlands (2001) Inc.
130. Jasco Forest Products Ltd.
131. Jazz Forest Products Ltd.
132. Jhajj Lumber Corporation
133. Kalesnikoff Lumber Co. Ltd.
134. Kan Wood Ltd.
135. Kebois Ltée/Ltd
136. Keystone Timber Ltd.
137. Kootenay Innovative Wood Ltd.
138. Lafontaine Lumber Inc.
139. Langevin Forest Products Inc.
140. Lecours Lumber Co. Limited
141. Ledwidge Lumber Co. Ltd.
142. Leisure Lumber Ltd.
143. Les Bois d'oeuvre Beaudoin Gauthier Inc.
144. Les Bois Martek Lumber
145. Les Bois Traités M.G. Inc.
146. Les Chantiers de Chibougamau Ltee
147. Les Produits Forestiers D&G Ltee (aka D&G Forest Products Ltd.)
148. Leslie Forest Products Ltd.
149. Lignum Forest Products LLP
150. Linwood Homes Ltd.
151. Longlac Lumber Inc.
152. Lulumco Inc.
153. Magnum Forest Products Ltd.
154. Maibec Inc.
155. Manitou Forest Products Ltd.
156. Marcel Lauzon Inc.
157. Marwood Ltd.
158. Materiaux Blanchet Inc.
159. Matsqui Management and Consulting Services Ltd., dba Canadian Cedar Roofing Depot
160. Metrie Canada Ltd.
161. Mid Valley Lumber Specialties Ltd.
162. Midway Lumber Mills Ltd.
163. Mill & Timber Products Ltd.
164. Millar Western Forest Products Ltd.
165. Mobilier Rustique (Beauce) Inc.
166. MP Atlantic Wood Ltd.
167. Multicedre Ltee
168. Murray Brothers Lumber Company Ltd.
169. Nakina Lumber Inc.
170. National Forest Products Ltd.
171. New Future Lumber Ltd.
172. Nicholson and Cates Ltd.
173. NorsaskForestProducts Limited Partnership
174. North American Forest Products Ltd. (located in Abbotsford, British Columbia)
175. North American Forest Products Ltd. (located in Saint-Quentin, New Brunswick)
176. North Enderby Timber Ltd.
177. Oikawa Enterprises Ltd.
178. Olympic Industries Inc.
179. Olympic Industries ULC
180. Oregon Canadian Forest Products
181. Pacific Coast Cedar Products Ltd.
182. Pacific Pallet Ltd.
183. Pacific Western Wood Works Ltd.
184. Parallel Wood Products Ltd.
185. Pat Power Forest Products Corporation
186. Phoenix Forest Products Inc.
187. Pine Ideas Ltd.
188. Pioneer Pallet & Lumber Ltd.
189. Porcupine Wood Products Ltd.
190. Portbec Forest Products Ltd.
191. Power Wood Corp.
192. Precision Cedar Products Corp.
193. Prendiville Industries Ltd. (aka Kenora Forest Products)
194. Produits Forestiers Petit Paris Inc.
195. Produits forestiers Temrex, s.e.c.
196. Produits Matra Inc.
197. Promobois G.D.S. Inc.
198. Rayonier A.M. Canada GP
199. Rembos Inc.
200. Rene Bernard Inc.
201. Resolute Growth Canada Inc./Forest Products Mauricie LP, Société en commandite Scierie Opitciwan/Resolute-LP Engineered Wood Larouche Inc./ Resolute-LP Engineered Wood St-Prime Limited Partnership/Resolute FP Canada Inc.
202. Richard Lutes Cedar Inc.
203. Rielly Industrial Lumber Inc.
204. Roland Boulanger & Cie Ltee
205. S & K Cedar Products Ltd.
206. S&R Sawmills Ltd.
207. S&W Forest Products Ltd.
208. San Industries Ltd.
209. Sawarne Lumber Co. Ltd.
210. Scierie Alexandre Lemay & Fils Inc.
211. Scierie P.S.E. Inc.
212. Scierie St-Michel Inc.
213. Scierie West Brome Inc.
214. Scotsburn Lumber Co. Ltd.
215. Sechoirs de Beauce Inc.
216. Serpentine Cedar Ltd.
217. Serpentine Cedar Roofing Ltd.
218. Sexton Lumber Co. Ltd.
219. Sigurdson Forest Products Ltd.
220. Silvaris Corporation
221. Silver Creek Premium Products Ltd.
222. Sinclar Group Forest Products Ltd.
223. Skana Forest Products Ltd.
224. Skeena Sawmills Ltd.
225. Sound Spars Enterprise Ltd.
226. South Beach Trading Inc.
227. Specialiste du Bardeau de Cedre Inc.
228. Spruceland Millworks Inc.
229. Star Lumber Canada Ltd.

230. Sundher Timber Products Ltd.
231. Surrey Cedar Ltd.
232. T.G. Wood Products Ltd.
233. Taan Forest Limited Partnership (aka Taan Forest Products)
234. Taiga Building Products Ltd.
235. Tall Tree Lumber Company
236. Teal Cedar Products Ltd.
237. Tembec Inc.
238. Terminal Forest Products Ltd.
239. The Teal Jones Group
240. The Wood Source Inc.
241. Tolko Industries Ltd.; Tolko Marketing and Sales Ltd.; Gilbert Smith Forest Products Ltd.
242. Trans-Pacific Trading Ltd.
243. Triad Forest Products Ltd.
244. Twin Rivers Paper Co. Inc.
245. Tyee Timber Products Ltd.
246. Universal Lumber Sales Ltd.
247. Usine Sartigan Inc.
248. Vaagen Fibre Canada ULC
249. Valley Cedar 2 Inc.
250. Vancouver Island Shingle Ltd.
251. Vancouver Specialty Cedar Products Ltd.
252. Vanderhoof Specialty Wood Products Ltd.
253. Visscher Lumber Inc.
254. W.I. Woodtone Industries Inc.
255. Waldun Forest Product Sales Ltd.
256. Watkins Sawmills Ltd.
257. West Bay Forest Products Ltd.
258. West Fraser Timber Co. Ltd.
259. West Wind Hardwood Inc.
260. Western Forest Products Inc.
261. Western Lumber Sales Limited
262. Western Wood Preservers Ltd.
263. Weston Forest Products Inc.
264. Westrend Exteriors Inc.
265. Weyerhaeuser Co.
266. White River Forest Products L.P.
267. Winton Homes Ltd.
268. Woodline Forest Products Ltd.
269. Woodstock Forest Products
270. Woodtone Specialties Inc.
271. Yarrow Wood Ltd.

[FR Doc. 2021–26149 Filed 12–1–21; 8:45 am]
BILLING CODE 3510–DS–P

## DEPARTMENT OF COMMERCE

## International Trade Administration

**[A–570–970]**

## Multilayered Wood Flooring From the People's Republic of China: Notice of Initiation of Changed Circumstances Review

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** Based on a request from Zhejiang Yuhua Timber Co. Ltd. (Yuhua), A-Timber Flooring Company Limited (A-Timber) and Mullican Flooring Co. (Mullican) (collectively, Yuhua *et al.*), the Department of Commerce (Commerce) is initiating a changed circumstances review (CCR) of the antidumping duty (AD) order on multilayered wood flooring (MLWF), from the People's Republic of China (China).

**DATES:** Applicable December 2, 2021.

**FOR FURTHER INFORMATION CONTACT:** Alexis Cherry, AD/CVD Operations, Office VIII, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce, 1401 Constitution Avenue NW, Washington, DC 20230; telephone: (202) 482–0607.

**SUPPLEMENTARY INFORMATION:**

### Background

On December 8, 2011, Commerce published the AD order on MLWF from China.[1] Under the *Order,* merchandise produced and exported by Yuhua has been excluded and is not subject to antidumping duty cash deposits. On September 1, 2021, Yuhua, A-Timber, and Mullican, respectively a producer, exporter, and importer of the subject merchandise, requested that Commerce initiate an expedited CCR, pursuant to section 751(b)(1) of the Tariff Act of 1930, as amended (the Act), 19 CFR 351.216, and 19 CFR 251.221(c)(3). Specifically, Yuhua *et al.* request that Commerce clarify that MLWF produced by Yuhua and sold through A-Timber be considered as merchandise which is "produced and exported" by Yuhua, and thus, excluded from the *Order.* Yuhua *et al.* asserts that this clarification is necessary because U.S. Customs and Border Protection has only as of late 2020 begun requiring the posting of cash deposits and the classification of such merchandise as "Type 3" entries subject to antidumping duties under the *Order.* On October 14, 2021, the American Manufacturers of Multilayered Wood Flooring (the petitioner) filed a letter in support of Yuhua *et al.*'s CCR request.[2] On October 15, 2021, Commerce extended the deadline to initiate this CCR.[3]

### Scope of the Order

Multilayered wood flooring is composed of an assembly of two or more layers or plies of wood veneer(s)[4] in combination with a core.[5] The several layers, along with the core, are glued or otherwise bonded together to form a final assembled product. Multilayered wood flooring is often referred to by other terms, *e.g.,* "engineered wood flooring" or "plywood flooring." Regardless of the particular terminology, all products that meet the description set forth herein are intended for inclusion within the definition of subject merchandise. All multilayered wood flooring is included within the definition of subject merchandise, without regard to: Dimension (overall thickness, thickness of face ply, thickness of back ply, thickness of core, and thickness of inner plies; width; and length); wood species used for the face, back and inner veneers; core composition; and face grade. Multilayered wood flooring included within the definition of subject merchandise may be unfinished (*i.e.,* without a finally finished surface to protect the face veneer from wear and tear) or "prefinished" (*i.e.,* a coating applied to the face veneer, including, but not exclusively, oil or oil-modified or water-based polyurethanes, ultraviolet light cured polyurethanes, wax, epoxy-ester finishes, moisture-cured urethanes and acid curing formaldehyde finishes). The veneers may be also soaked in an acrylic-impregnated finish. All multilayered wood flooring is included within the definition of subject merchandise regardless of whether the face (or back) of the product is smooth, wire brushed, distressed by any method or multiple methods, or hand-scraped. In addition, all multilayered wood flooring is included within the definition of subject merchandise regardless of whether or not it is manufactured with any interlocking or connecting mechanism (for example, tongue-and-groove construction or locking joints). All multilayered wood flooring is included within the definition of the subject merchandise regardless of whether the product meets a particular industry or similar standard.

The core of multilayered wood flooring may be composed of a range of materials, including but not limited to hardwood or softwood veneer, particleboard, medium-density fiberboard, high density fiberboard (HDF), stone and/or plastic composite, or strips of lumber placed edge-to-edge.

---

[1] *See Multilayered Wood Flooring from the People's Republic of China: Notice of Amended Final Affirmative Determination of Sales at Less than Fair Value and Antidumping Duty Order,* 76 FR 76690 (December 8, 2011), as amended in *Multilayered Wood Flooring from the People's Republic of China,* 77 FR 5484 (February 3, 2012) (collectively, the *Order*).

[2] *See* Petitioner's Letter, "Multilayered Wood Flooring from the People's Republic of China: Letter in Support of Request for Changed Circumstances Review," dated October 14, 2021.

[3] *See* Commerce's Letter, "Request for a Changed Circumstance Review Antidumping Duty Order on Multilayered Wood Flooring from the People's Republic of China: Extension of Initiation Deadline," dated October 15, 2021.

[4] A "veneer" is a thin slice of wood, rotary cut, sliced or sawed from a log, bolt or flitch. Veneer is referred to as a ply when assembled.

[5] Commerce Interpretive Note: Commerce interprets this language to refer to wood flooring products with a minimum of three layers.

# Attachment 10

Barcode:4185205-02 A-122-857 REV - Admin Review 1/1/19 - 12/31/19

UNITED STATES DEPARTMENT OF COMMERCE
International Trade Administration
Washington, D.C. 20230

A-122-857
Administrative Review
POR: 1/1/2019 – 12/31/2019
**Public Document**
E&C/IV: Team

November 23, 2021

**MEMORANDUM TO:** Ryan Majerus
Deputy Assistant Secretary
for Policy & Negotiations,
performing the non-exclusive functions and duties of the
Assistant Secretary for Enforcement and Compliance

**FROM:** James Maeder
Deputy Assistant Secretary
for Antidumping and Countervailing Duty Operations

**SUBJECT:** Issues and Decision Memorandum for the Final Results of the 2019 Antidumping Duty Administrative Review Certain Softwood Lumber Products from Canada

---

## I. SUMMARY

On May 27, 2021, the Department of Commerce (Commerce) published its preliminary results in the 2019 administrative review of the antidumping duty (AD) order of certain softwood lumber products (softwood lumber) from Canada.[1] The period of review (POR) is January 1, 2019, through December 31, 2019. This administrative review covers two mandatory respondents: Canfor[2] and West Fraser,[3] and 271 non-selected producers/exporters that we did not individually examine. Based on our analysis of the comments received, we made certain changes to our margin calculations for Canfor and West Fraser and the non-selected producers/exporters. We recommend that you approve the positions described in the "Discussion of the Issues" section of this memorandum. Below is the complete list of the issues for which we received comments:

Comment 1. Particular Market Situation Allegation
Comment 2. Whether it was Proper to Accept Proprietary Grades
Comment 3. Whether it was Proper not to Select Resolute as a Respondent
Comment 4. Whether it was Proper not to Select Respondents based on Sampling

---

[1] *See Certain Softwood Lumber Products from Canada: Preliminary Results of Antidumping Duty Administrative Review*, 86 FR 28551 (May 27, 2021) (*Preliminary Results*), and accompanying Preliminary Decision Memorandum (PDM).
[2] As described in the *Preliminary Results* PDM at 5, we have treated Canfor Corporation, Canadian Forest Products Ltd., and Canfor Wood Products Marketing Ltd. (collectively, Canfor) as a single entity.
[3] As described in the *Preliminary Results* PDM at 6-7, we have treated West Fraser Mills Ltd., Blue Ridge Lumber Inc., Manning Forest Products Ltd., and Sundre Forest Products Inc. (collectively, West Fraser) as a single entity.

Filed By: Jeffrey Pedersen, Filed Date: 11/24/21 12:32 PM, Submission Status: Approved



Comment 5. Whether it was Proper not to have Adjusted U.S. Price by Countervailing Duties
Comment 6. Zeroing
Comment 7. Differential Pricing
Comment 8. The Cohen's *d* and Ratio Test
Comment 9. Whether Commerce's Simple Average of Variances is Appropriate
Comment 10. Whether to Update J.D. Irving's Cash Deposit Rate
Comment 11. Whether Commerce Used the Proper Market Price for Canfor's Wood Chip Sales
Comment 12. Whether It Is Proper to Value Steam Based on the Market Price for Electricity, and Whether the Market Price of Electricity Should be Based Solely on Electricity Prices in Alberta
Comment 13. Whether Canfor's Prince George Sawmill's Purchases of Electricity Should be Adjusted
Comment 14. Whether Canfor's Restructuring Costs Should be Excluded from Mill Costs
Comment 15. Whether Commerce Should Adjust Canfor's Reported Net Interest Expense
Comment 16. Whether Commerce Committed a Ministerial Error in the Calculation of Canfor's Margin
Comment 17. Whether Commerce Should Include the Total Amount of Restructuring and Impairment Charges in West Fraser's General and Administrative Expense Ratio
Comment 18. Whether Commerce Made Certain Ministerial Errors With Respect to West Fraser's Byproduct Offset
Comment 19. Whether Commerce Made Certain Methodological Errors With Respect to West Fraser's Byproduct Offset
Comment 20. Whether Commerce Should Make an Adjustment to West Fraser's Seed Purchases
Comment 21. Whether Commerce Should Use West Fraser's Alternative Grade Group Information

## II. BACKGROUND

As noted above, on May 27, 2021, Commerce published its *Preliminary Results*.[4] On September 8, 2021, Commerce extended the deadline of these final results until November 23, 2021.[5]

---

[4] *See Preliminary Results*.
[5] *See* Memorandum, "Extension of Deadline for Final Results of Antidumping Duty Administrative Review – 2019," dated September 8, 2021.

ensure consistency, we will continue to use simple averaging in our application of the Cohen's *d* test for the final results.

**Comment 10. Whether to Update J.D. Irving's Cash Deposit Rate**

*J.D. Irving*

- In the *Preliminary Results*, Commerce assigned J.D. Irving a weighted average of the mandatory respondents' dumping margins as the non-selected companies' AD cash deposit rate.[168] However, Commerce published the notice of initiation for the 2020 administrative review of the AD order on softwood lumber from Canada on March 4, 2021, and a review was not included for J.D. Irving.[169] Thus, J.D. Irving's 2020 entries will be liquidated at the cash deposit rate in effect at the time of entry.[170]
- Section 351.212(c)(1) of Commerce's regulations directs that, if a review is not requested for a particular foreign producer/exporter, Commerce will instruct CBP "{t}o continue to collect the cash deposits previously ordered."
- In *Steel Jacks from Canada* and *Large Power Transformers from Italy*, Commerce explained that it establishes the estimated duty deposit rate based on the weighted-average margin for all sales during the POR, because the most recent POR should be the best indicator of future practices. [171]
- Commerce has previously stated that the lack of a request for a review constitutes a determination under section 751 of the Act.[172]
- The CIT established that since parties rely on the current cash deposit rate in force when deciding whether or not to request an administrative review, if Commerce were permitted to change the cash deposit rate for unreviewed firms, the number and complexity of administrative reviews would increase, thereby defeating the purpose of the 1989 amendments to the Act.[173]
- Since no party requested a review of J.D. Irving for the 2020 POR, it would be arbitrary and inconsistent with Congressional intent to replace the 2020 AD rate with the 2019 AD rate.
- Thus, in accordance with 19 CFR 351.212(c)(1)(ii), Commerce policy, and Congressional intent, the 2020 POR cash deposit rate of 1.57 percent should remain J.D. Irving's cash deposit rate going forward, and Commerce should not replace it with J.D. Irving's rate assigned in the 2019 POR.

*Petitioner*

- J.D. Irving's claim that the AD cash deposit rate applying to entries of subject merchandise going forward should be the rate used by Commerce for the third

---

[168] *See* J.D. Irving's Case Brief at 1 (citing *Preliminary Results*).
[169] *Id.* at 5 (citing *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 FR 12599 (March 4, 2021) (*Initiation Notice 2020*)).
[170] *Id.* at 4 (citing *Antidumping Duties; Countervailing Duties*, 62 FR 27296, 27313 (May 19, 1997)).
[171] *Id.* at 6 (citing *Steel Jacks from Canada*, 50 FR 42577, 42579 (October 21, 1985)); *see also Large Power Transformers from Italy*, 52 FR 46806, (December 10, 1987).
[172] *Id.* at 6 (citing *Antidumping Dutie*s, 54 FR 12742, 12756 (March 28, 1989) (*Preamble to Regulations*); *see also* H.R. Report 98-1156, 98th Congress, 2nd Session at 181 (October 5, 1984) (linking section 751(a) of the Act to the automatic-assessment rule for unreviewed foreign producers/exporters).)
[173] *Id.* (citing *Federal-Mogul Corp. v. United States*, 822 F. Supp. 782, 788 (CIT 1993) (*Federal-Mogul Corp*)).

administrative review (2020 POR) ignores the plain text language of section 751(a)(2)(C) of the Act, which specifies that administrative reviews "shall be the basis for the assessment of . .. antidumping duties on entries of merchandise covered by the determination and for deposits of estimated duties."

- In *Hubbell Power Systems*, *Inc. v. United States*, the CIT noted that the statute recognizes the importance of administrative reviews in determining cash deposit rates.[174]
- Similarly, in *Federal-Mogul Corp. v. United States*, the CIT found that section 751(a)(2) of the Act requires Commerce to use the AD duty assessment rate determined in that administrative review as the new cash deposit rate.[175]
- J.D. Irving incorrectly relies on 19 CFR 351.212(c), which is only applicable if no review was requested.
- In *United States Shoe Corporation v. United States*, the CAFC explained that passive activities, such as automatic liquidation instructions are not decisions or determinations.[176] Thus, Commerce's issuance of automatic liquidation instructions for the third administrative review of the order does not constitute a determination for the purpose of establishing a cash deposit rate.
- J.D. Irving has cited to no instance where Commerce failed to follow the regulations or the Act in assigning a cash deposit rate based on results of the administrative review.
- Accordingly, for the final results, Commerce should assign J.D. Irving a cash deposit rate based on the final results of this administrative review.

**Commerce's Position:** We disagree with J.D. Irving and will assign it a cash deposit rate based on the final results of this administrative review. While J.D. Irving is under review in this 2019 review – a fact J.D. Irving does not dispute – no review of J.D. Irving's 2020 sales is being conducted.[177] When an entity is not under review, such as J.D. Irving in 2020 administrative review, we do not update its cash deposit rate and J.D. Irving has not cited to any instance to the contrary. Rather, as directed by section 751(a)(2)(C) of the Act, Commerce determines cash deposit rates based on results of administrative reviews. No review of J.D. Irving is being conducted for the 2020 review period. J.D. Irving's argument thus ignores our statute.

Further, J.D. Irving ignores numerous rulings by the CIT and CAFC that, for a cash deposit instruction to be updated, an administrative review of that company must be conducted and completed. In *Hubbell Power Systems, Inc. v. United States*, the CIT noted that the statute recognizes the importance of administrative reviews in determining cash deposit rates.[178] Similarly, in *Federal-Mogul Corp. v. United States*, the CIT found that section 751(a)(2) of the Act requires that Commerce use the AD duty assessment rate determined in that administrative review as the new cash deposit rate.[179]

---

[174] *See* Petitioner's Rebuttal Brief at 53 (citing *Hubbell Power Systems, Inc. v. United States*, 884 F. Supp. 2d 1283, 1290 (CIT 2012) (*Hubbell Power System*)).
[175] *Id.* (citing *Federal-Mogul Corp.)*.
[176] *Id.* at 56 (citing *United States Shoe Corporation v. United States*, 114 F.3d 1564, 1569 (Fed. Cir. 1997) (*United States Shoe Corporation*)).
[177] *See Initiation Notice 2020.*
[178] *See Hubbell Power Systems*.
[179] *See Federal-Mogul Corp.*

As noted above, section 751(a)(2)(C) of the Act directs Commerce to determine cash deposit rates based on results of administrative reviews. It would further seem obvious and axiomatic that we would not update a cash deposit rate when no review took place; however, J.D. Irving latches on to the word "determination" in the statement in the *Preamble to Regulations*, stating,

> Because the cash deposit (or bond) rate is the basis for each interested party's decision whether to exercise its right to request a review, it would make no sense to change the rate after the time for request has expired. Interested parties that believe the assessment level should be higher or lower than the estimated antidumping duties deposited at the time of entry can request an administrative review. In addition, the use of the cash deposit rate required at the time of entry is in accordance with the purpose of the entire review-upon-request mechanism, *i.e.*, to reduce unnecessary burdens.... In any event, the failure of an interested party to file a timely request for review constitutes a determination under section 751 of the dumping margin for the entries made during the review period.[180]

J.D. Irving misconstrues this passage to mean that a determination with regard to whether an updated cash deposit rate should apply to sales going forward was made in the 2020 review. However, no review of J.D. Irving was undertaken covering its sales during 2020 and Commerce has never updated a company's cash deposit rate when the lack of a review request of a particular company resulted in automatic liquidation instructions being issued for that company.

The CAFC affirmed the notion in *United States Shoe Corporation* that ministerial actions, such as the issuance of automatic liquidation instructions for the 2020 administrative review, do not constitute a determination for the purpose of updating a cash deposit rate.[181] Specifically, in *United States Shoe Corporation* the CAFC found the Harbor Maintenance Tax to be a tax on exports akin to customs duties that are stipulated by law, and as such, the act of collecting the Harbor Maintenance Tax involved no analysis. Accordingly, the CAFC held that the collection of the Harbor Maintenance Tax was not the result of a "decision" by CBP, but rather a mere passive collection of money required by law.[182] Similar to *United States Shoe Corporation*, our issuance of automatic liquidation instructions was an automatic, ministerial action done pursuant to section 351.213(c) of our regulations which states that if we do not receive a request for an administrative review of an order we will assess antidumping duties at rates equal to the cash deposit rate applicable at entry. By its very name, the issuance of *automatic* liquidation instructions is a passive, automatic action requiring no analysis nor decision other than to follow the law and our regulations.

As noted above, section 751(a)(2)(C) of the Act directs Commerce to do exactly as we indicated we would to in the *Preliminary Results*, which was to determine J.D. Irving's cash deposit rates based on results of administrative reviews. Therefore, consistent with the Act, our regulations, and numerous rulings by the courts, we have assigned J.D. Irving a cash deposit rate based on the non-selected companies' rate determined for these final results.

---

[180] *See* J.D. Irving's Case Brief at 3-4 (citing *Preamble to Regulations*).
[181] *See United States Shoe Corporation.*
[182] *Id.* at 1569.

**Comment 11. Whether Commerce Used the Proper Market Price for Canfor's Wood Chip Sales**

*Canfor*

- In determining the market value for sales of wood chips to affiliated parties, Commerce should disregard sales made by Canfor's Radium and Elko sawmills made pursuant to a long-term supply contract entered into seven years prior to the POR.[183]
- When Canfor purchased the Radium and Elko sawmills in 2012, a stipulation of this agreement obligated those sawmills to supply chips under a long-term supply contract.[184] The chip prices established in that agreement are not reflective of prevailing supply and demand conditions, but rather were set with an eye toward providing a beneficial arrangement and successfully completing the sawmill purchase.[185]
- A comparison with the chip sales prices on the record demonstrates that the prices for chips sold by the Radium and Elko sawmills are substantially below the market prices for chips in British Columbia.[186]
- Commerce has held that it is not *per se* unreasonable to rely on prices set in long-term contracts as the market prices. However, that is because in Commerce's view "{l}ong-term contracts still allow for price fluctuations in line with market conditions."[187] The chip prices set in the agreement were fixed for a ten-year period with very limited possible adjustments based on the price of lumber and pulp. These potential adjustments do not consider market conditions for chips. The contract stipulates that the first price negotiation will take place in 2022, which is ten years after the initial contract was signed.[188]
- Commerce routinely states that it "seeks to find the market value that best represents the company's own experience in the specific markets in which it operates."[189] Chip prices set in 2012 as part of a broader transaction involving the purchase of the sawmills in question are not representative of the "specific market" at issue here – the market for wood chips in British Columbia in 2019.
- Commerce has previously held that the terms of certain contractual arrangements can distort the sales price to unaffiliated parties, such that it cannot be deemed reflective of market price. In the *2001 Lumber Investigation*, Canfor argued that "the nature of a proprietary contractual relationship," along with the effect of certain intra-company transactions, distorted the price for chips sold to unaffiliated parties from its Alberta mills. Therefore, Canfor argued, a comparison between those unaffiliated chip prices and the prices for chips sold to affiliated parties from its British Columbia mills was not

---

[183] *See* Canfor's Case Brief at 3 (citing Canfor's Letter, "Sections B-D Initial Questionnaire Response," dated July 13, 2020 (Canfor's Sections B-D Response) at Exhibits D-14 and D-24.

[184] *Id.*

[185] *Id.* at 4 (citing Canfor's Sections B-D Response at Exhibit D-14).

[186] *Id.* at Attachment I.

[187] *Id.* at 6 (citing *Ultra-High Molecular Weight Polyethylene from the Republic of Korea: Final Determination of Sales at Less Than Fair Value*, 86 FR 11497 (February 25, 2021) (*Polyethylene from Korea*), and accompanying IDM at Comment 6).

[188] *Id.* at 4 (citing Canfor's Sections B-D Response at Exhibit D-14).

[189] *Id.* (citing *Stainless Steel Sheet and Strip in Coils from Mexico; Final Results of Antidumping Duty Administrative Review*, 73 FR 7710 (February 11, 2008) (*SSSS Review Final*), and accompanying IDM at Comment 7.

# Attachment 11

| | | | |
|---|---|---|---|
| **MESSAGE NO.** | 1343410 | **MESSAGE DATE** | 12/09/2021 |
| **STATUS** | Active | **INACTIVATED DATE** | |
| **TYPE** | CD-Cash Deposit | **FR CITE** | 86 FR 68471 |
| **SUB-TYPE** | ADMIN RVW-Administrative Rvw | **FR DATE** | 12/02/2021 |
| **CATEGORY ACCESS** | AD | **EFFECTIVE DATE** | 12/02/2021 |
| **TYPE** | Public ✔ Non-Public ☐ | **POI/POR DATE** | 01/01/2019 - 12/31/2019 |
| **Notice of lifting of Suspension Date** | | **PERIOD COVERED** | - |

**SHORT CASE NAME**
Certain Softwood Lumber

**COURT CASE #s**

**REF MESSAGE #s**

**PRINCIPAL CASE #s**
A122857

**3rd Country CASE #s**

**RE:**  Cash deposit instructions for certain softwood lumber from Canada (A-122-857)

1.  Commerce has published in the Federal Register (86 FR 68471) on 12/02/2021 the final results of its administrative review of certain producers and/or exporters subject to the antidumping duty order on certain softwood lumber from Canada for the period 01/01/2019 through 12/31/2019.

2.  As a result of Commerce's review, the cash deposit rates have been revised for certain companies. Therefore, for shipments of certain softwood lumber from Canada produced and/or exported by the firms listed below, entered, or withdrawn from warehouse, for consumption on or after 12/02/2021, the required cash deposit has been revised:

Producer and/or Exporter: Canfor Corporation/Canadian Forest Products Ltd./Canfor Wood Products Marketing Ltd.
Case Number:  A-122-857-001
Cash deposit rate: 17.12%

Producer and/or Exporter: Resolute Growth Canada Inc./Forest Products Mauricie LP, Societe en commandite Scierie Opitciwan/Resolute-LP Engineered Wood Larouche Inc./Resolute-LP Engineered Wood St-Prime Limited Partnership/Resolute FP Canada Inc.
Case Number:  A-122-857-002
Cash deposit rate: 11.59%

Producer and/or Exporter: Tolko Industries Ltd./Tolko Marketing and Sales Ltd./Gilbert Smith Forest Products Ltd.
Case Number:  A-122-857-003
Cash deposit rate: 11.59%

Producer and/or Exporter: West Fraser Mills Ltd., Blue Ridge Lumber Inc./Manning Forest Products Ltd./ and Sundre Forest Products Inc.
Case Number:  A-122-857-004
Cash deposit rate: 6.06%

Producer and/or Exporter: 1074712 BC Ltd.
Case Number: A-122-857-005
Cash deposit rate:  11.59%

Producer and/or Exporter: 5214875 Manitoba Ltd.
Case Number: A-122-857-006
Cash deposit rate:  11.59%

Producer and/or Exporter: 752615 B.C Ltd, Fraserview Remanufacturing Inc, DBA Fraserview  Cedar Products.
Case Number: A-122-857-007
Cash deposit rate:  11.59%

Producer and/or Exporter: 9224-5737 Quebec Inc. (aka A.G. Bois)
Case Number: A-122-857-008
Cash deposit rate:  11.59%


Producer and/or Exporter: A.B. Cedar Shingle Inc.
Case Number: A-122-857-009
Cash deposit rate:  11.59%


Producer and/or Exporter: Absolute Lumber Products Ltd.
Case Number: A-122-857-010
Cash deposit rate:  11.59%


Producer and/or Exporter: AJ Forest Products Ltd.
Case Number: A-122-857-011
Cash deposit rate:  11.59%


Producer and/or Exporter: Alberta Spruce Industries Ltd.
Case Number: A-122-857-012
Cash deposit rate:  11.59%


Producer and/or Exporter: Aler Forest Products Ltd.
Case Number: A-122-857-013
Cash deposit rate:  11.59%


Producer and/or Exporter: Alpa Lumber Mills Inc.
Case Number: A-122-857-014
Cash deposit rate:  11.59%


Producer and/or Exporter: American Pacific Wood Products
Case Number: A-122-857-015
Cash deposit rate:  11.59%


Producer and/or Exporter: Anbrook Industries Ltd.
Case Number: A-122-857-016
Cash deposit rate:  11.59%


Producer and/or Exporter: Andersen Pacific Forest Products Ltd.
Case Number: A-122-857-017
Cash deposit rate:  11.59%


Producer and/or Exporter: Anglo American Cedar Products Ltd.; Anglo-American Cedar Products Ltd.
Case Number: A-122-857-018

Cash deposit rate: 11.59%

Producer and/or Exporter: Antrim Cedar Corporation
Case Number: A-122-857-020
Cash deposit rate: 11.59%

Producer and/or Exporter: Aquila Cedar Products Ltd.
Case Number: A-122-857-021
Cash deposit rate: 11.59%

Producer and/or Exporter: Arbec Lumber Inc.
Case Number: A-122-857-022
Cash deposit rate: 11.59%

Producer and/or Exporter: Aspen Planers Ltd.
Case Number: A-122-857-023
Cash deposit rate: 11.59%

Producer and/or Exporter: B&L Forest Products Ltd.
Case Number: A-122-857-024
Cash deposit rate: 11.59%

Producer and/or Exporter: B.B. Pallets Inc.
Case Number: A-122-857-025
Cash deposit rate: 11.59%

Producer and/or Exporter: Babine Forest Products Limited
Case Number: A-122-857-026
Cash deposit rate: 11.59%

Producer and/or Exporter: Bakerview Forest Products Inc.
Case Number: A-122-857-027
Cash deposit rate: 11.59%

Producer and/or Exporter: Bardobec Inc.
Case Number: A-122-857-028
Cash deposit rate: 11.59%

Producer and/or Exporter: Barrette-Chapais Ltee
Case Number: A-122-857-029
Cash deposit rate: 11.59%

Producer and/or Exporter: BarretteWood Inc.
Case Number: A-122-857-030
Cash deposit rate:  11.59%


Producer and/or Exporter: Benoît & Dionne Produits Forestiers Ltee (aka Benoît & Dionne Forest Products Ltd.)
Case Number: A-122-857-031
Cash deposit rate:  11.59%


Producer and/or Exporter: Best Quality Cedar Products Ltd.
Case Number: A-122-857-032
Cash deposit rate:  11.59%


Producer and/or Exporter: Blanchet Multi Concept Inc.
Case Number: A-122-857-033
Cash deposit rate:  11.59%


Producer and/or Exporter: Blanchette & Blanchette Inc.
Case Number: A-122-857-034
Cash deposit rate:  11.59%


Producer and/or Exporter: Bois Aise de Montreal Inc.
Case Number: A-122-857-035
Cash deposit rate:  11.59%


Producer and/or Exporter: Bois Bonsaï Inc.
Case Number: A-122-857-036
Cash deposit rate:  11.59%


Producer and/or Exporter: Bois Daaquam Inc.
Case Number: A-122-857-038
Cash deposit rate:  11.59%


Producer and/or Exporter: Bois D'oeuvre Cedrico Inc. (aka Cedrico Lumber Inc.)
Case Number: A-122-857-037
Cash deposit rate:  11.59%


Producer and/or Exporter: Bois et Solutions Marketing SPEC, Inc.
Case Number: A-122-857-039
Cash deposit rate:  11.59%


Producer and/or Exporter: Boisaco Inc.

Case Number: A-122-857-040
Cash deposit rate:  11.59%

Producer and/or Exporter: Boscus Canada Inc.
Case Number: A-122-857-041
Cash deposit rate:  11.59%

Producer and/or Exporter: Boucher Bros. Lumber Ltd.
Case Number: A-122-857-042
Cash deposit rate:  11.59%

Producer and/or Exporter: BPWood Ltd.
Case Number: A-122-857-043
Cash deposit rate:  11.59%

Producer and/or Exporter: Bramwood Forest Inc.
Case Number: A-122-857-044
Cash deposit rate:  11.59%

Producer and/or Exporter: Brunswick Valley Lumber Inc.
Case Number: A-122-857-045
Cash deposit rate:  11.59%

Producer and/or Exporter: Busque & Laflamme Inc.
Case Number: A-122-857-046
Cash deposit rate:  11.59%

Producer and/or Exporter: C&C Wood Products Ltd.
Case Number: A-122-857-047
Cash deposit rate:  11.59%

Producer and/or Exporter: Caledonia Forest Products Inc.
Case Number: A-122-857-048
Cash deposit rate:  11.59%

Producer and/or Exporter: Campbell River Shake & Shingle Co. Ltd.
Case Number: A-122-857-049
Cash deposit rate:  11.59%

Producer and/or Exporter: Canadian American Forest Products Ltd.
Case Number: A-122-857-050
Cash deposit rate:  11.59%

Producer and/or Exporter: Canadian Wood Products Inc.
Case Number: A-122-857-051
Cash deposit rate:  11.59%


Producer and/or Exporter: Canusa Cedar Inc.
Case Number: A-122-857-052
Cash deposit rate:  11.59%


Producer and/or Exporter: Canyon Lumber Company Ltd.
Case Number: A-122-857-053
Cash deposit rate:  11.59%


Producer and/or Exporter: Careau Bois Inc.
Case Number: A-122-857-054
Cash deposit rate:  11.59%


Producer and/or Exporter: Carrier & Begin Inc.
Case Number: A-122-857-055
Cash deposit rate:  11.59%


Producer and/or Exporter: Carrier Forest Products Ltd.
Case Number: A-122-857-056
Cash deposit rate:  11.59%


Producer and/or Exporter: Carrier Lumber Ltd.
Case Number: A-122-857-057
Cash deposit rate:  11.59%


Producer and/or Exporter: Cedar Valley Holdings Ltd.
Case Number: A-122-857-058
Cash deposit rate:  11.59%


Producer and/or Exporter: Cedarline Industries Ltd.
Case Number: A-122-857-059
Cash deposit rate:  11.59%


Producer and/or Exporter: Central Cedar Ltd.
Case Number: A-122-857-060
Cash deposit rate:  11.59%


Producer and/or Exporter: Centurion Lumber Ltd.
Case Number: A-122-857-061

Cash deposit rate:  11.59%

Producer and/or Exporter: Chaleur Sawmills LP
Case Number: A-122-857-062
Cash deposit rate:  11.59%

Producer and/or Exporter: Channel-ex Trading Corporation
Case Number: A-122-857-063
Cash deposit rate:  11.59%

Producer and/or Exporter: Clair Industrial Development Corp. Ltd.
Case Number: A-122-857-064
Cash deposit rate:  11.59%

Producer and/or Exporter: Clermond Hamel Ltee
Case Number: A-122-857-065
Cash deposit rate:  11.59%

Producer and/or Exporter: Coast Clear Wood Ltd.
Case Number: A-122-857-066
Cash deposit rate:  11.59%

Producer and/or Exporter: Coast Mountain Cedar Products Ltd.
Case Number: A-122-857-067
Cash deposit rate:  11.59%

Producer and/or Exporter: Commonwealth Plywood Co. Ltd.
Case Number: A-122-857-068
Cash deposit rate:  11.59%

Producer and/or Exporter: Comox Valley Shakes Ltd.
Case Number: A-122-857-069
Cash deposit rate:  11.59%

Producer and/or Exporter: Conifex Fibre Marketing Inc.
Case Number: A-122-857-070
Cash deposit rate:  11.59%

Producer and/or Exporter: Cowichan Lumber Ltd.
Case Number: A-122-857-071
Cash deposit rate:  11.59%

Producer and/or Exporter: CS Manufacturing Inc. (dba Cedarshed)
Case Number: A-122-857-072
Cash deposit rate:  11.59%

Producer and/or Exporter: CWP - Industriel Inc.
Case Number: A-122-857-073
Cash deposit rate:  11.59%

Producer and/or Exporter: CWP - Montreal Inc.
Case Number: A-122-857-074
Cash deposit rate:  11.59%

Producer and/or Exporter: D & D Pallets Ltd.
Case Number: A-122-857-075
Cash deposit rate:  11.59%

Producer and/or Exporter: Dakeryn Industries Ltd.
Case Number: A-122-857-076
Cash deposit rate:  11.59%

Producer and/or Exporter: Decker Lake Forest Products Ltd.
Case Number: A-122-857-077
Cash deposit rate:  11.59%

Producer and/or Exporter: Delco Forest Products Ltd.
Case Number: A-122-857-078
Cash deposit rate:  11.59%

Producer and/or Exporter: Delta Cedar Specialties Ltd.
Case Number: A-122-857-079
Cash deposit rate:  11.59%

Producer and/or Exporter: Devon Lumber Co. Ltd.
Case Number: A-122-857-080
Cash deposit rate:  11.59%

Producer and/or Exporter: DH Manufacturing Inc.
Case Number: A-122-857-081
Cash deposit rate:  11.59%

Producer and/or Exporter: Direct Cedar Supplies Ltd.
Case Number: A-122-857-082

Cash deposit rate:  11.59%

Producer and/or Exporter: Doubletree Forest Products Ltd.
Case Number: A-122-857-083
Cash deposit rate:  11.59%

Producer and/or Exporter: Downie Timber Ltd.
Case Number: A-122-857-084
Cash deposit rate:  11.59%

Producer and/or Exporter: Dunkley Lumber Ltd.
Case Number: A-122-857-085
Cash deposit rate:  11.59%

Producer and/or Exporter: EACOM Timber Corporation
Case Number: A-122-857-086
Cash deposit rate:  11.59%

Producer and/or Exporter: East Fraser Fiber Co. Ltd.
Case Number: A-122-857-087
Cash deposit rate:  11.59%

Producer and/or Exporter: Edgewood Forest Products Inc.
Case Number: A-122-857-088
Cash deposit rate:  11.59%

Producer and/or Exporter: ER Probyn Export Ltd.
Case Number: A-122-857-089
Cash deposit rate:  11.59%

Producer and/or Exporter: Eric Goguen & Sons Ltd.
Case Number: A-122-857-090
Cash deposit rate:  11.59%

Producer and/or Exporter: Falcon Lumber Ltd.
Case Number: A-122-857-091
Cash deposit rate:  11.59%

Producer and/or Exporter: Fontaine Inc.
Case Number: A-122-857-092
Cash deposit rate:  11.59%

Producer and/or Exporter: Foothills Forest Products Inc.
Case Number: A-122-857-093
Cash deposit rate:  11.59%


Producer and/or Exporter: Fornebu Lumber Company Inc.
Case Number: A-122-857-094
Cash deposit rate:  11.59%


Producer and/or Exporter: Fraser Specialty Products Ltd.
Case Number: A-122-857-095
Cash deposit rate:  11.59%


Producer and/or Exporter: Fraserview Cedar Products
Case Number: A-122-857-096
Cash deposit rate:  11.59%


Producer and/or Exporter: Furtado Forest Products Ltd.
Case Number: A-122-857-097
Cash deposit rate:  11.59%


Producer and/or Exporter: G & R Cedar Ltd.
Case Number: A-122-857-098
Cash deposit rate:  11.59%


Producer and/or Exporter: Galloway Lumber Company Ltd.
Case Number: A-122-857-099
Cash deposit rate:  11.59%


Producer and/or Exporter: Glandell Enterprises Inc.
Case Number: A-122-857-100
Cash deposit rate:  11.59%


Producer and/or Exporter: Goat Lake Forest Products Ltd.
Case Number: A-122-857-101
Cash deposit rate:  11.59%


Producer and/or Exporter: Goldband Shake & Shingle Ltd.
Case Number: A-122-857-102
Cash deposit rate:  11.59%


Producer and/or Exporter: Golden Ears Shingle Ltd.
Case Number: A-122-857-103

Cash deposit rate:  11.59%

Producer and/or Exporter: Goldwood Industries Ltd.
Case Number: A-122-857-104
Cash deposit rate:  11.59%

Producer and/or Exporter: Goodfellow Inc.
Case Number: A-122-857-105
Cash deposit rate:  11.59%

Producer and/or Exporter: Gorman Bros. Lumber Ltd.
Case Number: A-122-857-106
Cash deposit rate:  11.59%

Producer and/or Exporter: Groupe Crete Chertsey Inc.
Case Number: A-122-857-107
Cash deposit rate:  11.59%

Producer and/or Exporter: Groupe Crete ivision St-Faustin Inc.
Case Number: A-122-857-108
Cash deposit rate:  11.59%

Producer and/or Exporter: Groupe Lebel Inc.
Case Number: A-122-857-109
Cash deposit rate:  11.59%

Producer and/or Exporter: Groupe Lignarex Inc.
Case Number: A-122-857-110
Cash deposit rate:  11.59%

Producer and/or Exporter: H.J. Crabbe & Sons Ltd.
Case Number: A-122-857-111
Cash deposit rate:  11.59%

Producer and/or Exporter: Haida Forest Products Ltd.
Case Number: A-122-857-112
Cash deposit rate:  11.59%

Producer and/or Exporter: Harry Freeman & Son Ltd.
Case Number: A-122-857-113
Cash deposit rate:  11.59%

Producer and/or Exporter: Hornepayne Lumber LP
Case Number: A-122-857-114
Cash deposit rate:  11.59%


Producer and/or Exporter: Imperial Cedar Products Ltd.
Case Number: A-122-857-115
Cash deposit rate:  11.59%


Producer and/or Exporter: Imperial Shake Co. Ltd.
Case Number: A-122-857-116
Cash deposit rate:  11.59%


Producer and/or Exporter: Independent Building Materials Distribution Inc.
Case Number: A-122-857-117
Cash deposit rate:  11.59%


Producer and/or Exporter: Interfor Corporation
Case Number: A-122-857-118
Cash deposit rate:  11.59%


Producer and/or Exporter: Island Cedar Products Ltd.
Case Number: A-122-857-119
Cash deposit rate:  11.59%


Producer and/or Exporter: Ivor Forest Products Ltd.
Case Number: A-122-857-120
Cash deposit rate:  11.59%


Producer and/or Exporter: J&G Log Works Ltd.
Case Number: A-122-857-121
Cash deposit rate:  11.59%


Producer and/or Exporter: J.D. Irving, Limited
Case Number: A-122-857-122
Cash deposit rate:  11.59%


Producer and/or Exporter: J.H. Huscroft Ltd.
Case Number: A-122-857-123
Cash deposit rate:  11.59%


Producer and/or Exporter: Jan Woodlands (2001) Inc.
Case Number: A-122-857-124

Cash deposit rate:  11.59%

Producer and/or Exporter: Jhajj Lumber Corporation
Case Number: A-122-857-125
Cash deposit rate:  11.59%

Producer and/or Exporter: Kalesnikoff Lumber Co. Ltd.
Case Number: A-122-857-126
Cash deposit rate:  11.59%

Producer and/or Exporter: Kan Wood Ltd.
Case Number: A-122-857-127
Cash deposit rate:  11.59%

Producer and/or Exporter: Kebois Ltee/Ltd
Case Number: A-122-857-128
Cash deposit rate:  11.59%

Producer and/or Exporter: Keystone Timber Ltd.
Case Number: A-122-857-129
Cash deposit rate:  11.59%

Producer and/or Exporter: Kootenay Innovative Wood Ltd.
Case Number: A-122-857-130
Cash deposit rate:  11.59%

Producer and/or Exporter: Lafontaine Lumber Inc.
Case Number: A-122-857-131
Cash deposit rate:  11.59%

Producer and/or Exporter: Langevin Forest Products Inc.
Case Number: A-122-857-132
Cash deposit rate:  11.59%

Producer and/or Exporter: Lecours Lumber Co. Limited
Case Number: A-122-857-133
Cash deposit rate:  11.59%

Producer and/or Exporter: Ledwidge Lumber Co. Ltd.
Case Number: A-122-857-134
Cash deposit rate:  11.59%

Producer and/or Exporter: Leisure Lumber Ltd.
Case Number: A-122-857-135
Cash deposit rate:  11.59%

Producer and/or Exporter: Les Bois d'oeuvre Beaudoin Gauthier Inc.
Case Number: A-122-857-136
Cash deposit rate:  11.59%

Producer and/or Exporter: Les Bois Martek Lumber
Case Number: A-122-857-137
Cash deposit rate:  11.59%

Producer and/or Exporter: Les Bois Traites M.G. Inc.
Case Number: A-122-857-138
Cash deposit rate:  11.59%

Producer and/or Exporter: Les Chantiers de Chibougamau Ltee
Case Number: A-122-857-139
Cash deposit rate:  11.59%

Producer and/or Exporter: Les Produits Forestiers D&G Ltee (aka D&G Forest Products Ltd.)
Case Number: A-122-857-140
Cash deposit rate:  11.59%

Producer and/or Exporter: Leslie Forest Products Ltd.
Case Number: A-122-857-141
Cash deposit rate:  11.59%

Producer and/or Exporter: Lignum Forest Products LLP
Case Number: A-122-857-142
Cash deposit rate:  11.59%

Producer and/or Exporter: Linwood Homes Ltd.
Case Number: A-122-857-143
Cash deposit rate:  11.59%

Producer and/or Exporter: Longlac Lumber Inc.
Case Number: A-122-857-144
Cash deposit rate:  11.59%

Producer and/or Exporter: Lulumco Inc.
Case Number: A-122-857-145

Cash deposit rate:  11.59%

Producer and/or Exporter: Magnum Forest Products Ltd.
Case Number: A-122-857-146
Cash deposit rate:  11.59%

Producer and/or Exporter: Maibec Inc.
Case Number: A-122-857-147
Cash deposit rate:  11.59%

Producer and/or Exporter: Manitou Forest Products Ltd.
Case Number: A-122-857-148
Cash deposit rate:  11.59%

Producer and/or Exporter: Marcel Lauzon Inc.
Case Number: A-122-857-149
Cash deposit rate:  11.59%

Producer and/or Exporter: Marwood Ltd.
Case Number: A-122-857-150
Cash deposit rate:  11.59%

Producer and/or Exporter: Materiaux Blanchet Inc.
Case Number: A-122-857-151
Cash deposit rate:  11.59%

Producer and/or Exporter: Matsqui Management and Consulting Services Ltd., dba Canadian Cedar
Roofing Depot
Case Number: A-122-857-152
Cash deposit rate:  11.59%

Producer and/or Exporter: Metrie Canada Ltd.
Case Number: A-122-857-153
Cash deposit rate:  11.59%

Producer and/or Exporter: Mid Valley Lumber Specialties Ltd.
Case Number: A-122-857-154
Cash deposit rate:  11.59%

Producer and/or Exporter: Midway Lumber Mills Ltd.
Case Number: A-122-857-155
Cash deposit rate:  11.59%

Producer and/or Exporter: Mill & Timber Products Ltd.
Case Number: A-122-857-156
Cash deposit rate:  11.59%

Producer and/or Exporter: Millar Western Forest Products Ltd.
Case Number: A-122-857-157
Cash deposit rate:  11.59%

Producer and/or Exporter: Mobilier Rustique (Beauce) Inc.
Case Number: A-122-857-158
Cash deposit rate:  11.59%

Producer and/or Exporter: MP Atlantic Wood Ltd.
Case Number: A-122-857-159
Cash deposit rate:  11.59%

Producer and/or Exporter: Multicedre Ltee
Case Number: A-122-857-160
Cash deposit rate:  11.59%

Producer and/or Exporter: Nakina Lumber Inc.
Case Number: A-122-857-161
Cash deposit rate:  11.59%

Producer and/or Exporter: National Forest Products Ltd.
Case Number: A-122-857-162
Cash deposit rate:  11.59%

Producer and/or Exporter: New Future Lumber Ltd.
Case Number: A-122-857-163
Cash deposit rate:  11.59%

Producer and/or Exporter: Nicholson and Cates Ltd.
Case Number: A-122-857-164
Cash deposit rate:  11.59%

Producer and/or Exporter: Norsask Forest Products Limited Partnership
Case Number: A-122-857-165
Cash deposit rate:  11.59%

Producer and/or Exporter: North American Forest Products Ltd. (located in Abbotsford, British
Columbia)

Case Number: A-122-857-166
Cash deposit rate:  11.59%


Producer and/or Exporter: North American Forest Products Ltd. (located in Saint-Quentin, New Brunswick)
Case Number: A-122-857-167
Cash deposit rate:  11.59%


Producer and/or Exporter: North Enderby Timber Ltd.
Case Number: A-122-857-168
Cash deposit rate:  11.59%


Producer and/or Exporter: Olympic Industries Inc.
Case Number: A-122-857-173
Cash deposit rate:  11.59%


Producer and/or Exporter: Olympic Industries ULC
Case Number: A-122-857-170
Cash deposit rate:  11.59%


Producer and/or Exporter: Pacific Coast Cedar Products Ltd.
Case Number: A-122-857-174
Cash deposit rate:  11.59%


Producer and/or Exporter: Pacific Pallet Ltd.
Case Number: A-122-857-175
Cash deposit rate:  11.59%


Producer and/or Exporter: Pacific Western Wood Works Ltd.
Case Number: A-122-857-176
Cash deposit rate:  11.59%


Producer and/or Exporter: Parallel Wood Products Ltd.
Case Number: A-122-857-177
Cash deposit rate:  11.59%


Producer and/or Exporter: Pat Power Forest Products Corporation
Case Number: A-122-857-178
Cash deposit rate:  11.59%


Producer and/or Exporter: Phoenix Forest Products Inc.
Case Number: A-122-857-179

Cash deposit rate:  11.59%

Producer and/or Exporter: Pine Ideas Ltd.
Case Number: A-122-857-180
Cash deposit rate:  11.59%

Producer and/or Exporter: Pioneer Pallet & Lumber Ltd.
Case Number: A-122-857-181
Cash deposit rate:  11.59%

Producer and/or Exporter: Porcupine Wood Products Ltd.
Case Number: A-122-857-182
Cash deposit rate:  11.59%

Producer and/or Exporter: Power Wood Corp.
Case Number: A-122-857-183
Cash deposit rate:  11.59%

Producer and/or Exporter: Precision Cedar Products Corp.
Case Number: A-122-857-184
Cash deposit rate:  11.59%

Producer and/or Exporter: Prendiville Industries Ltd. (aka Kenora Forest Products)
Case Number: A-122-857-185
Cash deposit rate:  11.59%

Producer and/or Exporter: Produits Forestiers Petit Paris Inc.
Case Number: A-122-857-186
Cash deposit rate:  11.59%

Producer and/or Exporter: Produits forestiers Temrex, s.e.c.
Case Number: A-122-857-187
Cash deposit rate:  11.59%

Producer and/or Exporter: Produits Matra Inc.
Case Number: A-122-857-188
Cash deposit rate:  11.59%

Producer and/or Exporter: Promobois G.D.S. Inc.
Case Number: A-122-857-189
Cash deposit rate:  11.59%

Producer and/or Exporter: Rayonier A.M. Canada GP
Case Number: A-122-857-190
Cash deposit rate:  11.59%


Producer and/or Exporter: Rembos Inc.
Case Number: A-122-857-191
Cash deposit rate:  11.59%


Producer and/or Exporter: Rene Bernard Inc.
Case Number: A-122-857-192
Cash deposit rate:  11.59%


Producer and/or Exporter: Richard Lutes Cedar Inc.
Case Number: A-122-857-193
Cash deposit rate:  11.59%


Producer and/or Exporter: Rielly Industrial Lumber Inc.
Case Number: A-122-857-194
Cash deposit rate:  11.59%


Producer and/or Exporter: Roland Boulanger & Cie Ltee
Case Number: A-122-857-195
Cash deposit rate:  11.59%


Producer and/or Exporter: S & K Cedar Products Ltd.
Case Number: A-122-857-196
Cash deposit rate:  11.59%


Producer and/or Exporter: S&R Sawmills Ltd.
Case Number: A-122-857-197
Cash deposit rate:  11.59%


Producer and/or Exporter: S&W Forest Products Ltd.
Case Number: A-122-857-198
Cash deposit rate:  11.59%


Producer and/or Exporter: San Industries Ltd.
Case Number: A-122-857-199
Cash deposit rate:  11.59%


Producer and/or Exporter: Sawarne Lumber Co. Ltd.
Case Number: A-122-857-200

Cash deposit rate:  11.59%

Producer and/or Exporter: Scierie Alexandre Lemay & Fils Inc.
Case Number: A-122-857-201
Cash deposit rate:  11.59%

Producer and/or Exporter: Scierie St-Michel Inc.
Case Number: A-122-857-202
Cash deposit rate:  11.59%

Producer and/or Exporter: Scierie West Brome Inc.
Case Number: A-122-857-203
Cash deposit rate:  11.59%

Producer and/or Exporter: Scotsburn Lumber Co. Ltd.
Case Number: A-122-857-204
Cash deposit rate:  11.59%

Producer and/or Exporter: Sechoirs de Beauce Inc.
Case Number: A-122-857-205
Cash deposit rate:  11.59%

Producer and/or Exporter: Serpentine Cedar Ltd.
Case Number: A-122-857-206
Cash deposit rate:  11.59%

Producer and/or Exporter: Serpentine Cedar Roofing Ltd.
Case Number: A-122-857-207
Cash deposit rate:  11.59%

Producer and/or Exporter: Sexton Lumber Co. Ltd.
Case Number: A-122-857-208
Cash deposit rate:  11.59%

Producer and/or Exporter: Sigurdson Forest Products Ltd.
Case Number: A-122-857-209
Cash deposit rate:  11.59%

Producer and/or Exporter: Silvaris Corporation
Case Number: A-122-857-210
Cash deposit rate:  11.59%

Producer and/or Exporter: Silver Creek Premium Products Ltd.
Case Number: A-122-857-211
Cash deposit rate:  11.59%


Producer and/or Exporter: Sinclar Group Forest Products Ltd.
Case Number: A-122-857-212
Cash deposit rate:  11.59%


Producer and/or Exporter: Skana Forest Products Ltd.
Case Number: A-122-857-213
Cash deposit rate:  11.59%


Producer and/or Exporter: Skeena Sawmills Ltd.
Case Number: A-122-857-214
Cash deposit rate:  11.59%


Producer and/or Exporter: Sound Spars Enterprise Ltd.
Case Number: A-122-857-215
Cash deposit rate:  11.59%


Producer and/or Exporter: South Beach Trading Inc.
Case Number: A-122-857-216
Cash deposit rate:  11.59%


Producer and/or Exporter: Specialiste du Bardeau de Cedre Inc.
Case Number: A-122-857-217
Cash deposit rate:  11.59%


Producer and/or Exporter: Spruceland Millworks Inc.
Case Number: A-122-857-218
Cash deposit rate:  11.59%


Producer and/or Exporter: Surrey Cedar Ltd.
Case Number: A-122-857-219
Cash deposit rate:  11.59%


Producer and/or Exporter: T.G. Wood Products Ltd.
Case Number: A-122-857-220
Cash deposit rate:  11.59%


Producer and/or Exporter: Taan Forest Limited Partnership (aka Taan Forest Products)
Case Number: A-122-857-221

Cash deposit rate:  11.59%

Producer and/or Exporter: Taiga Building Products Ltd.
Case Number: A-122-857-222
Cash deposit rate:  11.59%

Producer and/or Exporter: Tall Tree Lumber Company
Case Number: A-122-857-223
Cash deposit rate:  11.59%

Producer and/or Exporter: Teal Cedar Products Ltd.
Case Number: A-122-857-224
Cash deposit rate:  11.59%

Producer and/or Exporter: Tembec Inc.
Case Number: A-122-857-225
Cash deposit rate:  11.59%

Producer and/or Exporter: Terminal Forest Products Ltd.
Case Number: A-122-857-226
Cash deposit rate:  11.59%

Producer and/or Exporter: The Teal Jones Group
Case Number: A-122-857-227
Cash deposit rate:  11.59%

Producer and/or Exporter: The Wood Source Inc.
Case Number: A-122-857-228
Cash deposit rate:  11.59%

Producer and/or Exporter: Trans-Pacific Trading Ltd.
Case Number: A-122-857-229
Cash deposit rate:  11.59%

Producer and/or Exporter: Triad Forest Products Ltd.
Case Number: A-122-857-230
Cash deposit rate:  11.59%

Producer and/or Exporter: Twin Rivers Paper Co. Inc.
Case Number: A-122-857-231
Cash deposit rate:  11.59%

Producer and/or Exporter: Tyee Timber Products Ltd.
Case Number: A-122-857-232
Cash deposit rate:  11.59%


Producer and/or Exporter: Universal Lumber Sales Ltd.
Case Number: A-122-857-233
Cash deposit rate:  11.59%


Producer and/or Exporter: Usine Sartigan Inc.
Case Number: A-122-857-234
Cash deposit rate:  11.59%


Producer and/or Exporter: Vaagen Fibre Canada ULC
Case Number: A-122-857-235
Cash deposit rate:  11.59%


Producer and/or Exporter: Valley Cedar 2 Inc.
Case Number: A-122-857-236
Cash deposit rate:  11.59%


Producer and/or Exporter: Vancouver Island Shingle Ltd.
Case Number: A-122-857-237
Cash deposit rate:  11.59%


Producer and/or Exporter: Vancouver Specialty Cedar Products Ltd.
Case Number: A-122-857-238
Cash deposit rate:  11.59%


Producer and/or Exporter: Visscher Lumber Inc.
Case Number: A-122-857-239
Cash deposit rate:  11.59%


Producer and/or Exporter: W.I. Woodtone Industries Inc.
Case Number: A-122-857-240
Cash deposit rate:  11.59%


Producer and/or Exporter: Waldun Forest Product Sales Ltd.
Case Number: A-122-857-241
Cash deposit rate:  11.59%


Producer and/or Exporter: Watkins Sawmills Ltd.
Case Number: A-122-857-242

Cash deposit rate:  11.59%

Producer and/or Exporter: West Bay Forest Products Ltd.
Case Number: A-122-857-243
Cash deposit rate:  11.59%

Producer and/or Exporter: West Fraser Timber Co. Ltd.
Case Number: A-122-857-244
Cash deposit rate:  11.59%

Producer and/or Exporter: West Wind Hardwood Inc.
Case Number: A-122-857-245
Cash deposit rate:  11.59%

Producer and/or Exporter: Western Forest Products Inc.
Case Number: A-122-857-246
Cash deposit rate:  11.59%

Producer and/or Exporter: Western Lumber Sales Limited
Case Number: A-122-857-247
Cash deposit rate:  11.59%

Producer and/or Exporter: Western Wood Preservers Ltd.
Case Number: A-122-857-248
Cash deposit rate:  11.59%

Producer and/or Exporter: Weston Forest Products Inc.
Case Number: A-122-857-249
Cash deposit rate:  11.59%

Producer and/or Exporter: Westrend Exteriors Inc.
Case Number: A-122-857-250
Cash deposit rate:  11.59%

Producer and/or Exporter: Weyerhaeuser Co.
Case Number: A-122-857-251
Cash deposit rate:  11.59%

Producer and/or Exporter: White River Forest Products L.P.
Case Number: A-122-857-252
Cash deposit rate:  11.59%

Producer and/or Exporter: Winton Homes Ltd.
Case Number: A-122-857-253
Cash deposit rate:  11.59%


Producer and/or Exporter: Woodline Forest Products Ltd.
Case Number: A-122-857-254
Cash deposit rate:  11.59%


Producer and/or Exporter: Woodstock Forest Products
Case Number: A-122-857-255
Cash deposit rate:  11.59%


Producer and/or Exporter: Woodtone Specialties Inc.
Case Number: A-122-857-256
Cash deposit rate:  11.59%


Producer and/or Exporter: Yarrow Wood Ltd.
Case Number: A-122-857-257
Cash deposit rate:  11.59%


Producer and/or Exporter: 0729670 B.C. Ltd. DBA Anderson Sales
Case Number: A-122-857-258
Cash Deposit Rate:  11.59%


Producer and/or Exporter: 258258 B.C. Ltd., dba Pacific Coast Cedar Products
Case Number: A-122-857-259
Cash Deposit Rate:  11.59%


Producer and/or Exporter: Brink Forest Products Ltd.
Case Number: A-122-857-260
Cash Deposit Rate:  11.59%


Producer and/or Exporter: Canasia Forest Industries Ltd.
Case Number: A-122-857-261
Cash Deposit Rate:  11.59%


Producer and/or Exporter: Carter Forest Products Inc.
Case Number: A-122-857-262
Cash Deposit Rate:  11.59%


Producer and/or Exporter: Central Alberta Pallet Supply
Case Number: A-122-857-263

Cash Deposit Rate:  11.59%

Producer and/or Exporter: Central Forest Products Inc.
Case Number: A-122-857-264
Cash Deposit Rate:  11.59%

Producer and/or Exporter: CNH Products Inc.
Case Number: A-122-857-265
Cash Deposit Rate:  11.59%

Producer and/or Exporter: FraserWood Inc.
Case Number: A-122-857-266
Cash Deposit Rate:  11.59%

Producer and/or Exporter: FraserWood Industries Ltd.
Case Number: A-122-857-267
Cash Deposit Rate:  11.59%

Producer and/or Exporter: Jasco Forest Products Ltd.
Case Number: A-122-857-268
Cash Deposit Rate:  11.59%

Producer and/or Exporter: Jazz Forest Products Ltd.
Case Number: A-122-857-269
Cash Deposit Rate:  11.59%

Producer and/or Exporter: Murray Brothers Lumber Company Ltd.
Case Number: A-122-857-270
Cash Deposit Rate:  11.59%

Producer and/or Exporter: Oikawa Enterprises Ltd.
Case Number: A-122-857-271
Cash Deposit Rate:  11.59%

Producer and/or Exporter: Oregon Canadian Forest Products
Case Number: A-122-857-272
Cash Deposit Rate:  11.59%

Producer and/or Exporter: Portbec Forest Products Ltd.
Case Number: A-122-857-273
Cash Deposit Rate:  11.59%

Producer and/or Exporter: Scierie P.S.E. Inc.

Case Number: A-122-857-274

Cash Deposit Rate: 11.59%


Producer and/or Exporter: Star Lumber Canada Ltd.

Case Number: A-122-857-275

Cash Deposit Rate: 11.59%


Producer and/or Exporter: Sundher Timber Products Ltd.

Case Number: A-122-857-276

Cash Deposit Rate: 11.59%


Producer and/or Exporter: Vanderhoof Specialty Wood Products Ltd.

Case Number: A-122-857-277

Cash Deposit Rate: 11.59%


3. If any entries of merchandise are exported by a firm other than the producer, then the following instructions apply:

A. If the exporter of the subject merchandise has its own rate, use the exporter's rate to determine the cash deposit rate.

B. If the exporter of the subject merchandise does not have its own rate but the producer has its own rate, the cash deposit rate will be the producer's rate.

C. Where neither the exporter nor the producer currently has its own rate or the producer is unknown, use the all-others rate for establishing the cash deposit rate.

4. For all producers/exporters of certain softwood lumber from Canada without their own rate, the cash deposit rate is 6.04% percent.

5. These cash deposit requirements shall remain in effect until further notice. Do not liquidate any entries of merchandise covered by the administrative review until specific liquidation instructions are issued.

6. If there are any questions by the importing public regarding this message, please contact the Call Center for the Office of AD/CVD Operations, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce at (202) 482-0984. CBP ports should submit their inquiries through authorized CBP channels only. (This message was generated by OIV: JDP.)

7. There are no restrictions on the release of this information.

Alexander Amdur

# Attachment 12

**Notification to Interested Parties**

We are issuing and publishing this notice in accordance with sections 751(h) and 777(i)(1) of the Act, and 19 CFR 351.224(e).

Dated: January 31, 2022.

**Lisa W. Wang,**

*Assistant Secretary for Enforcement and Compliance.*

[FR Doc. 2022–02351 Filed 2–3–22; 8:45 am]

BILLING CODE 3510–DS–P

---

**DEPARTMENT OF COMMERCE**

**International Trade Administration**

**[A–122–857]**

## Certain Softwood Lumber Products From Canada: Preliminary Results of Antidumping Duty Administrative Review

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** The Department of Commerce (Commerce) is conducting an administrative review of the antidumping duty (AD) order on certain softwood lumber products (softwood lumber) from Canada. The period of review (POR) is January 1, 2020, through December 31, 2020. Commerce preliminarily determines that the producers/exporters subject to this review made sales of subject merchandise at less than normal value. We invite interested parties to comment on these preliminary results.

**DATES:** Applicable February 4, 2022.

**FOR FURTHER INFORMATION CONTACT:** Jeff Pedersen (Canfor) and Maisha Cryor (West Fraser), AD/CVD Operations, Office IV, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce, 1401 Constitution Avenue NW, Washington, DC 20230; telephone: (202) 482–2769 and (202) 482–5831, respectively.

**SUPPLEMENTARY INFORMATION:**

**Background**

On March 4, 2021, based on timely requests for administrative reviews, Commerce initiated an AD administrative review covering 275 companies and has not rescinded the review of any of these companies.[1] Thus, the review covers 275 producers/exporters of the subject merchandise, including mandatory respondents Canfor[2] and West Fraser.[3] The remaining companies were not selected for individual examination and remain subject to this administrative review. On September 8, 2021, we extended the preliminary results until January 28, 2022.[4]

**Scope of the Order**

The product covered by this review is softwood lumber from Canada. For a full description of the scope, *see* the Preliminary Decision Memorandum.[5]

**Methodology**

Commerce is conducting this review in accordance with section 751(a)(1)(B) of the Tariff Act of 1930, as amended (the Act). For a full description of the methodology underlying our conclusions, *see* the Preliminary Decision Memorandum. A list of the topics is included in the Preliminary Decision Memorandum as Appendix I to this notice. The Preliminary Decision Memorandum is a public document and is made available to the public via Enforcement and Compliance's Antidumping and Countervailing Duty Centralized Electronic Service System (ACCESS). ACCESS is available to registered users at *https://access.trade.gov*. In addition, a complete version of the Preliminary Decision Memorandum can be found at *https://access.trade.gov/public/FRNoticesListLayout.aspx*.

**Preliminary Results of the Administrative Review**

We preliminarily determine that the following weighted-average dumping margins exist for the period January 1, 2020, through December 31, 2020:

| Exporter/producer | Weighted-average margin (percent) |
|---|---|
| Canfor Corporation/Canadian Forest Products Ltd./Canfor Wood Products Marketing Ltd | 4.92 |
| West Fraser Mills Ltd./Blue Ridge Lumber Inc./Manning Forest Products Ltd./and Sundre Forest Products Inc | 4.63 |
| Non-Selected Companies | 4.76 |

**Rate for Companies Not Individually Examined**

Generally, when calculating margins for non-selected respondents, Commerce looks to section 735(c)(5) of the Act for guidance, which provides instructions for calculating the all-others margin in an investigation. Section 735(c)(5)(A) of the Act provides that when calculating the all-others margin, Commerce will exclude any zero and *de minimis* weighted-average dumping margins, as well as any weighted-average dumping margins based on total facts available. Accordingly, Commerce's usual practice has been to average the margins for selected respondents, excluding margins that are zero, *de minimis,* or based entirely on facts available.

In this review, we calculated a weighted-average dumping margin of 4.92 percent for Canfor and 4.63 percent for West Fraser. In accordance with section 735(c)(5)(A) of the Act, Commerce assigned the weighted average of these two calculated weighted-average dumping margins based on their publicly ranged sales data, 4.76 percent, to the non-selected companies in these preliminary results.[6]

**Disclosure**

We intend to disclose the calculations performed for these preliminary results to the interested parties within five days after public announcement of the preliminary results in accordance with 19 CFR 351.224(b).

**Verification**

As provided in section 782(i)(1) of the Act, Commerce intends to verify the information relied upon in making its final determination. Normally, Commerce verifies information using standard procedures, including an on-site examination of original accounting, financial, and sales documentation. However, due to current travel restrictions in response to the global

---

[1] *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 86 FR 12599 (March 4, 2021) (*Initiation Notice*).

[2] As described in the Preliminary Decision Memorandum, we have treated Canfor Corporation, Canadian Forest Products Ltd., and Canfor Wood Products Marketing Ltd. (collectively, Canfor) as a single entity. *See* Memorandum, "Decision Memorandum for the Preliminary Results of Antidumping Duty Administrative Review: Certain Softwood Lumber Products from Canada; 2019," dated concurrently with, and hereby adopted by, this notice (Preliminary Decision Memorandum) at 5.

[3] As described in the Preliminary Decision Memorandum, we have treated West Fraser Mills Ltd., Blue Ridge Lumber Inc., Manning Forest Products Ltd., and Sundre Forest Products Inc. (collectively, West Fraser) as a single entity. *See* Preliminary Decision Memorandum at 5.

[4] *See* Memorandum, "Extension of Deadline for Preliminary Results of Antidumping Duty Administrative Review—2020," dated September 8, 2021.

[5] *See* Preliminary Decision Memorandum at 3–4.

[6] *See* Memorandum, "Calculation of the Rate for Non-Selected Respondents," dated concurrently with this notice. A list of the non-selected companies under review is included as Attachment II.

Filed By: Moustapha Sylla, Filed Date: 2/4/22 11:38 AM, Submission Status: Approved

COVID–19 pandemic, Commerce is unable to conduct on-site verification in this review. Accordingly, we intend to verify the information relied upon in making the final determination through alternative means in lieu of an on-site verification.

## Public Comment

Pursuant to 19 CFR 351.309(c), interested parties may submit case briefs to the Assistant Secretary for Enforcement and Compliance not later than 30 days after the date of publication of this notice, unless Commerce alters the time limit. Rebuttal briefs, limited to issues raised in the case briefs, may be filed not later than seven days after the date for filing case briefs.[7] Parties who submit case briefs or rebuttal briefs in this administrative review are encouraged to submit with each argument: (1) A statement of the issue; (2) a brief summary of the argument; and (3) a table of authorities.[8] Commerce has modified certain of its requirements for service of documents containing business proprietary information, until further notice.[9]

Pursuant to 19 CFR 351.310(c), interested parties who wish to request a hearing, must submit a written request to the Assistant Secretary for Enforcement and Compliance, filed electronically via ACCESS. An electronically filed document must be received successfully in its entirety via ACCESS by 5:00 p.m. Eastern Time within 30 days after the date of publication of this notice.[10] Requests should contain: (1) The party's name, address, and telephone number; (2) the number of participants; and (3) a list of issues to be discussed. Issues raised in the hearing will be limited to those raised in the respective case briefs. Commerce intends to issue the final results of this administrative review, including the results of its analysis of the issues raised in any written briefs, not later than 120 days after the date of publication of these preliminary results in the **Federal Register**, pursuant to section 751(a)(3)(A) of the Act, unless extended.

## Assessment Rate

Upon issuance of the final results, Commerce will determine, and U.S. Customs and Border Protection (CBP) shall assess, antidumping duties on all appropriate entries covered by this review.[11] If a respondent's weighted-average dumping margin is above *de minimis* in the final results of this review, we will calculate an importer-specific assessment rate based on the ratio of the total amount of dumping calculated for each importer's examined sales and the total entered value of the sales in accordance with 19 CFR 351.212(b)(1).[12] If a respondent's weighted-average dumping margin or an importer-specific assessment rate is zero or *de minimis* in the final results of review, we will instruct CBP to liquidate the appropriate entries without regard to antidumping duties in accordance with the *Final Modification for Reviews*.[13] The final results of this administrative review shall be the basis for the assessment of antidumping duties on entries of merchandise under review and for future deposits of estimated duties, where applicable. We intend to issue liquidation instructions to CBP no earlier than 41 days after date of publication of the final results of this review in the **Federal Register**.

## Cash Deposit Requirements

The following cash deposit requirements for estimated antidumping duties will be effective upon publication of the notice of final results of this review for all shipments of softwood lumber from Canada entered, or withdrawn from warehouse, for consumption on or after the date of publication as provided by section 751(a)(2)(C) of the Act: (1) The cash deposit rate for companies subject to this review will be equal to the dumping margin established in the final results of the review; (2) for merchandise exported by companies not covered in this review but covered in a prior segment of this proceeding, the cash deposit rate will continue to be the company-specific rate published for the most recent period; (3) if the exporter is not a firm covered in this review, a prior review, or the less-than-fair-value (LTFV) investigation but the producer is, the cash deposit rate will be the rate established for the most recently completed segment for the producer of the merchandise; (4) the cash deposit rate for all other producers or exporters will continue to be the 6.04 percent, the all-others rate established in the LTFV investigation.[14] These cash deposit requirements, when imposed, shall remain in effect until further notice.

## Notification to Importers

This notice serves as a preliminary reminder to importers of their responsibility under 19 CFR 351.402(f)(2) to file a certificate regarding the reimbursement of antidumping duties prior to liquidation of the relevant entries during this period of review. Failure to comply with this requirement could result in Commerce's presumption that reimbursement of antidumping duties occurred and the subsequent assessment of double antidumping duties.

## Notification to Interested Parties

Commerce is issuing and publishing these results in accordance with sections 751(a)(1) and 777(i) of the Act, and 19 CFR 351.221(b)(4).

Dated: January 28, 2022.

**Ryan Majerus,**

*Deputy Assistant Secretary for Policy and Negotiations.*

## Appendix I

### List of Topics Discussed in the Preliminary Decision Memorandum

I. Summary
II. Background
III. Scope of the Order
IV. Affiliation and Collapsing of Affiliates
V. Particular Market Situation Allegation
VI. Unexamined Respondents
VII. Discussion of the Methodology
VIII. Recommendation

## Appendix II

### Non-Selected Companies Under Review

1. 1074712 BC Ltd.
2. 5214875 Manitoba Ltd.
3. 54 Reman
4. 752615 B.C Ltd. Fraserview Remanufacturing Inc., (dba Fraserview Cedar Products)
5. 9224–5737 Quebec inc. (aka A.G. Bois)
6. AA Trading Ltd.
7. Absolute Lumber Products Ltd.
8. Adwood Manufacturing Ltd
9. Aler Forest Products Ltd.
10. All American Forest Products Inc.
11. Alpa Lumber Mills Inc.
12. Andersen Pacific Forest Products Ltd.
13. Anglo American Cedar Products Ltd.
14. Antrim Cedar Corporation
15. Aquila Cedar Products Ltd.
16. Arbec Lumber Inc.
17. Aspen Planers Ltd.
18. B&L Forest Products Ltd.
19. Babine Forest Products Limited

[7] *See* 19 CFR 351.309(d); *see also* 19 CFR 351.303 (for general filing requirements).

[8] *See* 19 CFR 351.309(c)(2) and (d)(2).

[9] *See Temporary Rule Modifying AD/CVD Service Requirements Due to COVID–19*, 85 FR 17006 (March 26, 2020); and *Temporary Rule Modifying AD/CVD Service Requirements Due to COVID–19; Extension of Effective Period*, 85 FR 41363 (July 10, 2020).

[10] *See* 19 CFR 351.310(c).

[11] *See* 19 CFR 351.212(b).

[12] In these preliminary results, Commerce applied the assessment rate calculation method adopted in *Antidumping Proceedings: Calculation of the Weighted-Average Dumping Margin and Assessment Rate in Certain Antidumping Duty Proceedings; Final Modification*, 77 FR 8101 (February 14, 2012) (*Final Modification for Reviews*).

[13] *See Final Modification for Reviews*, 77 FR at 8103; *see also* 19 CFR 351.106(c)(2).

[14] *See Certain Softwood Lumber Products From Canada: Antidumping Duty Order and Partial Amended Final Determination*, 83 FR 350 (January 3, 2018).

Filed By: Moustapha Sylla, Filed Date: 2/4/22 11:38 AM, Submission Status: Approved

20. Bakerview Forest Products Inc.
21. Bardobec Inc.
22. Barrette-Chapais Ltee
23. BarretteWood Inc.
24. Benoît & Dionne Produits Forestiers Ltée (aka Benoît & Dionne Forest Products Ltd.)
25. Best Quality Cedar Products Ltd.
26. Blanchet Multi Concept Inc.
27. Blanchette & Blanchette Inc.
28. Bois Aisé de Montréal Inc.
29. Bois Bonsaï inc.
30. Bois D'Oeuvre Cedrico Inc. (aka Cedrico Lumber Inc.)
31. Bois Daaquam Inc.
32. Bois et Solutions Marketing SPEC, Inc.
33. Boisaco Inc.
34. Boscus Canada Inc.
35. Boucher Bros. Lumber Ltd.
36. BPWood Ltd.
37. Bramwood Forest Inc.
38. Brink Forest Products Ltd.
39. Brunswick Valley Lumber Inc.
40. Burrows Lumber (CD) Ltd., Theo A. Burrows Lumber Company Limited
41. Busque & Laflamme Inc.
42. Campbell River Shake & Shingle Co. Ltd.
43. Canada Pallet Corp.
44. Canasia Forest Industries Ltd.
45. Canyon Lumber Company Ltd.
46. Careau Bois Inc.
47. Carrier & Bégin Inc.
48. Carrier Forest Products Ltd.
49. Carrier Lumber Ltd.
50. Carter Forest Products Inc.
51. Cedar Island Forest Products Ltd.
52. Cedar Valley Holdings Ltd.
53. Cedarcoast Lumber Products
54. Cedarland Forest Products Ltd.
55. Cedarline Industries Ltd.
56. Central Cedar Ltd.
57. Central Forest Products Inc.
58. Centurion Lumber Ltd.
59. Chaleur Sawmills LP/Chaleur Forest Products LP [15]
60. Channel-ex Trading Corporation
61. Clair Industrial Development Corp. Ltd.
62. Clermond Hamel Ltee
63. CNH Products Inc.
64. Coast Clear Wood Ltd.
65. Coast Mountain Cedar Products Ltd.
66. Commonwealth Plywood Co. Ltd.
67. Conifex Fibre Marketing Inc.
68. Coulson Manufacturing Ltd.
69. Cowichan Lumber Ltd.
70. CS Manufacturing Inc. (dba Cedarshed)
71. CWP—Industriel Inc.
72. CWP—Montréal Inc.
73. D & D Pallets Ltd.
74. Dakeryn Industries Ltd.

[15] In the *Initiation Notice,* we included the company name "Chaleur Sawmills LP." *See Initiation Notice* at 86 FR 12602. Subsequently, we determined that the successor-in-interest to Chaleur Sawmills LP is Chaleur Forest Products LP. *See Certain Softwood Lumber Products from Canada: Notice of Initiation and Preliminary Results of Antidumping Duty Changed Circumstances Review,* 86 FR 22934 (April 30, 2021), and accompanying Preliminary Decision Memorandum, unchanged in *Certain Softwood Lumber Products from Canada: Notice of Final Results of Antidumping Duty Changed Circumstances Review,* 86 FR 33222 (June 24, 2021) (*Chaleur CCR).* We intend to liquidate all entries by Chaleur Sawmills LP based on the final results, but revise the cash deposit rate for Chaleur Forest Products LP.

75. Decker Lake Forest Products Ltd.
76. Deep Cove Forest Products, Inc.
77. Delco Forest Products Ltd.
78. Delta Cedar Specialties Ltd.
79. Devon Lumber Co. Ltd.
80. DH Manufacturing Inc.
81. Direct Cedar Supplies Ltd.
82. Distribution Rioux Inc.
83. Doubletree Forest Products Ltd.
84. Downie Timber Ltd.
85. Dunkley Lumber Ltd.
86. EACOM Timber Corporation
87. East Fraser Fiber Co. Ltd.
88. Edgewood Forest Products Inc.
89. Elrod Cartage Ltd.
90. ER Probyn Export Ltd.
91. Falcon Lumber Ltd.
92. Fontaine Inc.
93. Foothills Forest Products Inc.
94. Fornebu Lumber Company Inc./Chaleur Forest Products Inc.[16]
95. Fraser Specialty Products Ltd.
96. FraserWood Industries Ltd
97. Furtado Forest Products Ltd.
98. Glandell Enterprises Inc.
99. Goldband Shake & Shingle Ltd.
100. Goldwood Industries Ltd.
101. Goodfellow Inc.
102. Gorman Bros. Lumber Ltd.
103. Greendale Industries Inc.
104. Greenwell Resources Inc.
105. Griff Building Supplies Ltd.
106. Groupe Crête Chertsey Inc.
107. Groupe Crête Division St-Faustin Inc.
108. Groupe Lebel Inc.
109. Groupe Lignarex Inc.
110. H.J. Crabbe & Sons Ltd.
111. Haida Forest Products Ltd.
112. Halo Sawmill, a division of Delta Cedar Specialties Ltd.
113. Hampton Tree Farms, LLC (dba Hampton Lumber Sales Canada)
114. Hornepayne Lumber LP
115. Hudson Mitchell & Sons Lumber Inc.
116. Hy Mark Wood Products Inc.
117. Imperial Cedar Products Ltd.
118. Independent Building Materials Distribution Inc.
119. Interfor Corporation
120. Interfor Sales & Marketing Ltd.
121. Intertran Holdings Ltd. (dba Richmond Terminal)
122. Island Cedar Products Ltd.
123. J&G Log Works Ltd.
124. Jan Woodlands (2001) Inc.
125. Jasco Forest Products Ltd.
126. Jazz Forest Products Ltd.
127. J.H. Huscroft Ltd.
128. Jhajj Lumber Corporation
129. Kalesnikoff Lumber Co. Ltd.
130. Kan Wood Ltd.

[16] In the *Initiation Notice,* we included the company name "Fornebu Lumber Company Inc." *See Initiation Notice* at 86 FR 12602. On February 11, 2021, Fornebu Lumber Company Inc. stated that it had incorrectly identified itself as Fornebu Lumber Co. Ltd. but that they are the same company. *See* Fornebu Lumber Company Inc. Letter, "Clarification of Company Name of Fornebu Lumber Company Inc.," dated February 11, 2021. Subsequently, we determined that the successor-in-interest to Fornebu Lumber Co. Ltd. (and Fornebu Lumber Company Inc.) is Chaleur Forest Products Inc. *See Chaleur CCR.* We intend to liquidate all entries by Fornebu Lumber Company Inc. based on the final results, but revise the cash deposit rate for Chaleur Forest Products Inc.

131. Kébois Ltée
132. Kelfor Industries Ltd.
133. Kermode Forest Products Ltd.
134. Keystone Timber Ltd.
135. L'Atelier de Réadaptationau Travil de Beauce Inc.
136. Lafontaine Lumber Inc.
137. Langevin Forest Products Inc.
138. Lecours Lumber Co. Limited
139. Leisure Lumber Ltd.
140. Les Bardeaux Lajoie Inc.
141. Les Bois d'oeuvre Beaudoin Gauthier Inc.
142. Les Bois Martek Lumber
143. Les Bois Traités M.G. Inc.
144. Les Chantiers de Chibougamau Ltée
145. Les Industries P.F. Inc.
146. Les Palettes B.B.Inc. (aka B.B.Pallets Inc.)
147. Les Produits Forestiers D&G Ltée (aka D&G Forest Products Ltd.)
148. Leslie Forest Products Ltd.
149. Lignum Forest Products LLP
150. Linwood Homes Ltd.
151. Lonestar Lumber Inc.
152. Lulumco inc.
153. Magnum Forest Products, Ltd.
154. Maibec inc.
155. Mainland Sawmill, a division of Terminal Forest Products
156. Manitou Forest Products Ltd.
157. Marcel Lauzon Inc.
158. Marwood Ltd.
159. Materiaux Blanchet Inc.
160. Mid Valley Lumber Specialties Ltd.
161. Midway Lumber Mills Ltd.
162. Mill & Timber Products Ltd.
163. Millar Western Forest Products Ltd.
164. Mirax Lumber Products Ltd.
165. Mobilier Rustique (Beauce) Inc.
166. Monterra Lumber Mills Limited
167. Morwood Forest Products Inc.
168. Multicedre Itee
169. Nakina Lumber Inc.
170. National Forest Products Ltd.
171. Nicholson and Cates Ltd
172. Nickel Lake Lumber
173. NorsaskForestProducts Inc.
174. NorsaskForestProducts Limited Partnership
175. North American Forest Products Ltd. (located in Saint-Quentin, New Brunswick)
176. North American Forest Products, Ltd. (located in Abbotsford, British Columbia)
177. North Enderby Timber Ltd.
178. Northland Forest Products Ltd.
179. Olympic Industries Inc-Reman Codes
180. Olympic Industries ULC
181. Olympic Industries ULC-Reman
182. Olympic Industries ULC-Reman Code
183. Olympic Industries, Inc.
184. Oregon Canadian Forest Products Inc. d.b.a. Oregon Canadian Forest Products
185. Pacific Coast Cedar Products Ltd.
186. Pacific Lumber Remanufacturing Inc.
187. Pacific Pallet, Ltd.
188. Pacific Western Wood Works Ltd.
189. PalletSource Inc.
190. Parallel Wood Products Ltd.
191. Pat Power Forest Products Corporation
192. Phoenix Forest Products Inc.
193. Pine Ideas Ltd.
194. Pioneer Pallet & Lumber Ltd.
195. Porcupine Wood Products Ltd.
196. Portbec Forest Products Ltd./Les

Produits Forestiers Portbec Ltée
197. Power Wood Corp.
198. Precision Cedar Products Corp.
199. Prendiville Industries Ltd. (aka Kenora Forest Products)
200. Produits Forestiers Petit Paris Inc.
201. Produits forestiers Temrex, s.e.c.
202. Produits Matra Inc.
203. Promobois G.D.S. Inc.
204. Rayonier A.M. Canada GP
205. Rembos Inc.
206. René Bernard Inc.
207. Resolute Growth Canada Inc.; Forest Products Mauricie LP, Société en commandite Scierie Opitciwan; Resolute-LP Engineered Wood Larouche Inc.; Resolute-LP Engineered Wood St-Prime Limited Partnership; Resolute FP Canada Inc.
208. Rick Dubois
209. Rielly Industrial Lumber Inc.
210. River City Remanufacturing Inc.
211. S&R Sawmills Ltd.
212. S&W Forest Products Ltd.
213. San Industries Ltd.
214. Sapphire Lumber Company
215. Sawarne Lumber Co. Ltd.
216. Scierie Alexandre Lemay & Fils Inc.
217. Scierie St-Michel Inc.
218. Scierie West Brome Inc.
219. Scott Lumber Sales
220. Sechoirs de Beauce Inc.
221. Shakertown Corp.
222. Sigurdson Forest Products Ltd.
223. Silvaris Corporation
224. Sinclar Group Forest Products Ltd.
225. Skana Forest Products Ltd.
226. Skeena Sawmills Ltd.
227. Sonora Logging Ltd.
228. Source Forest Products
229. South Beach Trading Inc.
230. South Coast Reman Ltd.
231. South Fraser Container Terminals
232. Specialiste du Bardeau de Cedre Inc.
233. Spruceland Millworks Inc.
234. Star Lumber Canada Ltd.
235. Suncoast Industries Inc.
236. Suncoh Custom Lumber Ltd.
237. Sundher Timber Products Inc.
238. Surplus G Rioux
239. Surrey Cedar Ltd.
240. Taan Forest Limited Partnership
241. Taiga Building Products Ltd.
242. Tall Tree Lumber Company
243. Teal Cedar Products Ltd.
244. Terminal Forest Products Ltd.
245. The Teal Jones Group
246. The Wood Source Inc.
247. Tolko Marketing and Sales Ltd., Tolko Industries Ltd., and Gilbert Smith Forest Products Ltd.
248. Trans-Pacific Trading Ltd.
249. Triad Forest Products Ltd.
250. Twin Rivers Paper Co. Inc.
251. Tyee Timber Products Ltd.
252. Usine Sartigan Inc.
253. Vaagen Fibre Canada ULC
254. Valley Cedar 2 Inc.
255. Vancouver Specialty Cedar Products Ltd.
256. Vanderhoof Specialty Wood Products Ltd.
257. Visscher Lumber Inc.
258. W.I. Woodtone Industries Inc.
259. Waldun Forest Product Sales Ltd.
260. Watkins Sawmills Ltd.
261. West Bay Forest Products Ltd.
262. Western Forest Products Inc.
263. Western Lumber Sales Limited
264. Western Timber Products, Inc.
265. Westminster Industries Ltd.
266. Weston Forest Products Inc.
267. Weyerhaeuser Co.
268. White River Forest Products L.P.
269. Winton Homes Ltd.
270. Woodline Forest Products Ltd.
271. Woodstock Forest Products
272. Woodtone Specialties Inc.
273. WWW Timber Products Ltd.

[FR Doc. 2022–02321 Filed 2–3–22; 8:45 am]
BILLING CODE 3510–DS–P

---

**DEPARTMENT OF COMMERCE**

**International Trade Administration**

**[A–549–820]**

## Prestressed Concrete Steel Wire Strand From Thailand: Preliminary Results of Antidumping Duty Administrative Review; 2020

**AGENCY:** Enforcement and Compliance, International Trade Administration, Department of Commerce.

**SUMMARY:** The Department of Commerce (Commerce) preliminarily determines that prestressed concrete steel wire strand (PC strand) from Thailand was sold in the United States at less than normal value (NV) during the period of review of January 1, 2020, through December 31, 2020.

**DATES:** Applicable February 4, 2022.

**FOR FURTHER INFORMATION CONTACT:** Max Goldman or Brian Smith, AD/CVD Operations, Office VIII, Enforcement and Compliance, International Trade Administration, U.S. Department of Commerce, 1401 Constitution Avenue NW, Washington, DC 20230; telephone: (202) 482–3896 or (202) 482–1766, respectively.

**SUPPLEMENTARY INFORMATION:**

### Background

On January 28, 2004, Commerce published in the **Federal Register** the antidumping duty (AD) order on PC strand from Thailand.[1] Commerce initiated this administrative review on February 26, 2021.[2] This review covers one company, The Siam Industrial Wire Co., Ltd. (SIW). On May 25, 2021, Thai Wire Products Public Company Limited (Thai Wire Company) timely withdrew its request for review with respect to itself.[3] Based on this timely withdrawal and the fact that no other party requested review of this company, we rescinded this review with respect to Thai Wire Company, in accordance with 19 CFR 351.213(d)(1).[4]

On September 10, 2021, we extended the deadline for the preliminary results of this review to January 28, 2022.[5] For a detailed description of the events that followed the initiation of this review, *see* the Preliminary Decision Memorandum.[6]

### Scope of the Order

The merchandise covered by the *Order* is PC strand from Thailand. Products subject to the *Order* are currently classified in the Harmonized Tariff Schedule of the United States (HTSUS) subheadings 7312.10.3010 and 7312.10.3012. Although the HTSUS subheadings are provided for convenience and customs purposes, the written description of the merchandise subject to this scope is dispositive. For a complete description of the scope of the *Order, see* the Preliminary Decision Memorandum.

### Methodology

Commerce is conducting this administrative review in accordance with section 751(a) of the Tariff Act of 1930, as amended (the Act). Constructed export price was calculated in accordance with section 772 of the Act. NV is calculated in accordance with section 773 of the Act.

For a full description of the methodology underlying our conclusions, *see* the Preliminary Decision Memorandum. A list of topics discussed in the Preliminary Decision Memorandum is attached as an appendix to this notice. The Preliminary Decision Memorandum is a public document and is on file electronically via Enforcement and Compliance's Antidumping and Countervailing Duty Centralized Electronic Service System (ACCESS). ACCESS is available to registered users at *http://access.trade.gov*. In addition, a complete

---

[1] *See Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Prestressed Concrete Steel Wire Strand from Thailand*, 69 FR 4111 (January 28, 2004) (*Order*).

[2] *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 FR 12599 (March 4, 2021) (*Initiation Notice*).

[3] *See* Thai Wire Company's Letter, "Administrative Review Withdrawal," dated May 25, 2021.

[4] *See Prestressed Concrete Steel Wire Strand from Thailand: Partial Rescission of Antidumping Duty Administrative Review; 2020*, 86 FR 33231 (June 24, 2021).

[5] *See* Memorandum, "Prestressed Concrete Steel Wire Strand from Thailand: Extension of Deadline for Preliminary Results of 2020 Antidumping Duty Administrative Review," dated September 10, 2021.

[6] *See* Memorandum, "Prestressed Concrete Steel Wire Strand from Thailand: Decision Memorandum for Preliminary Results of Antidumping Duty Administrative Review; 2020," dated concurrently with, and hereby adopted by, this notice (Preliminary Decision Memorandum).

# Attachment 13

Barcode:4271305-02 A-122-857 REV - Admin Review 1/1/20 - 12/31/20

UNITED STATES DEPARTMENT OF COMMERCE
International Trade Administration
Washington, D.C. 20230

A-122-857
Administrative Review
POR: 1/1/2020 – 12/31/2020
**Public Document**
E&C/OIV: Team

August 3, 2022

**MEMORANDUM TO:** Ryan Majerus
Deputy Assistant Secretary
for Policy and Negotiations

**FROM:** James Maeder
Deputy Assistant Secretary
for Antidumping and Countervailing Duty Operations

**SUBJECT:** Issues and Decision Memorandum for the Final Results of the 2020 Administrative Review of the Antidumping Duty Order on Certain Softwood Lumber Products from Canada

---

## I. SUMMARY

On February 4, 2022, the U.S. Department of Commerce (Commerce) published its *Preliminary Results* in the 2020 administrative review of the antidumping (AD) duty order of certain softwood lumber products (softwood lumber) from Canada.[1] The period of review (POR) is January 1, 2020, through December 31, 2020. This administrative review covers two mandatory respondents, Canfor[2] and West Fraser,[3] and 273 non-selected producers/exporters that we did not individually examine. Based on our analysis of the comments received, we made certain changes to our margin calculations for West Fraser and the non-selected producers/exporters. We recommend that you approve the positions described in the "Discussion of the Issues" section of this memorandum. Below is the complete list of the issues for which we received comments:

Comment 1: Particular Market Situation (PMS) Allegation
Comment 2: Whether Commerce's Application of the Cohen's *d* Test is Contrary to Law
Comment 3: Whether Commerce Failed to Consider Qualitative Factors in Determining Whether Price Differences Were Significant in Differential Pricing Analysis

[1] *See Certain Softwood Lumber Products from Canada: Preliminary Results of Antidumping Duty Administrative Review*, 87 FR 6506 (February 4, 2022) (*Preliminary Results*), and accompanying Preliminary Decision Memorandum (PDM).
[2] As described in the PDM at 5, we have treated Canfor Corporation, Canadian Forest Products Ltd., and Canfor Wood Products Marketing Ltd. (collectively, Canfor) as a single entity.
[3] As described in the PDM at 6-7, we have treated West Fraser Mills Ltd., Blue Ridge Lumber Inc., Manning Forest Products Ltd., and Sundre Forest Products Inc. (collectively, West Fraser) as a single entity.

Filed By: Zachary Shaykin, Filed Date: 8/4/22 2:29 PM, Submission Status: Approved



Comment 4: Whether Commerce Erred in Finding a Pattern of U.S. Prices that Differ Significantly Among Purchasers, Regions, or Periods of Time
Comment 5: Whether Average-to-Average (A-to-A) Methodology Accounts for the Identified Price Differences in Applying the "Meaningful Difference" Test
Comment 6: Zeroing
Comment 7: The Cohen's *d* and Ratio Test
Comment 8: Whether Commerce's Simple Average of Variances is Appropriate
Comment 9: Whether to Update J.D. Irving's Cash Deposit Rate
Comment 10: Whether it was Proper not to Select Respondents based on Sampling
Comment 11: Whether it was Proper not to have Adjusted U.S. Price by Countervailing Duties (CVD)
Comment 12: Whether to Correct the Names of Certain Companies under Review
Comment 13: Whether Commerce Should Include Restructuring and Impairment Costs in the Calculation of West Fraser's General & Administrative (G&A) Expense Ratio
Comment 14: Whether Commerce Should Make Certain Revisions to West Fraser's Byproduct Offset Calculation
Comment 15: Whether Commerce Should Rescind this Administrative Review for Companies with No Suspended Entries in the U.S. Customs and Border Protection (CBP) Data
Comment 16: Whether Commerce Used the Proper Market Price for Canfor's Wood Chip Sales
Comment 17: Whether the Costs Associated with Canfor's Mill Closures Should Be Excluded from the Mill Specific Cost of Production
Comment 18: Whether the Cost for Electricity Should be Based on Electricity Prices in Alberta Alone
Comment 19: Whether Commerce Should Adjust the Reported Cost of Electricity at the PG Sawmill

## II. BACKGROUND

As noted above, on February 4, 2022, Commerce published its *Preliminary Results*.[4] On May 5, 2022, Commerce extended the deadline of these final results until August 3, 2022.[5]

[4] *See Preliminary Results*.
[5] *See* Memorandum, "Extension of Deadline for Final Results of Antidumping Duty Administrative Review," dated May 5, 2022.

Furthermore, as noted above, in *Stupp,* the CAFC remanded for Commerce to address the issue of whether certain statistical criteria are relevant to Commerce's application of the Cohen's *d* test.[233] The CAFC in *Stupp* recognized the ongoing, parallel litigation in *Mid Continent* as it also involves Commerce's Cohen's *d* test, but each judicial proceeding involves a distinct issue related to Commerce's application of that analysis.[234] Accordingly, we do not find that the CAFC's analysis in *Stupp* is key to the issue of simple or weighted average to calculate the denominator of the Cohen's *d* coefficient.

Therefore, because we find that the use of simple averaging to calculate the denominator of Cohen's *d* is superior to the use of a weighted average, and has not been rejected by the CAFC in the ongoing *Mid Continent* litigation, we have determined to continue using a simple average of the standard deviations of the test and comparison groups to calculate the denominator of the Cohen's *d* coefficient in our application of the Cohen's *d* test for the final results.

**Comment 9: Whether to Update J.D. Irving's Cash Deposit Rate**

*J.D. Irving*[235]

- J.D. Irving is not subject to this review. Nevertheless, in accordance with section 751(a)(2)(C) of the Act, Commerce's regulations, and Congressional intent, J.D. Irving's AD cash deposit rate must be updated to reflect the company's dumping margin established for the year 2020. Unless Commerce takes appropriate action, final ADs will be assessed on J.D. Irving imports of subject merchandise entered during the 2020 POR at dumping rates established in 2020, while AD cash deposits will continue to be collected at a dumping rate calculated for 2019.
- The plain language of section 751(a)(2)(C) of the Act requires Commerce to use the same dumping margin as the basis for both the assessment of ADs and the collection of AD cash deposits for future entries, stating: "the determination under {751(a)(2)(C)} shall be the basis for the assessment of . . . antidumping duties on entries of merchandise covered by the determination and for deposits of estimated duties." Section 751(a)(2)(C) of the Act's requirement applies equally to assessment and deposit rates for unreviewed entries, which are subject to the automatic assessment provision under 19 CFR 351.212(c)(1).
- The courts have affirmed this principle, noting that section 751(a)(2)(C) of the Act "requires that both the deposit rate and the assessment rate be derived from the same dumping margin differential . . . ."[236]

---

[233] *See Stupp*, 5 F.4th 1341, 1360 (Fed. Cir. 2021).
[234] *Id.*, 5 F.4th at 1356-57.
[235] *See* J.D. Irving's Case Brief at 1-9.
[236] *See* J.D. Irving's Case Brief at 3 (citing *Koyo Seiko Co. v. United States*, 110 F. Supp. 2d 934, 942 (CIT 2000), *aff'd* 258 F.3d 1340, 1342 (Fed. Cir. 2001) (citation omitted) ("Commerce uses the dumping margin to assess antidumping duties on merchandise imported during the review period, and also to calculate 'cash deposits of estimated duties for future entries' of the subject merchandise."); and *Torrington Co. v. United States*, 44 F.3d 1572, 1578 (Fed. Cir. 1995) ("Section {751(a)(2)} . . . requires that PUDD, the difference between foreign market value and United States price, serve as the basis for both assessed duties and cash deposits of estimated duties.")).

- Because the deposit rate is an estimate of the respondent's future dumping behavior, the requirement that the deposit and assessment rates be consistent also means that the AD deposit rate should reflect the assessment rate established for the most recent POR.[237]
- Commerce has previously stated that the lack of a request for a review constitutes a determination under section 751 of the Act.[238]
- The CIT has found in *Federal-Mogul Corp* that in a situation where a company's entries are unreviewed, the prior cash deposit rate . . . becomes the assessment rate, which must in turn become the new cash deposit rate for that company.[239] Accordingly, section 751(a)(2)(C) of the Act's requirement that the AD deposit rate going forward must be based on the same dumping margin used for the assessment rate applies equally to unreviewed foreign producers/exporters that receive assessment and deposit rates by operation of law under 19 CFR 351.212(c)(1).
- Failing to update J.D. Irving's AD cash deposit rate to the company's dumping margin for the 2020 POR would also violate Congressional intent – which was to prevent Commerce from having to conduct administrative reviews when petitioners and respondents alike are satisfied with existing AD rates. Moreover, failing to update J.D. Irving's cash deposit rate would be arbitrary because it would apply AD cash deposit rates for companies subject to the review based on dumping margins calculated for 2020, but not updating AD cash deposit rates for unreviewed companies with agreed-upon dumping margins for 2020.
- Originally, Commerce was required under section 751(a) of the Act to conduct annual reviews of all outstanding AD and CVD orders; there was no provision for interested parties to request reviews.[240] That changed with enactment of the Trade and Tariff Act of 1984 by which Congress amended section 751(a) to require Commerce to conduct annual reviews only "if a request for such a review has been received."[241] The corresponding legislative history explains that the "purpose of amending the annual review requirement {was} to reduce the administrative burden on {Commerce} of automatically reviewing every outstanding order even though circumstances do not warrant it or parties to the case are satisfied with the existing order."[242] Congress also intended for the request-for-review requirement to "limit . . . the burden on petitioners and respondents, as well as the

---

[237] *Id.* (citing section 736(a)(3) (requiring "the deposit of estimated antidumping duties pending liquidation of entries of merchandise at the same time as estimated normal customs duties on that merchandise are deposited"); *Large Power Transformers from Italy; Final Results of Administrative Review*, 52 FR 48606, 48610 (December 10, 1987) ("We believe the margin for the most recently reviewed period is generally the best estimate we have of the producer's current behavior."); *Steel Jacks from Canada: Final Results of Administrative Review*, 50 FR 42577, 42579 (October 21, 1985) ("{I}t is Commerce's practice to establish its estimated duty deposit rate based upon the weighted-average margin for all sales during the most recent period reviewed. We do this because the most recent period should be the best indicator of future marketing practices".); and *Allegheny Ludlum Corp. v. United States*, 346 F.3d 1368, 1373 (Fed. Cir. 2003) ("{W}e discern a congressional intent that cash deposit rates be accurate and current; we see no congressional intent indicating how Commerce should accomplish that goal.")).

[238] *Id.* at 4 (citing *Antidumping Dutie*s, 54 FR 12742, 12756 (March 28, 1989) (*Preamble to Regulations*).

[239] *Id.* (citing *Federal-Mogul Corp. v. United States*, 822 F. Supp. 782 (CIT 1993) (*Federal-Mogul Corp*)).

[240] *Id.* at 6 (citing *Trade Agreements Act of 1979* (Pub. L. 96-39, 93 STAT. 144, 175, July 26, 1979), *codified at* 19 U.S.C. 1675(a)(1) (1982 edition)).

[241] *Id.* (citing *Trade and Tariff Act of 1984* (Pub. L. 98-573, 98 STAT. 2948, 3031, October 30, 1984), *codified at* 9 U.S.C. 1675(a)(1) (1988 edition)).

[242] *Id.* (citing *H.R. Report 98-725*, 98th Cong., 2nd Sess., at 22-23 (May 1, 1984)).

administering authority."[243]  In *Federal-Mogul*, the CIT held that Congress's purpose for amending section 751(a) would be undermined if Commerce were arbitrarily to change an AD cash deposit rate from the dumping rate to which interested parties agreed by not requesting a review.[244]

- Here, neither J.D. Irving nor any U.S. producer requested a review of J.D. Irving for this POR, signifying that both sides were satisfied that the AD cash deposit rates in effect during that period reflected J.D. Irving's dumping margin in 2020.  Despite this, Commerce later assigned J.D. Irving an AD cash deposit rate based on a dumping margin calculated for 2019, the prior POR.  By assessing ADs on entries at an agreed upon dumping rate for one year, while collecting AD cash deposits at a dumping rate calculated for an earlier year, Commerce all but compels parties to request reviews even when they are satisfied with existing AD rates.  Without certainty that, in the absence of a request for review, the existing AD cash deposit rate would continue to apply until completion of an administrative review for a subsequent period, parties are unable to make an informed decision of whether to request a review.  As recognized by the CIT, injecting uncertainty into the review-request-decision-making process violates congressional intent and increases the burden on Commerce and parties alike with unnecessary reviews.

- Upon conclusion of the 2020 POR, Commerce will update the AD cash deposit rates for companies subject to the review to reflect their 2020 dumping margins but intends to keep J.D. Irving's cash deposit rate at the 2019 level.  Such disparate treatment of companies subject to the review and companies not subject to the review is arbitrary and impermissible.

*Petitioner*[245]

- In the *Preliminary Results*, based on Commerce's consistent practice as stated in 19 CFR 351.212(c)(ii) and section 751(a)(2)(C) of the Act, Commerce announced that "for merchandise exported by companies not covered in this review but covered in a prior segment of this proceeding, the cash deposit rate will continue to be the company-specific rate published for the most recent period."[246]  J.D. Irving's argument that Commerce should not follow this practice is that the liquidation instructions Commerce issued in April 2021 liquidating all entries not under the 2020 POR review constitutes a determination that requires Commerce to change J.D. Irving's cash deposit rate.  J.D. Irving is mistaken.  The automatic liquidation instructions referenced by J.D. Irving do not constitute a "determination" for purposes of establishing future cash deposits.  As explained by Commerce in the second AD review of this order (AR2), "{b}y its very name, the issuance of automatic liquidation instructions is a passive, automatic action requiring no analysis nor decision other than to follow the law and our regulations."[247]

---

[243] *Id.* (citing *H.R. Report 98-1156*, 98th Cong., 2nd Sess., at 181 (October 5, 1984)).

[244] *Id.* at 7 (citing *Federal-Mogul*, 822 F. Supp. at 788; *see also OKI Elec. Indus. Co. v. United States*, 669 F. Supp. 480, 486 (CIT 1987) (stating that, through the 1984 amendment to section 751(a) of the Act, "Congress sought to avoid unnecessary 751 reviews where the parties to the case were satisfied.")).

[245] *See* Petitioner's Rebuttal Brief at 56-63.

[246] *Id.* at 57 (citing the *Preliminary Results* at 6507).

[247] *Id.* at 61-62 (citing *Lumber AR2 Final* IDM at Comment 10).

Indeed, the Federal Circuit has explained that a "decision" must involve "analysis and adjudication":

> "decisions" of Customs are substantive determinations involving the application of pertinent law and precedent to a set of facts, such as tariff classification and applicable rate of duty. Indeed, prior case law indicates that Customs must engage in some sort of decision-making process in order for there to be a protestable decision.[248]

- Accepting J.D. Irving's argument would upend Commerce's consistent practice and present immense administrability concerns. As such, Commerce should reject J.D. Irving's arguments and decline to 'update' the cash deposit rate collected on merchandise produced and exported by J.D. Irving.

**Commerce's Position:** We disagree with J.D. Irving. As it does here, in AR2 J.D. Irving relied on misinterpretations of the law, Commerce practice, and Congressional intent in arguing that it should retain the cash deposit rate calculated at the end of the first AD review of this order (AR1). As we did here, in AR2 we applied the same treatment to J.D. Irving that we have to thousands of companies prior to that review and, as is the case here, J.D. Irving could not cite to one example where Commerce had assigned cash deposit rates in the manner it requested. Our actions in the instant review follow long-established precedent for the treatment of companies, such as J.D. Irving, that are not under review. Section 351.212(c)(ii) of Commerce's regulations state: "{i}f the Secretary does not receive a timely request for an administrative review of an order . . . the Secretary, without additional notice, will instruct the Customs Service to continue to collect the cash deposits previously ordered." As it acknowledged, J.D. Irving is not under review in this review, but was under review in AR2, and so consistent with Commerce practice cited above, J.D. Irving's entries have been entering under the final AR2 cash deposit rate since that rate went into effect on December 2, 2021.[249] J.D. Irving raises no valid legal reasons why Commerce should be obligated to change this practice.

J.D. Irving notes that section 751(a)(2)(C) of the Act states that "the determination under this paragraph shall be the basis for the assessment of . . . antidumping duties on entries of merchandise covered by the determination and for deposits of estimated duties." J.D. Irving argues that automatic liquidation constitutes such a determination, and so because its entries at the end of the POR were liquidated consistent with its rate determined in the final results of AR1, its cash deposit rates should also be revised to be consistent with its rate assigned in the final results of AR1.

J.D. Irving's argument relies on its misinterpretation of the law and court decisions — a misinterpretation that J.D. Irving argued in AR2 as well — that an automatic liquidation amounts to a determination. Just as it did in AR2, J.D. Irving latches on to the word "determination" in the statement in the *Preamble to Regulations*, stating:

---

[248] *Id.* at 62 (citing *United States Shoe Corp. v. United States*, 114 F.3d 1564, 1569 (Fed. Cir. 1997).
[249] *See Lumber AR2 Final.*

> {b}ecause the cash deposit (or bond) rate is the basis for each interested party's decision whether to exercise its right to request a review, it would make no sense to change the rate after the time for request has expired. Interested parties that believe the assessment level should be higher or lower than the estimated antidumping duties deposited at the time of entry can request an administrative review. In addition, the use of the cash deposit rate required at the time of entry is in accordance with the purpose of the entire review-upon-request mechanism, *i.e.*, to reduce unnecessary burdens . ... In any event, the failure of an interested party to file a timely request for review constitutes a determination under section 751 of the dumping margin for the entries made during the review period.[250]

J.D. Irving misconstrues this passage to mean that a determination with regard to whether an updated cash deposit rate should apply to sales going forward was made in this review when its entries were automatically liquidated. No review of J.D. Irving was undertaken covering its sales during the 2020 POR. Additionally, during the last three decades (i.e., for as long as the current system has been in place) Commerce has never updated a company's cash deposit rate when a review request of a particular company had not been made for that company and automatic liquidation instructions have been issued.

The CAFC affirmed this view in *United States Shoe Corporation* that ministerial actions, such as the issuance of automatic liquidation instructions, do not constitute a determination for the purpose of updating a cash deposit rate.[251] Specifically, in *United States Shoe Corporation,* the CAFC found the Harbor Maintenance Tax to be a tax on exports akin to customs duties that are stipulated by law, and as such, the act of collecting the Harbor Maintenance Tax involved no analysis. Accordingly, the CAFC held that the collection of the Harbor Maintenance Tax was not the result of a "decision" by CBP, but rather a mere passive collection of money required by law.[252] Similar to *United States Shoe Corporation*, our issuance of automatic liquidation instructions was an automatic, ministerial action done pursuant to 19 CFR 351.213©. By its very name, the issuance of *automatic* liquidation instructions is a passive, automatic action requiring no analysis nor decision other than to follow the law and our regulations. Thus, contrary to J.D. Irving's claims, automatic liquidation instructions do not constitute a determination within the context of section 751(a)(2)(C) of the Act.

J.D. Irving also misinterprets a quotation from *Federal-Mogul Corp.* where the Court held that "in a situation where a company's entries are unreviewed, the prior cash deposit rate . . . becomes the assessment rate, which must in turn become the new cash deposit rate for that company."[253] Any plain reading of *Federal-Mogul Corp.* would conclude that J.D. Irving has misinterpreted the ruling. *Federal-Mogul Corp.* involved a situation where,

> for companies which were not investigated in the LTFV investigation and therefore received the LTFV "all others" cash deposit rate and were also not

[250] *See* J.D. Irving's Case Brief at 3-4 (citing *Preamble to Regulations*).
[251] *See United States Shoe Corporation v. United States*, 114 F.3d 1564, 1569 (Fed. Cir. 1997) (*United* States Shoe Corporation).
[252] *Id.*, 114 F.3d at 1569.
[253] *See Federal-Mogul Corp.*

> investigated during this administrative review, the ITA used the new "all others" rate calculated in this administrative review as the new cash deposit rate for those companies.[254]

The CIT held,

> that in cases where a company makes cash deposits on entries of merchandise subject to antidumping duties, and no administrative review of those entries is requested, the cash deposit rate automatically becomes that company's assessment rate for those entries.[255]

With regard to the cash deposit rate, the CIT held that,

> {i}n a situation where a company's entries are unreviewed, the prior cash deposit rate from the LTFV investigation {the decision concerned the first administrative review of the order} becomes the assessment rate, which must in turn become the new cash deposit rate for that company.[256]

The use of "new" by the Court would appear to be a response to Commerce's attempts to apply to companies not under review the "new" all others rate calculated in that review. As even quoted by J.D. Irving, "the prior cash deposit rate . . . becomes the new assessment rate." Just as the rate of the company not under review in *Federal-Mogul Corp.* maintained its "prior cash deposit rate," J.D. Irving, which is likewise not under review, has maintained its prior cash deposit rate.

We also disagree with J.D. Irving's argument that because of Commerce's actions parties are unable to make an informed decision of whether to request a review and that injecting uncertainty into the review-request-decision-making process violates Congressional intent and increases the burden on Commerce and parties alike with unnecessary reviews. As detailed above, Commerce has followed its long-held practice of not updating the cash deposit instructions for companies not under review. Because we continue to follow our long-held practice, all parties, including J.D. Irving, knew that Commerce would not update J.D. Irving's cash deposit rate or any company's cash deposit rate not under review. The only way to insert uncertainty and generate the results J.D. Irving supposedly fears is for Commerce to change its practice and approach.

J.D. Irving returns to *Federal-Mogul Corp.*, where it cites the CIT holding that:

> {i}f {Commerce} is allowed to arbitrarily change this cash deposit rate for unreviewed firms, which are presumably unreviewed because the parties are happy with assessments and future cash deposits being made at that cash deposit rate, in many cases the parties will be required to request administrative reviews of all entries of the subject merchandise. Importers and foreign producers will

---

[254] *Id.*, 822 F. Supp. at 784.
[255] *Id.*, 822 F. Supp. at 787-88.
[256] *Id.*, 822 F. Supp. at 788.

> make the request so their future entries will not be subject to a potentially higher "all others" cash deposit rate. Likewise, the domestic industry will request reviews to ensure that future entries will not be subject to a potentially lower "all others" cash deposit rate. This will have the effect of increasing the number and complexity of administrative reviews thereby defeating the express purpose of the 1984 amendment.[257]

In *Federal-Mogul Corp.*, the CIT is warning about the negative impact if Commerce were to revise the assessment and cash deposit rates of a company for which no review has been requested. Here, by contrast, we are *not* revising the cash deposit rate of a company — J.D. Irving — for which no review has been requested. Accordingly, for the final results, we have not altered the assessment rates from the cash deposit rates in effect for J.D. Irving and we have not changed J.D. Irving's cash deposit rate. As we have detailed above, this treatment is consistent with our long-time treatment of all respondents in J.D. Irving's situation.

**Comment 10: Whether it was Proper not to Select Respondents based on Sampling**

*Petitioner*[258]

- Commerce has recognized that continually selecting respondents for individual review based on the volume of exports (*i.e.*, in accordance with section 777A(c)(2)(B) of the Act) effectively excludes smaller exporters and producers from individual review.[259] As a result, concerns raised in the *Sampling Notice* that non-selected respondents will continue to believe that they are "excluded from individual examination" and "may decide to lower their prices as they recognize that their pricing behavior will not impact the AD rates assigned to them"[260] are present here. Supporting this concern is the fact that of the nearly 200 entities specifically requesting a review of themselves, only Canfor, West Fraser, Resolute and Tolko Marketing and Sales Ltd., Tolko Industries Ltd., and Gilbert Smith Forest Products Ltd. (Tolko) sought to have their individual sales and costs individually reviewed.[261]
- Much of Commerce's justifications for not using sampling to select mandatory respondents is merely copied from the previous softwood lumber reviews and fails to engage with the evidence presented in the petitioner's sampling request.
- Commerce's claim that the "unique time constraints of this administrative review" made sampling "unfeasible,"[262] ignores the fact that having to delay respondent selection until after the 90-day period for withdrawal of review requests is present in all reviews and is thus not unique present in all administrative reviews.
- Commerce's justification for not sampling on the grounds that sampling may "result in the review of one or more previously unexamined companies that are unfamiliar to Commerce" is also an unreasonable response to the petitioner's sampling request. The

[257] *Id.*
[258] *See* Petitioner's Case Brief at 14-22.
[259] *Id.* at 14 (citing *Antidumping Proceedings: Announcement of Change in Department Practice for Respondent Selection in Antidumping Duty Proceedings and Conditional Review of the Nonmarket Economy Entity in NME Antidumping Duty Proceedings*, 78 FR 65963, 65967 (November 4, 2013) (*Sampling Notice*)).
[260] *Id.* (citing *Sampling Notice*, 78 FR at 65967).
[261] *Id.* at 22; *see also* RSM at 9.
[262] *Id.* at 8 (citing RSM at 5).