IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| J.D. IRVING, LIMITED,<br><br>　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES and U.S. DEPARTMENT OF COMMERCE,<br><br>　　Defendants. | Court No. 22-0256 |

### DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

Pursuant to Rule 12(b)(1) of the Rules of the Court of International Trade, defendants, the United States and U.S. Department of Commerce, respectfully submit this reply in support of their motion to dismiss the amended complaint filed by plaintiff, J.D. Irving, Ltd. (JDI), because the Court lacks jurisdiction to entertain it.

### ARGUMENT

In our motion to dismiss, we demonstrated that binding Federal Circuit precedent, *J.D. Irving, Ltd. v. United States*, 119 F.4th 48 (Fed. Cir. 2024) (*J.D. Irving I*), requires dismissal of this suit. In *J.D. Irving I*, the Federal Circuit determined that JDI could not invoke this Court's jurisdiction under 28 U.S.C. § 1581(i) to challenge the final results of an administrative review because: (1) the true nature of JDI's suit was a challenge to the final results for the second administrative review (AR 2), such that jurisdiction under § 1581(c) could have been available but for a pending request for binational panel review; and (2) JDI's remedies before the binational panel were not manifestly inadequate.

This case is substantively the same as *J.D. Irving I*. As JDI previously stated, this case and *J.D. Irving I* "involve the same legal issues," "the same parties, and overlapping administrative records." Mot. to Consol., ECF No. 9 at 6. "[T]he jurisdictional issue in [this case] is identical to the one raised in [*J.D. Irving I*.]" Mot. to Stay, ECF No. 10.¹ Thus, the Federal Circuit's reasoning in *J.D. Irving I* demonstrates that this Court lacks jurisdiction over JDI's suit here, too.

Despite JDI's previous representation to the Court that *J.D. Irving I* would control resolution of this case, JDI now argues that two factual differences render *J.D. Irving I* inapplicable: (1) that no review was requested of JDI's entries in the third administrative review (AR 3); and (2) that JDI challenges cash deposit instructions, rather than the AR 3 final results.² According to JDI, these two points make the "true nature" of its suit a challenge to the cash deposit instructions, rather than the AR 3 final results, such that it may invoke the Court's § 1581(i) jurisdiction. Neither argument has merit.

---

¹ Moreover, JDI now contends that it asserted that the jurisdictional issue in *J.D. Irving I* and this case was identical "prior to the Federal Circuit's decision in *J.D. Irving I*," as if its earlier representation was insufficiently informed. Pl. Resp. at 11. But the underlying jurisdictional issue is still "identical" no matter the result in *J.D. Irving I*. It cannot be the case that the issues are only identical if JDI had obtained its desired result in *J.D. Irving I*.

² JDI's response also includes a footnote asserting that if Commerce's AR3 Cash Deposit Instructions are considered a "reviewable determination," that a remedy from a USMCA Binational Panel would be manifestly inadequate because the panel does not issue injunctions. *See* Pl. Resp. at 10 n.1. But *J.D. Irving I* considered and rejected this point: "[A]lthough a remand by a binational panel differs from an injunction, the inquiry here is not whether the provided remedy would have been equal to JDI's desired remedy; rather, it is whether the provided remedy would have been manifestly inadequate." *J.D. Irving I*, 119 F.4th at 56-57. As in *J.D. Irving I*, JDI again fails to show that a binational panel remand would be "manifestly inadequate." In any event, JDI removed its allegations about manifestly inadequate remedies from the amended complaint, so the Court need not address them again here. *See* Am. Compl., Redline at 6, ECF No. 14-1.

First, JDI fails to show that the existence of a request for administrative review affects the true nature of its case. In *J.D. Irving I*, the Federal Circuit considered three points in finding that the true nature of the case was a challenge to the AR 2 final results:

- JDI raised its assertion that it is entitled to a 1.57% cash deposit rate in a case brief submitted to Commerce during the AR 2 proceedings;

- Commerce addressed JDI's cash deposit argument in the AR 2 final results; and

- JDI previously stated in its Notice of Intent to Seek Judicial Review submitted to the U.S.-Mexico-Canada Agreement (USMCA) panel that it was challenge the AR 2 final results.

*J.D. Irving I*, 119 F.4th at 55.

Given these three points, the Federal Circuit determined that, absent the request for binational panel review, "the proper source of the CIT's jurisdiction over JDI's action would have been § 1581(c)," *id.*, as it grants this Court "jurisdiction over actions brought under [19 U.S.C. § 1516a], which includes challenges to the final results of an administrative review by a participant in that review," *id*. (quoting *Consol. Bearings Co. v. United States*, 348 F.3d 997, 1002 (Fed. Cir. 2003)). Thus, in evaluating the true nature of the case, the Federal Circuit focused on the arguments raised by JDI during the administrative review, Commerce's treatment of the argument in the final results of the administrative review, and JDI's prior representations about the nature of the case—not whether review was requested of JDI's AR 2 entries.

As demonstrated in our motion, the same three points that guided the Federal Circuit's true nature analysis are present here. First, JDI raised its argument that it is entitled to a 1.57% cash deposit rate in a case brief submitted to Commerce in AR 3. Am. Compl., Ex. 3. Second, Commerce addressed JDI's cash deposit argument in the Issues and Decision Memorandum accompanying the AR 3 final results. *Id.*, Ex. 13. Third, JDI confirmed that it was challenging the AR 3 final results in a Notice of Intent to Seek Judicial Review submitted to the USMCA

panel. *Id.*, Ex. 4. Thus, the Federal Circuit's analysis in *J.D. Irving I* demonstrates that the true nature of this suit is a challenge to the AR 3 final results, not to cash deposit instructions.

In response, JDI brushes aside the *J.D. Irving I* true nature analysis and, instead, argues that it challenges the cash deposit instructions because JDI "is not subject to the dumping margins and cash deposit rates that are set in the [AR 3 final results]," such that its "claim lies in Commerce's failure to update the 2020 Cash Deposit Instructions to reflect the correct rate for a company not subject to review." *Id.* But the final results are not limited to establishing an antidumping rate and cash deposit rate. JDI knows as much because it raised its argument about the cash deposit rate in an AR 3 case brief even though no review of its entries was requested in AR 3. Indeed, if Commerce agreed with JDI that the cash deposit rate should be 1.57%, then JDI's cash deposit rate would have been adjusted in connection with the AR 3 final results. That Commerce rejected JDI's cash deposit argument in the AR 3 final results, however, does not transform the true nature of JDI's case into a challenge to cash deposit instructions, rather than a challenge to the AR 3 final results.

Second, as demonstrated in our motion, whether a jurisdictional provision "could have been available" does not turn on whether review was requested of a party's entries for a given period. Def. Mot. at 17 (citing *J.D. Irving I*, 119 F.4th at 55). Rather, judicial review of an antidumping determination is available to any "interested party who is a party to the proceeding in connection with which the matter arises." 19 U.S.C. § 1516a(a)(2)(B). JDI falls under this category because: (1) JDI admits that it is an interested party; and (2) JDI participated in the proceeding by submitting a case brief setting forth its argument about the cash deposit rate. *See* Def. Mot. at 17; Am. Compl. ¶ 5. Although JDI asserts that its submission of a case brief does not change the true nature of its claim, JDI submitted that brief to persuade Commerce to reduce

JDI's cash deposit rate in the AR 3 final results. Because Commerce explained its determination to maintain JDI's cash deposit rate in the AR 3 final results, the true nature of JDI's argument that Commerce improperly maintained JDI's cash deposit rate represents a challenge to the AR 3 final results.

Third, JDI contends that the true nature of its suit challenges the cash deposit instructions because JDI asserted as much in its pleading. Pl. Resp. at 12. But in *J.D. Irving I*, JDI also asserted that it challenged the cash deposit instructions, rather than the AR 2 final results, and the Federal Circuit determined otherwise based on similar factual circumstances presented here. *J.D. Irving I*, 119 F.4th at 55. Whatever JDI says now in an effort to evade *J.D. Irving I*'s application here, JDI previously stated that it was challenging the AR 3 final results and advised the Court that "the jurisdictional issue in [this case] is identical to the one raised in [*J.D. Irving I*], such that additional briefing and argument of the issue in [this case] would be unnecessary." Mot. to Stay, ECF No. 10. The Court should take JDI at its word.

Fourth, as to JDI's reassertion of the same arguments as to why the cash deposit rate should change, these arguments go to the merits of the dispute and not the Court's jurisdiction. There is no need to consider JDI's merit-based arguments here when the Federal Circuit has already issued binding rulings demonstrating that the Court lacks jurisdiction over JDI's suit.

Fifth, JDI also attempts to distinguish *J.D. Irving I* based on its reliance on *Rimco, Inc. v. United States*, 98 F.4th 1046 (Fed. Cir. 2024), which was decided after the parties fully briefed *J.D. Irving I*. But the factual differences between this case and *Rimco* make no difference to the Court's analysis of the true nature of JDI's claim. JDI emphasizes that Rimco was "challenging the antidumping and countervailing duty assessment rates for its entries," while here JDI "is not challenging any rates calculated in the [AR 3 final results]." Pl. Resp. at 14-15 (citing *Rimco,*

*Inc.*, 98 F.4th at 1050). But Rimco did not purport to challenge rate calculations and no review was requested of Rimco's entries for the period of review. *Rimco, Inc.*, 98 F.4th at 1050. Although Rimco wanted to bring its claim under § 1581(a) or § 1581(i) to challenge liquidation instructions as unconstitutional under the Excessive Fines Clause, the Federal Circuit pointed out that Rimco's factual allegations "relate to Commerce's AD and CVD investigations and subsequent final rate determinations." *Id.* at 1053. Thus, "in view of the totality of Rimco's allegations," the Court determined that the true nature of Rimco's suit was a challenge to AD/CVD determination, such that § 1581(c) jurisdiction would have been available. *Id.* That Rimco's entries were not reviewed played no part in the Federal Circuit's true nature analysis, just as the absence of a review of JDI's entries does not inform the true nature of its case here.

      Additionally, JDI's comparison of this case to *Consolidated Bearings Co. v. United States* is misplaced. *See* Pl. Resp. at 15. In that case, an importer (Consolidated) imported subject merchandise produced by a German producer into the United States, but did not participate in an administrative review in which Commerce examined the producer's entries during the relevant importation period. *See Consol. Bearings Co. v. United States*, 348 F.3d 997, 1000-01 (Fed. Cir. 2003). In that review, participating importers received a specific duty rate for the producer's merchandise and, following litigation, Commerce issued liquidation instructions in 1997 instructing Customs to liquidate covered entries in accordance with amended final results. *Id.* Subsequently, Commerce issued further liquidation instructions in 1998 instructing Customs to liquidate "all entries of [subject merchandise] that had not been liquidated by the 1997 instructions" at the cash deposit rate in effect at the time of entry. *Id.* Consolidated challenged the 1998 instructions, arguing that they improperly implemented the amended final results—*not* that the amended final results were wrong. The Federal Circuit determined that

jurisdiction under 28 U.S.C. § 1581(i) was appropriate because Consolidated did not challenge the final results, but rather the "administration and enforcement" of those results. *Id*. at 1002.

Here, in contrast, JDI's claim is not that Commerce failed to correctly implement its final results, but instead that the final results were incorrect. Therefore, unlike *Consolidated Bearings* in which Consolidated did not challenge the final results of an administrative review, but alleged a disconnect between those final results and the liquidation instructions, JDI's suit challenges Commerce's AR 3 final results and identifies no disconnect with the cash deposit instructions.

In sum, because the true nature of JDI's suit is a challenge to the AR 3 final results, 28 U.S.C. § 1581(c) could have been available but for the request for binational panel review. Accordingly, JDI cannot invoke § 1581(i) jurisdiction and the amended complaint should be dismissed for lack of jurisdiction.

CONCLUSION

For these reasons, we respectfully request that the Court dismiss the amended complaint.

                          Respectfully submitted,

                          YAAKOV M. ROTH
                          Acting Assistant Attorney General

                          PATRICIA M. McCARTHY
                          Director

                          s/ Claudia Burke
                          CLAUDIA BURKE
                          Deputy Director

OF COUNSEL:

| | |
|---|---|
| BENJAMIN JUVELIER | s/ Eric E. Laufgraben |
| Attorney | ERIC E. LAUFGRABEN |
| Office of the Chief Counsel | Senior Trial Counsel |
|    for Trade Enforcement and Compliance | Commercial Litigation Branch |
| U.S. Department of Commerce | Civil Division |
| | U.S. Department of Justice |
| | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington, DC 20044 |
| | Telephone: (202) 353-7995 |
| | Email:     Eric.E.Laufgraben@usdoj.gov |
| May 9, 2025 | Attorneys for Defendants |

8

CERTIFICATE OF COMPLIANCE

Pursuant to Rule 2(b) of the Court's Standard Chambers Procedures, defendants' counsel certifies that this motion complies with the Court's type-volume limitation rules. According to the word count calculated by the word processing system with which the brief was prepared, this brief contains a total of 2,148 words.

s/ Eric E. Laufgraben